02cr81 mot

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF<br><br>VS.<br><br>PATRICK A. TRIUMPH<br>DEFENDANT | CASE No. 3:02CR81 (JBA)<br><br>MOTION TO DEFER<br>SENTENCING DATE<br>DUE TO NONCOMPLIANCE<br>WITH COURT ORDER |

FILED 2004 NOV -2 P 2:45 U.S. DISTRICT COURT NEW HAVEN, CT

    Comes Now the Defendant, Patrick A. Triumph, PRO SE, respectfully moves this Honorable Court to issue an order for the continuance of the sentencing date of November 29th, 2004, due to noncompliance of Court Order filed October 7th, 2004 [DKT. #249] mandating that the preliminary presentence report be disclosed no later than October 22nd, 2004.

    The defendant contends that prior to imposition of a sentence, the Court's probation officer must conduct an investigation of the defendant and report to the court pursuant to 32(b) of the Federal Rules of Criminal

-1-

Procedure.

The defendant contends that the Presentence Investigation Report (PSI or PSR) plays a critical role in the judge's determination of the applicable Guidelines range and in the imposition of an appropriate sentence. See 18 U.S.C. Section 3552(a)(2000); United States v. Helmsley, 941 F.2d 71, 98 (2d Cir. 1991), PSI provides objective and factual information relating to defendant and her crime. Moreover, the PSI must contain: (1) The history and characteristics of the defendant, including prior criminal record, financial condition, and any circumstances affecting the defendant's behavior that might be helpful in sentencing. (2) The probation officer's categorization of the defendant and the offense under the Guidelines, the types of sentences and the sentencing range for these categories, and an explanation of any factors that might warrant departure; (3) pertinent policy statements issued by the Sentencing Commission; (4) The impact of the crime on the victim; (5) The nature and extent of non prison programs available if appropriate; (6) Any report and recommendation resulting from a court-ordered

-2-

study of the defendant; and (7) and other information that may be required by the court.

The defendant contends that the court must disclose the PSI to the defendant, the defendant's counsel (Pro Se), and the attorney for the government at least thirty-five days before the sentencing hearing unless the defendant waives this minimum period. See Fed. R. Crim. P. 32(b)(6)(A).

The defendant contends that he will not waive this minimum period of thirty-five days before the sentencing hearing, and would categorically and unambiguously require the minimum period of thirty-five days to review and comment on the PSI in accordance to Fed. R. Crim. P. 32(b)(6)(B). Additionally, the 1994 amendments to Rule 32 establish strict timetables for stating and resolving alleged factual inaccuracies in the PSI. The parties must, within fourteen days of receiving the PSI, make any objections to the PSI in writing, after which time the probation officer may meet with the parties or conduct further investigation to revise the report as necessary. See e.g. United States v. Young, 140 F.3d 453, 457 (2d Cir. 1998).

which states that sentencing court has authority to entertain government's untimely objections to PSI provided defendant is afforded an adequate opportunity to respond to government's late submission and any revision of PSI. Also, no later than seven days before the sentencing hearing, the probation officer must submit the presentence report to the court, the defendant, the defendant's counsel (PRO SE), and the attorney for the government, along with any unresolved objections and the grounds and probation officer's comments respecting those objectives. See Fed. R. Crim. P. 32(b)(6)(C).

Further, the defendant contends that due process requires a district court to notify the parties if it intends to depart on a basis not identified as grounds for upward departure in either the PSI or the prehearing submission by the government. See Burns v. United States, 501 U.S. 129, 138-39 (1991); see, e.g. United States v. Gabriel, 125 F.3d 89, 106 (2d Cir. 1997) (resentencing required because defendant did not receive notice that court would sua sponte depart upward and impose $500,000 fine); United States v. Sasson, 62 F.3d 874, 891 (7th Cir. 1996) (notice requirement not satisfied

because grounds for upward departure not explained or discernible in record); United States v. Brady, 928 F.2d 844, 847 (9th Cir. 1991) (notice requirement not satisfied because relevant information contained with PSI; such information must either be identified as grounds for departure or court must advise defendant it considered departing based on particular factor and allow defense counsel (pro se) opportunity to comment, abrogated on other grounds by 511 U.S. 738 (1994); United States v. Valentine, 21 F.3d 395, 397 (11th Cir. 1994) (notice requirement not satisfied because court failed to notify defendant of possibility of upward departure on grounds not identified in PSI or prehearing government submission);

Additionally, if the defendant alleges that the PSI contains factual inaccuracies, the court may, within its discretion, hold an evidentiary hearing allowing the defendant to introduce testimony and other evidence relating to the alleged factual inaccuracy. See e.g. United States v. Greene, 41 F.3d 383, 386 (8th Cir. 1994) (right to evidentiary hearing triggered by defendant's objections to alleged factual inaccuracies in PSI; because court did not state that it would not take disputed fact into account, required to make finding on dispute based on evidence.

Moreover, the court must either make a finding as to the truth of the allegation or determine that no finding is necessary because the court will not consider the

-5-

controverted matter in sentencing. See Fed. R. Crim. P. 32(c)(1). Rule 32 serves the dual purposes of protecting a defendant's due process right to be sentenced on the basis of accurate information and providing a clear record of disposition and resolution of controverted facts in a PSI which will aid both courts and administrative agencies. See United States v. Hanono-Surujun, 914 F.2d 15, 19-20 (1st Cir. 1990); United States v. Fry, 831 F.2d 664, 667 (6th Cir. 1987); United States v. Villasenor, 977 F.2d 331, 338 (7th Cir. 1992) United States v. Graham, 83 F.3d 1466, 1477 (D.C. Cir. 1996).

Further, Resentencing is generally required when the sentencing judge fails to make explicit findings or to disclaim the reliance on controverted matters. See United States v. McManus, 23 F.3d 878, 887 (4th Cir. 1994) (Resentencing required because court failed to make finding regarding dispute over foreseeability of drug quantity involved in crime); United States v. Dean, 59 F.3d 1479, 1496 (5th Cir. 1996) (same); United States v. Edgecomb, 910 F.2d 1309, 1313 (6th Cir. 1990) Resentencing required because district court failed to make specific findings about disputed issues in PSI to which defendant objected); United States v. Bacallo, 149 F.3d 717, 720 (7th Cir. 1998) (Resentencing required because court improperly relied on PSI

-6-

in aggregating cocaine amounts for sentencing purposes); United States v. Bartsma, 198 F.3d 1191, 1196-97 (10th Cir. 1999) (resentencing required because court failed to articulate sufficient findings that upward departure of 2 criminal history category was reasonable); United States v. Khawaja, 118 F.3d 1454, 1460 (11th Cir. 1997) (resentencing required because court merely adopted presentence report as its finding after defendant submitted financial statement to contradict his ability to pay fine suggested by PSI); United States v. Graham, 83 F.3d 1466, 1477-80 (D.C. Cir. 1996) (resentencing required because court failed to specifically address dispute over quantity of drugs distributed). United States v. Williamsburg Check Cashing Corp, 905 F.2d 25, 29 (2d Cir. 1990) (resentencing required because judge's statements unclear regarding reliance on allegations of fraud in PSI); United States v. Electrodyne Syst. Corp. 147 F.3d 250, 255 (3d Cir. 1998) (resentencing required because court failed to either make findings regarding defendant's numerous objections to PSI or to expressly disclaim reliance on disputed matters);

If the court desires more information than the PSI contains, it may order a complete study of the defendant. See 18 U.S.C. Sec 3552(b)(2000). "Such an order shall be treated for administrative purposes as a

provisional sentence of imprisonment for the maximum term authorized by Section 3581(b) for the offense committed. The statute provides for an initial period of sixty days and an extension of sixty days at the court's discretion. The courts must specify the additional information needed before determining the sentence to be imposed. In addition, the court may order the defendant to undergo psychiatric examination at any time before sentencing.

The defendant contends that several constitutional provisions limit the information the sentencing judge may properly consider in determining a sentence. Due process forbids the judge from relying on materially false or unreliable information and from vindictively inflicting a harsher punishment on the defendant for exercising the constitutional right to trial or the privilege against self-incrimination. See <u>United States v. Tucker</u>, 404 U.S. 443, 447 (1972) (due process requires that defendant not be sentenced on basis of "misinformation of constitutional magnitude"). See e.g. <u>United States v. Tavano</u>, 12 F.3d 301, 307 (1st Cir. 1993) (due process requires that defendant not be sentenced on conflicting testimony of drug quantity; court must consider all available evidence having

related probative value); <u>United States v. Pugliese</u>, 805 F.2d 1117, 1124 (2d Cir. 1986) (due process requires that defendant not be sentenced based on materially untrue assumptions or misinformation); <u>United States v. Mannino</u>, 212 F.3d 835, 846-47 (3d Cir. 2000) (due process requires that information used for sentencing be reliable, remand to give defendants individualized opportunity to challenge amount of drugs attributed to them); <u>United States v. Robinson</u>, 63 F.3d 889, 891 (9th Cir. 1995) (due process requires that defendant not be sentenced based on inflated valuation of stolen goods); <u>United States v. Ruiz-Castro</u>, 92 F.3d 1519, 1534 (10th Cir. 1996) due process requires sentencing not based on estimated referenced to drug quantity lacking sufficient indicia of reliability. <u>United States v. Valentine</u>, 21 F.3d 395, 398 (11th Cir. 1994) (due process requires that sentence not be based on mistaken factual conclusion of which defendant receive no advance notice).

In <u>North Carolina v. Pearce</u>, 395 U.S. 711, 725 (1969), conviction struck down as vindictive and violative of due process where sentence increased threefold after trial. The Court declared that due process requires a defendant be free from apprehension

-9-

of any retaliatory motive of the sentencing judge. The <u>Pearce</u> presumption of vindictiveness can apply to the imposition of harsher sentences for remaining counts after some counts have been set aside on appeal. See e.g., <u>United States v. Raimondo</u>, 721 F.2d 476, 478 (4th Cir. 1983) (per curiam) (punishment for remaining valid count may not exceed initial punishment for count unless <u>Pearce</u> criteria for increased sentence satisfied. <u>United States v. Jackson</u>, 181 F.3d 740, 746 (6th Cir. 1999). (<u>Pearce</u> presumption of vindictiveness not overcome when court imposed higher sentence at resentencing because court's stated reasons for higher sentence were based on information available at time of initial sentencing)); <u>United States v. Rapal</u>, 146 F.3d 661, 663 (9th Cir. 1998) (<u>Pearce</u> presumption not overcome when court imposed more severe sentence after second trial because there was no objective information in record justifying increased sentence).

Other constitutional considerations limit the information that may be considered during sentencing. The First Amendment precludes a sentencing judge from considering

-10-

the defendant's political or religious beliefs, but the judge can constitutionally consider a racial motivation for a crime. The due process clause prevents a judge from considering the defendant's national origin. See, e.g. United States v. Leung, 40 F.3d 577, 586 (2d Cir. 1994) (resentencing required because trial court may have considered defendant's alien status at sentencing.

The Fifth Amendment prevents a judge from considering statements obtained from the defendant in violation of the privilege against self-incrimination. See, e.g. United States v. Chitty, 760 F.2d 425, 430-32 (2d Cir. 1985) (privilege against self-incrimination violated because sentencing court improperly considered statements made during pre-trial psychiatric examination by defendant who had not been warned statements might subsequently be used against him).

The Sixth Amendment imposes several different limitations on information that a judge may consider in making a sentencing determination. In Custis v. United States, the Supreme Court held that a defendant cannot collaterally challenge a prior felony conviction

-11-

used to enhanced a subsequent sentence unless the prior felony conviction violated the defendant's Sixth Amendment Right to Counsel. In Curtis v. United States, 511 U.S. 485, 495-496 (1994), the sentencing court can use prior felony convictions to enhance a later sentence. The sole exception to this rule is where the defendant was denied the right to have counsel appointed in prior felony conviction proceedings. United States v. Jones, 27 F.3d 50, 52 (2d Cir. 1994) (per curriam) (prior felony conviction allegedly invalid because of due process violation was nevertheless properly used to classify defendant as career offender; defendant represented by counsel in first conviction. In United States v. LaValle, 175 F.3d 1106, 1108 (9th Cir. 1999) (Federal Resentencing required for defendant who successfully collaterally attack prior conviction, defendant must allege complete denial of counsel in state conviction that was considered in original federal sentencing.

The defendant contends that given the great reliance on the PSI in the determination of the Sentencing Guidelines, the defendant will request

-12-

that he be afforded his right to due process in safeguarding and protecting his constitutional rights, and that he be afforded the minimum thirty-five days, after receiving the PSI, to review the report of the probation officer in accordance to Federal Rule of Criminal Procedure 32(b).

Wherefore, the defendant respectfully request that this motion for the deferment of the sentencing date be granted, and for any other consideration that may be just and proper in sub judice.

Respectfully Submitted.

Dated: October 30, 2004

Patrick A. Triumph.
Defendant, Pro Se.

-13-

## CERTIFICATION OF SERVICE

This is to certify that the Motion to Defer Sentencing Date Due to Noncompliance with Court Order, was served upon the following:

David A. Ring
Assistant United States Attorney
U.S. Attorney's Office - HFD
450 Main Street, Room 328
Hartford, CT 06103

by placing a copy of same in the United States Mail with proper postage affixed to ensure delivery.

Dated: This 30th day of October, 2004

Respectfully Submitted

Patrick A. Triumph.
Defendant, Pro Se.