<u>UNITED STATES OF AMERICA</u>

<u>DISTRICT OF CONNECTICUT</u>

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF<br><br>VS.<br><br>PATRICK A. TRIUMPH<br>DEFENDANT | CASE NO. <u>3:02CR81(JBA)</u><br><br><u>EMERGENCY MOTION TO</u><br><u>DISMISS INDICTMENT</u><br><u>AND SET ASIDE JUDGEMENT</u><br><u>DUE TO PROSECUTORIAL</u><br><u>MISCONDUCT IN</u><br><u>GRAND JURY</u> |

The Defendant, Patrick A. Triumph, <u>PRO SE</u>, respectfully moves this Honorable Court for a dismissal of Indictment, Superseding Indictment, and to set aside judgment on the 10 counts of guilty verdicts, due to Prosecutorial Misconduct in obtaining a fraudulent Indictment and harming the integrity of the judicial system.

The Defendant contends that the District Courts possess the inherent power to dismiss an Indictment, or vacated a judgment obtained by fraud on the court when the misconduct have irreparably corrupt the indictment

-1-

process and shocks the universal sense of justice. Furthermore, the perpetrator of the fraud should not be allowed to dispute the effectiveness of the fraud after the fact. Hazel Atlas, 322 U.S. at 247; see also, Pumphrey v. K.W. Thompson Tool Co. 62 F.3d 1128, 1132-33 (9th Cir. 1995). Prejudice is not an element of fraud on the court.

In Bank of Nova Scotia v. United States, 487 U.S. 250, 252 (1988), the district court dismissed all counts of an indictment on the grounds of prosecutorial misconduct during a grand jury investigation. The district court exercised supervisory authority over the grand jury process and dismissed twenty-seven counts in indictments for tax and mail fraud and obstruction of justice following an hearing on alleged grand jury abuses by the prosecutor in violation of the Fifth and Sixth Amendments, Rule 6 of the Federal Rules of Criminal Procedure, and 18 U.S.C. Sections 6002, 6003.

Prejudice is presumed, however, when the structural protections of grand jury have been so compromised as to rendered the proceedings fundamentally unfair. The court noted in Bank of Nova Scotia that such presumptively prejudicial errors

-2-

generally involve constitutional issues such as racial or gender discrimination in the selection of the Grand Jury. Determination in Grand Jury selection and "a history of prosecutorial misconduct --- that is systematic and pervasive." Are example of violations that raises questions about the "fundamental fairness" of the grand jury process and thus do not require an examination of prejudice.

To obtain an evidentiary hearing a defendant must allege facts or produce sufficient evidence of a *prima facie* case to discrimination in Grand Jury selection. See <u>Ellis v. Lynaugh</u>, 873 F. 2d 830, 838-39 (5th Cir. 1989). In <u>Davis vs. United States</u> the court hold that Fed. R. Crim. P 12(b)(2) governs untimely claims of Grand Jury discrimination during the trial proceedings and on collateral review, and that while prejudice may be presumed where there is an allegation of racial discrimination in grand jury selection, actual prejudice must be shown to obtain relief after the ~~composition of the grand~~ statutory waiver of the right to attack the composition of the Grand Jury has taken effect. <u>Davis v. United States</u>, 411 U.S. 233, 242, 244-45 (1973)

-3-

In <u>United States v. Console</u>, 13 F.3d 641, 670 (3d Cir. 1993). If the Government involvement in the criminal endeavor shocks the "Universal Sense of Justice," then Due Process clause bars prosecution, and the indictment should be automatically dismissed.

The Fifth Amendment guarantees the right to indictment in Federal Criminal proceedings by an unbias jury. See <u>Costello v. United States</u>, 350 U.S. 359, 362 (1956). The Fifth Amendment states "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury --- nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb, nor be deprived of life, liberty, or property, without due process of law, nor shall private property be taken without due compensation."

Prosecutors presenting cases to Grand Juries are fairly subject to due process limitations and bound by ethical considerations. Under the applicable guidelines prosecutors have an ethical obligations strictly to observed the status of the Grand

-4-

jury as an independent legal body. In short, a prosecutor as an officer of the court is sworn to ensure that justice is done, not simply to obtain an indictment.

In support of this emergency motion, the defendant relies on the affidavit of Grand jury witness, Angella C. Thompson [enclosed]. This affidavit is self explicit and warrants a immediate hearing. The defendant contends that it is the rudimentary obligation that the District Court must protect against such inherent prejudices, manifest injustices and invidious discrimination, and continue judicial proceedings in this cause will make the court a party to such illicit and immoral conduct and will cause the court to become negligent in its duty to supervise the administration of justice in the federal criminal case brough. before it.

The defendant contends that he has been incarcerated over ~~over~~ 18 months in total deprivation of his personal liberty and Rights to Due Process and Equal Protection of law.

-5-

WHEREFORE, the Defendant respectfully urges that this Honorable Court grant this Motion, and that an order be issue to set aside the conviction, that an order for his Immediate Released be Rendered, and for any other relief that may be just and proper in this cause.

Respectfully Submitted.

DATED: October 30, 2004

PATRICK A. Triumph
DEFENDANT, PRO SE.

## CERTIFICATION OF SERVICE.

This is to certify that the emergency motion to dismiss indictment and set aside judgement due to prosecutorial misconduct in grand jury, was served upon the following:

> David A. Ring
> U.S. Attorney's Office - HFD
> 450 Main Street. Room 328
> Hartford, CT 06103

by placing a copy of same in the United States Mail with proper postage affixed to ensured delivery.

Dated this 30th day of October, 2004.

Respectfully Submitted.

Patrick A. Triumph.
Defendant, Pro Se.

Angella C. Thompson
Affidavit of Witness

October 11, 2004

This Affidavit is made in reference to my Grand jury Testimony in the case of United States vs. Patrick Triumph, CRNO.3:02CR81(JBA).

- My name is Angella C. Thompson
- My date of birth is July 7, 1974
- I reside at 12 Kent Lane Bloomfield CT 06002, and 436 Jefferson Avenue Brooklyn, NY 11221, I have dual residency.
- I was the owner and accountant of Tri Tax Professionals for the period of January 1998 to March 2002.
- I have worked in association with Patrick Triumph of Tri Tax Accounting services during the period of April 1997, to March 2002.
- I was also the Business owner of the Wharf Management Group for the period of November 2001 to April 2003.
- I was subpoena as a witness to testify to a Grand Jury proceeding in the indictment of Patrick A. Triumph
- The date of my testimony was not March 19th, 2002.
- I do recall the date of my Grand jury testimony to have been on or about the date of March 26th, 2002
- The date of my recollection was a day that I have associated with my best friend Carl Craig's birthday which is March 26th.
- The date of my recollection was also approximately 3 weeks after my Electronic Filing capacities were interrupted, on March 2, 2002.
- I do state that I would not have testified on March 19, 2002.

The statements made in this affidavit are made willingly and voluntary without any promises or threats. I swear under penalty of perjury under the United States Laws that my statements are true and correct. (28U.S.C.Section1746; 18U.S.C. Section 1621)

Signed,

*[signature]*

Angella C. Thompson

*[signature]*
Oct 13, 04

NELLIE MICKAILOVA
Notary Public, State of New York
No. 07MI5029636
Qualified in Kings County
My Commission Expires 06/27/200[6]