# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF<br><br>vs.<br><br>PATRICK A. TRIUMPH<br>DEFENDANT | CASE NO. 3:02CR81(JBA)<br><br>EMERGENCY MOTION FOR EVIDENTIARY HEARING TO DISMISS INDICTMENT DUE TO PROSECUTORIAL MISCONDUCT IN GRAND JURY |

The Defendant, Patrick A Triumph, PRO SE, respectfully moves this Honorable Court for an evidentiary hearing to dismiss the indictment due to prosecutorial misconduct in the grand jury in violation of the Fifth and Sixth Amendments, and Rule 6 of the Federal Rules of Criminal Procedures.

The Defendant wishes to state, at the outset of this motion, that his only issue is that he believes he is entitled to due process of law which includes the right to a proper indictment properly obtained, as well as his rights of equal protection of law guaranteed by the Fifth Amendment of the Constitution of the United States of America.

The Second Circuit, in the case of

-1-

United States v. Hogan, 712 F.2d 757 (2d Cir. 1983) Reversed and remanded; due to prosecutorial misconduct before the Grand Jury mandates dismissal of the indictment on which appellants were tried. The Circuit Judge Cardomone express that "On this appeal our principal concern is directed not at the jury trial where the accused were found guilty, but at earlier events -- those that transpired before the Grand Jury which indicted the appellants. More than in other cases, the minutes of the Grand Jury proceedings in this case reveal what can happen when the prosecutor is too determined to obtained an indictment. The temptations to cut corners, to ignore the rights of an accused, and to toss fair play to the winds gain ascendency. Prosecutors presenting cases to Grand Juries are firmly subject to due process limitations and bound by ethical considerations. While we fully recognize that a court's power to dismiss an indictment following a conviction at trial is exercised, the prosecution so violated these limitations and obligations as to mandate this indictment's dismissal. Hear prosecutorial zeal only illuminates anew the insight of the old adage that the ends cannot justify the means."

Further, before examining the

-2-

grand jury proceedings, we review the function of that body and the rules which govern the conduct of a prosecutor in making a grand jury presentation. The Grand Jury commences as a body of lay persons acting in secret, unfettered by technical rules of procedures or evidence. <u>Costello v. United States</u>, 350 U.S. 359, 362, 100 L.Ed. 397, 76 S.Ct. 406 (1956). Charged to indict no one on account of prejudice or to refuse to indict anyone as a special favor, this bulwark against Star Chamber proceedings in England was believed so essential to basic liberties that it was incorporated in the Fifth Amendment to the United States Constitution. The Fifth Amendment commands that "No person shall be held to answer a capital or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."

Interposing a Grand Jury between the individual and the government serves the intended purpose of limiting indictments for higher crimes to those offenses charged by a group of one's fellow citizens acting independently of the prosecution and the court. See <u>Stirone v. United States</u>, 361 U.S. 212, 218, 4 L.Ed.2d 252, 80 S.Ct. 270 (1960). In this independent position, a grand jury performs two distinct roles. It serves as an accuser sworn to investigate and present for trial persons suspected of wrongdoing. At the same

-3-

time -- and equally important -- it functions as a shield, standing between the accuser and the accused, protecting the individual citizen against oppressive and unfounded government prosecution. See United States v. Calandra, 414 U.S. 338, 342-43, 38 L.Ed. 2d 561, 94 S.Ct. 613 (1974); Branzburg v. Hayes, 408 U.S. 665, 686-87, 33 L.Ed. 2d 626, 92 S.Ct. 2646 (1972).

Moreso, it is true of course that prosecutors, by virtue of their position, have gained such influence over grand juries that those bodies' historic independence has been eroded. S.R. Cipes, J. Hall, M. Waxner, Moore's Federal Practice Para. 6.02[1] at 6-19-6-23 (2d ed. 1982). After all, it is the prosecutor who draws up the indictment, calls and examines the grand jury witnesses, advises the grand jury as to the law, and is in constant attendance during its proceedings. Nonetheless, there remain certain limitations on the presentation that a prosecutor may make to the grand jury. See e.g., United States v. Ciambrone, 601 F.2d 616, 623 (2d Cir. 1979) (prosecutor may not mislead grand jury or engage in fundamentally unfair tactics before it). In fact the gain in prosecutors' influence over grand juries is all the more reason to insist that these limitations be observed strictly. Due process considerations prohibit

-4-

the Government from obtaining an Indictment based on known perjured testimony. See <u>United States v. Basurto</u>, 497 F.2d 781, 785 (9th Cir. 1974); see also, <u>United States v. Thompson</u>, 576 F.2d 784, 786 (9th Cir. 1978). Courts have also held that a prosecutor may not make statements or argue in a manner calculated to inflame the grand jury unfairly against an accused. See e.g. <u>United States v. Serubo</u>, 604 F.2d 807, 818 (3d Cir. 1979). Under the applicable guidelines prosecutors have an ethical obligation strictly to observe the status of the grand jury as as Independent legal body; United States Attorney's Manual 9-11.015 (August 17, 1978); American Bar Association, Standards for Criminal Justice Standards 3-3.5 at 3-48 (2d. ed 1980). In short, a prosecutor as an officer of the court, is sworn to ensure that justice is done, not simply to obtain an Indictment.

The Law of this Circuit is that dismissal of an Indictment to achieve either of two objectives: to eliminate prejudice to a defendant, or, pursuant to our supervisory power, to prevent prosecutorial Impairment of the Grand Jury's Independent Role. See <u>United States v. Fields</u>, 592 F.2d 638, 647 (2d Cir. 1978) cert. denied, 442 U.S. 917, 61 L. Ed. 2d 284, 99 S. Ct. 2838 (1979). Viewing the above-mentioned Instances of conduct cumulatively, see

-5-

See United States v. Samango, 607 F.2d 877, 884 (9th Cir. 1979); United States v. Roberts, 481 F. Supp. 1385, 1389 (C.D. Cal. 1980)

In the case of Bank of Novia Scotta v. United States, 487 U.S. 250, 252 (1988), the District Court dismissed all counts of an indictment on the grounds of prosecutorial misconduct during a Grand Jury Investigation. The District Court exercised supervisory authority over the Grand Jury process and dismissed twenty-seven counts in Indictments for tax and mail fraud and obstruction of justice following an hearing on alleged Grand Jury abuses by the prosecutor in violation of the Fifth and Sixth Amendments, Rule 6 of the Federal Rules of Criminal Procedure, and 18 U.S.C. Sections 6002, 6003.

To obtained an evidentiary hearing a defendant must allege facts or produce sufficient evidence of a prima facie case to discrimination in Grand Jury selection. See Ellis v. Lynaugh, 873 F.2d 830, 838-39 (5th Cir. 1989). There is no doubt that the alleged acts of prosecutorial misconduct in this case did erode the structural protection of the Grand Jury which has the integrity of the judicial process. [See Affidavit of Grand Jury witness Angella C. Thompson. Dated Oct 11, 2004].

-6-

Moreso, the presence of Assistant United States Attorney, David X. Sullivan, in the Secret Grand Jury Proceedings of March 19, 2002, when de facto he was appointed as the Prosecuting Attorney on March 21, 2002 represents a manifestation of structural improprieties of the Indictment Proceedings.

In United States v. Russel, 411 U.S. 423, 432 (1973) the Supreme Court affirmed that the courts will dismiss indictments for government misconduct outside the Indictment process on due process grounds when such conduct is so outrageous that it violates "fundamental fairness" or is shocking to the universal sense of justice."

Wherefore, the defendant respectfully request this Honorable Court to order an emergency evidentiary hearing of prosecutorial misconduct in the Grand Jury, and to order a stay of sentence pursuant to Rule 38 of the Federal Rules of Criminal Procedure, and to order his immediate release from his unlawful and unconstitutional Incarceration, and for any other relief that may be just and proper in sub judice.

Respectfully Submitted.

Dated NOV 5, 2004.

Patrick A. Triumph
Defendant, pro se

11/5/04

—7—