UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF.<br><br>VS.<br><br>PATRICK A. TRIUMPH.<br>DEFENDANT | CASE NO. 3:02CR81(JBA)<br><br>MOTION TO DISMISS<br>COUNT 40, 18 U.S.C. SEC.<br>3146(a)(1), FAILURE TO<br>APPEAR due To double<br>JEOPARDy ProTECTION AND<br>PROSECUTORIAL MISCONDUCT |

THE DEFENDANT, PATRICK A TRIUMPH, PRO SE, RESPECTFULLY MOVES THIS HONORABLE COURT FOR AN ORDER TO dismiss COUNT 40, 18 U.S.C. SECTION 3146(a)(1), FAILURE TO APPEAR PURSUANT TO Rule 12 OF THE Rules OF Criminal PROCEDURE AND DOUBLE JEOPARDy PROTECTION gUARANTEED by THE FIFTh AMEND MENd MENT OF THE UNITED STATES CONSTITUTION, And PROSECUTORIAL MISCONDUCT IN VIOLATION OF THE FIFTh AMENDMENT.

THE DEFENDANT CONTENDS THAT THE FIFTh AMENDMENT COMMANDS THAT "NO PERSON Shall be held TO ANSWER FOR A CAPITAL, OR OTHERWISE INFAMOUS CRIME, UNLESS ON A PRESENTMENT OR INDICTMENT OF A GRAND JURY, --- NOR

1

shall any person be subject for the same offence to be twice put jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation".

The Fifth Amendment requires the Federal Government to initiate prosecutions of capital or "otherwise infamous" crime by Indictment unless the defendant waives this right. Further, a waiver is valid only if made in open court after the defendant has been advised of the charges against him or her and of his or her constitutional rights. See Fed. R. Crim. P. 7(b). See. e.g. United States v. Ferguson 758 F. 2d. 843, 850-51 (2d Cir. 1985) (waiver of grand jury Indictment must be in open court, defendant must be informed of nature and cause of accusation, and court must be satisfied that defendant waived rights, knowingly, intelligently, and voluntarily), United States v. Moore, 37 F.3d 169, 173 (5th Cir. 1994) (same).

The defendant contends that his Fifth Amendment Rights of due process to a Grand jury Indictment were disregarded

— 2 —

went he did not have the facts of his case, as they pertain to the charge set forth in the Criminal Information, Failure to Appear, 18 U.S.C. Section 3146(a)(1), presented to a Federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the Information before an indictment could be returned.

The defendant expressly, unambiguously and categorically asserts that these acts of prosecutorial deception and invidious discrimination have flagrantly permeated the entire trial proceeding, and has deprived him of his personal liberty and rights of due process guaranteed by the Fifth and Sixth Amendment of the United States Constitution.

Moreso, this Criminal Information was affixed with signatures of the United States Attorney Kevin J. O'Connor; Ronal Apter, Executive Assistant United States Attorney; and David A. Ring, Assistant United States Attorney; who are parties that have continued to subject the defendant to such a pattern

—3—

Deep prejudices and unconscionable deprivation of the defendants Constitution Rights guaranteed by the Fifth and Sixth Amendment of the U.S. Constitution.

The Supreme Court has defined "infamous crimes" as those crimes "punishable by imprisonment in a penitentiary," see. MACKIN v. UNITED STATES, 117 U.S. 348, 354 (1886), or by "Imprisonment for a term of years at hard Labor," Ex parte WILSON, 114 U.S. 417, 429 (1885), the sentence that the law may impose, not the sentence that actually is imposed, determines whether grand jury indictment is required. See UNITED STATES v. MORELAND, 258 US 433, 441 (1922), because persons convicted of offenses punishable by imprisonment for more than one year may be confined in a penitentiary, Title 18 U.S.C. Section 4083 (2000), any crime so punishable is infamous.

Further, Rule 7(a) of the Federal Rules of Criminal Procedure codifies the Supreme Court's interpretation of the Constitutional requirement of an indictment for infamous crimes.

(a) USE of Indictment or Information. An offense which may be punished by death shall be prosecuted by Indictment. An offense which may be punished by Imprisonment for a term exceeding one year or at hard Labor.

—4—

shall be prosecuted by Indictment or, if Indictment is waived, it may be prosecuted by Information. Any other offense may be prosecuted by Indictment or by Information. An information may be filed without leave of Court.

The Defendant asserts that the Fifth Amendment provides that "no person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or Indictment of a Grand jury, as well as requires a legally constituted and unbiased Grand jury for a valid Indictment, and "forbids discrimination that is so unjustifiable as to violative of due Process." Moreover, the due Process clause ~~bars Prosecution~~ Protects defendant from vindictive treatment based on the exercised of their constitutional and statutory Rights. United States v. Goodwin 457 US 368-372 (1982)

The Defendant contends that the Court must provide an evidentiary hearing if the defendant alleges facts or produce sufficient facts of a Prima facie case to reveal ~~Prosecutorial~~ Prosecutorial Abuses of the Criminal justice system, and vindictive and Invidious discriminatory Prosecutorial Motives, and a continued

5

pattern of deep and bitter prejudices
against the defendant.

Similarly, the Apperance of S. David
Vatti, Assistant United State Attorney, is a
flogrant violation of due Process to a proper
Grand Jury Indictment, especially when he
has been the Government Prosecuting Attorney
in both Trial Proceedings, in this Case.

The Defendant contends that the
Prosecutorial Misconduct in Grand Jury
Proceedings H-04-1 continued with a
pattern of Deception of Grand Jurors, and
in collusion with the Government Case Agent
Deborah M. Murphy have harmed the integrity
of Jury proceedings. [SEE IN RE: GRAND JURY
PROCEEDINGS H-04-1, July 13, 2004; Testimony of
Deborah Murphy, Pg 27, LN 10 — Pg 28, LN 10].
The Defendant quotes as Follows.

Pg 27, LN 10: "With Respect to Menny Zene, her 1996
    11: Original Tax Return was prepared by
        Patrick Triumph, correct?
(Answer)    13: Yes.
    a       14: What Fraudulent Items did she
            15: identify there?
(Answer)    16-18: The Filing Status with a
                _Qualifying person, Ivaldo Thompson.
                Mene Zene said she did not know
                who Ivaldo Thompson is and

-6-

And that's she's actually single.

Line 19; Itemized deductions, schedule A, job expenses, deductions for uniform upkeep and shoes and stockings. She paid $300 for that.

Line 22 Q. She's a nurse?

Line 23 A. Yes. Books, magazines and publications, she said she paid zero for those items.

Line 25 Q. Did she ever provide that information, in claimed column to Mr. Triumph?

Pg 28 – 2 (A). No, she did not.

Ln 3 (Q). Cynthia Williams, correct?

Ln 4 (A) Correct.

5 (Q) This would be her 1995 Amended Return?

6 (A) Yes.

7 (Q) Prepared by Mr. Triumph?

8 (A) It was

9–10 (Q) What did she identify as the fraudulent items there?

In the light of the foregoing, there is no doubt that the abuses and misconduct of the prosecutors have risen to an unconscionable scheme that has harm the integrity of

-7-

the Indictment Process, and has shock the Universal Sense of Justice. The structural Protection of the Grand Jury is non-existence leaving the Defendant to the Prosecutorial wolves of Vindictiveness and Invidious Indiscrimination

Therefore, it is the manifest obligation of the District Court to protect against such inherent prejudices and Racial discrimination And continued Judicial proceedings in this cause will make the court a party to such illicit and immoral conduct and will cause the court to become negligent in its duty to Supervise the Administration of Justice in the Federal Criminal Case brough before it.

Wherefore, the Defendant Respectfully Request that the Honorable Court issue an order to Dismiss Indictment, including count 40 for Failure to Appear, 18 U.S.C. Section 3146 (a)(1), And order his Immediate Release from incarceration, and for any other Relief that may deem just and proper in this cause.

Respectfully Submitted.

DATED: Nov 5, 2004

PATRICK A. Triumph
Defendant, Pro Se.