UNITED STATES DISTRICT COURT

DISTRICT of CONNECTICUT

UNITED STATES of AMERICA
PLAINTIFF

vs.

PATRICK A. TRIUMPH
DEFENDANT

No. 3:02CR81 (JBA)

MOTION FOR DEMAND
FOR Speedy TRIAL
AND OBJECTIONS TO
RESCHEDULE JURY
SELECTION ON THE
FAILURE TO APPEAR

COMES NOW the defendant, PATRICK A. TRIUMPH, pro se, in the above captioned case, And files this, his demand for speedy TRIAL, pursuant to the Sixth Amendment's speedy TRIAL guarantee by the Speedy TRIAL ACT of 1974, 18 U.S.C. Section 3161

The DEFENDANT contends that the Sixth Amendment provides in relevant part that "in all criminal prosecutions, the accused shall enjoy the Right to a speedy and Public TRIAL. Moreso, the Sixth Amendment speedy Trial Right attaches upon "either a formal Indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge" SEE e.g. United States v. Sorrentiono, 72 F.3d 294, 297 (2d Cir. 1995)

1-

The Supreme Court, in the case of United States v. MacDonald, 456 U.S. 1, 8 (1982); United States v. Marion, 404 U.S. 307, 320 (1971) held that post accusation delay may impair ability to present effective defense, speedy trial guarantee primarily against undue impairment of liberty.

In Barker v. Wingo, 470 US 514, 522 (1972), the Supreme Court announced a four-part test for speedy trial claims. The test balances (1) the length of the delay; (2) the reason for the delay (3) whether and how the defendant asserted the speedy trial right; and (4) the prejudice of the defendant. This balancing test requires courts to consider speedy trial claims on a case-by-case basis. See also Stunk v. United States, 412 US 434, 439-40 (1973). The Barker Court requires dismissal for violation of 6th Amendment speedy trial right, as district courts may not fashion less extreme remedies such as reduction of sentence.

Moreso, no single factor is necessary or sufficient to establish a deprivation of the speedy trial right; rather, a court must consider all of the factors and any other relevant circumstances. However, courts are not to consider the other factors of the Barker analysis unless there is a presumptive prejudicial delay. Post accusation

-2-

delay is considered presumptively prejudicial as it approaches one year. See e.g. United States v. Koller, 956 F. 2d 1408, 1414 (7th Cir. 1992) ('8 1/2 - month delay triggered Banker inquiry.

Additionally, the defendant contends that the Speedy Trial Act of 1974, 18 U.S.C. Section 3161 (c)(1) states that, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or Indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or Indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever last occurs.

Further, when calculating the end of the seventy-day pretrial period under the Speedy Trial Act, Courts generally hold that a jury trial commences with voir dire. See e.g United States v. Rodriguez, 63 F.3d 1159, 1164 (1st Cir. 1995) (Trial commences for Speedy Trial Act purposes on day jury impaneled, even if not sworn); United States v. Fox, 788 F. 2d 905, 908 (2d Cir. 1986) (trial commences when voir dire begins); Government of Virgin Islands v. Duberry, 923 F. 2d 317, 320 (3d Cir. 1991) (same); U.S. v. George, 85 F.3d 1433, 1436 (9th Cir. 1996) (same) U.S. vs. Martinez, 749 F. 2d 601, 604 (10th Cir. 1984) (Trial commences

-3-

For Speedy Trial Act purposes one date that Jury is Selected).

Accordingly, NoTwithstanding the Period of the "Mental Hospitalization" as the Government Asserted in United States v. Vazquez, 918 F. 2d 329 (2d Cir. 1990), the defendant Contends that the Period September 20, 2004 to December 1st would Represent the 70-day Pre-Trial Period under the Speedy Trial Act. More so, ~~The~~ Failure of the Court to conduct the Voir dire before the ~~date~~ date of December 1st 2004 would Violate the Speedy Trial Act, And continue A pattern of deep and bitter prejudice Against the defendant. Additional, the Defendant is deprived of his Liberty and is now confined for 19 months under very onerous and Draconian conditions.

Wherefore, the defendant ~~unambiguously~~ Unambiguously And unequivocally objects to the Rescheduling of the jury selection on the Count of the Failure to Appear change, And demand For A Speedy Trial Afforded under Statute 18 U.S.C. section 3161(c)(1) And the Sixth Amendment Right to A Speedy Trial guarantee by the U.S. Constitution.

Respectfully Submitted.

Dated, Nov 12, 2004

Patrick A. Triumph
Defendant, Pro se.

CERTIFICATION OF SERVICE

This is to certify that the Motion for Demand for Speedy Trial and objections to Reschedule jury selection on the failure to appear, was served upon the following:

David A. Ring
Assistant United States Attorney
U.S. Attorney's Office - HFD
450 Main Street, Room 328
Hartford, CT 06103

by placing a copy of same in the United States mail with proper postage affixed to ensure delivery.

Dated: This 12th day of November, 2004.

Respectfully Submitted.

Patrick A. Triumph.