# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA
PLAINTIFF

vs.

PATRICK A. TRIUMPH
DEFENDANT

Case No. 3:02CR81 (JB)

SUPPLEMENT MOTION T.
AMEND DOCKET ENTR
NO. 104.

FILED 2004 NOV 16 P 4:8 U.S. DISTRICT COURT NEW HAVEN, CT.

THE DEFENDANT PATRICK A
TRIUMPH, PRO SE, SUBMITS A COPY OF LETTER
DATED JULY 13, 2004 TO VALIDATE THE AMENDMENT
TO DOCKET ENTRY # 104. [SEE ATTACHED LETTER].
THE DEFENDANT STATES THAT THE LETTER
IS SELF EXPLICIT, AND READS IN PARAGRAPH 1,
LINES 4-5, AS FOLLOWS. "I WOULD LIKE TO BE
PRESENT AT THIS HEARING, I DO NOT WANT TO
WAIVE THIS HEARING"

ACCORDING, THE DEFENDANT REQUEST
THAT THIS DOCKET # 104 BE AMENDED TO READ.
"LETTER DATED 7/13/04 FOR APPOINTMENT OF
NEW COUNSEL BY PATRICK TRIUMPH; AND NOT
WAIVING COMPETENCY HEARING BY PATRICK
TRIUMPH, PRO SE)

WHERE FORE, THE DEFENDANT URGES

I

that this entry be corrected as warranted in the letter, and for any other amendments that may have a bearing on this discrepancy

Respectfully Submitted.

Dated: Nov 9th, 2004

Patrick A. Triumph
Defendant, Pro Se

Patrick Triumph
Reg. No. 14622-014
Wyatt Fed. Det Fac.
950 High Street
Central Falls, Ct 02863

July 13, 2003

Honorable Janet Bond Arterton.
United States District Judge
U.S. District Court
141 Church Street
New Haven, CT 06510

    Re: United States v. Patrick Triumph. CR No. 3:02cr81(JBA)

Dear Judge Bond Arterton:

    Thank you for writing Mr. Pattis in response to my recent letter
to the Court.  In your letter to Mr. Pattis, you state that my
competency hearing is scheduled for July 23, 2004.  I would like
to be present at this hearing; I do not want to waive this hearing.

    I last spoke with Mr. Pattis on June 9, 2004.  I recently
received a letter from Mr. Pattis, in which he refused to file
two motions I seek to file before the Court; he refused to give any
reason why he will not file these two motions.  The motions I seek to
file are:  (1) a motion to dismiss the indictment against me on the
ground that I have suffered double jeopardy; and (2) a motion, in
the absence of the success of my motion to dismiss, that I be
granted a speedy trial.  I realize that your letter to Mr. Pattis states
that all my communication with the Court must be through the counsel
you have appointed for me, and not ex parte.  But Mr. Pattis has written
me to tell me that he is presently on vacation, and thus I in effect
have no lawyer at this critical stage in my criminal case.  I have as
yet received absolutely no discovery materials from the government.
I have repeatedly attempted to call Mr. Pattis's office; I have written
him many letters; all my calls are denied--his secretary will not take
any of my calls; and all my letters to Mr. Pattis have gone unanswered.

I must respectfully ask that you appoint new counsel to represent me. I believe that, if Mr. Pattis does not want to present my arguments to the Court, so that the Court may judge the worth of my arguments, and so that my arguments may preserve my appellate rights, then I deserve to have a new lawyer appointed to represent me—a lawyer who will argue my issues before the Court. For example, I wish to argue that I had no assistance of counsel to present my position opposing my former counsel's motion for a competency hearing. Since I was denied my Sixth Amendment right to counsel at that critical stage in my criminal proceeding, and since, as a consequence of this violation of my Sixth Amendment right to counsel, the Court saw fit to subsequently declare a mistrial in my case, at a time when I was denied my right to counsel, then double jeopardy now attaches to any further proceedings against me in this case, because the mistrial was declared without obtaining my consent. Since the mistrial was declared without my consent, at a time when I was denied my right to counsel, then the mistrial was declared in error. Since the mistrial was declared in error, then double jepoardy now attaches, and any further prosecution of me violates my Fifth Amendment rights.

Judge Holloway, in his well-reasoned dissent in U.S. v. Boigegrain, 155 F.3d 1181 (10th Cir. 1998), presents an argument, in a case very analagous to mine, in support of my position that I was denied the right to counsel when the Court failed to appoint new counsel for me so I could contest the competency hearing. I was deprived by the Court of my right to counsel, because the Court forced me to defend my competence at a hearing without the assistance of counsel. Then, I was denied my right to counsel when the Court declared a mistrial. I did not consent to this mistrial, which was declared in error.

-2

In order to preserve my appellate rights on this issue, I must raise this issue as soon as possible. If my court-appointed lawyer won't argue this issue, why should I be forced to communicate ex parte with the Court on this issue? I respectfully ask the Court to appoint new counsel for me, so that I can properly present this issue to the Court through competent counsel. The issue should not be one of the possible success of my argument before this Court. It is obvious that many of the issues I seek to raise--such as my contention that my prosecution is barred by the statute of limitations--may not meet with success before this Court. My arguments may not meet with success before the Court of Appeals, or before the Supreme Court. But it should be noted that a federal judge, Judge Holloway, agrees with one of my positions. It should be noted that, in the case of Blakely v. Washington, recently decide by the Supreme Court, an argument that many lawyers would have dismissed, and refused to brief, has proven to have won the day. Why cannot I receive the effective assistance of counsel, so that my arguments, supported by the dissent of Judge Holloway, for example, be given a fair hearing by this Court, and preserved for appeal?

I thank you for having taken the time to read this letter and consider the issues I have raised.

Sincerely yours,

Patrick Triumph

-3-

# CERTIFICATION OF SERVICE.

This is to certify that the motion to Supplement Motion to Amendment of Docket Entry # 104, was served upon the following

David A. Ring
Assistant United States Attorney
U.S. Attorney's Office - HFD.
450 Main Street. Room 328.
Hartford, CT 06103,

by placing a copy of same in the United States Mail with proper postage affixed to ensure delivery.

Dated : This 9th day of November, 2004

Respectfully Submitted.

Patrick A. Triumph
Defendant, Pro Se.