# UNITED STATES DISTRICT COURT

FILED

## DISTRICT OF CONNECTICUT

2004 NOV 16 P 2: 49

U.S. DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>PLAINTIFF<br><br>VS.<br><br>PATRICK A. TRIUMPH,<br>DEFENDANT | CASE No. 3-02CR81 (JBA)<br><br>MEMORANDUM OF AUTHORITIES OF LAW TO SUPPLEMENT EMERGENCY MOTION FOR DISCLOSURE OF MATTERS OCCURING BEFORE GRAND JUR |

THE DEFENDANT, PATRICK A. TRIUMPH, PRO SE, SUBMITS THE MEMORANDUM OF AUTHORITIES OF LAW TO SUPPLEMENT EMERGENCY MOTION FOR disclosure OF MATTERS OCCURING BEFORE THE GRAND JURY DUE TO THE PRIMA FACIE CASE OF PROSECUTORIAL MISCONDUCT AND IMPROPRIETIES REVEALED BY THE DISCREPANCIES IN THE AFFIDAVIT OF GRAND JURY WITNESS, ANGELLA C. THOMPSON, AS WELL AS THE APPOINTMENT DATE OF MARCH 21ST, 2002 OF ASSISTANT UNITED STATES ATTORNEY DAVID X SOLLIVAN, WHEN de FACTO THE TESTIMONIES TO GRAND JURY WITNESSES PEKAH WALLACE AND ANGELLA C. THOMPSON WAS CONDUCTED ON MARCH 19, 2002. [SEE GRAND JURY TESTIMONY OF PEKAH WALLACE AND ANGELLA C. THOMPSON, N-01-3].

THE DEFENDANT CONTENDS THAT A

-1-

Court may order the disclosure of a Grand Jury matter pursuant to Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, which provides a court,

"May Authorize disclosure at a time, in a manner, and subject to any other conditions that it directs of a grand jury matter: (ii) at the request of a defendant who shows that a ground may exist to dismiss the Indictment because of a matter that occurred before the Grand Jury."

Because of the "indispensable secrecy of Grand Jury proceeding," United States v. Johnson, 319 U.S. at 513, disclosure is permissible only "where there is a compelling necessity. "Proctor & Gamble Co., 356 U.S. at 681. Thus Grand Jury proceedings "carry a 'presumption of Regularity,'" and "a review of Grand Jury minutes is rarely permitted without specific factual allegations of government misconduct." United States v. Torres, 901 F. 2d 205, 232-33 (2d Cir. 1990) (quoting Hamling v. United States 418 U.S. 87, 139 n.2 (1974); see also United States v. Wilson, 565 F. Supp 1416, 1436-37 (S.D.N.Y 1983) (denying motion to Inspect Grand Jury minutes for lack of factual support to overcome presumption of Regularity, nothing that

-2-

speculation and surmise as to what occurred before the Grand Jury is not a substitute for fact").

The defendant asserts that the affidavit of the Grand Jury witness, Angella C. Thompson unambiguously, unequivocally and unmistakely attest that she did NOT testify on the date March 19, 2002 when she is reported to have testified in the Grand Jury transcripts.

Additionally, the defendant asserts by what authority was Assistant United States Attorney David X Sullivan able to present the questions to the Grand Jury witnesses Angella C. Thompson and Pekah Wallace on the date March 19 2002 when he was appointed on March 21st 2002.

Therefore, base on the factual discrepancies and the applicable laws pertaining to the Grand Jury disclosure the defendant urges the Honorable Court to Grant the motion for disclosure of matters occurring before the Grand Jury, and for any other relief which may be just and proper.

Respectfully Submitted.

Dated: Nov 5, 2004.

Patrick A. Triumph
Defendant, Pro Se.

## CERTIFICATION OF SERVICE.

This is to certify that the memorandum of authorities of law to supplement emergency motion for disclosure of matters occuring before Grand Jury, was served upon the following:

David A. Ring
Assistant United States Attorney
U.S. Attorney's Office - HFD.
450 Main Street, Room 328
Hartford, CT 06103.

by placing a copy of same in the United States Mail with proper postage affixed to ensure delivery.

Dated: this 5th day of November 2004.

Respectfully Submitted.

Patrick A. Triumph.
Defendant, Pro Se.