# United States District Court
## District of Connecticut

FILED
2004 NOV 22 A 10: 48
U.S. DISTRICT COURT

| | |
|---|---|
| United States of America<br>Plaintiff<br><br>vs.<br><br>Patrick A. Triumph<br>Defendant | Case No. 3:02CR81(JBA)<br><br>Supplemental Motion and Memorandum in Support of Motion to Defer Sentencing Until After Trial of Failure to Appear |

The defendant Patrick A. Triumph, Pro Se, respectfully submits this Supplemental Motion to Defer Sentencing until after trial of Failure to Appear in violation of 18 U.S.C. Section 3146(a)(1) based on the due process rights against self incrimination under the Fifth Amendment and the Fair Trial Act guaranteed by the Sixth Amendment of the United States Constitution.

In support of this motion, the defendant contends that the Fifth Amendment of the United States Constitution "protects a person --- against being incriminated by his own compelled,

-1-

testimonial communications. See e.g. Fisher v United States, 425 U.S. 391, 409 (1976). The Fifth Amendment provides that "no person shall be compelled in any criminal case to be a witness against himself."

Further, to receive Fifth Amendment protection, a person's statement or act must (1) be compelled, (2) be testimonial, and (3) incriminate the person in a criminal proceeding. The protection enables a defendant to refuse to testify at a criminal trial, and "privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings. See e.g. Minnesota v Murphy, 465 U.S. 420, 426 (1984) (quoting Lefkowitz v Turley, 414 U.S. 70, 77 (1973); see also Kastigar v United States, 406 U.S. 441, 444-445 (1972) ("5th Amendment applies in any proceeding to "disclosures that the witness reasonably believes could be used against him in a criminal prosecution or could lead to other evidence that might be so used"); see e.g. United States v 4603-4005 5th Ave., 55 F.3d 78, 84 (2d Cir. 1995) (5th Amendment applies in civil forfeiture proceeding); United States v Bodwell, 66 F.3d

- 2 -

1000, 1001 (9th Cir. 1995)(per curiam)(5th Amendment may be invoked on question-to-question basis in response to IRS summons); In *United States v. Sullivan*, 274 U.S. 259, 263 (1927)(5th Amendment protects defendant from answering questions on tax return requiring self-incriminating disclosure).

Moreso, the Fifth Amendment right attaches only when a person's compelled testimony is self-incriminating. See *Estelle v. Smith*, 451 U.S. 454, 462 (1981)(Fifth Amendment privilege applies during competency exam because statements may further incriminate for sentencing); *Marchetti v. United States*, 390 U.S. 39, 53 (1968)(same); *Hoffman v. United States*, 341 U.S. 479, 486 (1951)(same) See. e.g. *United States v. Lumpkin*, 192 F.3d 280, 285 (2d Cir. 1999)(co-defendant witness who pleaded guilty but was not yet sentenced could invoke Fifth Amendment privilege because real threat of prosecution for perjury existed).

In *Hoffman v. United States*, 341 U.S. 479, 486 (1951), the Supreme Court held that compelled testimony is self-incriminating when reasonable cause exists to believe that a direct answer would either support a conviction or provide a link in the chain of evidence leading to a conviction. See

-3-

Also <u>United States v. Hubbell</u>, 530 U.S. 27, 39 (2000) (text of subpoena clearly indicated that immunized testimony provided link in chain of evidence thus violating defendant's 5th Amendment rights). Even if a defendant pleads guilty to a crime, they may still invoke the Fifth Amendment privilege to protect themselves from answering questions about the crime, if their answer might lead to prosecution for another another crime. To be self-incriminating, the compelled answers must pose a "substantial and "real" and not merely [a] trifling or imaginary hazard" of criminal prosecution. See e.g. <u>In Re DG Acquisition Corp.</u>, 151 F.3d 75, 83 (2d Cir. 1998) (bankruptcy court's statement that it was aware that defendants had in the past concealed assets was sufficient basis for defendants' fear of incrimination); <u>United States v. Grable</u>, 98 F.3d ~~75, 83 (2d Cir. 1998~~ 251, 255 (6th Cir. 1997) (taxpayer's refusal to file tax return was protected by 5th Amendment because taxpayer was being investigated for failure to file federal income tax returns for 2 years and prospect of criminal prosecution appeared "real and substantial"); <u>United States v. Argomaniz</u>, 925 F.2d 1349, 1353 (11th Cir. 1991) (civil phase of IRS investigation was reasonable basis for fear of

-4-

incrimination.

Accordingly, the Defendant makes particular reference to the elements of the Failure to Appear Count in the Pre-Sentence Report with the inclusion of Paragraph 4, which Reads:

"However, Mr. Triumph failed to appear for his court appearance on July 10, 12 and 17, 2002 and a warrant for the defendant's arrest was subsequently issued on July 24, 2002. The defendant's bond was forfeited on March 13, 2003."

Additionally, Paragraph 15, which Reads:

"Finally, the defendant also willfully obstructed justice during the prosecution of the Indictment against him by willfully failing to appear in court as required. On July 10, 2002, the defendant was scheduled to appear for a court proceeding, only seven days before his trial date on July 17, 2002. The Defendant knew of the scheduled appearance on July 10, 2002, knew that he was required to appear and failed to do so. As a result, the matter was continued to July 12, 2002, at which time the defendant

-5-

Again failed to appear. His whereabouts were unknown until he was apprehended in Canada approximately ten months later.

The defendant categorically and unequivocally objects to the inclusion of this paragraph in its entirety due to the continued pattern of deep and bitter prejudices against the defendant.

The defendant contends that the Due Process Clause afforded under the Fifth & Sixth Amendment right to have a grand jury and a trial jury make certain findings of facts that could, in turn, determine whether the Court could apply any enhanced sentence prescribed by statute from a finding of such facts.

In the recent Supreme Court ruling in Blakely v. Washington, 124 S.Ct. 2531 (2004), held that the Constitution requires that any fact that increases the penalty for a crime beyond the base offense level, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. Moreso, the Due Process Clause requires that a bias finding be proved to a jury beyond a reasonable doubt.

Further, the defendant contends

-6-

that the failure to appear count was severed due to the prejudicial impact of a joint trial of all the counts in the indictment. Also, the ruling on the motion for the severance of the failure to appear count stated that "To satisfy the sentencing requirements of <u>Blakely v. Washington</u>, 124 S.CT 2531 (2004), the subject matter may need to be submitted to the jury in the form of a specific advisory ~~interrogatory~~ interrogatory. [Ruling on motion for severance Pg 7, Ln 3-6, Granted, Arterton. J (8/24/2004)].

More so, the defendant contends that the due process clause protects the defendant from vindictive treatment based on the exercise of his statutory and constitution rights, which includes the right of severance in obtaining a fair trial. See e.g <u>United States v. Goodwin</u> 457 U.S. 368-372 (1982).

Accordingly, based on the foregoing memorandum of authorities and law in support of the motion to defer the sentencing until after the trial of the failure to appear count pursuant to 18 U.S.C. Section 3146(a)(1), the defendant request that the court grant this motion, in accordance to the due process clause against self-incrimation guaranteed by

-7-

the Fifth Amendment and the Rights to a Fair Trial; see ESTES v. TEXAS, 381 U.S 532, 540 (1965); by an Impartial Jury that will perform the duty of finding the facts without bias or prejudice as to any party, and with an attitude of complete fairness and impartiality, and for any other relief that may be just and proper in Sub Judice.

Respectfully Submitted.

DATED: Nov. 15, 2004

PATRICK A. TRIUMPH.
DEFENDANT, PRO SE.

## CERTIFICATION OF SERVICE

This is to certify that the Supplemental Motion and Memorandum in Support of Motion to Defer Sentencing until after Trial of Failure to Appear, was served upon the following

    David A. Ring
    Assistant U.S. Attorney
    157 Church St. 23rd Floor
    New Haven, CT 06510.

by placing a copy of same in the United States Mail with proper postage affixed to ensure delivery.

Dated this 15th day of November, 2004
    Respectfully Submitted.

    Patrick A. Triumph.