# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED
2004 NOV 22  A 10: 48
U.S. DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>PLAINTIFF<br><br>vs.<br><br>PATRICK A. TRIUMPH<br>DEFENDANT | Case No. 3:02CR80(JBA)<br><br>MOTION TO EXPEDITE EMERGENCY MOTION TO DISMISS INDICTMENT AND SET ASIDE JUDGEMENT DUE TO PROSECUTORIAL MISCONDUCT IN GRAND JURY |

The Defendant, Patrick A. Triumph, Pro Se, respectfully moves this Honorable Court SINE QUA NON DE JURE for a ruling on the Emergency Motion to Dismiss Indictment and Set Aside Judgement due to Prosecutorial Misconduct in the Grand Jury and Indictment Process, in violation of the Fifth and Sixth Amendments, and Rule 6 of the Federal Rules of Criminal Procedure.

In support of this Motion to Expedite Emergency Motion to Dismiss Indictment and Set Aside Judgement due to Prosecutorial Alleged Grand

-1-

jury abuses, the defendant relies on the affidavit of grand jury witness, Angella C. Thompson *inter alia* evidence of prosecutorial improprieties in tampering with court transcripts and numerous acts of deception upon the court.

In <u>United States v. Console</u>, 13 F.3d 641, 670 (3d Cir. 1993), held that if the government involvement in a criminal endeavor shocks the "universal sense of justice", then due process clause bars prosecution, and the indictment should be automatically dismissed.

The Fifth Amendment guarantees the right to indictment in federal criminal proceedings by an unbiased jury. In <u>Costello v. United States</u>, 350 U.S. 359, 362 (1956), in dictum of the Fifth Amendment states "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury."

In <u>Bank of Nova Scotia v. United States</u>, 487 U.S. 250, 252 (1988) the District Court *a fortiori* dismissed all counts of an indictment on the grounds of prosecutorial misconduct during a grand jury investigation. The district court

-2-

the district court <u>ad hoc</u> exercised supervisory authority over the grand jury process and dismissed twenty-seven counts in indictments for tax and mail fraud and obstruction of justice following an hearing on alleged grand jury abuses by the prosecutor, in violation of the fifth and sixth amendments, Rule 6 of the Federal Rules of Criminal Procedure, and 18 U.S.C. Sections 6002, 6003.

Accordingly, the Defendant <u>ad nauseam</u> contends that the District Court <u>stare decisis</u> possess the inherent power to dismiss an indictment, or vacate a judgement obtained by fraud on the court when the misconduct have irreparably corrupt the indictment process and shock the universal sense of justice. Such prosecutorial misconduct is indefensible. The perpetrator of the fraud should not be allowed to dispute the effectiveness of the fraud after the fact. <u>Hazel Atlas</u>, 322 U.S at 247; <u>Pumphrey v. K.W. Thompson Tool Co.</u> 62 F.3d 1128, 1132-33 (9th Cir. 1995).

Wherefore, it is the rudimentary obligation of the District Court to protect against such prosecutorial vindictiveness and invidious discrimination,

-3-

And continued judicial proceedings in this cause will make the court a party to such illicit and immoral conduct and will cause the court to become negligent in its duty to supervise the administration of justice, as well as in upholding the laws of the Constitution of the United States of America.

Respectfully Submitted

Dated: Nov 15, 2004

PATRICK A. TRIUMPH,
DEFENDANT, Pro Se.

## CERTIFICATION OF SERVICE

This is to certify that the Motion to Expedite Emergency Motion to Dismiss Indictment and Set Aside Judgement due to Prosecutorial Misconduct in the Grand Jury, was served upon the following:

David A. Ring
Assistant U.S. Attorney
157 Church St. 23rd Floor
New Haven, CT 06510

by placing a copy of same in the United States Mail with proper postage affixed to ensure delivery.

Dated this 15th day of November, 2004.

Respectfully Submitted

Patrick A. Triumph.