<u>UNITED STATES DISTRICT COURT</u>

<u>DISTRICT OF CONNECTICUT</u>

FILED
2004 NOV 22 A 10: 48
U.S. DISTRICT COURT

UNITED STATES OF AMERICA
PLAINTIFF

CASE NO. 3:02cr81(JBA)

vs.

November 16, 2004

PATRICK A. TRIUMPH
DEFENDANT

<u>MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. SECTION 4A1.3 (ADEQUACY OF CRIMINAL HISTORY)</u>:

The Defendant, Patrick A. Triumph, <u>Pro Se</u>, moves this Honorable Court to depart downward, pursuant to U.S.S.G. Section 4A1.3 as his criminal history category seriously overrepresents the seriousness of the Defendant's criminal history. As such, the Court is moved to depart from Mr Triumph's designation as Criminal History Category (herein referred to as "CHC") III, to CHC I.

The Court is asked to consider the following

-1-

FACTS:

1.) That on or before December 1, 1986 the defendant was charged with Bad Checks in Atlantic City, New Jersey. Under U.S.S.G. Section 4A1(c), the Probation Officer assessed one (1) point. The defendant states that pursuant to 4A1.2(e), a sentence imposed more than 10 years prior to the defendant's commencement of the instant offense is not counted, and, a sentence for a foreign conviction, a tribal court conviction, an expunged conviction, or an invalid conviction, is not counted. See Section 4A1.2(h), (i), (j), and the commentary to Section 4A1.2. Accordingly, the defendant states the the related offense is expungable under New Jersey State Law since the offense occurred 18 years ago, and upon application showing good cause.

2.) That on or before January 4, 1991 the defendant was charged with Petit Larceny in Valley Stream,

-2-

New York. Under Section 4A1.1(c), the Probation Officer assessed one (1) point. The Defendant states that this offense occurred over 13 years ago, and is expungable under New York State law, by a Petition for Expungement showing good cause.

3) That on or before April 20, 1994, the Defendant was charged with Larceny, 1st Degree, in Hartford, Connecticut. Under Section 4A1.1(c), the Probation Officer assessed one (1) point. The Defendant states that this offense occurred over 10 year ago, and is expungable under Connecticut State Statute 54-142(a) by a Petition for Expungement showing good cause. Additionally, the Defendant was not on probation during the time the instant offense was committed. Further, the Defendant has filed a Federal Habeas Petition to Vacate this conviction based on the allegations that the conviction was unlawful and unconstitutional. Further, the Defendant contends that sentences resulting from convictions that

-3-

(A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted. The defendant notes that 21 U.S.C section 851 expressly provides that a defendant may collaterally attack certain prior convictions. Therefore, the defendant believes that this conviction should not be counted in calculation of his CHC. Further the inclusion of these prior convictions in the calculation of the defendant's CHF to a level III would greatly over represent the defendant's criminal history.

The defendant respectfully request that the court consider the following sentencing comparisons.

| | OFFENSE LEVEL | RANGE @ CHC III | RANGE @ CHC I | SENTENCE DIFFERENCE |
|---|---|---|---|---|
| U.S. Probation | 13 | 18-24 | 12-18 | 6 months |

The Second Circuit has "indicated that horizontal CHC (criminal history category) departures require particularized consideration of the circumstances of the defendant's case." See United States v Mishoe, 241 F.3d 214, 218

-4-

(C.A. 2 (NY) 2001), Quoting <u>Koon v. United States</u> 518 U.S. 81, 100, 116 S.CT. 2035, 13 L.Ed. 2d 399 (1996) See also citing to <u>United States v. Rivers</u>, 56 F.3d 1126, 1130-31 (2nd Cir. 1995), which approved horizontal departure from CHCVI initially determined because of defendant's career-offender status. <u>Mishoe</u> clearly allows this court to consider the factors of the sentences previously imposed on the defendant compared to the sentencing range of CHC III, to depart based upon whether CHE III over represents the seriousness of Patrick Triumph's prior record, or alternatively, the defendant respectfully ask the court to postpone his present sentencing in accordance to the Due Process Provision of a fair sentencing warranting a reasonable time for the petition of expungement to be granted. The defendant duly inform the court that a petition for expungement has be filed in the ~~Hartfo~~ Superior Court of Hartford, Connecticut since October 10 Th 2004, as well as a ~~Federal~~ habeas petition has been filed to vacate the conviction. Similiar petitions of expungement have been filed in the State of New York and New Jersey. ~~the~~

The defendant asserts that the

-5-

prior convictions were obtained unconstitutionally, and should be disallowed to factor into the CFC. The Second Circuit in United States v. Hundley, 858 F.2d 58, 61, 66 (2d Cir. 1988), where the petitioner received an enhanced sentence due to his previous convictions. The trial judge thought, however, that one of Hundley's previous convictions was obtained in violation of his constitutional rights, which, if true, would no longer empower the judge to enhance the petitioner's sentence. The judge, rather than ruling directly to disallow use of the previous conviction, gave petitioner an enhanced sentence with the proviso that the judge would immediately consider and grant a Section 2255 motion on the grounds that the previous conviction was unconstitutional. This enabled the government to appeal, which it would not have been to do had the judge ruled initially to bar the use of the previous conviction. The Court of Appeals dismissed the appeal as improper, calling the resultant Section 2255 motion a "collusive suit, arranged between the sentencing judge and the government over the defendant's objection, to create a substitute for an appeal that the government could not otherwise take. See also United States v. Gordon, 156 F.3d 376, 377 (2d Cir. 1998)

6

Wherefore, the Defendant submits this Memorandum and Motion for Downward Departure under the authority of U.S.S.G. Section 4A1.3, because the defendant's criminal history category calculation and classification significantly over-represents the seriousness of the defendant's criminal history, and respectfully request a stay of sentencing pending the resolution of the Petition of Expongement and the Habeus Petition accordingly.

Respectfully Submitted

*[signature]*

Patrick A. Triumph.
Defendant, Pro Se.

-7-

## Certification of Service

This is to certify that the motion for Downward Departure based on significantly reduced mental capacity under Sentencing Guidelines, was served upon the following:

David A. Ring
Assistant U.S. Attorney
157 Church St, 23rd Floor
New Haven, CT 06510

by placing a copy of same in the United States mail with proper postage affixed to ensure delivery.

Dated this 15th day of November, 2004

Respectfully Submitted

Patrick A. Triumph