1    results in the first $32,150 of taxable income being
2    taxed at 15 percent; filing as single status results
3    in the first $24,000 of taxable income being taxed at
4    15 percent."
5            So there's a better refund filing with head
6    of household status.
7        Q    That was taken into account when factoring
8    the tax loss in the bottom left corner?
9        A    Yes.
10       Q    With respect to Menny Zene, her 1996
11   original tax return was prepared by Patrick Triumph,
12   correct?
13       A    Yes.
14       Q    What fraudulent items did she identify
15   there?
16       A    The filing status with a qualifying person,
17   Ivaldo Thompson. Menny Zene said she did not know who
18   Ivaldo Thompson is and that's she's actually single.
19           Itemized deductions, Schedule A, job
20   expenses, deductions for uniform upkeep and shoes and
21   stockings. She paid $300 for that.
22       Q    She's a nurse?
23       A    Yes. Books, magazines and publications, she
24   said she paid zero for those items.
25       Q    Did she ever provide that information in the

1    claimed column to Mr. Triumph?
2    A    No, she did not.
3    Q    Cynthia Williams, correct?

*[handwritten annotation: Where is the Canned jury.]*

4    A    Correct.
5    Q    This would be her 1995 amended return?
6    A    Yes.
7    Q    Prepared by Mr. Triumph?
8    A    It was.
9    Q    What did she identify as the fraudulent
10   items there?
11   A    Itemized deduction section, the job expenses
12   and miscellaneous deductions section, uniform and
13   upkeep, white shoes and stockings, she said she had
14   $300.
15        Just to let you know, if the witness said
16   they had paid more for an item, that's in the
17   calculation and they debt credit for what they said
18   they paid.  Books magazine and publications, she said
19   she had zero paid for that item, and job-related
20   education courses, she said she had zero for that
21   item.
22   Q    The comment that you just made, if the
23   amount the taxpayer had was actually greater than
24   claimed, you factored that into the tax loss
25   calculations?

Falzarano Court Reporters

1   (IRS) investigation of him by instructing Angella
2   Downer, Sylvanius Downer, Annette Shabazz and
3   Pekah Wallace to provide false documents and
4   information to IRS investigators.
5       Q    In Count Forty, Title 26, 7206(2)
6   interfering with IRS administration, that is a felony,
7   correct?   *WHERE IS THE GRAND JURY.*
    *ISN'T COUNT 40, FAILURE TO APPEAR.*
8       A    Yes, it is.
9       Q    With respect to Pekah Wallace, was it
10  approximately March of 1998 when Patrick Triumph
11  approached her to advise her and ask her to lie on his
12  behalf?
13      A    Yes, it is.
14      Q    We talked earlier about Mr. Triumph charging
15  fees for preparation of the returns. Did he charge
16  flat fees or contingent fees?
17      A    Flat fees.
18      Q    How did that compare to what the taxpayers
19  paid previously?
20      A    The taxpayers generally said they were
21  higher.
22      Q    In fact, ranged in the $150 to sometimes
23  $300 range?
24      A    Correct.
25      Q    A lot of word of mouth was spreading around

*[margin note: MAYBE A.U.S.A. VATTI CAN EXPLAIN OR AGENT MURPHY.]*

Falzarano Court Reporters

**DISTRICT OF CONNECTICUT — NEW HAVEN**
**NOTICE OF APPEAL COVER MEMO**

*Defense Exhibit 14a*

DATE: September 7, 2004        TO:    Intake Clerk

                               FROM: (Patricia Moore (203) 773-2416)

CASE TITLE:      Patrick Triumph

DOCKET NO.:      3:04cr81(JBA)                    *Deception + Fraud*

NOTICE OF APPEAL:   filed: September 2, 2004

APPEAL FROM:     final judgment: __

                 (interlocutory:) Denial of Defendant's Motion to Dismiss Indictment due to Double Jeobardy

                 other: __

DOCKET SHEET:    Attorney, updated address & phone number for each party  Y

                 All parties are listed on Docket Sheet
                 (Including Third Parties)  Y

                 All docket entries and dates are included  Y

FEE STATUS:      Paid _____   Due _____   N/A ✓

                 IFP revoked _____    Application Attached _____

                 IFP pending before district judge _____

COUNSEL:         CJA _____    Retained _____    Pro Se ✓

TIME STATUS:     Timely ✓    Out of Time _____

MOTION FOR
EXTENSION OF TIME:  Granted _____    Denied _____

COA:             Granted _____    Denied _____

COMMENTS AND CORRECTIONS:

---

I HEREBY ACKNOWLEDGE RECEIPT OF THE NOTICE OF APPEAL.

SIGNED: _____  DATE: _____
         DEPUTY CLERK, USCA

         USCA No. _____.

# DISTRICT OF CONNECTICUT - Select Office
# NOTICE OF APPEAL COVER MEMO

*Defense Exhibit 15A*

DATE: __September 7, 2004__        TO:   Intake Clerk

                                   FROM: (Patricia A. Moore (203) 773-2416)

**CASE TITLE:**       USA v Patrick Triumph

**DOCKET NO.:**       3:04cr81(JBA)

**NOTICE OF APPEAL:** filed: __September 2, 2004__

**APPEAL FROM:**      final judgment: __        *Deception & Fraud*

                     (interlocutory:) Denial of Defendant's Motion for Release Pending
Trial
                     other: __

**DOCKET SHEET:**    Attorney, updated address & phone number for <u>each</u> party __Y__

                    All parties are listed on Docket Sheet
                    (Including Third Parties) __Y__

                    All docket entries and dates are included __Y__

**FEE STATUS:**      Paid _____    Due _____    N/A __✓__

                    IFP revoked _____    Application Attached _____

                    IFP pending before district judge _____

**COUNSEL:**         CJA _____    Retained _____    Pro Se __✓__

**TIME STATUS:**     Timely __✓__    Out of Time _____

**MOTION FOR
EXTENSION OF TIME:** Granted _____    Denied _____

**COA:**             Granted _____    Denied _____

**COMMENTS AND CORRECTIONS:**

---

I HEREBY ACKNOWLEDGE RECEIPT OF THE NOTICE OF APPEAL.

SIGNED: _____ DATE: _____
                DEPUTY CLERK, USCA

        USCA No. _____.

# NOTICE OF APPEAL COVER MEMO

**DATE:** September 7, 2004        **TO:** Intake Clerk

**FROM:** (Patricia A. Moore (203) 773-2416)

**CASE TITLE:**     USA v Patrick Triumph

**DOCKET NO.:**     3:04cr81(JBA)

**NOTICE OF APPEAL:**  filed: September 2, 2004     Deception & Fraud.

**APPEAL FROM:**    final judgment: __ ✓

(interlocutory): Denial of Defendant's Motion for Dismissal of Indictment Due to Prosecutorial Misconduct
            other: __

**DOCKET SHEET:**   Attorney, updated address & phone number for each party  Y

All parties are listed on Docket Sheet
(Including Third Parties)  Y

All docket entries and dates are included  Y

**FEE STATUS:**     Paid _____   Due _____   N/A ✓

IFP revoked _____   Application Attached _____

IFP pending before district judge _____

**COUNSEL:**        CJA _____   Retained _____   Pro Se ✓

**TIME STATUS:**    Timely ✓   Out of Time _____

**MOTION FOR
EXTENSION OF TIME:** Granted _____   Denied _____

**COA:**            Granted _____   Denied _____

**COMMENTS AND CORRECTIONS:**

---

I HEREBY ACKNOWLEDGE RECEIPT OF THE NOTICE OF APPEAL.

**SIGNED:** _____ **DATE:** _____
        DEPUTY CLERK, USCA

**USCA No.** _____.

## COUNT FORTY

10. Paragraphs 1-5 of this Superseding Indictment are incorporated herein.

11. On or about July 10, 2002 and July 17, 2002, in the District of Connecticut, the defendant, **PATRICK A. TRIUMPH**, having been charged with thirty-eight counts of violating Title 26, United States Code, Section 7206(2), each a felony, and having been granted pre-trial release, pursuant to Chapter 207 of Title 18, United States Code, in connection with said criminal charges for appearance in the United States District Court for the District of Connecticut in New Haven, Connecticut on July 10, 2002 and July 17, 2002 in Case No. 3:02CR81(JBA) entitled *United States of America v. Patrick A. Triumph*, did knowingly and wilfully fail to appear as required.

All in violation of Title 18, United States Code, Section 3146(a)(1).

## ADDITIONAL ALLEGATIONS REQUIRING SPECIAL FINDINGS

12. The conduct of the defendant, **PATRICK A. TRIUMPH**, as set forth in Counts 1-38 of this Superseding Indictment resulted in a <u>tax loss greater than $40,000.00</u>.

13. With respect to Counts 1-38 of this Superseding Indictment, the defendant, PATRICK A. TRIUMPH, was in the business of preparing tax returns.

14. With respect to Counts 5 through 8 and 16 through 17 of this

12

Superseding Indictment, the defendant, **PATRICK A. TRIUMPH,** did willfully obstruct and impede and attempt to obstruct and impede the administration of justice during the course of the Internal Revenue Service (IRS) investigation of him by instructing Angella Downer, Sylvanius Downer, Annette Shabazz and Pekah Wallace to provide false documents and information to IRS investigators.

↖ ELEMENT Removed in the verdict

A TRUE BILL

_Donald P. Edd_ (signature)
FOREPERSON

UNITED STATES OF AMERICA

_signature_
KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_signature_
RONALD S. APTER
SUPERVISORY ASSISTANT UNITED STATES ATTORNEY

_signature_
S. DAVE VATTI
ASSISTANT UNITED STATES ATTORNEY

→ SEE 28 U.S.C. SEC 515(a) 2000
28 U.S.C. Sec 546(d)

13

## Burden of Proof, Reasonable Doubt and Presumption of Innocence

Although the defendant, Mr. Triumph, has been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendant has pled not guilty to the indictment.

The law presumes a defendant to be innocent of the charge against him. The burden is on the Government to prove the guilt of the defendant beyond a reasonable doubt on each element of the crimes charged. This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. I therefore instruct you that you must presume that the defendant is innocent throughout your deliberations until such time, if any, that you as a jury are satisfied that the Government has proved the defendant's guilt beyond a reasonable doubt.

In short, the defendant begins the trial with a clean slate and this presumption of innocence alone is sufficient to acquit him unless, after careful and impartial consideration of all the evidence in this case, you as jurors are unanimously convinced beyond a reasonable doubt of his guilt.

Reasonable doubt is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after

5

carefully weighing all of the evidence. A reasonable doubt may arise from the evidence itself or lack of evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. It is not required that the Government prove guilt beyond all possible doubt. Proof beyond a reasonable doubt is sufficient to convict. A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt on any element of the crime charged, it is your duty to acquit the defendant. On the other hand, if after fair and impartial consideration of all of the evidence you are satisfied of a defendant's guilt beyond a reasonable doubt, you should vote to convict.

## "Prove" and "Find"
## Each Element Must Be Established Beyond Reasonable Doubt

You should understand that whenever I say that the Government has to "prove" a fact to you, I mean that it has to prove that fact to you beyond a reasonable doubt, as I just explained that term to you.

You are to understand my use of the word "prove" to mean "prove beyond a reasonable doubt," even if I do not always repeat these exact words.

Similarly, when I say that you must "find" a fact in order to return a guilty verdict, you must find that fact to have been proved by the Government beyond a reasonable doubt, even if I simply use the word "find."

## COUNT FORTY

10. Paragraphs 1-5 of this Superseding Indictment are incorporated herein.

11. On or about July 10, 2002 and July 17, 2002, in the District of Connecticut, the defendant, **PATRICK A. TRIUMPH**, having been charged with thirty-eight counts of violating Title 26, United States Code, Section 7206(2), each a felony, and having been granted pre-trial release, pursuant to Chapter 207 of Title 18, United States Code, in connection with said criminal charges for appearance in the United States District Court for the District of Connecticut in New Haven, Connecticut on July 10, 2002 and July 17, 2002 in Case No. 3:02CR81(JBA) entitled *United States of America v. Patrick A. Triumph*, did knowingly and wilfully fail to appear as required.

All in violation of Title 18, United States Code, Section 3146(a)(1).

## ADDITIONAL ALLEGATIONS REQUIRING SPECIAL FINDINGS

12. The conduct of the defendant, **PATRICK A. TRIUMPH**, as set forth in Counts 1-38 of this Superseding Indictment resulted in a tax loss greater than $40,000.00.

13. With respect to Counts 1-38 of this Superseding Indictment, the defendant, PATRICK A. TRIUMPH, was in the business of preparing tax returns.

14. With respect to Counts 5 through 8 and 16 through 17 of this

12

1    A    Correct.

2    Q    Total was $13,372?

3    A    Yes.

4    Q    Should have been $1,974?

5    A    Yes.

6    Q    Total loss attributable to fraud?

7    A    $1,372.

8    Q    For all the ones where you said loss

9    attributable to fraud, you have totaled up the total

10   tax loss attributable for all the 38 counts?

11   A    Actually, Special Agent LaBounty did that.

12   Q    Can you tell us what the total tax loss

13   attributable to false and fraudulent items is?

14   A    I can as long as I can find my ...

15   Q    Can I hand you a document to refresh your

16   recollection.

17   A    Yes, thank you. Do you want me to read the

18   exact ...

19   Q    Yes, give us the exact total.

20   A    It's $48,145.   *¹ GOVT TAX LOSS AMOUNT VERY PREJUDICIAL, GROSSLY INCONSISTENT

21   Q    For purposes of the way it's phrased in the

22   superseding indictment, that loss was greater than

23   $40,000, correct?

24   A    Correct.

25   Q    I'll take that chart back. Let's quickly

Falzarano Court Reporters