UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 NOV 24  A  1: 09

U.S. DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : |
| | : CRIMINAL NO. 3:02CR81(JBA) |
| | : |
| v. | : |
| | : |
| PATRICK A. TRIUMPH | : |
| | : November 24, 2004 |

**THE UNITED STATES' CONSOLIDATED MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTIONS TO DISMISS ON GROUNDS OF
PROSECUTORIAL MISCONDUCT AND SPEEDY TRIAL VIOLATIONS**

The United States hereby submits this consolidated memorandum in opposition

to Defendant's Motions to Dismiss Count 40 (Failure to Appear) and, relating to Counts

1 through 38 of the indictment, his Motions for Reconsideration of Disclosure of Grand

Jury Matters, for an Evidentiary Hearing, and to dismiss the indictment and/or set

aside the jury's verdict rendered on September 20, 2004 for reasons of prosecutorial

misconduct.

**As to Defendant's Motion to Dismiss Count 40 (Failure to Appear) for Non-
Compliance with the Speedy Trial Act**

The crux of defendant's claim is that the 70 day period under the Speedy Trial

Act ran during the period September 20, 2004 through December 1, 2004. For the

following reasons, defendant's claim should be rejected.

Count 40 was contained in a superceding indictment returned July 13, 2004.

Thus, the seventy day period under the Speedy Trial Act began to run at that time and would have been tolled by jury selection on August 4, 2004. Thereafter, the Court severed Count 40 upon defendant's motion and the trial on the remaining charges (Counts 1 through 39) did not conclude until September 20, 2004. Following the conclusion of the trial as to Counts 1-39, the Court scheduled jury selection with respect to Count 40 for December 1, 2004 after defendant requested further time to prepare his insanity defense to the failure to appear charge. As any period of delay from August 4, 2004 through December 1, 2004 was attributable to the defendant's motion for severance and to accommodate his request for additional time to develop expert psychiatric testimony in defense of Count 40, that time is also excluded for speedy trial purposes. See 18 U.S.C. §3161(h)(1)(D) (excluding from speedy trial computation delay resulting from trial with respect to other charges against the defendant); Barker v. Wingo, 407 U.S. 514, 530 (1972)(analyzing for purposes of a speedy trial claim, the reason for the delay and prejudice to the defendant among other factors); United States v. Rodriguez-Restrepo, 680 F.2d 920, 922 (2d Cir. 1982)(no speedy trial violation where period of delay attributable to defendant's conduct).

Here, the defendant effectively consented to the Court setting the trial date for December 1 and he should not now be permitted to exploit any period of delay to which he agreed. Moreover, he certainly cannot claim prejudice where the delay was to accommodate his own interests. In short, after taking into account excluded time, the current jury selection date of December 20, 2004 is in compliance with the speedy trial

clock and the defendant's motion should be denied.[1]


**As to Defendant's Motion to Dismiss Count 40 on Grounds of Prosecutorial Misconduct**

Defendant appears to claims that Count 40 is defective in that facts sufficient to constitute probable cause were not presented to a Grand Jury and the Grand Jury did not return an indictment as to this charge. Defendant also suggests in conclusory fashion that prosecutors involved in this matter engaged in a myriad of abuses.

First, Count 40 was contained in a superceding indictment that was returned by a duly constituted Grand Jury on July 13, 2004. On this basis alone, the defendant's motion should be denied. Further, in pursuit of this motion, the defendant seeks to upset the longstanding constitutional rule that "[a]n indictment returned by a legally constituted and unbiased grand jury . . ., if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." Costello v. United States, 350 U.S. 359, 363 (1956); see also United States v. Buffington, 815 F.2d 1292, 1304 (9th Cir. 1987) ("[A]n indictment regular on its face and returned by a legally constituted and unbiased grand jury is presumed to be valid; the party challenging this presumption faces a heavy burden"). Where a defendant fails to present any evidence in his petition demonstrating misconduct by the prosecution, it is proper for the court to

---

[1] Even if the speedy trial clock were to run from the date that defendant's Certificate of Restoration to Competency was filed in the Court (June 29, 2004), the current jury selection date of December 20, 2004 falls within the seventy day period.

3

dismiss his motion. See In re Millow, 529 F.2d 770, 774 (2d Cir. 1976) ("Accusations of misconduct based on unsupported suspicion or patently frivolous contentions should not be deemed 'claims' sufficient to require further inquiry...").

The defendant does set forth any basis for his motion beyond an unsupported assertion that there is evidence of prosecutorial misconduct. In failing to assert a factual basis for his allegation that there was prosecutorial misconduct in the grand jury process, the defendant also does not make an adequate showing sufficient to overcome the presumption of validity afforded to a duly returned indictment. Accordingly, the defendant's unsupported conclusions that there was prosecutorial misconduct is insufficient is to dismiss a valid indictment and the Court should deny the defendant's motion.[2]

**As to Defendant's Emergency Motion to Dismiss Indictment and Set Aside Judgment Due to Prosecutorial Misconduct, For an Evidentiary Hearing and Reconsideration of Motion for Disclosure of Grand Jury Matters.**

In motions previously filed with the Court, defendant claimed that the original indictment returned in this case on March 21, 2002 was defective in that it was not actually returned on that date but approximately one week later. Before the Court now is defendant's latest reincarnation of this argument. Defendant now claims that the

---

[2] Defendant also nominally invokes the double jeopardy clause of the Fifth Amendment in seeking the dismissal of Count 40 but did not elaborate further. In any event, the United States notes that Count 40 was not the subject of any prior proceeding at which jeopardy attached. Accordingly, there is no basis to dismiss Count 40 on double jeopardy grounds.

4

indictment is invalid because Angella Thompson, a witness who testified before the Grand Jury, did not testify on March 19, 2002 as reflected in the transcript of her testimony, but on March 26, 2002. While the connection that defendant draws between this issue and the validity of the indictment is not clear, he appears to argue that ii constitutes an irregularity that somehow renders the indictment unlawful. As a result, defendant seeks to have the Court set aside the jury verdict, dismiss the indictment, hold an evidentiary hearing and reconsider its denial of his motion for disclosure of Grand Jury matters. For the following reasons, these motions should be denied.

According to the Certification by the Court reporter (who is in the best position to know the precise date of Ms. Thompson's testimony), Ms. Thompson did, in fact, testify on March 19, 2002. There is no reason to doubt the veracity of the Court Reporter in this regard. In an effort to call the Certification into question, defendant submits an affidavit purportedly from Ms. Thompson in which she declares that she did not testify on March 19, 2002 and that she believes the date of her testimony actually to be "on or about the date of March 26, 2002", see Thompson Affidavit, para. 9, because she associates her testimony with her best friend's birthday. Ms. Thompson's recollection approximately two and a half years after the fact based upon an association with a friend's birthday not only is unworthy of credibility but also is insufficient to overcome the validity of the Court Reporter's Certification as to the date when the testimony took place. Ms. Thompson's speculative recall does not satisfy the "heavy burden" that defendant faces in seeking to overturn the presumptive validity of an

5

indictment that is otherwise "regular on its face and returned by a legally constituted and unbiased grand jury." <u>United States v. Buffington</u>, 815 F.2d at 1304.[3]  Nor does defendant offer any particularized or otherwise specific, threshold showing of misconduct by prosecutors in securing the indictment in this matter that would justify any further inquiry by the Court or the disclosure of grand jury matters.  <u>See</u> <u>U.S. v. Ferreboeuf</u>, 632 F.2d 832, 835 (9th Cir. 1980)("unsubstantiated, speculative assertions of improprieties in the proceedings...do not supply the 'particular need' required to outweigh the policy of grand jury secrecy").   Accordingly, defendant's motion to dismiss and his requests for an evidentiary hearing and for reconsideration of the Court's prior ruling denying disclosure of Grand Jury matters should all be denied.

---

[3] To the extent that defendant is claiming a violation of his due process rights, the United States also notes that defendant has not demonstrated that this issue affected the Grand Jury's decision to indict.  <u>See</u> <u>Bank of Nova Scotia v. United States</u>, 487 U.S. 250, 256 (1988)(a due process claim requires a showing that the alleged abuse "substantially influenced the grand jury's decision to indict"); <u>United States v. Sigma Intern., Inc.</u>, 196 F.3d 1314, 1321 (11th Cir. 1999)(dismissal of indictment appropriate only where misconduct substantially influenced grand jury and defendant prejudiced).

6

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


DAVID A. RING
ASSISTANT UNITED STATES ATTORNEY

FOR:

S. DAVE VATTI
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. ct11957
450 Main Street, Room 328
Hartford, CT 06103
860-947-1101

7

## CERTIFICATION

     This is to certify that a true copy of the foregoing has been sent via United States mail, first class, postage pre-paid on the 24th day of November 2004 to:

Mr. Patrick A. Triumph
Reg. No. 14622-014
State ID 313641
Corrigan-Radgowski Correctional Center
986 Norwich-New London Turnpike
Uncasville, CT 06382

Norman A. Pattis, Esq.
Williams & Pattis
59 Elm Street
New Haven, CT 06510

 

David A. Ring
Assistant United States Attorney