UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA                    Criminal No. 3:02CR81(JBA)

v.

PATRICK A. TRIUMPH                          November 29, 2004

### UNITED STATES' RESPONSE TO DEFENDANT TRIUMPH'S MOTION FOR WITHDRAWAL OF STANDBY COUNSEL

On November 11, 2004, the defendant filed a Motion For Withdrawal of Standby Counsel Norman A. Pattis Due to Subpoena Duces Tecum. While the allegations raised by the defendant in his motion are patently absurd, the United States does not object to the defendant's request.

The defendant's Motion for Withdrawal appears to be based on the following facts:

1.      The transcript of the first trial shows that Pekah Wallace testified on February 23, 2004. Tr. 832. The government's direct examination was conducted by the undersigned attorney as was the redirect examination. *Id.* at 832 & 861.

2.      The index to the transcript (which was prepared months later) mistakenly shows that the direct examination was conducted by "Mr. Ring" but that the redirect examination was conducted by "Mr. Pattis." *Id.* at 935.

The defendant points to the erroneous index and claims that the mention of attorney Pattis's name proves that attorney Pattis engaged in "deceptive practices and conflict in representation, by the covering-up of the prosecutorial abuses and improprieties which have the judicial process throughout the entire trial proceedings." Def. Mot. at 2. In

consequence, and by separate motion, the defendant has sought to subpoena attorney Pattis to testify on this matter and for the production of documents.[1]

It is well established that a district court may appoint stand-by counsel for a defendant who insists on proceeding *pro se*, even if the defendant objects to the appointment of such counsel. *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984); *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997). But, the defendant has no right to stand-by counsel. *See Schmidt*, 105 F.3d at 90. In the present case, the court appointed attorney Pattis as stand-by counsel, with the defendant's explicit agreement.

The defendant's newfound claim of conflict typifies the defendant's continual efforts to bog down these proceedings by litigating every frivolous claim that he can think of, no matter how absurd. It is telling that the defendant does not make the factual claim that attorney Pattis *actually* conducted the redirect examination of Ms. Wallace (or that he saw such an event), but only that the index suggests that such an event took place, and that, therefore, a pernicious conflict must exist.

Despite the fact that the defendant's claim of conflict is patently contrived, it does not appear that there is any good reason to deny the defendant's request for dismissal of attorney Pattis: the defendant has run amok in his litigation, and does not appear to be

---

[1] The defendant has not provided the government with a copy of the requested subpoena; therefore, it is unclear whether the subpoena seeks the production of attorney Pattis and his documents at the time of the sentencing hearing or on some alternative date. It does appear that the defendant is seeking attorney Pattis's testimony in order to pursue a conflict claim as well as in an attempt to establish violations of his constitutional rights. *See* Def. Mot. at 2.

consulting with attorney Pattis in any fashion.  Moreover, the defendant has now leveled

serious allegations of misconduct against attorney Pattis that seem certain to strain their

relationship to the breaking point.  And, by leveling these absurd allegations, the defendant

may have created a situation in which attorney Pattis will become a witness against the

defendant.[2]  *See United States v. Jones*, 381 F.3d 114, 119 (2d Cir. 2004).

Wherefore, the United States does not oppose the defendant's request for the

dismissal of his stand-by counsel.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


DAVID A. RING
ASSISTANT U. S. ATTORNEY
157 Church Street
P.O. Box 1824
New Haven, Connecticut   06510
(203) 821-3700
Federal Bar No. CT14362

DAVE VATTI
ASSISTANT U. S. ATTORNEY
Fed. Bar No. ct11957

---

[2] To the extent that the Court feels constrained to address the "potential" conflict raised by the defendant, the Court or the government may seek to establish from attorney Pattis that he had no role (or connection with) the government's prosecution of the defendant prior to attorney Pattis's appointment as counsel.  Alternatively, the defendant may press his request to call attorney Pattis to testify, and this, at the very least, may compel attorney Pattis to make adverse factual representations to the Court.

## CERTIFICATION OF SERVICE

This is to certify that a true copy of the foregoing has been sent via first class mail on the 29th day of November 2004 to:

Mr. Patrick A. Triumph
Reg. No. 14622-014
State ID 313641
Corrigan-Radgowski Correctional Center
986 Norwich-New London Turnpike
Uncasville, CT 06382

Norman A. Pattis, Esq.
Williams & Pattis
59 Elm Street
New Haven, CT 06510


_____
DAVID A. RING
ASSISTANT UNITED STATES ATTORNEY