UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:02CR81(JBA) |
| v. | |
| PATRICK A. TRIUMPH | November 30, 2004 |

**UNITED STATES' PROPOSED JURY INSTRUCTIONS**

The United States submits the following proposed jury instructions for the upcoming trial relating to the defendant's failure to appear (Count 40 of the Superseding Indictment):

*The Indictment and the Statute*[1]

The indictment charges the defendant with bail jumping. The indictment reads as follows:

> On or about July 10, 2002 and July 17, 2002, in the District of Connecticut, the defendant, PATRICK A. TRIUMPH, having been charged with thirty-eight counts of violating Title 26, United States Code, Section 7206(2), each a felony, and having been granted pre-trial release, pursuant to Chapter 207 of Title 18, United States Code, in connection with said criminal charges for appearance in the United States District Court for the District of Connecticut in New Haven, Connecticut on July 10, 2002 and July 17, 2002 in Case No. 3:02CR81(JBA) entitled United States of America v. Patrick A. Triumph, did knowingly and wilfully fail to appear as required.
>
> All in violation of Title 18, United States Code, Section 3146(a)(1).

---

[1] Sand, Instruction 55-1.

The indictment charges the defendant with violating section 3146 of Title 18 of the United States Code.  That law provides:

> Whoever, having been released on bail, knowingly . . . fails to appear before a court as required by the conditions of his release . . . is guilty of a crime.

*Elements of Bail Jumping*[2]

In order to meet its burden of proof, the government must establish beyond a reasonable doubt each of the following five elements of the crime of bail jumping:

First, that the defendant was released on bail in connection with another criminal charge;

Second, that the defendant was required to appear in court or before a judicial officer on the date charged in the present indictment;

Third, that the defendant was aware of this required appearance;

Fourth, that the defendant failed to appear as required; and

Fifth, that the defendant's failure to appear was knowing and willful.

*First Element – Release on Bail*[3]

The first element the government must establish beyond a reasonable doubt is that the defendant was released on bail in connection with another criminal charge.

---

[2] Sand, Instruction 55-2.

[3] Sand, Instruction 55-3.

*Second Element – Required to Appear in Court*[4]

The second element the government must establish beyond a reasonable doubt is that the defendant was required to appear in court or before a judicial officer on the dates charged in the indictment.

*Third Element – Knowledge of Required Appearance*[5]

The third element that the government must establish beyond a reasonable doubt is that the defendant was aware of his required appearance. The government does not have the burden to prove that the defendant actually received notice that he was required to appear. The defendant may still have been aware of his required appearance even though he never received a formal or explicit notice. It is sufficient if, from all of the surrounding facts and circumstances, the defendant was aware that he was required to appear in court in connection with the charge on which he had been released on bail. However, if you find that the defendant never received actual notice of his required appearance, you may consider this fact in determining whether the defendant actually was aware of his required appearance.

---

[4] Sand, Instruction 55-4.

[5] Sand, Instruction 55-5.

*Fourth Element – Failure to Appear*[6]

The fourth element that the government must prove beyond a reasonable doubt is that the defendant failed to appear before the court or judicial officer as he was required to do. This element is simple and requires no further explanation.

*Fifth Element – Willfulness*[7]

The final element that the government must prove beyond a reasonable doubt is that the defendant's failure to appear was knowing and willful.

By the phrase "knowing and willful," I mean simply whether the defendant's actions were deliberate and done on purpose. The reason the law requires the government to prove that the defendant's failure to appear was willful is so that the defendant will not be convicted of bail jumping because he made a mistake or because he did something innocently, not realizing what he was doing.

It is not required that the defendant know that there is a law that makes it a crime to jump bail. To act "willfully" means to act freely, voluntarily, and with the deliberate purpose of not being in the courthouse when required to be there.

*Multiple Dates*

The indictment charges that the defendant failed to appear in court on *two* separate dates: July 10, 2002, and July 17, 2002. The government need not prove that the defendant failed to appear on *both* of these dates. Rather, the government has satisfied its burden of

---

[6] Sand, Instruction 55-7.

[7] Sand, Instruction 55-8.

proof so long as you find that the government has proved each of the essential elements beyond a reasonable doubt in regard to *either* of the dates listed in the indictment.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY


        DAVID A. RING
        ASSISTANT U. S. ATTORNEY
        157 Church Street
        P.O. Box 1824
        New Haven, Connecticut   06510
        (203) 821-3700
        Federal Bar No. CT14362

        DAVE VATTI
        ASSISTANT U. S. ATTORNEY
        Fed. Bar No. ct11957

## CERTIFICATION OF SERVICE

  This is to certify that a true copy of the foregoing has been sent via first class mail on the 30th day of November 2004 to:

Mr. Patrick A. Triumph
Reg. No. 14622-014
State ID 313641
Corrigan-Radgowski Correctional Center
986 Norwich-New London Turnpike
Uncasville, CT 06382

Norman A. Pattis, Esq.
Williams & Pattis
59 Elm Street
New Haven, CT 06510

                _____
                DAVID A. RING
                ASSISTANT UNITED STATES ATTORNEY