UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF<br><br>VS.<br><br>PATRICK A. TRIUMPH<br>DEFENDANT | Case No. 02CR81(JBA)<br><br>DEFENDANT'S MOTION IN OPPOSITION OF UNITED STATES' MOTION FOR EXTENSION OF TIME TO FILE SENTENCING MEMORANDUM |

The Defendant, Patrick A. Triumph, PRO SE, adamantly opposes the United States' Motion for Extension of Time to File Sentencing Memorandum for a one(1) week extension of time until November 30, 2004 to file its sentencing memorandum in the above-captioned matter, based on the timely disclosure of the presentence report.

The Defendant contends that Section 6A1.2 of the United States Sentencing Guidelines, mandates that courts should adopt procedures to provide for the timely disclosure of the presentence report, and the the narrowing and resolution, where feasible, of issues in advance of the sentencing hearing, and the

-1-

identification for the Court of issues remaining in dispute pursuant to Rule 32(b)(6), Fed. R. Crim. P.

Moreover, under Rule 32, Fed. R. Crim. P., if the Court intends to consider a sentence outside the applicable guideline range on a ground not identified as a ground for departure either in the presentence report or a pre-hearing submission, it shall provide reasonable notice that it is contemplating such ruling, specifically identifying the grounds for the departure. <u>Burns v. United States</u>, 501 U.S. 129, 135-39 (1991)

Additionally, the U.S.S.G. section 6A1.3 mandates when any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present important information to the Court regarding that factor. In resolving any dispute concerning a factor important to the sentencing determination, the Court may consider relevant information without regard to its admissibility under the Rules of Evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy. Further, the Court shall resolve disputed sentencing factors at a sentencing hearing in accordance with Rule 32(c)(i), Fed. R. Crim. P.

-2-

When a dispute exists about any factor important to the sentencing determination, the Court must ensure that the parties have an adequate opportunity to present relevant information. Written statements of counsel or affidavits of witnesses may be adequate under many circumstances. See, e.g. United States v. Ibanez, 924 F.2d 427 (2d Cir. 1991). An evidentiary hearing may sometimes be the only reliable way to resolve disputed issues. See, e.g., United States v. Jimenez-Martinez, 83 F.3d 488, 494-95 (1st Cir. 1996) (finding error in district court's denial of defendant's motion for evidentiary hearing given questionable reliability of affidavit on which the district court relied at sentencing); United States v. Roberts, 14 F.3d 502, 521 (10th Cir. 1993) (remanding because district court did not hold evidentiary hearing to address defendants' objections to drug quantity determination or make requisite findings of fact regarding drug quantity); see also, United States v. Fatico, 603 F.2d 1053, 1057 n.9 (2d Cir. 1979), cert. denied, 444 U.S. 1073 (1980). The Sentencing Court must determine the appropriate procedure in the light of the nature of the dispute, its relevance to the sentencing determination, and applicable case-law.

Accordingly, given reasonable consideration to the foregoing, the

-3-

Defendant states that since a court may consider a much larger scope of matters at sentencing than at trial, the potential for prosecutorial abuse by submitting unduly prejudicial matters to the court at the sentencing stage is great. See United States v. Bergman, 416 F. Supp. 496, 502 (S.D.N.Y. 1976). The prosecutor must provide the court with accurate information in such a fashion that fundamental fairness to the defendant and counsel is not abrogated. See ABA Standards for Criminal Justice Section 3-6.2(a) (2d ed. 1982) (Prosecution Function) See also United States v. Williams, 499 F.2d 52 (1st Cir. 1974) (sentencing memorandum was given to defendant minutes before sentencing).

Moreover, there is potential abuse in ex parte contacts by the prosecutor with the sentencing judge. See Haller v. Robbins, 409 F.2d 857, 858 (1st Cir. 1969). Relating to a judge ex parte unreliable and uncorroborated information pertinent to the defendant's sentence of which the defendant is unaware is prosecutorial misconduct. See United States v. Huckins, 53 F.3d 276, 279-80 (9th Cir. 1994) (statements used for sentencing must have some indicia of reliability). A sentence may be vacated and a new sentence hearing ordered before a different judge where the prosecution submits reports to

-4-

sentencing judge ex parte without defense comment. See United States v. Alverson, 666 F.2d 341 at 344 (9th Cir. 1982).

Wherefore, the Defendant respectfully request an extension of one (1) week of the sentencing date to December 22nd 2004, and for any other relief that may be just and proper in this cause.

Respectfully Submitted.

Dated: Nov. 23. 2004.

Patrick A. Triumph
Defendant, pro se.

-5-