UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA<br>PLAINTIFF<br><br>VS.<br><br>PATRICK A. TRIUMPH.<br>DEFENDANT | CASE NO. 02-81(JBA)<br><br>MEMORANDUM TO SUPPLEMENT<br>MOTION TO EXPEDITE<br>EMERGENCY MOTION TO<br>DISMISS INDICTMENT AND<br>SET ASIDE JUDGEMENT |

The Defendant, Patrick A Triumph, pro se, respectfully submits this memorandum to Supplement Motion to Expedite Emergency Motion to Dismiss Indictment and set aside Judgement due to Prosecutorial misconduct in the Grand jury, in violation of the Fifth and Sixth Amendment, and the Federal Rules of Criminal Procedure, Rules 6 and 50.

When filing a motion to dismiss the indictment because of grand jury abuse, there are two separate theories upon which to base such a motion. First, a prosecutor may not circumvent the grand jury's preventive function by engaging in overreaching conduct that impinges upon the grand jury's

-1-

autonomy and interferes with its unbiased judgement. See. United States v. DeRosa, 783 F.2d 1401, 1405 (9th Cir. 1986). When such misconduct occurs, an indictment may be dismissed as an exercise of the Court's inherent supervisory powers. See. e.g United States v. Samango, 607 F.2d 877 (9th Cir. 1979); United States v. Basurto, 497 F.2d 781, 785 (9th Cir. 1974). Second, the Due Process Clause mandates dismissal where the exercise of prosecutorial discretion in the presentation of the case to the grand jury was arbitrary and capricious. However, constitutional grounds warrant dismissal of the indictment only if the misconduct has significantly infringed upon the grand jury's ability to exercise its independent judgement. See DeRosa, 783 F.2d at 1405; United States v. Claiborne, 765 F.2d 784, 790 (9th Cir. 1985), overruled on other grounds in United States v. Alexander, 48 F.3d 1477, 1484 (9th Cir. 1995); United States v. McClintock, 748 F.2d at 1285 (9th Cir. 1984). In Samango, 607 F.2d at 881-82 (finding prosecutor failed, inter alia, to present exculpatory evidence about credibility of witness whose transcript testimony was presented to grand jury; court dismissed the indictment).

In Guam v. Palomo, 35 F.3d 368, 371 (9th Cir. 1994) (dismissal of the indictment

-2-

is appropriate when "the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair").

In United States v. Pacheo-Ortiz, 889 F.2d 301 1st Cir. 1989), determined that in addition to the dismissal of the Indictment, judges were obligated to report an errant or deceitful prosecutor to the Department of Justice Office of Professional Responsibility or cite the prosecutor for contempt.

In United States v. Console, 13 F.3d 641, 670 (3d Cir. 1993), held that if the Government involvement in a criminal endeavor shocks the "Universal Sense of Justice," then Due Process Clause bars prosecution, and the Indictment should be automatically dismissed.

In Costello v. United States, 350 U.S. 359, 362 (1956) (dictum) of the Fifth Amendment states "No Person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand jury.

In Bank of Nova Scotia v. United States 487 US 250, 252 (1988), the District Court dismissed all counts of an Indictment on the grounds of prosecutorial misconduct during a Grand jury Investigation. The district court exercised supervisory authority

over the Grand Jury process and dismissed twenty-seven counts in indictments for tax and mail fraud and obstruction of justice following an hearing on alleged Grand Jury abuses by the Prosecutor in violation of the Fifth and Sixth Amendments, Rule 6 of the Federal Rules of Criminal Procedure, and 18 U.S.C. Sections 6002, 6003.

Additionally, the Defendant contends that the District Court possess the inherent power to dismiss an Indictment, or vacate a judgement obtained by fraud on the Court. Fraud on the Court occurs when the misconduct harms the integrity of the judicial process, regardless of whether the opposing party is prejudiced, See. E.g Alexander v. Robertson, 882 F 2d 421, 424 (9th Cir. 1989).

"A conviction under an unconstitutional law is --- illegal and void and cannot be a legal cause of imprisonment, the Courts must liberate a person imprisoned under it. (16 Am Jur. Sec 150). "When any Court violates the clear and unambiguous language of the Constitution, a fraud is perpetrated and no one is bound to obey it." State v. Sutton, 63 Minn. 147 65 N.W 262 LRA 630 AM ST 549. Fraud destroys the validity of everything into which it enters. Nudd v. Burrows, 91 U.S. 246. Fraud

4

VITIATES (VOIDS, DESTROYS) EVERYTHING. Boyce v. Grundy, 3 Pet. 210; FRAUD VITIATES THE MOST SOLEMN CONTRACTS, DOCUMENTS AND EVEN JUDGEMENTS. United States v. Throckmorton, 98 U.S. 61; DEFINED by AMERICAN HERITAGE DICTIONARY IS "VITIATE: vt LATIN, OF VITARE, VITIATE, VICTIUM: VICE: 1.) TO MAKE IMPERFECT, FAULTY, OR IMPURE, SPOIL, CORRUPT. 2.) TO WEAKEN MORALLY, DEBASE, PERVERT. 3.) TO MAKE INVALID.

FRAUD DEFINED IN PART by BARRON'S L.D 4TH ED., FRAUD: CONSTRUCTIVE (LEGAL), FRAUD COMPROMISES ALL ACTS, OMISSIONS, & CONCEALMENTS INVOLVING BREACH OF EQUITABLE OR LEGAL DUTY, TRUST OR CONFIDENCE AND RESULTING IN DAMAGE TO ANOTHER. 38. Cal. Rptr. 148, 157 I.E., NO SCIENTER IS REQUIRED. THUS THE PARTY WHO MAKES THE MISREPRESENTATION NEED NOT KNOW THAT IT'S FALSE. See. S.W.P. 2d 801, 803;.

Accordingly, THE DEFENDANT SUBMITS THE MEMORANDUM TO FURTHER SUPPLEMENT THE FOLLOWING MOTIONS.

1. MOTIONS FOR DISCLOSURE OF MATTERS OCCURING BEFORE THE GRAND JURY DUE TO AFFIDAVIT OF GRAND JURY WITNESS, ANGELLA C. THOMPSON.
2. MOTION FOR SUBPOENA.
3. MOTION FOR EVIDENTIARY HEARING ON PROSECUTORIAL MISCONDUCT IN THE GRAND JURY.
4. EMERGENCY MOTION TO EXPEDITE MOTION

-5-

TO DISMISS INDICTMENT AND SET ASIDE JUDGEMENT DUE TO PROSECUTORIAL MISCONDUCT IN THE GRAND JURY.

Additionally, the defendant contends that the motions have all been filed pursuant to Rule 60, Federal Rules of Criminal Procedure which mandates prompt disposition of such matter.

Respectfully Submitted.

DATED: NOV 24, 2004

PATRICK A. TRIUMPH.
DEFENDANT, PRO SE.