<u>United States District Court</u>

<u>District of Connecticut</u>

| | |
|---|---|
| United States of America<br>Plaintiff<br><br>vs.<br><br>Patrick A. Triumph<br>Defendant | Case No. 3:02CR81JBA<br><br><u>Memorandum of Law</u><br><u>To Expedite Motion To</u><br><u>Issue a Subpoena duces</u><br><u>Tecum For Standby</u><br><u>Counsel, Norman Pattis</u> |

The Defendant, Patrick A. Triumph, <u>Pro SE</u>, respectfully submits this Memorandum of Law To Expedite Motion To Issue a Subpoena duces Tecum For Standby Counsel, Norman Pattis, Williams and Pattis, LLC pursuant to Fed. R. Criminal. Proc. 17(b); Fed. R. Criminal Proc. 17(c); Fed. R. Criminal Proc. 50; and the Criminal Justice Act, 18 U.S.C. Section 3006A(E).

Fed. R. Crim P. 17(b) provides that the Court shall order the issuance of a subpoena for service upon any witness on the <u>Ex parte</u> application of a defendant if the defendant makes two showings. The defendant must: (1) make a satisfactory showing of financial inability to pay the fees of the witness, and

-1-

(2) demonstrate that the presence of the witness is necessary to an adequate defense.

If the defendant avers facts which, if true, would be relevant to any issue in the case, the request must be granted unless the stated facts are inherently incredible or the government shows, either by the introduction of evidence or from other matters already on the record, that they are untrue or the request is otherwise frivolous. United States v. Sims, 637 F.2d 625 (9th Cir. 1980). In Sims the Court reversed the trial judge's refusal to issue a subpoena under Rule 17(b) and remanded the case for a new trial.

Fed. R. Crim. P. 17(c) provides that a subpoena may command a person to whom it is directed to produce books, papers and/or documents. Rule 17(c) further provides that the court may direct that the books, papers, documents, or objects designated in the subpoena be produced prior to the time when they are to be offered in evidence.

In United States v. Nixon, 418 U.S. 683 (1974), the Court announced four prerequisites to the pretrial production of documents: (1) the documents must be evidentiary and relevant; (2) the documents must not be otherwise procurable reasonably in advance of trial through due diligence; (3) the defendant must

2

show that he is unable to properly prepare for trial without such production and inspection in advance of trial, and the failure to obtain such inspection may tend to unreasonably delay the trial; and (4) the application must be made in good faith and not as a "fishing expedition." Id at 699-700. In Nixon, the court held that the president's general interest in confidentiality, which was unsupported by his claim to protect military and national security interests, did not prevail over the prosecutor's subpoena request.

Rule 17 is NOT intended to be used as a discovery device, but rather as a means of obtaining evidence. United States v. Arditti, 955 F.2d 331, 345-346 (5th Cir. 1992); Martin Marietta Corp v. Pollard, 856 F.2d 619, 621 (4th Cir. 1988). The defense is advised to file an ex parte declaration and documents that show the court the significant facts and the need for the documents subpoenaed.

To justify a subpoena for production prior to trial, the defense should also be prepared to demonstrate that the subpoenaed materials are not available from any other source and that their examination and processing should not await trial. The determination of whether a Rule 17(c)

- 3 -

subpoena will be issue is committed to the discretion of the Court. See *US v. Ardoette*, 955 F.2d at 345; *U.S. v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981); *Martin Marietta Corp*, 856 F.2d at 621.

Rule 17(b) expressly provides an indigent defendant with the right to make an *ex parte* request to a district court to subpoena witnesses. Fed. R. Crim. P. 17(b). Rule 17(c) contains NO similar provision. Fed. R. Crim. P. 17(c). However, in an apparent case of first impression, the Eighth Circuit held that the linguistic structure of Rule 17 dictates that courts interpret Rule 17(c) in accordance with the provisions of Rule 17(a) and (b). *United States v. Hang*, 75 F.3d 1275, 1281-82 (8th Cir. 1996). Accordingly, the Eighth Circuit held that an indigent defendant may make an ex parte request to a district court for issuance of a Rule 17(c) subpoena. Id. at 1282.

The defendant respectfully submits this memorandum to expedite motion to issue a subpoena duces tecum for standby counsel, Norman Pattis, and has unambiguously and unequivocally waived any "attorney-client privileges" in this cause in support of the subpoena duces tecum.

The defendant has submitted the

- 4 -

Enclosed Evidence warrant The Subpoena chies Team of Attorney Patts to Appear to give Testimony.

Respectfully Submitted.

DATED: Nov 24, 2004

Patrick A. Triumph.
Defendant Pro Se