# United States District Courts

## District of Connecticut

FILED

2004 NOV 30  P 3:13

Case No. 3:02CR81(JBA)

U.S. DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| United States of America | The Defendant's |
| Plaintiff | Memorandum in |
| | Aid of Sentencing |
| vs. | |
| Patrick A. Triumph | |
| Defendant | |

THE DEFENDANT, PATRICK A. TRIUMPH, PRO SE, submits this memorandum in aid of sentencing in the offense of aiding and abetting the preparation of false returns, in violation of 26 U.S.C. Section 7206(2) (counts 5, 6, 7, 8, 10, 11, 16, 17, 20 and 32) in the above-captioned case, pursuant to the Sentencing Reform Act of 1984, Fed. Rules Cr. Proc. Rule 32(e), 18 U.S.C. (1982 Ed.); Blakely v. Washington, 124 S.Ct. 2531(2004); and the Fifth and Sixth Amendment of the United States of America.

### BACKGROUND

ON MARCH 21, 2002, AN INDICTMENT WAS RETURNED IN NEW HAVEN DISTRICT COURT AS TO

-1-

Count 1-38, Aiding and Abetting the Filing of False Tax Returns.

On February 25, 2004 a court declared Mistrial was ordered without the consent of the defendant, after 4 days of trial proceedings in said indictment.

On July 13, 2004, without informing the defendant, a superceding indictment was returned which charged the defendant with 38 counts of Aiding and Abetting the Filing of False Tax Returns, Count 39; Interference with the Administration of Internal Revenue Laws, in violation of 26 U.S.C. Section 7212, and Count 40; Failure to Appear, in violation of 18 U.S.C. Section 3146 (a)(1).

On August 24, 2004, the defendant's motion to sever Count 40; Failure to Appear; 18 U.S.C. Section 3146 (a)(1) was granted by the court under Fed. R. Crim. P. 14 based on "a strong showing of prejudice" to the defendant which may have emerged from joinder in a single trial of two dissimilar offenses. Severance on Count 39; Interference with the Administration of the Internal Revenue Laws, in violation of 26 U.S.C. Section 7212, was denied.

## Trial

The defendant, Patrick Triumph, appeared

-2-

IN THE UNITED STATES DISTRICT COURT AT NEW HAVEN, CONNECTICUT, BEFORE THE HONORABLE JANET BOND ARTERTON, UNITED STATES DISTRICT JUDGE, ON SEPTEMBER 20, 2004. ON THAT DATE, MR. TRIUMPH WAS FOUND GUILTY BY JURY VERDICT TO COUNTS 5, 6, 7, 8, 10, 11, 16, 17, 20 AND 32 OF THE SUPERSEDING INDICTMENT IN CRIMINAL NUMBER 3:02 CR0081(JBA) WHICH CHARGES AIDING AND ABETTING THE PREPARATION OF FALSE TAX RETURNS, IN VIOLATION OF 26 U.S.C. SECTION 7206(2). THE JURY WAS UNABLE TO REACH A VERDICT AS TO THE REMAINING 28 COUNTS.

FURTHERMORE, WITH REGARDS TO THE TEN (10) COUNTS OF GUILTY, THE JURY HAS DETERMINED THAT THE TOTAL TAX LOSS TO THE IRS IN THIS CASE WAS $6121. ADDITIONALLY, THE JURY FOUND THAT DEFENDANT WAS IN THE BUSINESS OF PREPARING TAX RETURNS AND, AS TO COUNTS 5 THROUGH 8, THE JURY DETERMINED THAT DEFENDANT OBSTRUCTED JUSTICE.

UNCONSTITUTIONAL SENTENCING

THE DEFENDANT UNAMBIGUOUSLY AND UNEQUIVOCALLY CONTENDS THAT A SENTENCING IN THIS CASE WOULD VIOLATE THE DUE PROCESS CLAUSE TO THE INDICTMENT PROCESS OF THE GRAND JURY, GUARANTEED UNDER THE FIFTH AMENDMENT OF THE UNITED STATES

-3-

CONSTITUTIONS.

The DEFENDANT CONTENDS THAT THE DISTRICT COURTS POSSESS THE INHERENT POWER TO SET ASIDE JUDGEMENT ON THE 10 COUNTS OF THE GUILTY VERDICT, DUE TO PROSECUTORIAL MISCONDUCT IN OBTAINING A FRAUDULENT INDICTMENT WHICH HAVE IRREPARABLY CORRUPT THE INDICTMENT PROCESS AND SHOCK THE UNIVERSAL SENSE OF JUSTICE. FURTHERMORE, THE PERPETRATOR OF THE FRAUD SHOULD NOT BE ALLOWED TO DISPUTE THE EFFECTIVENESS OF THE FRAUD AFTER THE FACT. HAZEL ATLAS, 322 U.S. AT 247; SEE ALSO, PUMPHREY V. K.W. THOMPSON TOOL CO. 62 F.3d 1128, 1132-33 (9th Cir. 1995). THERE CAN BE NO QUESTIONS THAT THE GOVERNMENT MISCONDUCT AMOUNTED TO THE LEVEL OF AN UNCONSCIONABLE SCHEME WHICH WAS DESIGNED TO IMPROPERLY INFLUENCE THE COURT IN ITS DECISIONS BY OBTAINING A FRAUDULENT INDICTMENT, WHICH HAS HARMED THE INTEGRITY OF THE JUDICIAL SYSTEM.

IN BANK OF NOVA SCOTIA V. UNITED STATES 487 U.S. 250, 252 (1986), THE DISTRICT COURT DISMISSED ALL COUNTS OF AN INDICTMENT ON THE GROUNDS OF PROSECUTORIAL MISCONDUCT DURING A GRAND JURY INVESTIGATION. THE DISTRICT COURT EXERCISED SUPERVISORY AUTHORITY OVER THE GRAND JURY PROCESS AND DISMISSED TWENTY-SEVEN COUNTS IN THE INDICTMENT FOR TAX AND MAIL FRAUD AND OBSTRUCTION OF JUSTICE FOLLOWING

An hearing on alleged Grand Jury abuses by the prosecutor in violation of the Fifth and Sixth Amendments, Rule 6 of the Federal Rules of Criminal Procedure, And 18 U.S.C. Section 6002, 6003.

Perniciously, "A conviction under an unconstitutional law is --- Illegal and void and cannot be a legal cause of imprisonment, the Courts must liberate a person imprisoned under it. (16 Am Jur. Sec 150)." When any court violates the clean and unambiguous language of the Constitution, a fraud is perpetrated and no one is bound to obey it." State v. Sutton, 63 Minn. 147 65 N.W 262 LRA 630 AM ST 549. Fraud destroys the validity of everything into which it enters. Nudd v. Burrows, 91 U.S. 426; Fraud vitiates (voids, destroys) everything. Boyce v. Grundy, 3 Pet. 210; Fraud vitiates the most solemn contracts, documents and even judgements. United States v. Throckmorton, 98 U.S 61; defined by American Heritage Dictionary is "Vitiate: LT Latin, of vitiare, vitiate, victim: Vice: 1) To make imperfect, faulty, or impure; spoil, corrupt. 2) To weaken morally, debase, pervert; 3) To make invalid.

Fraud defined in part by Barron's L.D. 4th Ed; Fraud: Constructive (Legal),

FRAUD COMPRISES ALL ACTS, OMISSIONS & CONCEALMENTS INVOLVING BREACH OF EQUITABLE OR LEGAL DUTY, TRUST OR CONFIDENCE AND RESULTING IN DAMAGE TO ANOTHER. (38 CAL. RETR. 148, 157) I.E., NO SCIENTER IS REQUIRED. THUS THE PARTY WHO MAKES THE REPRESENTATION NEED NOT KNOW THAT IT WAS FALSE. SEE SW P. 2d 801, 803.

IN THE DICTUM OF UNITED STATES v. RUSSEL, 411 U.S. 423, 432 (1973), IT IS HELD THAT PREJUDICE IS PRESUMED WHEN THE STRUCTURAL PROTECTIONS OF THE GRAND JURY HAVE BEEN SO COMPROMISED AS TO RENDER THE PROCEEDINGS FUNDAMENTALLY UNFAIR AND SHOCKS THE UNIVERSAL SENSE OF JUSTICE.

ACCORDINGLY, THE DEFENDANT CONTENDS THAT TO PROCEED WITH A SENTENCE IN THIS CAUSE WOULD DEMONSTRATE THE DEEP AND BITTER PREJUDICES AGAINST THE DEFENDANT, AND CONTINUE JUDICIAL PROCEEDINGS IN THIS CASE WILL MAKE THE COURT A PARTY TO SUCH ILLICIT AND IMMORAL CONDUCT AND WILL CAUSE THE COURT TO BECOME NEGLIGENT IN ITS DUTY TO SUPERVISE THE ADMINISTRATION OF JUSTICE IN THE FEDERAL CRIMINAL CASE BROUGH BEFORE IT, AS WELL AS UPHOLDING THE LAWS OF THE CONSTITUTION OF THE UNITED STATES.

IN UNITED STATES v. CONSOLE, 13 F. 3d 641 670, (3d CIR. 1993). IF THE GOVERNMENT INVOLVEMENT

−6−

IN A CRIMINAL ENDEAVOR shocks the "UNIVERSAL SENSE OF JUSTICE," THEN DUE Process CLAUSE bARS prosecution, AND THE INdictment should be Automatically dismissed. IN TUMEY v. OHIO, 273 U.S. 510, 47 S.CT. 437, 71 L. Ed 749 (1927), THE SUPREME COURT held That A biased TRIAL JUDGE CONSTITUTES A STRUCTURAL ERROR WARRANTING AUTOMATIC REVERSAL.

THE FIFTH AMENDMENT guarantees the Right To Indictment IN A FEDERAL CRIMINAL Proceedings by AN UN BIASED Grand JURY. COSTELLO v. UNITED STATES, 350 U.S. 359, 362 (1956). THE FIFTH AMENDMENT STATES "No person shall be held To ANSWER FOR A CAPITAL, OR otherwise IN FAMOUS CRIME, UNLESS ON A presentment OR INDictment OF A Grand JURY."

FURTHER, THE defendant contends that he has the Right To have the FACTS OF his CASE, AS They pertain To the charge SET FORTH IN THE CRIMINAL INFORMATION, presented To A FEDERAL Grand JURY, consisting OF betWeen SIXTEEN AND TWENTY -Three citizens, TWELVE of whom would have To Find probable CAUSE To beLIEVE that he committed THE OFFENSE SET FORTH IN THE INDictment. MORESO, Prosecutors presenting cases to Grand Juries ARE FAIRLY SUBJECT To DUE PROCESS LIMITATIONS AND bound by ETHICAL CONSIDERATION AND CONSTITUTIONAL

-7-

RESTRAINTS. IN SHORT, A PROSECUTOR AS AN OFFICIER OF THE COURT IS SWORN TO ENSURE THAT JUSTICE IS DONE, NOT SIMPLY TO OBTAIN AN INDICTMENT.

IN SUPPORT OF THE FOREGOING CONTENTIONS WHICH CONSTITUTES THE DEFENDANT'S CLAIM OF AN IMPROPER INDICTMENT AND AN UNCONSTITUTIONAL SENTENCING IN THIS CASE, THE DEFENDANT OUTLINES A MYRRAID OF PROSECUTORIAL ABUSES AND IMPROPRIETIES IN THE GRAND JURY PROCESS, AS WELL AS A AFFIDAVIT OF A GRAND JURY WITNESS, Angella C. Thompson.

AFFIDAVIT OF WITNESS

THE AFFIDAVIT IS REPORTED IN DIRECT FORM by THE GRAND JURY WITNESS, IN WHOLE AS FOLLOWS:

"THIS AFFIDAVIT IS MADE IN REFERENCE TO MY GRAND JURY TESTIMONY IN THE CASE OF UNITED STATES v. PATRICK TRIUMPH, CR. NO. 3:02 CR 81 (JBA)

— MY NAME IS Angella C. Thompson
— MY DATE OF BIRTH IS JULY 7, 1974
— I RESIDE AT 12 KENT LANE, BLOOMFIELD CT 06002, AND 436 JEFFERSON AVE, BROOKLYN, N.Y 11221, I HAVE DUAL RESIDENCY.
— I WAS THE OWNER AND ACCOUNTANT OF TRI TAX PROFESSIONALS FOR THE PERIOD

-8-

OF JANURARY 1998 To MARCH 2002.

— I WAS ALSO THE BUSINESS OWNER OF THE WHARF MANAGEMENT GROUP FOR THE PERIOD OF NOVEMBER 2001 TO APRIL 2003.

— I WAS SUBPOENA AS A WITNESS TO TESTIFY TO A GRAND JURY Proceeding IN THE INDICTMENT OF PATRICK A. TRIUMPH.

— THE DATE OF MY TESTIMONY WAS NOT MARCH 19TH, 2002

— I do RECALL THE date OF MY GRAND JURY TESTIMONY To HAVE been on or about THE date OF MARCH 26TH 2002.

— THE date OF MY RECOLLECTION WAS A day THAT I HAVE ASSOCIATED with MY best FRIEND CARL CRAIG's birthday which is MARCH 26,TH

— THE date OF MY RECOLLECTION WAS APPROXIMATELY 3 WEEKS AFTER MY ELECTRONIC FILING CAPACITIES WERE INTERRUPTED, ON MARCH 2, 2002.

— I do STATE THAT I would NOT HAVE TESTIFY ON MARCH 19, 2002. THE STATEMENT MADE in THIS AFFIDAVIT ARE MADE WILLINGLY AND VOLUNTARY WITHOUT ANY promises or threats. I SWEAR UNDER PENALTY of PERJURY UNDER THE UNITED STATES LAWS

That my statement are true and correct. (28 U.S.C. Section 1746 ; 18 U.S.C. Section 1621).

Pursuant to the Federal Rules of Evidence 902(1) and 902(4), the affidavit of the Grand Jury witness, Angella E. Thompson was notarised and signed, dated October 13, 2004 in the witness of Nellie Mickailovia, Notary Public State of New York, No. 0TM15029636. [See Attachment 2].

There can be no question here but that the actions of the Government amounted to an unconscionable scheme of fraudulent practices, deception and cover-up designed to corrupt the legitimacy of the Grand Jury in the indictment process. This prosecutorial misconduct is noteworthy not only because it defiled the sanctity of the court and the confidence of the criminal justice system, but also "Decency, security and liberty alike demand that Government officials shall be subjected to the same rules of conduct that are commands to the citizens." Olmstead v. United States, 277 U.S. 438, 485, 48 S. Ct. L. Ed 944 (1928).

Further, the courts "do not protect the integrity and independence of the Grand Jury by closing [their] eyes to

—10—

the countless forms of prosecutorial misconduct that may occur inside the secrecy of the grand jury room. After all, the grand jury is not merely an investigatory body; it also serves as a "protector of citizens against arbitrary and oppressive government action." ... It blinks reality to say that the grand jury can adequately perform this important historic role if it is intentionally misled by the prosecutor- one whose knowledge of the law and facts of the underlying criminal investigation the jurors will, of necessity, rely." (United State v. Meyer, 123 F. 3d 350 (6th Cir. 1997) (citing Williams, 540 U.S. at 68 (Stevens, J, dissenting)).

BLAKELY v. WASHINGTON

The Supreme Court's Ruling in Blakely v. Washington, 124 S. CT 2531 (2004 res judicata in the applicable proviso of the United States Sentencing Guidelines, held that other than the fact of a prior conviction any factors that increase the penalty beyond that which the court impose solely on the basis of the facts reflected in the jury's verdict or admitted by the defendant must be submitted to a jury and proved beyond a reasonable doubt.

Accordingly, the defendant

-11-

contents that the use of the reasonable doubt standard is indispensible to command the respect and confidence in the applications of the criminal law, as well as the due process clause requires that a bias finding be proved to a jury beyond a reasonable doubt.

The Court in Sullivan v. Louisianna, 508 U.S. 275 (1993), held that the interrelation of the fifth amendment requirement of proof beyond a reasonable doubt and the sixth amendment requirement of a jury verdict mandate that a constitutional deficient reasonable doubt jury instruction be deemed a structural defect in the trial mechanism warrant automatic reversal.

Consistent with the application of the Blakely application to this case, the defendant refers to ruling on the motion to dismiss indictment due to prosecutorial vindictiveness, and quote the following accordingly.

"Here, the superseding indictment add the charges of interference with administration and internal revenue laws and failure to appear. The government states that both charges were brought as separate substantive charges in the superseding indictment to 'ensure that they are appropriately

taken into account at sentencing to the extent that the [Supreme Court's recent decision in Blakely v. Washington, 124 S.Ct. 2531 (2004) is deemed to apply to the Sentencing Guidelines, whereas Pre-Blakely these sentencing factors would have determined by the Court Post-Conviction.

In Addition, as a further response to Blakely, the United States included a section titled "Addition Allegations Requiring special finding" to ensure jury findings on additional potential sentencing enhancements, including but not limited to whether defendant was in the business of preparing tax returns and the tax loss attributable to the charged conduct, all of which would have been relevant had a sentence taken place after the first trial. Since all of the evidence in support of the sentence enhancements either was or would have been presented at the initial trial and would have been relevant to a sentencing had the defendant been convicted there is no basis for any finding that inclusion of the same issues in the reponse to Blakely constitutes prosecutorial vindictiveness [ see U.S. Memorandum. Doc.# 137 at 2].

-13-

Accordingly, the DEFENDANT contends that the inclusion of relevant conduct for sentencing purposes under a preponderance of the evidence standard would constitute vindictive prosecution and perniciously deprive the defendant his rights of due process of law, contrary to the due process clause of the fair trial and sentencing act guaranteed by the fifth and sixth amendment of the United States Constitution.

In United States v. Brown, 79 F3d 1150 (11th Cir. 1996), held that "The exercise of federal government power to criminalize conduct... must be watched carefully in a country that values the liberties of its private citizens. Never can we allow prosecutors to make up the law as they go along."


SPECIAL FINDINGS NO. 1
OBSTRUCTION-OF-JUSTICE, Sec 3C1.1
UNCONSTITUTION AMENDMENT

With regards to counts 5 through 8 of the counts of conviction, the jury returned special finds that the defendant obstructed justice, pursuant to guideline section 3C1.1.

The defendant affirmitively objects to this enhancement for obstruction of justice on the grounds that the fifth

-14-

# UNCONSTITUTIONAL AMENDMENT - APPENDIX 1

| COUNT | NAME OF TAXPAYER | TAX YEAR/ TAX LOSS | DATE -ON OR ABOUT TAX RETURN OR AMENDED TAX RETURN FILED | FALSE AND FRAUDULENT ITEM IN INDICTMENT MARCH 21, 2002 | FALSE AND FRAUDULENT ITEM IN SUPERSEDING INDICTMENT JULY 13, 2004 |
|---|---|---|---|---|---|
| 5 | ANGELLA & SYLVANIUS DOWNER | 1994 Amended Tax Return | 12/30/96 | CHILD CARE EXPENSES. Claimed False Child Care Provider | *Claimed More Child Care Expenses Than Entitled. Claimed False Child Care Provider |
| 6 | ANGELLA & SYLVANIUS DOWNER | 1995 Amended Tax Return | 12/30/96 | CHILD CARE EXPENSES. Claimed False Child Care Provider | *Claimed More Child Care Expenses Than Entitled. Claimed False Child Care Provider |
| 7 | ANGELLA DOWNER | 1996 Original Tax Return | 4/15/97 | Filing Status. Child Care Expenses. Claimed False Child Care Provider | *Filing Status [Omitted]. Claimed More Child Care Expenses Than Entitled. Claimed False Child Care Provider |
| 8 | SYLVANIUS DOWNER | 1996 Original Tax Return | 10/15/97 | Filing Status | *Filing Status [Omitted]. Claimed More Child Care Expenses Than Entitled. Claimed False Child Care Provider |

* PLEASE NOTE

THE UNDERLYING ITEM(S) REPRESENTS THE UNCONSTITUTIONAL AMENDMENT TO THE SUPERSEDING INDICTMENT RETURNED JULY 13, 2004 WITH RESPECTS TO COUNTS 5, 6, 7 & 8 PURSUANT OBSTRUCTION OF JUSTICE U.S.S.G. SECTION 3C1.1.

Amendment guarantees that a criminal defendant has the right to be tried on only charges contained in the Indictment returned by a Grand Jury within the STATUTE OF LIMITATIONS. [See Appendix I - Unconstitutional Amend.]

Here, the original Indictment against the defendant was returned on March 21, 2002. Counts 1 Through 38 of that Indictment charged defendant with aiding and abetting the preparation of 38 false and fraudulent tax returns, which returns had been filed with the Internal Revenue Service between December 1996 and April, 1997, all in violation of Title 26, United States Code, Section 7206 (2). As the six (6) year statute of limitations in 26 U.S.C. Section 6531 applies to these charges, the original Indictment returned on March 21, 2002 would have be time barred after April 15, 2003. [See United States' Consolidated Memorandum in opposition to Defendant's Motion to Dismiss on Statute of Limitations Grounds. [Docket # 128].]

Further, the Government stated that Counts 1 Through 38 of the Superseding Indictment Indictment returned on July 15, 2004 involve the same tax returns and taxpayers that were issue in the original Indictment. "The United States did not add any new allegations whatsoever to these counts."

-15-

THE DEFENDANT CONTENDS THAT COUNTS 5 THROUGH 8 OF THE COUNTS OF CONVICTION CONSTITUTED A MATERIAL AMENDMENT OF THE INDICTMENT IN VIOLATION OF THE FIFTH AMENDMENT BECAUSE THE FIFTH AMENDMENT GUARANTEES THE RIGHT TO BE TRIED FOR ONLY THOSE OFFENSES PRESENTED IN AN INDICTMENT RETURNED BY A GRAND JURY, SUBSTANTIVE AMENDMENTS TO INDICTMENTS ARE REVERSIBLE ERROR.

FURTHER, THE DEFENDANT CONTENDS THAT AN UNCONSTITUTIONAL AMENDMENT OF INDICTMENT OCCURS WHEN THE CHARGING TERMS ARE ALTERED, EITHER LITERALLY OR CONSTRUCTIVELY, SUCH AS WHEN THE TRIAL COURT INSTRUCT THE JURY; VARIANCE OCCURS WHEN CHARGING TERMS ARE UNALTERED BUT THE EVIDENCE OFFERED AT TRIAL PROVIDES FACTS MATERIALLY DIFFERENT FROM THOSE ALLEGED IN THE INDICTMENT, VARIANCES ARE SUBJECT TO HARMLESS ERROR RULE AND THUS NOT GROUND FOR REVERSAL WITHOUT A SHOWING OF PREJUDICE TO THE DEFENDANT, WHEREAS CONSTRUCTIVE AMENDMENTS ARE PER SE VIOLATIVE OF THE FIFTH AMENDMENT.

MORESO, THE DEFENDANT CONTENDS THAT HE WAS DEPRIVED OF HIS RIGHT TO BE TRIED ONLY ON THE CHARGES RETURNED BY A GRAND JURY WHEN AN ESSENTIAL ELEMENT MAY DEPRIVED DEFENDANT OF OPPORTUNITY TO MEET PROSECUTION'S CASE. THE SUPREME COURT IN STIRONE v. UNITED STATES, 361

U.S. 212, 217-19 (1960), hold that Amendment of Indictment violates 5th Amendment Grand Jury Clause. See e.g. United States v. Rossario-Diaz, 202 F.3d 54, 70-74 (1st Cir. 2000) (constructive Amendment of Indictment violation of Grand Jury Clause when Court permits Jury to convict on evidence not included in Indictment, United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) (Constructive Amendment of Indictment per se violation of Grand Jury Clause); United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (Constructive Amendment is per se reversible error and must be corrected on appeal even when defendant did not preserve issue by objection, United States v. Prince, 214 F.3d 740, 757 (6th Cir. 2000) (Constructive Amendment of Indictment per se prejudicial and warrants reversals); United States v. Pigee, 197 F.3d 879, 887 (7th Cir. 1999) (dictum) (Constructive Amendment is reversible error per se when Court's Instructions broaden possible bases for conviction.

Accordingly, the defendant contends that with regards to Counts 5 through 8 in the superseding Indictment, the inclusion of the item "Claimed more child care expenses than entitled" and the omission of the item "Filing Status" (Counts 7 and 8), constituted a constructive

-17-

AMENDMENT FROM THE ORIGINAL INDICTMENT OF MARCH 21, 2002. THEREFORE, DE JURE, ANY AMENDMENT TO THIS INDICTMENT SHOULD HAVE BEEN MADE PRIOR TO THE STATUTE OF LIMITATIONS ON APRIL 15, 2003 TO BE VALID. HENCE, THE OBSTRUCTION OF JUSTICE ENHANCEMENT IN RELATION TO COUNTS 5 THROUGH 8 MUST NOT BE A FACTOR IN THE SENTENCING CALCULATION UNDER U.S.S.G. SECTION 3C1.1.

FURTHER, WITH REFERENCE TO THE SPECIAL FINDINGS IN THE SUPERSEDING INDICTMENT, WHICH STATES AS FOLLOW.

"WITH RESPECT TO COUNTS 5 THROUGH 8 AND 16 THROUGH 17 OF THIS SUPERSEDING INDICTMENT, THE DEFENDANT, PATRICK A TRUMPH, DID WILLFULLY OBSTRUCT AND IMPEDE AND ATTEMPT TO OBSTRUCT AND IMPEDE THE ADMINISTRATION OF JUSTICE DURING THE COURSE OF THE INTERNAL REVENUE SERVICE (IRS) INVESTIGATION OF HIM BY INSTRUCTING ANGELLA DOWNER, SYLANIUS DOWNER, ANNETTE SHABAZZ AND PEKAH WALLACE TO PROVIDE FALSE DOCUMENTS AND INFORMATION TO IRS INVESTIGATORS." [SEE SUPERSEDING INDICTMENT. Pg 12-13].

THE DEFENDANT CONTENDS THAT THE SPECIAL FINDS REQUIRED THE JURY TO

RETURN A VERDICT THAT THE PATTERN OF
CONDUCT AT ISSUE MUST BE MATERIALLY
MENDACIOUS AND CANNOT BE accorded THE
STATUS of obstruction simply because a
COURSE OF CONDUCT IS ARGUABLY identifiable.
THE DISTRICT COURT's deletION OF THE government's
MATERIAL WITNESS PEKAH WALLACE, THE
PROPRIETOR OF THE HOMEWORK Club CONSTITUTED
A substantial AMENDMENT TO THE INDICTMENT
which INEVITABLY continued THE DEEP
AND bitter prejudices AGAINST THE DEFENDANT
throughout THE Trial proceedings.

THE DEFENDANT CONTENDS THAT SINCE THE
JURY COULD NOT Reached A VERDICT, IN COUNT 39;
26 U.S.C. SECTION 7212, INTERFERENCE with THE
ADMINISTRATION OF INTERNAL REVENUE SERVICE
which directly involved PEKAH WALLACE
AND THE HOMEWORK Club, THEN ARGUENDO
THE JURY could NOT SATISFY THE "beyond
A REASONABLE doubt" ONUS probandi if
PEKAH WALLACE WAS NOT REMOVED IN THE
JURY INSTRUCTION FOR Special Findings
UNDER U.S.S.G. SECTION 3C1.1. MORESO, IN
RES JUDICATA, THE RECENT SUPREME COURT
RULING IN BLAKELY v. WASHINGTON, 124
S. CT 2531 (2004), IN THE Applicable
PROVISO OF U.S.S.G. SECTION 3C1.1, CMT.
N.1 (2001), hold THAT EACH ELEMENT OF A

ENHANCEMENT MUST BE RETURNED by A
GRAND JURY, PRESENTED IN THE INDICTMENT
AND DETERMINED by A JURY beyond A
REASONABLE DOUBT.

AN ENHANCEMENT UNDER U.S.S.G. SECTION
3C1.1 (2001) IS APPROPRIATE ONLY IF THE DISTRICT COURT
MAKE A FINDING THAT THE DEFENDANT HAD THE
SPECIFIC INTENT TO OBSTRUCT JUSTICE, I.E THAT THE
DEFENDANT CONSCIOUSLY ACTED WITH THE PURPOSE
OF OBSTRUCTING JUSTICE. SEE UNITED STATES V. Woodward
239 F. 3d 159, 162 (2d CIR. 2001); UNITED STATES V.
BRADBURY, 189 F. 3d 200, 204 (2d CIR. 1999) (VACATING
SENTENCING AND REMANDING FOR SENTENCING WHERE
DISTRICT COURT did NOT MAKE REQUIRED FINDING CONCERNING
DEFENDANT'S STATE OF MIND BEFORE APPLYING OBSTRUCTION-
OF-JUSTICE ENHANCEMENT; UNITED STATES V. Reed,
49 F. 3d 895, 902 (2d CIR. 1995) (SUCH A FINDING IS
ESSENTIAL)

WHATEVER CIRCUMSTANCES ARE ALLEGED TO
CONSTITUTE OBSTRUCTION OF JUSTICE IN
PARTICULAR CASE, ENHANCEMENT UNDER SENTENCING
GUIDELINES FOR OBSTRUCTION OF JUSTICE IS NOT
APPROPRIATE UNLESS OBSTRUCTION WAS WILLFUL, WHICH
IMPLIES A MENS REA REQUIREMENT, THUS, ADJUSTMENT
IS APPROPRIATE ONLY IF DEFENDANT HAD
SPECIFIC INTENT TO OBSTRUCT JUSTICE, I.E
CONSCIOUSLY ACTED WITH THE PURPOSE
OF OBSTRUCTING AND IMPEDING JUSTICE. USSG