SECTION 3C1.1, 18 U.S.C.A.

IN ORDER TO IMPOSE OBSTRUCTION-OF-JUSTICE SENTENCE ENHANCEMENT OF DEFENDANT CONCERNING CONDUCT ALLEGED TO HAVE OBSTRUCTED OR IMPEDED ADMINISTRATION OF JUSTICE, COURT MUST MAKE SPECIFIC FINDING OF INTENT, WHERE SENTENCING JUDGE NIETHER CLEARLY RESOLVES DISPUTED ISSUES NOR EXPLICITLY RELIES OR FACTUAL ASSERTIONS IN PRESENTENCE REPORT, COURT OF APPEALS MUST REMAND FOR FURTHER FINDINGS U SSG. SECTION 3C1.1, 18 USCA.

IN UNITED STATES v. STROUD, 893 F2d 504, 507 (2d CIR. 1990). WE HALE THAT THE TERM "WILLFULLY" IMPLIES A MENS REA REQUIREMENT. THUS SUCH AN ADJUSTMENT IS APPROPRIATE ONLY IF "THE DEFENDANT HAD THE SPECIFIC INTENT TO OBSTRUCT JUSTICE, I.E... THE DEFENDANT CONSCIOUSLY ACTED WITH THE PURPOSE OF OBSTRUCTING JUSTICE; SEE ALSO UNITED STATES v. BONDS, 933 F.2d 152, 154 (2d CIR. 1991)(PER CURIAM)(DELIBERATE CHANGE IN APPEARANCE COULD NOT BE THE BASIS OF A SECTION 3C1.1 ENHANCEMENT WHERE EVIDENCE DID NOT ESTABLISH THAT IT WAS DONE WITH THE PURPOSE OF OBSTRUCTING INVESTIGATION.

WHEN THE SENTENCING COURT RESOLVES A DISPUTED ISSUE OF FACT, IT IS REQUIRED TO STATE ITS FINDINGS WITH SUFFICIENT CLARITY TO PERMIT APPELLATE REVIEW. SEE UNITED STATES v. LANESE, 890

-21-

F. 2d 1284, 1294 (2d Cir. 1989), cert. denied 495 U.S.
947, 110 S. Ct 2207, 109 L. Ed 2d 533 (1990). Where
the sentencing judge neither clearly resolves
the disputed issue nor explicitly rules on
factual assertions, we must remand for
further findings. See United States v. Maturo,
982 F. 2d 57, 62 (2d Cir. 1992) cert denied — U.S —
113 S. Ct. 2982, 125 L. Ed 2d 679 (1993); United
States v. Stevens, 895 F. 2d 1175, 1185-87 (2d Cir.
1993). See also. United States v. Cassiliano, 137 F. 3d
742, 745 (2d Cir. 1998); and United States v.
Woodard, 239 F. 3d 159, 161 (2d Cir. 2001).

Further, Due Process forbids the judge
from relying on materially false or unreliable
information. See United States v. Tucker, 404 U.S
443, 447 (1972) (due process requires that
defendant not be sentenced on basis of "misinform-
ation of constitutional magnitude"); see. e. g
United States v. Pugliese, 805 F. 2d 1117, 1124 (2d
Cir 1986) (due process requires that defendant not
be sentenced based on materially untrue
assumptions or misinformation); United States v.
Ruiz-Castro, 92 F. 3d 1519, 1534 (10th Cir. 1996) (due
process requires sentencing not based on estimated
relevance to drug quantity lacking sufficient
indicia of reliability. United States v.
Valentine, 21 F. 3d 395, 398 (11th Cir. 1994) (due
process requires that sentence not be based on

-22-

mistaken factual conclusion of which defendant received no advanced notice).

Also, In UNITED STATES v. GABRIEL, 125 F.3d 89, 107 (2d Cir. 1997) (Resentencing required because sentencing court failed to consider whether defendant committed perjury by clear and convincing evidence, United States v. Fiorelli, 133 F.3d 218, 225 (3d Cir. 1998) (Resentencing required because not clear that court held government to burden of proving facts regarding obstruction-of-justice enhancement to "clear and convincing" standard. United States v. Montague, 40 F.3d 1251, 1252-53 (D.C. Cir. 1994) (due process requires that sentence enhancements based on defendant's perjured testimony be proven by clear and convincing standards; moreso, the Guidelines caution courts to consider defendant's testimony in light most favorable to defendant.

FIFTH AMENDMENT / FAILURE TO APPEAR.

The defendant contends that with regards to Paragraph 15 of the Presentence Report with respect to Section 3C11, obstruction of justice pursuant to Count 46; Failure to Appear, the defendant invokes the Fifth Amendment. See Fisher v. United States, 425 U.S. 391, 409 (1976); the Fifth Amendment provides that "no person--- shall be compelled in any criminal case to be a witness against himself.

-23-

The defendant contends that the Fifth Amendment "protects a person --- against being incriminating by his own compelled, testimonial communication. Moreso, the defendant contends that with the pending failure to appear violation which is schedule for trial after the sentencing of the severance counts 5, 6, 7, 8, 10, 11, 16, 17, 20, and 32 pursuant to aiding and abetting the preparation of false tax returns, in violation of 26 U.S.C. Section 7206(2), any reference of the failure to appear as a sentencing enhancement will constitute a due process violation against self incrimination, in the sentencing and trial proceedings.

The defendant contends that the inclusion of paragraph 15 which reads as follows.

"Finally, the defendant also willfully obstructed justice during the prosecution of the indictment against him by willfully failure to appear in court as required.

On July 10, 2002, the defendant was scheduled to appear for a court proceeding, only seven days before his trial date on July 17, 2002. The defendant knew of the scheduled appearance on July 10, 2002, knew that he was required to appear and failed to do so. As a result, the matter was continued

-24-

To July 12, 2002, at which time the defendant failed to appear. His whereabouts were unknown until he was apprehended in Canada 10 month later." is substantially prejudicial and fundamentally unfair especially when the motion for severance was granted to protect against such structural prejudices and constitutional guarantees to a fair sentence and trial.

Accordingly, the Fifth Amendment protection enables a defendant to refuse to testify at a criminal, and "privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings, Minnesota v. Murphy, 465 U.S. 420, 426 (1984) (quoting Lefkowitz v. Turley, 414 U.S. 70, 77 (1973); see also Kastigar v. United States, 406 U.S. 414, 444-45 (1972) (5th Amendment applies in any proceeding to "disclosures that the witness reasonably believes could be used against him in a criminal prosecution or could lead to other evidence that might be so used"); United States v. Two Parcels of Real Prop. Located in Russel County, 92 F.3d 1123, 1129 (11th Cir. 1996) (per curriam) (5th Amendment privilege applies in civil forfeiture proceedings). Also, see

-25-

E.g. IN RE D G ACQUISITION CORP, 151 F. 3d 75, 83 (2d Cir. 1998) (bankruptcy court's statement that it was aware that defendant had in the past concealed assets was sufficient basis for defendants' fear of incrimination), UNITED STATES v. GRABLE, 98 F. 3d 251, 255 (6th Cir. 1997) (tax payer's refusal to file tax return was protected by 5th Amendment because taxpayer was being investigated for failure to file tax tax return for two years and prospect of criminal prosecution appeared "real and substantial.")

FURTHER, the defendant contends that due process forbids the judge from vindictively inflicting a harsher punishment on the defendant for exercising the constitutional right to trial or the privilege against self-incrimination. SEE E.g UNITED STATES v. LEUNG, 40 F. 3d 577, 586 (2d Cir. 1994) (resentencing required because trial court may have considered defendant's alien status at sentencing); UNITED STATES v. ONWUEMENE, 933 F. 2d 650, 651 (8th Cir. 1991)

THE SUPREME COURT IN MITCHELL vs. UNITED STATES, 526 U.S. 314, 119 S. CT. 1307, 143 L. Ed. 2d 424 (1999), THE Supreme Court held that a guilty plea in federal court does not waive the defendant's privilege against self-incrimination at sentencing. The court

-26-

noted that the Fifth Amendment prevents a person from being compelled in any criminal case to be a witness against himself or herself, and that sentencing proceedings are part of a criminal case." Thus, a sentencing court may not draw an adverse inference from a defendant's silence in determining facts relating to the circumstances and details of the crime, as no such inference is permitted when a defendant refuses to testify at trial. The court left open the remorse, or upon acceptance of responsibility for the offense for purposes of downward adjustment under the United States Sentencing Guidelines.

Perniciously, the defendant contends that conducted the sentence prior to the trial of the severance count, failure to appear would constitute a structural defect in the criminal justice system and demonstrate a deep and bitter pattern of prejudices against the defendant, and violates the defendant right of due process to a fair trial and fair sentence proceedings guaranteed by the Fifth and Sixth Amendment of the United States Constitution.

Further, the defendant has file a separate motion to defer sentencing after the trial of the failure to appear, and prays that the district court adhere to the mandates of the constitutional provision of a fair trial and sentence proceeding.

-27-

IN GRANTING THE MOTION TO DEFER SENTENCE AND FOR ANY OTHER REMEDY THAT MAY BE JUST AND PROPER IN Sub Judice.

## SPECIAL FINDINGS NO. 2

### TAX LOSS DETERMINATION

THE UNITED STATES SENTENCING GUIDELINES 2T4.1 APPLIES TO TAX LOSS IN RELATION TO OFFENSES PURSUANT TO 26 U.S.C. SECTION 7206(2).

WITH REGARDS TO COUNTS 1 THROUGH 38, THE DEFENDANT WAS FOUND GUILTY BY JURY VERDICT TO COUNTS 5, 6, 7, 8, 10, 11, 16, 17, 20 AND 32 OF THE SUPERSEDING INDICTMENT. IN THE CRIMINAL NUMBER 3:02CR00081(JBA), WHICH CHARGES AIDING AND ABETTING THE PREPARATION OF FALSE TAX RETURNS, IN VIOLATION OF 26 U.S.C. SECTION 7206(2). THE JURY COULD NOT AGREE ON THE OTHER 28 COUNTS PERTAINING TO THE CHARGES OF AIDING AND ABETTING THE PREPARATION OF FALSE TAX RETURNS, IN VIOLATION OF 26 U.S.C. SECTION 7206(2), AS WELL AS COUNT 39, INTERFERENCE WITH ADMINISTRATION OF INTERNAL REVENUE LAWS

THE FOLLOWING DAY OF THE JURY VERDICT, THE JURY WAS OFFICIALLY DISCHARGED AND A MISTRIAL WAS DECLARED BY THE HONORABLE COURT ON SEPTEMBER 21, 2004. THE MISTRIAL PERTAINED TO COUNTS 1, 3, 4, 9, 12, 13, 14, 15, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, & 39. THE DEFENDAN

-28-

did not consent to the declaration of the mistrial. On the other hand the Government consented to the mistrial on September 21, 2004 (See trial transcript on Sept. 21, 2004).

The jury determined that the total tax loss to the Internal Revenue Service (IRS) in this case is Sixthousand one hundre and Twenty-one dollars ($6,121.).

Sentence Calculation

The Tax Loss Amount of $6,121.00 under the U.S.S.G. Section 2T4.1 which is the Tax Table corresponding to the Tax Loss Amount Guideline Section 2T4.1.(D) establishes a base offense level of nine if the Tax Loss is more than $5,000 but less than $8,000, which is Base Offense Level 9!

Grouping Rules

This offense level relates to all Counts in the Indictment pursuant to Section 3D1.2 of the United States Sentencing Guidelines (U.S.S.G), which provides that, "All Counts involving substantially the same harm shall be grouped together in a single group. Counts involve substantially the same harm within the meaning of this Rule --(d) when the offense level is determined largely on the basis of the total amount

OF HARM OR LOSS, THE QUANTITY OF A
SUBSTANCE INVOLVED, OR SOME OTHER
MEASURE OF AGGREGATE HARM, OR IF THE
OFFENSE BEHAVIOR IS ONGOING OR CONTINUOUS
IN NATURE AND THE OFFENSE GUIDELINE IS
WRITTEN TO COVER SUCH BEHAVIOR."

Accordingly, THIS APPLICATION is REQUIRED
FOR THE OFFENSES PURSUANT TO 26 U.S.C. SECTION
7206(2), Aiding AND Abetting IN THE PREP-
ARATION OF FALSE TAX RETURNS, AND INCLUDES
SECTION 2T1.1 IN RELATION TO U.S.S.G. SECTION
3D1.2 (2000).

THE SECOND CIRCUIT IN UNITED STATES v.
NAPOLI, 179 F. 3d 1, 10 (2d Cir. 1999), HELD THAT
GROUPING is AUTOMATIC IF THE COUNTS ARE ALSO OF
THE SAME GENERAL TYPE. HENCE ALL THE 10 COUNTS
OF THE GUILTY VERDICT WERE OF THE SAME NATURE
AND MUST BE AUTOMATICALLY BE GROUPED IN THE
OFFENSE LEVEL.

ADDITIONALLY, THE ENTIRE DEFINITION
OF TAX LOSS WAS CHANGE BY THE 1993 AMENDMENTS
TO THE U.S.S.G SECTION 2T1.1 WHICH CONSIDERED
UNCLAIMED DEDUCTIONS FOR THE CALCULATION
OF A "MORE ACCURATE DETERMINATION" OF
TAX LOSS. IN THE SECOND CIRCUIT LEADING
CASE, UNITED STATES v. MARTINEZ-RIOS, 143
F. 3d 662, 671 (2d. 1998), THE PHRASE "A MORE
ACCURATE DETERMINATION" ALLOWS A DEFENDANT

TO HAVE LEGITIMATE but UNCLAIMED deductions
CONSIDERED. SEE ALSO, <u>UNITED STATES v. GORDON</u>,
291 F. 3d 181, 187 (2d CIR. 2002), THE SECOND
CIRCUIT AFFIRMED THE POSITION OF ALLOWING
TAX LOSS TO INCLUDE "LEGITIMATE but UNCLAIMED
deductions in computing A MORE ACCURATE
deTERMINATION". SEE ALSO, <u>UNITED STATES v.
HELMSLEY</u>, 941 F. 2d 88 (2nd CIR. 1991)

        THE RECENT SUPREME COURT RULING IN
BLAKELY vs. WASHINGTON, 124 S. CT 2531 (2004)
held THAT ANY FACTOR THAT INCREASES THE
PENALTY FOR A CRIME beyond THE prescribed
GUIDELINE STATUTORY base level, other THAN THE
FACT OF A PRIOR CONVICTION, MUST be submitted
TO A JURY And proved beyond A REASONABLE
doubt.

        CONSISTENT WITH THE BLAKELY COURT,
THE defendant <u>ARGUENDO</u> CONTENDS THAT THE
STATUTE OF LIMITATIONS pursuant TO 26 U.S.C. SEC
6531 FOR OFFENSES RELATED TO 26 U.S.C. SEC 7206(2)
(SIX YEARS), would have TIME BARRED ANY
AMENDMENT TO THE GRAND JURY CLAUSE PERTAINING
TO THE "SPECIAL FINDINGS OF A TAX LOSS AMOUNT", IN
THIS CASE. HENCE, ANY SUCH INCLUSION OF A
"SPECIAL FINDING" IN THE INDICTMENT should have been
MADE PRIOR TO THE TIME barred DATE of April 15, 2003.
NONETHELESS, THE GRAND JURY CHARGE STATED,
        "THE CONDUCT OF THE DEFENDANT,

-31-

PATRICK A. TRIUMPH, AS SET FORTH
IN COUNTS 1 — 38 OF THIS SUPERSEDING
INDICTMENT RESULTED IN A TAX LOSS GREATER
THAN $40,000

THIS AMOUNT OF $40,000 WAS BASED ON THE
AMOUNT OF $48,145 PRESENTED TO THE GRAND JURY
IN THE TESTIMONY OF DEBORAH MURPH, SPECIAL
AGENT, INTERNAL REVENUE SERVICE. [ SEE GRAND
JURY PROCEEDING H-04-1, TESTIMONY OF DEBORAH
MURPHY, Pg 61, LN 19-24).

THE TRANSCRIPT READS AS FOLLOW.

LN 19:  Q  YES, GIVE US THE EXACT TOTAL.

LN 20:  A.   IT'S $48,145

LN 21-33:  Q.   FOR THE PURPOSE OF THE WAY IT'S
PHRASED IN THE SUPERSEDING INDICTMENT
THAT LOSS WAS GREATER THAN
$40,000. CORRECT.

LN 24   A.   CORRECT.

ACCORDINGLY, THE DEFENDANT CONTENDS
THAT THE TAX LOSS OF $6,121 IS BELOW THE
AMOUNT OF $40,000 REQUIRED, NOT TO BE
DETERMINED BY JURY. HENCE THE TAX LOSS
IS INAPPLICABLE IN THIS CASE. HOWEVER,
ASSESSING THE PROPER SENTENCE UNDER
SECTION 2T1.1 REQUIRES A DETERMINATION OF
THE "TAX LOSS" RESULTING FROM THE OFFENSE.
AFFIRMATIVELY, THE APPLICABLE BLAKELY
RES JUDICATA TO SECTION 2T4.1 (TAX LOSS) IS 6.

-32-

PURSUANT TO RULES 702 & 703 OF THE FEDERAL RULES OF EVIDENCE, THE DEFENSE EXPERT WITNESS, CLYDE V. TRIUMPH, C.P.A, M.B.A, M. TAX(ADV), who TESTIFIED during THE TRIAL PROCEEDINGS, opined THAT IN ACCORDANCE TO THE STANDARD OF THE ASSOCIATION OF CERTIFIED PUBLIC ACCOUNTANTS [A.C.P.A] AND THE NATIONAL ASSOCIATION OF PROFESSIONAL AUDITORS, THE TAX LOSS CALCULATION CALCULATION IS INDETERMINABLE AND prejudicial BASED ON THE INCONSISTENT DATA AND TESTIMONIES which have been COMPROMISED over A EIGHT year period. HENCE THE TAX LOSS AMOUNT is SPECULATIVE, SUBJECTIVE AND INACCURATE, opined THE EXPERT WITNESS. [SEE TRIAL TRANSCRIPT OF PROCEEDING, DEFENSE EXPERT TESTIMONY.]

FURTHER, THE DEFENDANT CONTENDS that despite THE STATUTE OF LIMITATIONS barring THE AMENDMENT TO THE INDICTMENT, IF he is REQUIRED TO ESTABLISH A diFFERENT TAX LOSS FINDING THAN THAT SET FORTH IN THE INDICTMENT, he will be SUBSTANTIALLY prejudice by the ONUS prObandi SHIFTING TO him TO ESTABLISH THE TAX LOSS AMOUNT. ESSENTIALLY, changing THE CRIMINAL PROCEEDINGS INTO A CIVIL AUDIT. SEE E.g UNITED STATES V. HATHAWAY, 798 F.2d 902, 911 (6th Cir. 1986) (QUOTING UNITED STATES v. MILLER 471 U.S. 130, 105 S.CT. 1811, 85 L.Ed 2d 99(1985),

-33-

United States v. Hathaway, 959 F. 2d 1429, 1435, 8th Cir. (1992); Also, see United States v. Prince, 214 F. 3d 740, 746 (6th Cir. 2000).

The Supreme Court in Strone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed 2d 252 (1960), determine that a situation where trial evidence amended the indictment warrants a reversal of the judgement of conviction. This holding was reaffirmed by the Supreme Court in United States v. Miller, 471 U.S. 130, 138, 105 S.Ct 1811, 1816, 85 L.Ed 99 (1985), where the court noted that in Strone the offense proved at trial was not fully contained in the indictment for trial evidence had "constructively amended" the indictment by broadening the possible bases from that indictment therefore, the defendant contends that his fifth amendment right has been violated by altering the essential element of the tax loss amount.

The Supreme Court in Sullivan v. Louisianna, 508 U.S. 275 (1993), held that the interrelation of the fifth amendment requirement of proof beyond a reasonable doubt and the sixth amendment of a jury verdict mandate a constitutional deficient reasonable doubt jury instruction be deemed a structural defect in the trial

-34-

MECHANISM WARRANTING REVERSAL OF THE
JUDGEMENT OF CONVICTION.

## CRIMINAL HISTORY CATEGORY

THE PRESENTENCE REPORT (PSR) STATED THAT
"THE DEFENDANT HAS THREE CRIMINAL HISTORY POINTS
RESULTING FROM HIS CONVICTIONS. ADDITIONALLY,
PURSUANT TO SECTION 4A1.1(d), TWO POINTS ARE ADDED
IF THE DEFENDANT COMMITTED THE INSTANT OFFENSE
WHILE UNDER ANY CRIMINAL JUSTICE SENTENCE. AS
STATED ABOVE, MR. TRIUMPH WAS SENTENCED TO FIVE
YEARS PROBATION ON SEPTEMBER 27, 1994. THEREFORE,
THE DEFENDANT HAS A TOTAL OF FIVE CRIMINAL HISTORY
POINTS, WHICH ESTABLISH A CRIMINAL HISTORY
CATEGORY OF III". [SEE P.S.R REPORT Pg 10. PARA 39.]

THE DEFENDANT OBJECTS TO THE
CRIMINAL HISTORY CATEGORY III ON THE FOLLOWING
GROUNDS.

1. PURSUANT TO U.S.S.G SECTION 4A1.2(h),(i),
(j), AND THE COMMENTARY TO SECTION 4A1.2,
A SENTENCE FOR A FOREIGN CONVICTION, A
TRIBAL COURT CONVICTION, AN EXPUNGED
CONVICTION, OR AN INVALID CONVICTION, IS
NOT COUNTED.

2. A SENTENCE IMPOSED MORE THAN
10 YEARS PRIOR TO THE DEFENDANT'S
COMMENCEMENT OF THE INSTANT OFFENSE
IS NOT COUNTED.

-35-

3. ALL THE PRIOR OFFENSES THAT HAVE BE
USED IN DETERMINING THE CRIMINAL
HISTORY CATEGORY (CHC) ARE EXPURGABLE
UNDER THE APPLICABLE FEDERAL AND
STATES LAWS UPON showing of Good
CAUSE ON CONSTITUTIONAL GROUNDS.

4. THE DEFENDANT WAS NOT UNDER
ANY CRIMINAL JUSTICE SENTENCE OF
PROBATION WHEN THE INSTANT
OFFENSE WAS Allegedly committed.
THE PROBATION WAS TERMINATED
IN April 1996.

5. THE PRIOR CONVICTIONS WERE
UNCONSTITUTIONAL AND WERE
OBTAINED IN VIOLATION OF
THE DEFENDANT'S 5TH AND 6TH.
AMENDMENT RIGHTS GUARANTEED
BY THE UNITED STATES CONSTITUTION.

6. THE DEFENDANT HAS FILED PETITION
FOR EXPUNGEMENT WITH THE RESPECTIVE
STATE COURTS, AS WELL AS FEDERAL
HABEAS PETITION TO VACATE THESE
UNCONSTITUTION "PRIOR" CONVICTIONS.

7. THE DEFENDANT STATES THAT THESE
CONVICTIONS SHOULD NOT BE COUNTED
IN THE CALCULATION OF HIS CRIMINAL
HISTORY CATEGORY, AND THE INCLUSION
OF THOSE PRIOR CONVICTIONS IN THE

-36-

CALCULATION of THE DEFENDANT's CHC
TO A LEVEL III would greatly overrepresent
THE DEFENDANTS CRIMINAL HISTORY.

Accordingly, THE DEFENDANT asserts THAT
THE PRIOR CONVICTIONS were unambiguously
obTAINED unCONSTITUTIONALLY and Should be
disallowed TO FACTOR INTO the C.F.C.

THE Second Circuit in uNiTed StATes v.
HendLEY, 858 F.2d 58, 61, 66 (2d Cir. 1988), where
THE PETITIONER RECEIVED AN ENHANCED SENTENCE
due TO his previous CONVICTIONS THE TRIAL JUDGE,
Though however, THAT ONE OF HENdLEY's previous
CONVICTIONS WAS obTAINEd in violation oF his
CONSTITUTIONAL RighTS, which, if TRUE, would
NO LONGER EMPOWER THE JUDGE TO ENHANCE THE
PETITIONER's SENTENCE. THE JUDGE, RATHER THAN
RuLing directly TO disallow USE OF THE previous
CONVICTION, GAVE pETITIONER AN ENHANCED
SENTENCE WITH THE PROVISO THAT the JUDGE would
IMMEDINTELY CONSIDER AND GRANT A SECTION 2255
MOTION on the GROUNDS THAT THE previous conviction
WAS UNCONSTITUTION. This ENABLE THE GOVERNMENT TO
AppEAL, which iT would NOT have To do had the
JUDGE RULED iNiTiALLy TO bar THE USE OF THE
previous CONVICTION. THE COURT oF APPEALS dismisse
THE APPEAL AS IMPROPER, CALLing THE RESULTANT
SECTION 2255 MOTION A "CoLLusive SuiT, ARRANGED
beTWeen THE SENTENCing JUDGE AND THE GOVERNMENT

over the defendant's objection, to create a substitute for an appeal that the Government could not otherwise take. See. Also. United States v. Gordon, 156 F. 3d. 376, 317 (2d Cir).

Moreso, the defendant contends that when the prior conviction has been used to enhance a subsequent sentence, the prior conviction can be challenged in an attack on the subsequent sentence since it was a contributing factor in determining the length of the subsequent sentence. See e.g. Williams v. Edwards, 195 F.3d 95, 96 (2d Cir. 1999) (petitioner can challenge current sentence as enhanced by an allegedly invalid prior convictions.) Brock v. Weston, 31 F.3d 887, 890 (9th Cir. 1994) (petitioner could challenge expired conviction when that conviction enhanced second conviction that petitioner is now serving.

Frequently, courts are willing to construe pro se petitions improperly attacking prior convictions as properly challenging the validity of the prior conviction while attacking the sentencing currently being served. See e.g. William v. Edwards, 195 F.3d 95, 96 (2d Cir. 1999) (petition liberally construed as attacking current sentence enhanced by the prior convictions); White v. Butterworth, 70 F.3d 573, 574 (11th Cir. 1995)

—38—

(PER CURIAM) (PRO SE PETITION ATTACKING EXPIRED SENTENCE READ LIBERALLY TO ATTACK THE CURRENT SENTENCE).

FURTHER, THE DEFENDANT CONTENDS THAT TO ENHANCE his SENTENCE without THE DUE PROCESS OF OBTAINING FEDERAL HABEAS RELIEF TO VACATE THE PRIOR CONVICTIONS WOULD CONSTITUTE A COMPLETE MISCARRIAGE OF JUSTICE, AND DEPRIVE THE DEFENDANT OF A CONSTITUTIONAL SENTENCING AND his LIFE, LIBERTY AND FAMILY. SEE Reed v. Farley, 512 U.S 339, 348 (1994) (QUOTING HILL v. UNITED STATES, 368 U.S 424, 428 (1962)

ACCORDINGLY, THE DEFENDANT OBJECTS TO THE PRIOR UNCONSTITUTIONAL CONVICTIONS AND REQUEST THAT THIS COURT CONTINUE THE SENTENCE TO SAFEGUARD THE INTEGRITY OF THE SENTENCING PROCEEDING AND THE CRIMINAL JUSTICE SYSTEM, OR ALTERNATIVELY BASE THE SENTENCE CALCULATION ON A CRIMINAL HISTORY CATEGORY OF 1. THE DEFENDANT OBJECTS TO CHC III FOREIGN CUSTODY CREDIT.

TITLE 18 U.S.C. SECTION 3585 REQUIRES THAT A DEFENDANT BE GIVEN CREDIT TOWARDS THE SERVICE OF A TERM OF IMPRISONMENT FOR ANY TIME SPEND IN OFFICIAL DETENTION PRIOR TO THE DATE THE SENTENCE COMMENCES AS A RESULT OF (1) THE OFFENSE FOR WHICH THE SENTENCED WAS IMPOSED, OR (2)

-39-

ANY OTHER CHANGE FOR which THE DEFENDANT WAS ARRESTED AFTER the COMMISSION OF THE OFFENSE FOR which the SENTENCE WAS Imposed AND which has NOT BEEN CREDITED AGAINST ANY OTHER SENTENCE.

MORESO, PRISONERS WHO ARE CONVICTED OR DETAINED IN FOREIGN COUNTRIES WHO TRANSFER TO THE UNITED STATES TO SERVE THEIR FORMAL SENTENCES Should be given Credit IN ACCORDANCE TO THE STATUTORY PROVISION FOR MAKING GoodTIME CREDIT DETERMINATION UNDER 18 U.S.C. SECTION 4105 So That TRANSFERRING PRISONERS ARE TREATED SIMILARLY TO THE UNITED STATES PRISONERS. SEE E.g AJALA V. U.S. PAROLE COMMISSION; 997 F.2d 651 (9Th CIR. 1993); TREVINO-CAESARES V. U.S. PAROLE COMMISSIO 992 F.2d. 1068 (10TH CIR. 1993)

The DEFENDANT CONTENDS That HE PERIOD OF XMAY 14, 2003 TO JULY 2, 2004 HE WAS held IN DETENTION AT THE "WEST" DETENTION FACILITY IN TORONTO AS A RESULT OF A FUGITIVE ARREST WARRANT IN THE CURRENT CHANGES BEFORE THIS COURT; the TOTAL NUMBER OF ACTUAL days SPEND IN DETENTION WAS FIFTY (50) DAYS. REPRESENTING A TOTAL Credit of 300 days OF IMPRISONMENT IN FOREIGN CUSTODY

The DEFENDANT CONTENDS That THE STANDARD Credit FOR DETAINEES held AT THE "WEST" DETENTION FACILITY WERE "THREE days

-40-