credit for every day detained," However, during the time of the Defendant detention the courts were granted a credit time of "6 days to every day" in detention due to the "Sars" Epidemic that affected Canada.

The Defendant contends that a Motion for Time in Foreign Custody as filed in this Court on September 30, 2004. However, after 50 days no communication on any such Ruling was transpired to the Defendant nor no evidentiary hearing conducted in safeguarding the Personal Liberty of the Defendant.

### Federal Custody Time.

The Defendant was transferred to the Custody of the United States Marshals on July 2, 2003, and has been in continuous detention from July 2, 2003 to the Present Date 11/22/04. Representing a total of 18 month 9 days served, which equals 556 day of actual time imprisoned. The corresponding Good Time Credit under the Federal Sentencing Guidelines is 639 day or 21 months.

Further, the defendant contends that factoring the time spent in Foreign Custody would equal to 27 month of Prison Credit. The Defendant is now denied of his Personal Liberty, Life and Family for 27 months of Inhumane

41

TORTURE AND DRACONIAN INCARCERATION. (SEE Federal Sentencing Good Time Chart 14:13).

<u>Downward Departure</u>

In separate motions, the defendant will seek Down Departure in accordance to the provisions of the United States Sentencing Guidelines.

1. Harsh and Inhumane Incarceration below the Federal Mandated Conditions for Pre-Trial Detainers, and Psychological Injury from such Incarceration in a Mental Hospital.
2. Extraordinary Family Ties and Responsibility
3. Charitable works and contribution to the Black Community over the past 15 years.
4. Significant diminished capacity as a result of Gambling Addiction.
5. The Criminal History Category over representing the seriousness of the Defendant's Criminal History.
6. Any other departures that will warrant a Reduction in the Offense Level determination.

<u>Acceptance of Responsibility</u>

The Defendant unequivocally objects to the PSR characterisation that "based on the statements made by the defendant during the presentence interview and the fact that the

-42-

defendant put the burden of it proof at trial, it does not appear the defendant has clearly demonstrated acceptance of his conduct."

The defendant disagree with this finding, and states that are correct and accurate, and would like the opportunity to support is statement in the interest of "fundamental justice". The defendant will present the direct evidence to the Honorable Court to validate the basis of any statement made. The characterization of the probation officer is very ~~scary~~ prejudicial and violates the due process clause of the First, Fifth and Sixth Amendment of the Constitution of United States of American.

MOTIONS PENDING IN COURT.

Pursuant to the Fed. R. Civ. Proc. Rule 7, the Fifth and Sixth Amendment of the United States, the Defendant request that the following motions be rule on Fair Trial and Sentencing Act. The motions are as follows:

1. Motion to obtain transcript of the trial on which the sentencing is based upon.
2. Motion to meet with witnesses while in custody to prepare for trial and sentencing proceedings.
3. Motion to demand speedy trial

- 43 -

on Failure to Appear.
4. Motion to Defer Sentencing until after Trial of Failure to Appear.
5. Motion to Expedite Motion to Dismiss Indictment and Set Aside Judgement due to Prosecutorial Misconduct in Grand Jury.
6. Motion for Credit Time in Foreign Custody.
7. Motion for Grand Jury Minutes
8. Motion for the Issuance of Subpoena
9. Motion to Amend Docket Entry No. 104.
10. Motion for Notice of Appeal for Immediate Release Pending Appeal.
11. Motion to Dismiss Count 40, Failure to Appear due to Prosecutorial Misconduct in the Grand Jury Indictment.
12. Motion for Applicable Ruling in the Supreme Court's Case of <u>Blakely v. Washington</u> in the Determination of Sentence.
13. Motion for the Withdrawal of Standby Counsel Norman Pattis and Katrena Engstrom.

The Defendant contends that without a

-44-

ruling on the aforementioned motions, he would be arbitrarily deprived of a fair sentence and his liberty without due process of law contrary to the due process and fair sentencing provisions of the fifth and sixth amendment of constitution and because due and time ruling of the motions are necessary to safeguard the constitutionality of the sentence.

### Factual Inaccuracies (PSR)

The defendant alleges that court should hold a evidentiary hearing on the numerous inaccuracies contained in the presentencing report. This will allow the defendant to introduce testimony and other evidence relating to the alleged factual inaccuracy. See e.g. United States v. Green, 41 F.3d 383, 386 (8th Cir. 1994) (right to evidentiary hearing triggered by defendant's objections to alleged factual inaccuracies in PSR, because court did not state that, it would not take disputed fact into account, required to make finding on disputed fact base on evidence.

Moreover, the court must either make a finding as to the truth of the allegation or determine that no finding is necessary because the court will not consider controverted matter in sentencing. See. Fed. R. Crim. P. 32(c)(X)

—45—

Rule 32 serve the dual purposes of protecting a defendant's due process right to be sentenced on the basis of accurate information and providing a clear record of disposition and resolution of controverted facts in the PSR which will aid both courts and administrative agencies. See. e.g United States v. Hanonosurujon, 914 F.2d 15, 19-20 (1st Cir. 1990); United States v. Fry 831 F.2d 664, 667 (6th Cir. 1987); United States v. Villasenor, 977 F.2d 331, 338 (7th Cir. 1992) United States v. Graham, 85 F.3d 1466, 1477 (D.C. Cir. 1996)

Further, resentencing is generally required when the sentencing judge fails to make explicit findings or to disclaim the reliance on controverted matters. See United States v. McManus, 23 F.3d 878, 887 (4th Cir. 1994) (resentencing required because court failed to make finding regarding dispute over foreseeability of drug quantity involved in crime); United States v. Dean, 59 F.3d 1479, 1496 (5th Cir. 1996) (same); United States v. Edgecomb, 910 F.2d 1309, 1313 (6th Cir. 1990) (resentencing required because district court failed to make specific findings about disputed issues in PSR to which defendant objected); United States v. Bacallo, 149 F.3d 717, 720 (7th Cir. 1998) (resentencing required

-46-

because court improperly relied on PSR in aggregating cocaine amounts for sentencing purposes); United States v. Bartsma, 198 F.3d 1191, 1196-97 (10th Cir. 1999) (resentencing required because court failed to articulate sufficient findings that upward departure of 2 criminal history category was reasonable); United States v. Khawaja, 118 F.3d 1454, 1460 (11th Cir. 1997) (resentencing required because court merely adopted presentence report as its finding after defendant submitted financial statement to contradict his ability to pay fine suggested by PSR); United States v. Graham, 83 F.3d 1466, 1477-80 (D.C. Cir. 1996) (resentencing required because court failed to specifically address dispute of drugs distributed); United States v. Williamsburg Check Cashing Corp, 905 F.2d 25, 29 (2d Cir. 1990) (resentencing required because judge's statements unclear regarding reliance on allegations of fraud in PSR); United States v. Electrodyne Syst. Corp, 147 F.3d 250, 255 (3d Cir. 1998) (resentencing required because court failed to either make findings regarding defendant's numerous objections to PSR or to expressly disclaim reliance on disputed matters);

Accordingly, the defendant contends that given the great reliance on the PSR

-47-

in the determination of the Sentencing Guidelines, the defendant request a evidentiary hearing be conducted to correct the inaccurate information expressed in the objections of the Pre Sentencing Report, and to safeguard his rights to a fair sentencing afforded under the mandates of Fed. R. Crim. P. 32(b) and the Sixth Amendment of the U.S. Constitution.

<u>OFFENSE LEVEL COMPUTATION.</u>

Based on the foregoing information establishing the offense level pursuant to the November 1, 1993 Sentencing Guidelines Manual due to ex post facto considerations. The following computation is derived.

| | |
|---|---|
| BASE OFFENSE LEVEL | <u>6.</u> |
| <u>In the Business of Tax Preparation</u> | <u>0</u> |
| Obstruction of Justice | <u>0</u> |
| Adjusted Offense Level | <u>6</u> |
| | |
| Criminal History Category | 1 |

The defendant sentencing range is 0-6 months.
To date the defendant has served a actual time 18 month 8 days.
To date the defendant has served a credit time 21 months.

48.

## SPECIAL FINDING: No. 3
## BUSINESS OF PREPARING TAX RETURNS.

U.S.S.G. Section 2T1.4(b)(1)(B) provides for a two-level enhancement, if the defendant "was in the business of preparing or assisting in the preparation of tax return."

The pre-sentencing report applied the enhancement because defendant was doing business as a tax return preparer.

The defendant contends that the tax preparer enhancement applies to defendant who is in the business of preparing fictitious tax returns, and not just to defendant with legitimate tax preparation business who commits tax fraud in course of business.

Additionally, the tax preparer enhancement applies to defendant's business of preparing fictitious tax returns, based on standards of regularity and sophistication, or "more than isolated, casual, or sporadic activity," regardless of whether defendant was paid for tax preparation services. See U.S.S.G. Section 2T1.4(b)(1)(B), 18 U.S.C.A.

Whether defendant was in the business of tax preparation is a factual finding reviewed for clear error. See e.g. United States v. Welch, 19 F.3d 192, 195 (5th Cir.

49

1994.)(Sentencing Court's finding that defendant was in the business of tax preparation is factual finding that defendant was in the business of tax preparation is factual finding reviewed for clear error);

Clearly, the Guideline does not specify whether the enhancement should be applied to a defendant whose tax preparation business consist solely of preparing fictitious tax returns, as opposed to a defendant with a legitimate tax preparation business who commits tax fraud in the course of that business. The Commentary to Section 2T1.4 states, however, that the enhancement was intended for "those who make a business of promoting tax fraud because their misconduct poses a greater risk of revenue loss and is more clearly wilful.

Further, applying the enhancement to someone whose sole business is that of promoting tax fraud thus seems consistent with the intent of the Guideline. Moreso, the enhancement is intended for a defendant who uses his special skill and knowledge about the tax system to manipulate it fraudulent.

Therefore, based on this standard of regularity and sophistication, or "more than isolated, casual, or sporadic activity," this

—50—

enhancement would be improper and should not be applied in the sentence calculation.

Finally, the Defendant that the inclusion of "the Tax Preparer Enhancement" was time barred as of April 15, 2003. Therefore the inclusion of this enhancement violates the Statute of Limitations pursuant to 26 U.S.C. S 6531 for offenses relating to 26 U.S.C. S 7206(2), and the Fifth Amendment guaranteed by the United States Constitution.

Accordingly, the Defendant respectfully submits this memorandum to aid sentence in the case, <u>United States v. Triumph</u>, CR NO. 3:02CR81(JBA), and request that this memorandum be used in supplement to the pending motions for downward departures, as well as the emergency motion to set aside the conviction due to prosecutorial misconduct and improprieties in obtaining a fraudulent indictment.

Respectfully Submitted.

PATRICK A. TRIUMPH,
DEFENDANT, PRO SE.

DATED: This day <u>20th November, 2004 (AD)</u>

## CERTIFICATION OF SERVICE

This is to certify that the Memorandum in Aid of Sentencing, was served upon the following:

    David A. Ring
    Assistant United States Attorney
    U.S. Attorney Office - N.H
    157 Church St, 23rd Floor
    New Haven, CT 06510.

by placing a copy of same in the United States Mail with proper postage affixed to ensure delivery.

Dated: This 20th day of November, 2004

Respectfully Submitted.

_____
Patrick A. Triumph

```
 1                  UNITED STATES DISTRICT COURT
                        DISTRICT OF CONNECTICUT
 2

 3    IN RE:                      )
                                  )
 4      GRAND JURY PROCEEDINGS    )     N-01-3
                                  )
 5

 6                                   Federal Building
                                     141 Church Street
 7                                   New Haven, Connecticut

 8

 9                                   March 19, 2002
                                     11:08 o'clock a.m.
10

11

12                TESTIMONY OF ANGELLA THOMPSON

13

14    APPEARANCES:

15          For the Government:

16       OFFICE OF THE UNITED STATES ATTORNEY
         157 Church Street
17       New Haven, Connecticut  06510
             By:  DAVID X. SULLIVAN, ESQ.
18                   Assistant U.S. Attorney

19

20

21

22

23              Falzarano Court Reporters
                117 North Saddle Ridge
24              West Simsbury, CT  06092
                    860.651.0258
25
```

COPY

Falzarano Court Reporters

Angella C. Thompson
Affidavit of Witness

October 11, 2004

This Affidavit is made in reference to my Grand jury Testimony in the case of United States vs. Patrick Triumph, CRNO.3:02CR81(JBA).

- My name is Angella C. Thompson
- My date of birth is July 7, 1974
- I reside at 12 Kent Lane Bloomfield CT 06002, and 436 Jefferson Avenue Brooklyn, NY 11221, I have dual residency.
- I was the owner and accountant of Tri Tax Professionals for the period of January 1998 to March 2002.
- I have worked in association with Patrick Triumph of Tri Tax Accounting services during the period of April 1997, to March 2002.
- I was also the Business owner of the Wharf Management Group for the period of November 2001 to April 2003.
- I was subpoena as a witness to testify to a Grand Jury proceeding in the indictment of Patrick A. Triumph
- The date of my testimony was not March 19th, 2002.
- I do recall the date of my Grand jury testimony to have been on or about the date of March 26th, 2002
- The date of my recollection was a day that I have associated with my best friend Carl Craig's birthday which is March 26th.
- The date of my recollection was also approximately 3 weeks after my Electronic Filing capacities were interrupted, on March 2, 2002.
- I do state that I would not have testified on March 19, 2002.

The statements made in this affidavit are made willingly and voluntary without any promises or threats. I swear under penalty of perjury under the United States Laws that my statements are true and correct. (28U.S.C.Section1746; 18U.S.C. Section 1621)

Signed,

*[signature]*

Angella C. Thompson

*[signature]*
Oct 13, 04

*[Notary stamp: NELLIE MICKAILOVA, Notary Public, State of New York, No. 07MI5029636, Qualified in Kings County, My Commission Expires 06/27/200_]*

1    A    Correct.
2    Q    Total was $13,372?
3    A    Yes.
4    Q    Should have been $1,974?
5    A    Yes.
6    Q    Total loss attributable to fraud?
7    A    $1,372.
8    Q    For all the ones where you said loss
9  attributable to fraud, you have totaled up the total
10 tax loss attributable for all the 38 counts?
11   A    Actually, Special Agent LaBounty did that.
12   Q    Can you tell us what the total tax loss
13 attributable to false and fraudulent items is?
14   A    I can as long as I can find my ...
15   Q    Can I hand you a document to refresh your
16 recollection.
17   A    Yes, thank you. Do you want me to read the
18 exact ...
19   Q    Yes, give us the exact total.
20   A    It's $48,145.
21   Q    For purposes of the way it's phrased in the
22 superseding indictment, that loss was greater than
23 $40,000, correct?
24   A    Correct.
25   Q    I'll take that chart back. Let's quickly

1   CERTIFICATE
2        I hereby certify that the foregoing 37 pages
3   are a complete and accurate computer-aided
4   transcription of my original stenotype notes taken of
5   the Testimony of ANGELLA THOMPSON, which was held in
6   re: Grand Jury N-01-3, in New Haven, Connecticut, on
7   March 19, 2002.

        _____
        Cindy J. Castaldo, 383
        Licensed Shorthand Reporter

Exhibit 2A

| Filing Date | # | Docket Text |
|---|---|---|
| 03/21/2002 | 1 | SEALED INDICTMENT returned in New Haven before JGM as to Patrick A. Triumph (1) count(s) 1-38; assigned to Hartford rotation, bench warrant to issue (Ruocco, M.) (Entered: 03/21/2002) |
| 03/21/2002 | | Arrest WARRANT issued as to Patrick A. Triumph (Ruocco, M.) (Entered: 03/21/2002) |
| 03/21/2002 | | **Added Government Attorney John A. Danaher III, James I. Glasser, David X. Sullivan (Ruocco, M.) (Entered: 03/21/2002) |
| 04/01/2002 | | ARREST of Patrick Triumph (Blue,A.) (Entered: 04/02/2002) |
| 04/01/2002 | 2 | Initial presentment held as to Patrick Triumph Defendant informed of rights. ( TPS) (Blue,A.) (Entered: 04/02/2002) |
| 04/01/2002 | 3 | SCHEDULING ORDER as to Patrick Triumph setting Substantive Motions due by 4/22/02 Government Response due by 4/29/02 Voir Dire Questions due by 4/24/02 Proposed Jury Instructions due by 4/24/02 Jury Selection for 9:00 5/1/02 for Patrick Triumph ( signed by Mag. Judge Thomas P. Smith ) (Blue,A.) (Entered: 04/02/2002) |
| 04/01/2002 | | MOTION in open court by USA as to Patrick Triumph to Unseal Indictment (Blue,A.) (Entered: 04/02/2002) |
| 04/01/2002 | | Minute entry as to Patrick Triumph : granting oral motion to Unseal Indictment as to Patrick Triumph (1) (Blue,A.) (Entered: 04/02/2002) |
| 04/01/2002 | | Indictment unsealed as to Patrick Triumph (Blue,A.) (Entered: 04/02/2002) |
| 04/02/2002 | 4 | Surety BOND dated 4/1/02 in the Amount of $ 75,000.00 as to Patrick Triumph (Blue,A.) (Entered: 04/02/2002) |
| 04/02/2002 | 5 | ORDER Setting Conditions of Release as to Patrick Triumph ( Signed by Mag. Judge Thomas P. Smith ). SEE Order for conditions of release (Blue,A.) (Entered: 04/02/2002) |
| 04/15/2002 | 6 | Arraignment held as to Patrick Triumph ( TPS) (Sunbury, B.) (Entered: 04/15/2002) |
| 04/15/2002 | | PLEA entered by Patrick Triumph . Not Guilty: Patrick Triumph (1) count(s) 1-38 Court accepts plea. ( TPS) (Sunbury, B.) (Entered: |

**14.13  GOOD TIME CHART**

| MONTHS | YR/MO | NO. DAYS | DAYS GOT | DAYS SERVED | MO/DA SERVED |
|---|---|---|---|---|---|
| 13 | 1 - 1 | 395 | 51 | 344 | 11 - 10 |
| 14 | 1 - 2 | 426 | 55 | 371 | 12 - 6 |
| 15 | 1 - 3 | 456 | 59 | 397 | 13 - 2 |
| 16 | 1 - 4 | 487 | 63 | 424 | 13 - 28 |
| 17 | 1 - 5 | 517 | 67 | 450 | 14 - 25 |
| 18 | 1 - 6 | 548 | 71 | 477 | 15 - 21 |
| 19 | 1 - 7 | 578 | 75 | 503 | 16 - 17 |
| 20 | 1 - 8 | 608 | 78 | 530 | 17 - 13 |
| 21 | 1 - 9 | 639 | 82 | 556 | 18 - 9 |
| 22 | 1 - 10 | 669 | 86 | 583 | 19 - 5 |
| 23 | 1 - 11 | 700 | 90 | 609 | 20 - 1 |
| 24 | 2 - 0 | 730 | 94 | 636 | 20 - 28 |
| 25 | 2 - 1 | 760 | 98 | 662 | 21 - 24 |
| 26 | 2 - 2 | 791 | 102 | 689 | 22 - 20 |
| 27 | 2 - 3 | 821 | 106 | 715 | 23 - 16 |
| 28 | 2 - 4 | 852 | 110 | 742 | 24 - 12 |
| 29 | 2 - 5 | 882 | 114 | 768 | 25 - 8 |
| 30 | 2 - 6 | 913 | 118 | 795 | 26 - 4 |
| 31 | 2 - 7 | 943 | 122 | 821 | 27 - 0 |
| 32 | 2 - 8 | 973 | 126 | 848 | 27 - 27 |
| 33 | 2 - 9 | 1004 | 130 | 874 | 28 - 23 |
| 34 | 2 - 10 | 1034 | 133 | 901 | 29 - 19 |
| 35 | 2 - 11 | 1065 | 137 | 927 | 30 - 15 |
| 36 | 3 - 0 | 1095 | 141 | 954 | 31 - 11 |
| 37 | 3 - 1 | 1125 | 145 | 980 | 32 - 7 |
| 38 | 3 - 2 | 1156 | 149 | 1007 | 33 - 3 |
| 39 | 3 - 3 | 1186 | 153 | 1033 | 33 - 29 |
| 40 | 3 - 4 | 1217 | 157 | 1060 | 34 - 26 |
| 41 | 3 - 5 | 1247 | 161 | 1086 | 35 - 22 |
| 42 | 3 - 6 | 1278 | 165 | 1113 | 36 - 18 |
| 43 | 3 - 7 | 1308 | 169 | 1139 | 37 - 14 |
| 44 | 3 - 8 | 1338 | 173 | 1166 | 38 - 10 |
| 45 | 3 - 9 | 1369 | 177 | 1192 | 39 - 6 |
| 46 | 3 - 10 | 1399 | 180 | 1219 | 40 - 2 |
| 47 | 3 - 11 | 1430 | 184 | 1245 | 40 - 29 |
| 48 | 4 - 0 | 1460 | 188 | 1272 | 41 - 25 |
| 49 | 4 - 1 | 1490 | 192 | 1298 | 42 - 21 |
| 50 | 4 - 2 | 1521 | 196 | 1325 | 43 - 17 |
| 51 | 4 - 3 | 1551 | 200 | 1351 | 44 - 13 |