UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2004 DEC -3 P 1:54
U.S. DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF<br><br>vs.<br><br>PATRICK A. TRIUMPH<br>DEFENDANT | CASE NO. 3:02CR81(JBA)<br><br>MOTION FOR MEETING TO DISCUSS UNRESOLVED FACTUAL AND LEGAL ISSUES IN PRESENTENCE REPORT. |

The DEFENDANT, PATRICK A. TRIUMPH, pro se, respectfully request this Honorable Court to issue an order for a meeting to discuss unresolved factual and legal issues in the Presentence Report, pursuant to Rule 32(b)(6)(B) of the Federal Rules of Criminal Procedure.

The defendant contends that under Rule 32, Fed. R. Crim. P., if the court intends to consider a sentence outside the applicable guide range on a ground not identified as a ground for departure either in the presentence report or a pre-hearing submission, it shall provide reasonable notice that it is contemplating such ruling, specifically identifying the grounds for departure. Burns v. United States, 501 U.S. 129, 135-39 (1991)

-1-

Moreso, when a dispute exists about any factor important to the sentencing determination, the court must ensure that the parties have an adequate opportunity to present relevant information. Written statements of counsel or affidavits of witnesses may be adequate under many circumstances. See e.g. United States v. Ibanez, 924 F.2d 427 (2d Cir. 1991). An evidentiary hearing may sometimes be the only reliable way to resolve disputed issues. See. e.g., United States v. Jimenez Martinez, 83 F.3d 488, 494-95 (1st Cir. 1996) (finding error in district court's denial of defendant's motion for evidentiary hearing given questionable reliability of affidavit on which the district court relied at sentencing); United States v. Roberts, 14 F.3d 502, 521 (10th Cir. 1993) (remanding because district court did not hold evidentiary hearing to address defendants' objections to drug quantity determination or make requisite findings of fact regarding drug quantity); see also, United States v. Fatico, 603 F.2d 1053, 1057 n. 9 (2d Cir. 1979), cert. denied, 444 U.S. 1073 (1980). The sentencing court must determine the appropriate procedure in the light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law.

Further, if the comments of the defendant's counsel or testimony or other

-2-

information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report. See <u>United States v. Aleman</u>, 832 F.2d 142, 144 (11th Cir. 1987). It is a violation of due process to base a sentence on a material misapprehension of fact. See <u>United States v. Tucker</u>, 404 U.S. 443, 447-49, 92 S.Ct. 589, 591-93, 30 L.Ed. 2d 592 (1972).

Accordingly, the defendant tenaciously objected to the tax loss amount and the enhancements of obstruction of justice and the "In the Business of Preparing Income Tax Returns" as contained in the Presentence Report, and as such request a evidentiary hearing to resolve these factual and legal issues in the Presentence Report.

Further, the defendant contends that the court should adopt procedures

-3-

to provide for the narrowing and resolution, where feasible, of issues in dispute in advance of the sentencing hearing; and the identification for the court of issues remaining in dispute. Rule 32(b)(6), Fed. R. Crim. P.

WHEREFORE, the defendant prays that this Honorable Court conduct a evidentiary hearing to set forth the procedures for establishing the facts upon which the sentence will be based, and for the procedural due process to guarantee the accuracy and uniformity of sentencing.

Respectfully Submitted.

DATED: Nov. 28, 2004

PATRICK A. TRIUMPH
DEFENDANT, PRO SE.

-4-