<u>UNITED STATES DISTRICT COURT</u>

FILED

2004 DEC -7 P 12:49

<u>DISTRICT OF CONNECTICUT</u>

U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF<br><br>vs.<br><br>PATRICK A. TRIUMPH<br>DEFENDANT | CASE NO. 3:02CR81 (JBA)<br><br><u>MOTION FOR EXPERT</u><br><u>WITNESS - PSYCHIATRIST</u><br><u>FOR DOWNWARD</u><br><u>DEPARTURE BASED ON</u><br><u>PATHOLOGICAL GAMBLING</u><br><u>ADDICTION</u>. |

The Defendant, Patrick A. Triumph, <u>Pro Se</u>, respectfully moves this court pursuant to the Criminal Justice Act, 18 U.S.C. Section 3006 A(e), to issue an order to obtain the services of an expert witness, psychiatrist, to provide testimony in support of the Defendant's Motion for Downward Departure based on a pathological gambling addiction, which has significantly reduced the defendant's mental capacity pursuant to the provisions under the Sentencing Guidelines U.S.S.G Section 5K2.13, ps, 18 U.S.C.A.

The Defendant contends that he

-1-

suffers from a pathological gambling addiction since 1986; and as such, it would be proper for the defendant to obtain a psychiatric evaluation, in order to determine if a request for a downward departure due to the defendant's diminished mental capacity is appropriate.

To this end, the defendant contends that 18 U.S.C. Section 3006 A(e)(1), of the Criminal Justice Act requires the District Judge to authorize defense expert services, consultative or investigative, when a reasonably competent attorney would engage such services for a client having independent financial means to pay for them. <u>United States v. Fields</u>, 722 F 2d 549, 551 (9th Cir.) Cert. denied, 466 U.S. 931 (1984). In <u>United States v. Sims</u>, 617 F 2d 1371 (9th Cir. 1980). The burden is on the defense to prove necessity.

Moreso, the Criminal Justice Act allows the application for expert services to be made <u>exparte</u>. It is a reversible error for the court to deny a defendant an <u>exparte</u> hearing for a request for appointment of an expert. <u>United States v. Theriault</u>, 440 F 2d 713 (5th Cir.) Cert denied, 411 U.S. 984 (1973). It is an error

-2-

for the court to allow the prosecution to be present at a hearing for authorization to hire an expert witness if it impinges upon the defendant's right to confidentiality in the preparation of his case. <u>United States v. Sutton</u>, 464 F.2d 552 (5th Cir. 1972)

The Supreme Court held in <u>Ake v. Oklahoma</u>, 470 U.S. 68 (1985), that the state must provide access to expert psychiatric services where the defendant makes an exparte preliminary showing that his/her sanity at the time of the offense is likely to be a significant factor at trial.

In <u>United States v. Liu</u>, 267 F. Supp. 2d 371 (E.D.N.Y.), the defendant was entitled to a four point downward sentencing departure under the sentencing guidelines based on significant gambling addiction, expert testified that defendant suffered from a pathological gambling addiction which constituted an impulse control disorder, the disorder interfered with defendant's ability to control behavior he knew was wrongful, and this disorder led to crime. U.S.S.G Section 5K 2.13 ps. 18 U.S.C.

In seeking the service of the psychiatrist, the defendant hereby

-3-

moves the Honorable Court, to approve the expenditure of funds for the defendant obtaining the services of a forensic psychiatric, in the amount not exceeding $3,500, which amount will be billed to the court by the witness. The defendant base the expenditure amount from the quotes of Dr. Kenneth Selig M.D. J.D. and Dr. Grayson in West Hartford, Connecticut.

Additional, the defendant request a continuance of sentence so that the psychiatric evaluation can be conducted upon approval of the required expenditure of funds. Further, the defendant affirms that this motion for downward department based on a pathological gambling addiction is non-frivolous, and failure of the Honorable Court to grant this motion will arbitrarily deprive the defendant of a fair sentence and his liberty without due process of law contrary to the due process and fair trial and sentencing provisions of the Fifth and Sixth Amendments of the Constitution.

### Affidavit of Defendant

1. I am Patrick A. Triumph, the defendant in this criminal case.

1

United States v. Triumph, CR NO. 3:02CR81 (JBA).

2. I am indigent. I have no income. I have no assets. I have no financial support. I file this motion in Forma Pauperis

3. I am representing myself (Pro Se) in this criminal proceedings.

4. I have file a motion for downward departure based on my significantly reduced mental capacity at the time of the offense.

5. I do have a Pathological Gambling Addiction which started in 1986.

6. My Gambling Addiction has cause me to commit illegal acts such as Forgery and Fraud to finance Gambling.

7. I am usually restless and irritable when attempting to cut down or stop Gambling.

8. I am often preoccupied and thinking of ways to get money with which to Gamble.

9. I have repeatedly lie to my wife and Business Associates about my Gambling Addiction.

10. My Incarceration has made me more Spiritually Inclined in

dealing with my pathological gambling problem and seeking alternative fulfillment.

11. I have lost a financial fortune as a result of my gambling addiction.

12. I have expressed this addiction in my psychiatric evaluations in February with Dr. Kelly, and thereafter with Dr. Burger from the Federal Medical Center in Botner, North Carolina.

13. This motion is non-frivolous.

14. I need a psychiatric evaluation in order to present the truth and facts to the sentencing court.

15. I think that my addiction warrants a four point downward departure.

The statement made in this affidavit are true and correct. I swear under the penalty of perjury under the United States laws that because of my poverty, I cannot afford the fees of a psychiatrist for my defense. I believe I am entitled to redress.

Respectfully submitted.

Patrick Triumph
Defendant, Pro Se

Dated: At Uncasville, Connecticut, this 2nd December, 2004