<u>UNITED STATES DISTRICT COURT</u>

<u>DISTRICT OF CONNECTICUT</u>

FILED
2004 DEC -7
U.S. DIST...
NEW...

UNITED STATES OF AMERICA
  PLAINTIFF

vs.

PATRICK A. TRIUMPH
  DEFENDANT

CASE NO. <u>3:02CR81 (JBA)</u>

<u>THE DEFENDANT'S PROPOSED JURY INSTRUCTION ON COUNT 40, FAILURE TO APPEAR.</u>

The defendant, Patrick A. Triumph, <u>pro se</u>, respectfully submits the Proposed Jury Instruction on Count 40, Failure to Appear, in the above-captioned Superseding Indictment.

<u>Burden of Proof, Reasonable Doubt and Presumption of Innocence</u>

Although the defendant, Mr Triumph, has been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendant has pled not guilty to the indictment.

The law presumes a defendant to be innocent of the charge against him. The

-1-

Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged. The burden is on the Government to prove the guilt of the defendant beyond a reasonable doubt on each element of the crimes charged. This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. I therefore instruct you that you must presume that the defendant is innocent throughout your deliberation until such time, if any, that you as a jury are satisfied that the Government has proved the defendant's guilt beyond a reasonable doubt.

In short, the defendant begins the trial with a clean slate and this presumption of innocence alone is sufficient to acquit him unless, after careful and impartial consideration of all the evidence in this case, you as jurors are unanimously convinced beyond a reasonable doubt of his guilt.

Reasonable doubt is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. A reasonable

-2-

doubt may arise from the evidence itself or lack of evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. It is not required that the government prove guilt beyond all possible doubt. Proof beyond a reasonable doubt is sufficient to convict. A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt of any element of the crime charged, it is your duty to acquit the defendant. On the other hand, if after fair and impartial consideration of all of the evidence you are satisfied of a defendant's guilt beyond a reasonable doubt, you should vote to convict.

### "Prove" and "Find" — Each Element Must Be Established Beyond Reasonable Doubt

You should understand that whenever I say that the government has to "prove"

-3-

a fact to you, I mean that it has to prove that fact to you beyond a reasonable doubt, as I just explained that term to you.

You are to understand my use of the word "prove" to mean "prove beyond a reasonable doubt," even if I do not always repeat these exact words.

Similarly, when I say that you must "find" a fact in order to return a guilty verdict, you must find that fact to have been proved by the government beyond a reasonable doubt, even if I simply used the word "find."

## The Nature and Function of the Indictment

In a moment I will explain to you the element of the offenses charged in the indictment. Before doing so, I instruct you again that the indictment is not and may not be considered to be any evidence supporting any of these elements. The indictment is merely a formal accusation and can in no sense be considered as proof in the slightest degree of guilt. As jurors, you should not permit yourself to be influenced in any way because of, or on account of, the indictment that a person has been accused and is on trial

-4-

is not evidence of guilt, and you are permitted to infer or speculate from this in any way.

### IMPROPER CONSIDERATIONS
### RACE, RELIGION, NATION ORIGIN, SEX OR AGE

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider any personal feelings you may have about the defendant's race, religion, national origin, sex or age. Discrimination is unlawful and unconstitutional. The jury acts not only as a safeguard against discrimination, but also against as a barrier to legislative and executive oppression, and is designed to protect defendants against oppressive governmental practices.

All persons are entitled to the presumption of innocence. It would be equally improper for you to allow any feelings you might have about the nature of the crime charge to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

## COUNT 40 (STATUTE DEFINING THE OFFENSE)

Count 40 of the Superseding Indictment charges the defendant with violating Title 18, United States Code, Section 3146(a)(1).

18 U.S.C. Section 3146(a)(1) provides as follows:

"Whoever, having been release pending trial, knowingly fails to appear before a court as required by the conditions of his release shall be guilty of an offense against the laws of United States, and subject to a fine under this title or imprisonment for not more than two years, or both."

## COUNT 40 (ELEMENTS OF THE OFFENSE)

In order to prove the defendant guilty of the offense charged in Count 40 of the Superseding Indictment, the government must prove each of the following essential elements <u>beyond a reasonable doubt</u>:

First, that the defendant was release from custody with a

-6-

REQUIREMENT TO APPEAR IN COURT OR BEFORE A JUDICIAL OFFICER ON A PARTICULAR DATE;

SECOND, THE DEFENDANT KNEW OF THE REQUIRED APPEARANCE; AND

THIRD, THE DEFENDANT INTENTIONALLY FAILED TO APPEAR AS REQUIRED.

<u>FIRST ELEMENT — THAT THE DEFENDANT RELEASE FROM CUSTODY WITH A REQUIREMENT TO APPEAR IN COURT OR BEFORE A JUDICIAL OFFICER ON A PARTICULAR DATE:</u>

THE FIRST ELEMENT THAT THE GOVERNMENT MUST PROVE <u>beyond A REASONABLE doubt</u> THAT THE DEFENDANT FAILED TO APPEAR IN COURT OR BEFORE A JUDICIAL OFFICER ON JULY 10, 2002 AND JULY 17TH, 2002 IN CASE NO. 3:02CR81(JBA) ENTITLED <u>United States of America v. Patrick A. Triumph</u>.

<u>SECOND ELEMENT: — THE DEFENDANT KNEW OF THE REQUIRED APPEARANCE</u>

THE SECOND ELEMENT THE GOVERNMENT MUST ESTABLISH BEYOND <u>A REASONABLE doubt</u> IS THAT THE DEFENDANT WAS AWARE OF HIS REQUIRED APPEARANCE.

—7—

## Third Element — The defendant intentionally failed to appear as required:

The third element that the Government must prove <u>beyond a reasonable doubt</u> is that the defendant acted with specific intent.

In order for the Government to prove this element, it must establish <u>beyond a reasonable doubt</u> that the defendant acted voluntarily and intentionally, with the specific intent to have not appear before a court or before a judicial officer on July 10, 2002 and July 17th, 2002, when it was the legal duty of the defendant not to do so, and the defendant knew it was legal duty not to do so, and the defendant knew it was legal duty not to do so.

Willfullness requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty. Thus, the defendant's mental state at the time of the required appearance before a court or before a judicial officer must be determined <u>beyond a reasonable doubt</u> that the defendant acted with the specific intent and knowingly

-8-

committed an unlawful act, purposely intending to do what the law forbids.

Therefore, the defendant's failure to appear before a court or before a judicial officer may not always reflect feelings of guilt. Moreover, feelings of guilt, which are present in many innocent people, do not reflect actual guilt. Thus evidence of flight of a defendant may not be used by you as a substitute for proof of guilt.

In your deliberation, if you find <u>beyond a reasonable doubt</u> that the defendant acted with the requisite mental state to do something that the law forbids, that is to say, with a bad purpose, either to disobey or disregard the law, you may find that the defendant acted knowingly, then this element may be satisfied. However, guilty knowledge may not be established by demonstrating that the defendant was negligent, foolish, mistaken or other innocent reason, he must be acquitted.

The burden of establishing lack of good faith and criminal intent rests upon the prosecution. A defendant is under no burden to prove his good faith; rather, the prosecution must prove each element of the offense, <u>beyond a reasonable doubt</u>.

-9-

## The Indictment

### Count 40

Count 40 (Forty) of the Superseding Indictment charges that "on or about July 10, 2002 and July 17, 2002, in the District of Connecticut, the defendant, Patrick A. Triumph, having been charged with thirty-eight counts of violating Title 26, United States Code, Section 7206(1), each a Felony, and having been granted pre-trial release, pursuant to Chapter 207 of Title 18, United States Code, in connection with said criminal charges for appearance in the United States District Court for the District of Connecticut in New Haven, Connecticut on July 10, 2002 and July 17, 2002 in Case No. 3:02 CR 81 (JBA) entitled United States of America v. Patrick A. Triumph, did knowingly and wilfully fail to appear as required. All in violation of Title 18, United States Code, Section 3146(a)(1).

Where the Defendant respectfully submits the Proposed Jury Instruction on Count 40, Failure to Appear, and request leave to offer such and further instructions as may become appropriate during the course of trial.

Dated: Nov 29 2004

Respectfully Submitted.

Patrick A. Triumph
Defendant, Pro Se

-10-