UNITED STATES DISTRICT COURT

FILED

2004 DEC -7 P 12: 45

U.S. UNITED STATES OF AMERICA

PLAINTIFF

CASE NO: 3:02CR-81 (JBA)

VS

PATRICK A. TRIUMPH
DEFENDANT

THE DEFENDANT'S
SUPPLEMENTAL JURY
QUESTIONAIRE ON COUNT
40, FAILURE TO APPEAR

THE DEFENDANT, PATRICK A. TRIUMPH, PRO SE RESPECTFULLY SUBMITS THE SUPPLEMENTAL JURY QUESTIONAIRE TO THE COURT-CONDUCTED VOIR DIRE IN THE CRIMINAL TRIAL PROCEEDINGS OF THE SEVERANCE COUNT, COUNT 40, FAILURE TO APPEAR IN VIOLATION OF 18 U.S.C. SECTION 3146 (a)(1) (FAILURE TO APPEAR) IN THE SUPERCEDING INDICTMENT; PURSUANT TO RULE 24 (a) OF FED.R.CRIM.P.

THE QUESTIONS ARE AS FOLLOWS:

1. DO ANY OF YOU FEEL THAT YOU POSSESS ANY KIND OF PERSONAL PREJUDICE WITH REFERENCE TO THIS DEFENDANT OR THIS CASE? UNITED STATES v. BAKER, 638 F.2d 198 (16th CIR. 1980)

2. PATRICK TRIUMPH HAS ALREADY BEEN FOUND

-1-

guilty of Ten(10) counts of aiding and abetting the preparation of false returns in violation of 26 U.S.C. Section 7206 (2). The jury was unable to Reach a verdict as to the Remaining 28 counts. How many of you feel you would like to hear his side of the story?

3. On a scale of 1-10, 10 being the strongest how strongly do you feel about needing the defendant to testify?

4. What are your thoughts about whether or not a defendant testify?

5. Do you feel that fear could cause a person to do something they normally wouldn't do?

6. Can you think of a time when you have felt fear? Can you tell me about that?

7. How many of you have heard of a person being accused of a crime or punished for a crime when he was innocent?

8. Have you ever been accused of something you did not do?

9. Have you ever known anyone who suffered from mental illness?

10. Have you, any of your family members or close friends ever used the services of a psychiatrist or psychologist?

—2—

11 HAVE you, ANY FAMILY MEMBER, OR CLOSE
   FRIEND EVER WORKED IN THE FIELD OF
   PSYCHOLOGY OR PSYCHIATRY?

12. HOW do you FEEL ABOUT PSYCHIATRISTS?

13. HAVE you KNOW ANYONE YOU WENT TO A
    PSYCHIATRIST OR PSYCHOLOGIST?

14 Do you BELIEVE psychologists place TOO
   MUCH BLAME ON SOCIETY AND A PATIENT'S
   PARENTS FOR A PERSONS problems?

15. DID you EVER SUFFER FOR A Gambling OR
    Drug AddicTion.

16. HAVE you KNOW ANYONE WHO HAVE
    SUFFERED FROM A GAMBLING OR Alcohol /
    Drug AddicTion.

17. HAVE you EVER Applied for A job wiTh OR
    WORKED FOR A LAW ENFORCEMENT Agency,
    OR IN THE SecuriTy Field ? UniTed STATES V.
    DeLLinger, 472 F. 2d 340 (7th Cir. 1972).

18 Do you HAVE ANY RELATIVES OR FRIENDS who
   HAVE Applied wiTh OR WORK IN LAW
   ENForcement ? UniTed STATES v. DeLLinger,
   472 F. 2d AT 340

19. Would ANY of you Tend To give ANY
    GREATER weighT OR Credibility, NO MATTER
    how slighT, To THE TESTIMONY of A
    Federal AgenT OR prosecuTion witness
    Merely because They ARE employees

                    -3 -

OF, OR ARE TESTIFYING ON behalf OF THE Government?

20. Would you give their TESTIMONY greater WEIGHT OR CREDIBILITY over THAT OF THE defendants OR witnesses on their behalf? United States v. Baldwin, 607 F.2d 1295 (9th 1979)

21. ARE Any of you, your family Members, friends employed by the Internal Revenue Service (IRS), the United States Attorney Office, OR Any Federal Government Agency? United States v. Segal, 534 F.2d 578 (3d Cir. 1976).

22. If you were charged with a crime And gave A STATEMENT, how would you want your STATEMENT recorded for accuracy?

23. If A LAW enforcement officer gave one version of a STATEMENT And the defendant gave another version, how would you decide credibility?

24. How would you want the most important document in your LIFE Recorded For accuracy?

25. HAVE Any of you ever been questioned by a LAW ENForcement officer?

26. HAVE Any of you ever said something that was misunderstood or was misconstrued?

27. Do you believe people act differently when they are scared? (give example).

28. As the Court shows the jurors the Indictment, do you understand that an Indictment is only a piece of paper which notifies the defendant that he is being charged with a crime? United States v. Glaziou, 402 F2d 8 (2d Cir. 1968).

29. Do you understand that an Indictment is not evidence that the crime changed was committed and may not be considered as evidence by you in deliberations? United States v. Glaziou, 402 F2d 8 (2d Cir. 1968)

30. Do you understand that the defendant entered a plea of not guilty and is innocent until proven otherwise? Taylor v. Kentucky, 436 US 478 (1978).

31. Do you have any difficulty presuming the defendant innocent now? United States v. Hill, 738 F.2d 152 (6th Cir. 1984)

32. Do you understand that the Government is required by law to prove the defendant guilty beyond a reasonable doubt? United States v. Hill, 738 F.2d 152 (6th Cir. 1984).

33. If the Government fails to

-5-

meet that burden, do you understand
that you must find the defendant not
guilty?

34. Do you realize that the burden of proof
is greater for a criminal case than for
a civil case?

35. Do you understand that the defendant
does not have to testify at trial and
nothing can be inferred from him not
testifying? *Griffin v. California*, 380 U.S.
609 (1965); *Eberhardt v. Bordenkircher*,
605 F. 2d 275 (6th Cir. 1979)

36. In a criminal case, a defendant is not
required to explained his or her side of
the case since the burden of proof does,
in fact, rest with the prosecution. Do
you understand this?

37. Have you previously served on a jury,
civil or criminal? *United States v.
Mutchler*, 559 F. 2d 955 (5th Cir. 1977). If
so:
  (a) when?
  (b) what type of case?
  (c) did you reach a verdict?

38. Have any of you ever served on
a federal or state grand jury? If so
  (a) when and where?

-6-

39. HAVE ANY OF YOU, ANY MEMBERS OF YOUR IMMEDIATE FAMILY, OR CLOSE PERSONAL FRIENDS EVER BEEN A PARTY TO OR TESTIFIED IN A CIVIL OR CRIMINAL TRIAL OR BEFORE A GRAND JURY? IF SO, PLEASE EXPLAIN.

IN THEREFORE, THE DEFENDANT RESPECTFULLY REQUEST THAT THE COURT INCLUDE THE ATTACHED QUESTIONS IN ITS GENERAL VOIR DIRE OF THE JURORS PRIOR TO THE REQUESTED DEFENDANT CONDUCTED VOIR DIRE IN ORDER THAT THE DEFENSE MAY EFFECTIVELY EXERCISE ITS CHALLENGES FOR CAUSE AND PEREMPTORY CHALLENGES. THE COURT HAS AN AFFIRMATIVE DUTY TO POSE QUESTIONS WHICH WILL ELICIT INFORMATION ABOVE AND BEYOND THE LEVEL REQUIRED TO DISQUALIFY A JUROR FOR CAUSE. SEE UNITED STATES v. WASHINGTON, 819 F.2d 221, 224 (9TH CIR. 1987)

Respectfully Submitted

DATED: NOV 29, 2004

PATRICK A. TRIUMPH
DEFENDANT, PRO SE.

- 7 -