UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA
PLAINTIFF

vs.

PATRICK A. TRIUMPH
DEFENDANT.

CASE NO. 3:02CR81(JBA)

MOTION TO DISMISS
COUNTS 1, 2, 3, 4, 9, 12, 13, 14, 15
18, 19, 21, 22, 23, 24, 25, 26, 27,
28, 29, 30, 31, 33, 34, 35, 36, 37
38, 39, DUE TO NON COMPLIANCE
WITH THE SPEEDY TRIAL ACT.

FILED
2004 DEC -7 ...
U.S. DISTRICT ...
NEW HAVEN ...

The DEFENDANT, PATRICK A. TRIUMPH, PRO SE RESPECTFULLY MOVES THIS HONORABLE COURT TO ISSUE AN ORDER TO DISMISS COUNTS 1, 2, 3, 4, 9, 12, 13, 14, 15, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, 39, IN THE INDICTMENT DUE TO NON-COMPLIANCE WITH THE SPEEDY TRIAL ACT OF 1974. 18 U.S.C. SECTION 3161(e).

The DEFENDANT CONTENDS THAT PURSUANT TO 18 U.S.C. SECTION 3161(e), "If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final. The Supreme Court in *Strunk v. United States*, 412 U.S. 434, 439-40, 93 S CT 2260, '37 L. Ed. 2d 56 (1973) (holding that violation of Sixth Amendment Speedy Trial Rights requires dismissal).

-1-

## BACKGROUND

1.) On March 21, 2002, the defendant was indicted on thirty-eight (38) counts of aiding and abetting the filing of false tax returns in violation of 26 U.S.C. Section 7206(2).

2.) On February 25, 2004, after 4 days of jury trial, a court declared mistrial was ordered.

3.) On July 13, 2004, a superceding indictment was returned which charged the defendant with 38 counts of aiding and abetting the filing of false tax returns, with one count of interference with the administration of internal revenue laws, in violation of 26 U.S.C. Section 7212, and one count of failure to appear, in violation of 18 U.S.C. Section 3146 (a)(1).

4.) On September 20, 2004, after a 15 day jury trial, the jury returned a guilty verdict on 10 counts in the indictment, which were counts 5, 6, 7, 8, 10, 11, 16, 17, 20 and 32; the jury could not reach a verdict on the other 28 counts, which were counts 1, 2, 3, 4, 9, 12, 13, 14, 15, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, and 39.

-2-

5.) On September 21, 2004, after the Court convened for approximately 1hr 15 minutes, the jury was discharged by the Honorable Court, causing a mistrial to be declared on counts <u>1, 2, 3, 4, 9, 12, 13, 14, 15, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, and 39</u>. Count 39 charges the defendant with the Interference with the Administration of Internal Revenue Laws, in violation of 26 U.S.C. Section 7212. Count 40, will be considered in a separate trial due to severance of the count.

6.) Pursuant to the Speedy Trial Act of 1974; 18 U.S.C. Section 3161(e), the defendant filed a motion for demand of the speedy trial guaranteed by the Sixth Amendment of the United States Constitution. The Sixth Amendment states "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation;".

7.) Accordingly, the defendant asserts that 70 days provision of the Speedy Trial Act is in violation as of December 1st, 2004. The period from the date of mistrial

-3-

September 21st, 2004 to December 1st 2004, constituted a total of 70 days to have been in compliance with the speedy trial Act guaranteed by the Sixth Amendment of the United States of America Constitution.

In <u>Barker v. Wingo</u>, 407 U.S. 514, 530, 92 S. Ct 2182, 33 L.Ed.2d. 101 (1972), the Supreme Court articulated a four-part test to determine when government delay has abridged the Sixth Amendment right to a speedy trial. The factors to be considered include: (1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to speedy trial; and (4) the prejudice caused by the delay.

The defendant contends that the government's violation of the Speedy Trial Act demonstrate the continued pattern of deep and bitter prejudice against him, as well as the unconscionable scheme to harm the integrity of the Court in obtaining a conviction on these Counts, <u>1, 2, 3, 4, 9, 12, 13, 14, 15, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, and 39</u>.

The Supreme Court has repeatedly held that the prosecutor and the Court have an affirmative constitutional obligation to try the defendant in a timely manner and that this duty requires a good faith, diligent effort to bring him to trial quickly. See <u>Moore v. Arizona</u>, 414 U.S. 25, 26

-4-