# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA
PLAINTIFF

vs

PATRICK A. Triumph
DEFENDANT

CASE NO. 3:02CR81(JBA)

MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S
MOTION FOR
DEFENDANT-CONDUCTED
VOIR DIRE

## INTRODUCTION

PURSUANT TO RULE 24(a), FEDERAL RULES OF CRIMINAL PROCEDURE, TO PROVIDE EFFECTIVE ASSISTANCE AND TO EXERCISE THE DEFENDANT'S RIGHT TO TRIAL BY AN IMPARTIAL JURY, THE DEFENDANT EXPRESSLY REQUEST THE OPPORTUNITY TO PERSONALLY VOIR DIRE THE PROSPECTIVE MEMBERS OF THE JURY. THE DEFENDANT EXPRESSLY AGREES TO LIMIT HIS QUESTIONING TO MAKE A REASONABLE INQUIRY OF THE BACKGROUND OF THE PROSPECTIVE MEMBERS OF THE JURY IN ORDER TO INTELLIGENTLY EXERCISE HIS CHALLENGES FOR CAUSE AND PEREMPTORY CHALLENGES.

## ARGUMENT

TRIAL BY JURY LIES AT THE VERY CORE OF OUR

-1-

democratic Institutions. The Sixth Amendment to the United States Constitution guarantees the right of an accused to trial before an "Impartial" jury. One of the avenues chosen to ensure the selection of a fair and impartial jury is our system of juror challenges. The right to challenges for cause and peremptory challenges is firmly embedded in our Federal System and that of each of the 50 States. See Swain v. Alabama, 380 U.S. 202 (1964). The Court may allow the parties to conduct an examination of prospective jurors. Fed. R. Crim. P 24(a).

A right to challenge prospective jurors, however, is worthless unless the challenges have meaning. As stated in United States v. Ledee, 549 F 2d 990 (1977) "Peremptory challenges are worthless if trial counsel is not afforded an opportunity to gain the necessary information upon which to base such strikes." Challenges can only have meaning if the attorneys have information which enables them to discern differences among the prospective jurors as states in United States v. Harris, 542 F 2d 1283, 1294 (7th Cir. 1976). "The defendant must be permitted sufficient inquiry into the backgrounds and attitudes of prospective jurors to enable them to exercise intelligently

-2-

their peremptory challenges."

Allowing counsel to conduct their own limited voir dire enables these challenges to be exercise more intelligently and guarantees the right of fairer jury selection. Reducing the social distance between the questioner and the prospective juror through active participation in the voir dire by attorneys can increase the candor of the jurors' responses and be of more assistance in determining latent biases. Furthermore, the court is less familiar with the evidence, case theories, and strength and weakness of the case than are the parties. See generally <u>United States v. Ible,</u> 630 F 2d 389, 395 (5th Cir. 1980). The defendant intimate familiarity with the case will often result in more narrowly focused questions which can expedite the jury selection process.

In <u>United States v. Ledee,</u> 549 F 2d 990, 993 (5th Cir. 1977), the court quoted with approval the work of Frates and Green "Jury Voir Dire: The Lawyer's Perspective," 2 American Bar Association Litigation (1976) on this subject:

"A judge cannot have the same grasp of the facts, the complexities and nuances as the trial attorneys entrusted with

-3-

The preparation of the case. The Court does not know the strength and weakness of each litigant's case. Justice requires that each lawyer be given an opportunity to ferret out possible bias and prejudice of which the juror himself may be unaware until certain facts are revealed.

Attorney conducted voir dire can be a valuable tool for eliciting juror bias. The Defendant is better able to develop the voir dire questions which are relevant to the particular case and more sensitive as to which answers may need follow-up inquiry. In addition, non-verbal communication between the attorneys (Defendant) and prospective jurors, including the use of body language to particular questions, can also be a telling sign of bias during attorney-conducted voir dire which is itself important information in order to exercise challenges intelligently.

## Conclusion

As stated by the Court in <u>U.S. v Ible</u>, 630 F.2d 389.(1980)

With Federal Rule of Criminal Procedure 24(a) gives wide discretion

-4-

To the Trial Court, voir dire may have little meaning if it is not conducted at least in part by counsel. The 'Federal' practice of almost exclusive voir dire examination by the court does not take into account that it is the parties rather than the court who have the full grasp of the nuances and the strength and weakness of the case. Peremptory challenges are worthless if trial counsel is not afforded to gain the necessary information upon which to base such strikes. Therefore, questioning by the court must overall, coupled with its charge to the jury, afford a party the protection it seeks. Experience indicates that in the majority of cases questioning by counsel would be more likely to fulfill the need than an exclusive examination in general terms by the trial court. Ibid, 630 F. 2d at 395. While some additional time may be spent in voir dire, it should not seriously affect the flow of court business. In weighing arguments for attorney voir dire against administrative concerns. The function of the jury must be kept clearly in mind — it will

-- 5 --

determine the fate of a accused. Based on the foregoing, the defendant respectfully moves that pursuant to Rule 24(a), Federal Rules of Criminal Procedure, the court allow defendant to participate in the voir dire examination of prospective jurors.

Respectfully Submitted

Dated: Nov. 29, 2004

Patrick A. Triumph
Defendant, ProSe