<u>UNITED STATES DISTRICT COURT</u>

FILED
2004 DEC -7 P 12:45
U.S. DISTRICT COURT
NEW HAVEN CT

<u>DISTRICT OF CONNECTICUT</u>

UNITED STATES OF AMERICA
PLAINTIFF

vs.

PATRICK A. TRIUMPH
DEFENDANT

CASE NO. <u>3:02CR81 (JBA)</u>

<u>MEMORANDUM TO
SUPPLEMENT MOTION
FOR APPLICABLE RULING
OF BLAKELY vs.
WASHINGTON IN THE
SENTENCE DETERMINATION</u>

The defendant, Patrick A. Triumph, <u>PRO SE</u>, respectfully submits this memorandum to supplement motion for applicable ruling of the recent Supreme Court's case in <u>Blakely v. Washington</u>, 124 S.CT 2531 (2004), <u>RES JUDICATE</u> in the applicable proviso of the sentence determination in the above-captioned case.

The <u>Blakely</u> Court held that other than the fact of a prior conviction any factors that increase the penalty beyond that which the court impose solely on the basis of the facts reflected in the jury's

-1-

verdict or admitted by the defendant, except the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt.

In *Blakely v. Washington*, the Supreme Court held that sentencing enhancements imposed on the basis of judicial fact-finding under the State of Washington's sentencing guidelines scheme violated the Sixth Amendment right to a jury trial.

Article III, Section 2, cl. 3, of the Constitution provides: "The trial of all crimes, except in cases of impeachment, shall be by jury..." The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury..." When the Court deals with the content of this guarantee, the only one to appear in both the body of the Constitution and the Bill of Rights, it is operating upon the spinal column of American democracy. William Blackstone, the Framers' accepted authority of English law and the English Constitution, described the right to trial by jury in criminal prosecutions as "the grand bulwark of [the Englishman's] liberties, secured to him by great charter."

- 2 -

One of the indictments of the Declaration of Independence against King George III was that he had "subjected us to a jurisdiction foreign to our Constitution, and unacknowledged by our Law" in approving legislation "for depriving us, in many cases, of the benefits of trial by jury." Alexander Hamilton wrote that "the friends and adversaries of the plan of the Convention, if they agree in nothing else, concur at least in the value they set upon the trial by jury. Or if there is any difference between them, it consists in this, the former regard it as a valuable safeguard to liberty, the latter represent it as the very palladium of free government." The right to trial by jury in criminal cases was the only guarantee common to the state constitutions that predated the Constitution Convention, and it has appeared in the Constitution of every State to enter the Union thereafter. Alschuler & Deiss, A Brief History of the Criminal Jury in the United States, 61 U. Chi. L. Rev. 867, 870, 875 n 44 (1994)

The right to be tried by a jury in criminal cases obviously means the right to have a jury determine whether the defendant has been proved guilty of the crime charged. And since all crimes require proof of more than one element to establish guilt, it follows

-3-

that trial by jury means determination by a jury that all elements were proved. Moreso, the right to a jury trial provides a safeguard "against the corrupt or overzealous prosecutor and against the complaint, biased or eccentric judge." See Duncan v. Louisianna, 391 U.S. 145, 156, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968). Hence, the Sixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power. It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury.

The Supreme Court in Sullivan v. Louisianna, 508 U.S. 275 (1993), held that the interrelation of the Fifth Amendment requirement of proof beyond a reasonable doubt and the Sixth Amendment requirement of a jury verdict mandate that a constitutional deficient reasonable doubt jury instruction be deemed a structural defect in the trial mechanism warranting automatic reversal. Thus the use of the reasonable doubt standard is indispensable to command the respect and confidence in the applications of the criminal law, as well as the due process clause requires that a bias finding be proved to a jury beyond a reasonable doubt.

According, the defendant contends

-4-

that the inclusion of relevant conduct and other elements of special findings which were not determined by a jury would be in direct violation of the Blakely Court, and would perniciously deprive the defendant his rights of due process and equal protection of law, contrary to the due process clause of the Fair Trial and Sentencing Act guaranteed by the Fifth and Sixth Amendment of the United States Constitution.

In United States v Brown, 79 F 3d 1150 (11th Cir 1996, held that "The exercise of federal government power to criminalize conduct must be watched carefully in a country that values the liberties of its private citizens. Never can we allow prosecutors to make up the law as they go along." The jury has a right to determine both the law and the facts. (Samuel Chase, U.S. Supreme Court Justice, 1796, Signer of the Unanimous Declaration.

Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them. Miranda v. Arizona, 384 US 436.

Respectfully Submitted.

Nov 30, 2004

Patrick A. Triumph.
Defendant, Pro Se.