**UNITED STATES DISTRICT COURT**
                       **DISTRICT OF CONNECTICUT**

**United States**                   :
                                    :
**v.**                              :      No. 3:02cr81(JBA)
                                    :
**Patrick Triumph**                 :

                              **ORDER**

1.  Defendant's Motion to Command Federal Mandated Conditions of
    Incarceration of Defendant in Pre-trial Custody [Doc. #
    279]; Defendant's Emergency Supplemental Motion to Command
    Federal Mandated Conditions of Incarceration of Defendant
    [Doc. # 311] are DENIED.  Defendant has not provided any
    specifics about how his conditions of confinement restrict
    his access to the courts and his ability to prepare his
    defense, nor has he given any indication of efforts to
    contact the Inmate Legal Assistance Program.  Defendant may
    renew his motion regarding his ability to prepare his
    defense upon offering particularization of his claim, and
    should address in any renewed motion whether he would like
    counsel to be reappointed.  If defendant wishes to pursue
    claims regarding his conditions of confinement that are
    broader than those relating to his ability to prepare his
    defense, he must pursue such claims in a separate civil
    action under 42 U.S.C. § 1983 after exhaustion of
    administrative remedies.

2.  Defendant's Motion to Meet Witnesses While in Custody to
    Prepare for Trial Proceedings [Doc. # 280]; Emergency Motion
    for Ruling on Motion to Meet with Witnesses While in Custody
    to prepare for trial proceedings [Doc. # 310] are GRANTED.
    Appropriate arrangements for defendant to meet with
    witnesses will be made once the trial schedule is set.  The
    trial schedule will be discussed at a pre-trial conference
    at the conclusion of defendant's sentencing hearing on
    December 15.

3.  Defendant's Motion for Ruling on All Pending Motions [Doc. #
    282] is GRANTED.

4.  Defendant's Motion to Dismiss Counts 1 through 4, 9, 12
    through 15, 18, 19, 21 through 31, and 33 through 38 [Doc. #
    284] is DENIED, as "a retrial following a 'hung jury' does
    not violate the Double Jeopardy Clause."  Richardson v.
    United States, 468 U.S. 317, 324(1984).

                                 1

5.  Defendant's Motion of Notice of Appeal on Ruling of Defendant's Motion for Release Pending Sentencing [Doc. # 287] is DENIED.  This motion is more properly raised with the Court of Appeals.

6.  Defendant's Motion for Reconsideration of Motion for Disclosure of Matters Occurring Before the Grand Jury [Doc. # 289]; Emergency Motion to Dismiss Indictment and Set Aside Judgment Due to Prosecutorial Misconduct in Grand jury [Doc. # 290]; and Emergency Motion for Evidentiary Hearing to Dismiss Indictment due to Prosecutorial Misconduct in Grand Jury [Doc. # 303] are DENIED.  Defendant has submitted an affidavit by Angella C. Thompson, in which she states that she recalls that she testified before the grand jury on March 26, 2002, a date she associates with a friend's birthday, not March 19, 2002.  She does not challenge or retract the substance of her testimony.  Defendant also notes that Assistant U.S. Attorney David Sullivan was added as an attorney on the Court's docket on the day the indictment was returned.

    Where there is a claim of prosecutorial misconduct before the grand jury, "[d]ismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is a 'grave doubt' that the decision to indict was free from the substantial influence of such violations." Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988) (citation omitted). The new evidence and arguments defendant presents provide no basis for finding that any misconduct occurred before the grand jury, and have no bearing on the grand jury's decision to indict.  Accordingly, the Court declines to reconsider its earlier decision denying defendant's motion for disclosure of matters occurring before the grand jury, and motion to dismiss indictment due to prosecutorial misconduct before the grand jury.  See Ruling of August 24, 2004 [Doc. # 162] at ¶¶ 1, 2; see also Ruling of February 25, 2004 [Doc. # 79].

7.  Defendant's Emergency Motion of Subpoena Duces Tecum of Deborah M. Murphy, Special Agent [Doc. # 294], Defendant's Emergency Motion of Subpoena Duces Tecum on David Sullivan, Assistant United States Attorney [Doc. # 295], Defendant's Emergency Motion of Subpoena Duces Tecum on Grand Jury Witness, Pekah Wallace [Doc. # 297], Defendant's Emergency motion of Subpoena Duces Tecum on Grand Jury Witness,

>  Angella C. Thompson [Doc. # 298], Defendant's Motion to Subpoena Duces Tecum, Patrick Leahy, Special Agent, IRS [Doc. # 299], Defendant's Motion to Subpoena Licensed Shorthand Reporter, Cindy J. Castaldo, 383 [Doc. # 300] are DENIED. Defendant seeks materials related to the grand jury proceedings in this case. Such disclosure is inappropriate in light of this Court's prior rulings.

8. Defendant's Emergency Motion to Enforce Subpoena on Ex-Defense Counsel Robert J. Percy [Doc. # 296] is DENIED. Defendant has not shown that he properly served a subpoena and that the subpoena has not been complied with. Defendant's motion for subpoena on defense counsel Robert Percy [Doc. # 194] has been granted. See Endorsement Order, Sept. 15, 2004 [Doc. # 199]. Defendant has responsibility to prepare that subpoena and deliver it for service by U.S. Marshal.

9. Defendant's Motion to Subpoena Duces Tecum Assistan Federal Defender Thomas P. Belsky [Doc. # 301] is DENIED as moot. As previously noted in this Court's September 16, 2004 order, it is undisputed that Mr. Belsky's files related to his prior representation of defendant have been provided to Mr. Triumph.

10. Defendant's Motion to Dismiss Count 40, 18 U.S.C. § 3146(a)(1), Failure to Appear Due to Double Jeopardy Protection and Prosecutorial Misconduct [Doc. # 305] is DENIED. As Count 40 was severed and defendant has not been tried on this count, there is no double jeopardy bar. For the reasons discussed above, and in this Court's prior rulings on this subject, defendant has not made out a prima facie case of prosecutorial misconduct before the grand jury resulting in the return of a superseding indictment on July 13, 2004.

11. Defendant's Motion of Subpoena Duces Tecum of Sharon Montini, Official Court Reporter [Doc. # 306] is DENIED. Defendant has been provided with a copy of the February trial transcript.

12. Defendant's Emergency Motion for Completed and Certified Trial Transcript of the Second Trial Proceedings [Doc. # 308] is DENIED as moot. As provided in this Court's October 20, 2004 [Doc. # 278], a transcript of the August-September trial proceedings will be prepared and sent to defendant when completed.

13. Defendant's Supplemental Motion to Amend Docket Entry No. 104 [Doc. # 313] is DENIED.  Defendant's July 13, 2004 letter to the Court has been docketed and his request to be present at a competency hearing is part of the court record.  The arguments in defendant's July 13 letter were incorporated into his later-filed Motion to Dismiss Indictment Due to Double Jeopardy, and were considered by the Court.

14. Defendant's Motion to Issue a Subpoena Duces Tecum for Donald P. Eddy, Foreperson, grand Jury H-04-1 [Doc. # 332] and Motion to Issue a Subpoena Duces Tecum for Ellen Szamier, LSR # 162, Falzarando Court Reporters [Doc. # 333] are DENIED.  For the reasons discussed above and in this Court's prior rulings on this subject, defendant is not entitled to disclosure of matters occurring before the grand jury matters, except as Jencks material.

15. Defendant's Motion for Subpoena Duces Tecum for Psychiatrist Dr. Patricia Kelly [Doc. # 336] is GRANTED, to the extent defendant seeks documents or records in Dr. Kelly's possession.  The Court's October 21, 2004 Order [Doc. # 278] granted defendant's previous Motion for Subpoena of Expert Witness Dr. Patricia Kelly [Doc. # 230], absent objection.  Defendant was directed to submit to the Clerk's office a subpoena duce tecum for the documents sought.  Defendant has not done so.

16. Defendant's Motion to Subpoena Warden, A. F. Beller, Federal Medical Center [Doc. # 337] is GRANTED, to the extent defendant seeks documents or records in Dr. Beller's possession.  To the extent defendant seeks to have Warden Beller answer interrogatories posed by defendant, the motion is denied.  The Court's October 21, 2004 Order [Doc. # 278] granted defendant's previous Motion to Subpoena Warden, A. F. Beller, Federal Medical Center [Doc. # 236], absent objection, and directed defendant to submit a subpoena for the documents sought.  Defendant has not yet done so.

17. Defendant's Motion to Subpoena Duces Tecum, Kevin F. Rowe, U.S. District Courts [Doc. # 302] is DENIED as moot.  Defendant has been provided with a copy of the requested documents.

18. Defendant's motion for Demand for Speedy Trial and Objections to Rescheduled Jury Selection on the Failure to Appear [Doc. # 309] is DENIED.  This Court has addressed defendant's arguments in previous rulings.  See [Docs. ##

162, 175, 278]. Count 40 was contained in a superseding indictment returned on July 13, 2004. The speedy trial clock was tolled by jury selection on August 4, 2004. The Court then granted defendant's motion for severance of Count 40, in order to permit the defendant adequate preparation time to develop his insanity defense. Because defendant sought severance in order to adequately prepare his defense, he waived his speedy trial rights with respect to that count.

19. Defendant's Motion to Demand for Speedy Trial on Counts 1, 3-4, 9, 12-15, 18-19, 21-31, 33-38, 39, 40 [Docs. ## 329, 345] is DENIED. Defendant's motion, filed with the Court on November 30, 2004, requests that jury selection on the above-mentioned counts begin on December 1. Jury selection remains scheduled for December 20, 2004. Title 18 U.S.C. §3161(e) provides that "If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final." An order declaring a mistrial was entered on October 12, 2004, and the jury selection scheduled for December 20, 2004 is in compliance with the Speedy Trial Act. The Court notes that the October 12, 2004 order was issued after the conclusion of trial on September 20, 2004, in which the jury returned only a partial verdict, and was deadlocked on the remaining counts. The December 20, 2004 jury selection date is timely, however, as 18 U.S.C. § 3161(h)(1)(F) exempts from the speedy trial calculation any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;" and § 3161(h)(1)(J) exempts "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." The defendant is scheduled to be sentenced on December 15, and has filed dozens of motions related to the sentencing and to the counts that have yet to be tried, thus triggering the statutory time exclusion.

20. Defendant's Motion to Correct the Declaration of Mistrial from 10/12/04 to 9/21/04 is Docket Number 257 [Doc. # 330] is DENIED. The docket reflects the date the written order declaring mistrial was entered. As discussed above, the Court has assumed a September 20, 2004 mistrial date in addressing defendant's speedy trial arguments.

5

21. Defendant's Motion of Subpoena Duces Tecum of Norman A. Pattis, Attorney-At-Law [Doc. # 307]; Motion for Withdrawal of Standby Counsel, Norman A. Pattis due to Subpoena Duces Tecum [Doc. # 312] are DENIED.  Counsel's Motion for Relief from Appointment [Doc. # 324] is DENIED.  As is clear from the record of trial proceedings between February 18 and February 25, 2004, defendant was represented by Assistant Federal Defender Thomas Belsky, not Norman Pattis.  To the extent there appears to be a typographical error in the index on page 935 of the February trial transcript, the court reporter is directed to docket a corrected index page.  Because the Court will not hold an evidentiary hearing and counsel will not be called to testify, the attorney-client privilege remains intact and there is no conflict of interest requiring withdrawal of counsel.

                            IT IS SO ORDERED.

                                  /s/
  _____  _____
                                  Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 14th day of December, 2004.**