UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF<br><br>vs.<br><br>PATRICK A. TRIUMPH<br>DEFENDANT | CASE NO. 3:02 CR 81 (JBA)<br><br>MEMORANDUM IN SUPPORT<br>OF MOTION TO EXPEDITE<br>THE PROCESSING OF<br>THE TRANSCRIPT OF THE<br>TRIAL AND SENTENCE |

THE DEFENDANT-APPELLANT, PATRICK A. TRIUMPH, PRO SE, RESPECTFULLY MOVES THIS HONORABLE COURT TO EXPEDITE THE PROCESSING OF THE TRANSCRIPT OF THE COMPLETE TRIAL AND SENTENCE PROCEEDINGS FOR THE APPELLATE REVIEW IN THE ABOVE-CAPTIONED CASE, PURSUANT TO THE CRIMINAL JUSTICE ACT, 18 U.S.C. SECTION 3006A; AND RULE 10(b) OF THE FEDERAL RULES OF APPELLATE PROCEDURE.

IN SUPPORT OF THIS MOTION, THE DEFENDANT-APPELLANT STATES THE FOLLOWING:

1. That he has filed a timely PRO SE Motion of the Notice of Appeal of the Conviction and Sentence on December 16, 2004.

2. That the issues of the Appeal-

-1-

ARE NON-FRIVOLOUS AND MERITORIOUS.

3. That he was denied his rights of due process to a fair trial and a fair sentence guaranteed by the Fifth and Sixth Amendment of the United States Constitutions.

4. That he has made four (4) prior requests to the Court Reporter, Sharon Montini, to obtain such transcripts, but has not had any response from the Court Reporter.

5. That the continued delay in the processing of the transcript will be a continued demonstration of a deep and bitter prejudice of the Defendant-Appellant in the Appellate Proceedings.

6. That the transcripts requested are necessary for the adequate and effective presentation of the issues that are being appealed.

7. That he has waived his right to counsel, and that the waiver of counsel is knowingly, willingly and intelligently.

8. That he has elect to proceed in self-representation in the Appellate Process; and that he has a statutory and a constitution right to proceed without the assistance of counsel. See 28 U.S.C.

-2-

Section 1654; *Faretta v. California*, 422 US 806 (1975)

9. That he has unambiguously, unequivocally and unmistakably affirmed his statutory and constitutional right of self-representation in the Notice of Appeal.

10. That he is indigent and has filed the Notice of Appeal *in forma pauperis* to obtain the transcript at the expense of the United States pursuant to the Criminal Justice Act.

Further, the Defendant-Appellant contends that the Supreme Court held in *Griffin v. Illinois*, 351 US 12, 100 LEd 841, 76 SCT 585 (1956), that criminal defendant has right to record on appeal which includes complete transcript of proceedings at trial. Also, see *United States v. Neal*, 27 F.3d 1035 (5th Cir. 1994) (same). In *United States v. Huggins*, 191 F.3d 532 (4th Cir. 1999) states that "Defendant has a right to a meaningful appeal based on a complete transcript."

Moreso, In *United States v. McCusker*, 936 F.2d 781 (5th Cir. 1991), stated that 1). Requirements of Court Reporter Act are mandatory, and exceptions to requirements should be few and narrowly construed. 2). Any editing of official court transcript, in any form, without parties' consent

-3-

is prohibited. Also see, e.g., <u>United States District Court for E.D. of Washington v. Sandlin</u>, 12 F3d 861 (9th Cir. 1993).

Wherefore, the Defendant-Appellant submits this Memorandum in support of the expedited transcript required for the adequate preparation of the appellate review in <u>Sub Judice</u>.

Respectfully Submitted,

Dated: December 27, 2004

Patrick A. Triumph
Defendant-Appellant, <u>Pro Se</u>

-4-