UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

2004 DEC 28   P 1:32

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES OF AMERICA
PLAINTIFF

CASE NO: 3:02 CR 81 (JBA)

vs.

PATRICK A. TRIUMPH
DEFENDANT

MOTION FOR DISCOVERY ON COUNT 40; FAILURE TO APPEAR, 18 U.S.C. SECTION 3146(a)(1)

COMES NOW THE DEFENDANT, PATRICK A. TRIUMPH, PRO SE, RESPECTFULLY MOVES THIS HONORABLE COURT FOR AN ORDER GRANTING discovery AND INSPECTION OF THE FOLLOWING:

I. BRADY MATERIAL: Brady v. Maryland, 373 U.S. 83 (1963)

(A). ALL INFORMATION IN THE POSSESSION OF THE GOVERNMENT which is FAVORABLE TO THE DEFENDANT AND which RELATES TO TENDS TO RELATE TO THE GUILT OR INNOCENCE OF THE DEFENDANT AND TO THE QUESTION OF PUNISHMENT; ALL INFORMATION which MAY BE USED FOR IMPEACHMENT of GOVERNMENT WITNESSES.

(B). ALL INFORMATION IN THE POSSESSION OF THE GOVERNMENT which shocks THE CONSCIENCE AND is FAVORABLE TO THE DEFENDANT

(C). ALL MATERIAL EVIDENCE which REASONABLY RELATED TO THE REASONABLE doubt of GUILT OR which

-1-

reasonably related to sentence. <u>United States v. Agurs</u>, 427 U.S. 97 (1976)

(d). Any and all information showing or tending to show a lack of criminal intent on the part of the defendant.

(e) Any and all information showing or tending to show defendant's lack of knowledge as to the nature of any transactions mentioned in the indictment.

(f) Any and all information that is favorable to the defendant or which may lead to favorable information or which may be used for impeachment of government witnesses.

(G) Defendant further requests disclosure of any and all statements of any and all individuals which may be inconsistent, in whole or in part, with any other statement made by the same individual; and any statements made by any individuals which are inconsistent, in whole or in part, with any and all statements made by other individuals who have given statements relevant to the charges against the defendant.

11. <u>Grand Jury</u>

(a). The names and current addresses of witnesses appearing before the Grand Jury.

(b) State whether any witness before the Grand Jury summarized all the testimony or events given before the Grand Jury in connection

-2-

with this Indictment. If the answer is in the affirmative, state whether the Grand Jury was specifically and clearly advised that it was receiving summarized testimony.

(c) Summaries and copies of the statements of witnesses not presented or conveyed to the Grand Jury.

(d) A list of the names and titles of each Government employee who was present in the Grand Jury room during the taking of any testimony (other than his own) in the course of the investigations of this case, or who was present during any other portion of the Grand Jury proceeding herein.

(e) A list of the names and titles of each Government employee who, prior to the return of the Indictment herein, examined outside the Grand Jury's presence any document or other item obtained by means of any Grand Jury subpoena issued in the course of the investigation of this case.

(f) A list of any letter or other document authorizing the examination of Grand Jury materials by each of the Government employees.

(g) A list of all Grand Jury subpoenas issued for documents and/or testimony in this case.

(h) State whether the Grand Jury was a special or a regular Grand Jury.

-3-

(i) State the date the Grand Jury was empanelled.

(j) State the date the Grand Jury returned or concluded the investigation.

(k) State the manner in which the Grand Jurors were selected.

(l) State whether the Indictment in its final form was drafted by the prosecutor before the Grand Jury voted to return and indict.

(m) Furnish the defendant with a copy of the attendance record of each Grand Juror who voted this Indictment.

(n) State whether any Grand Juror who voted to return the Indictment was not continuously present when all the evidence underlying the Indictment was presented to the Grand Jury if such is not disclosed by an examination of the attendance records as herein above requested.

(o) State whether any witness before the Grand Jury testified with regard to circumstances or transactions about which he had no personal knowledge and if so, whether the Grand Jury was clearly and specifically advised that it was receiving hearsay testimony. This question is supplemental and not repetitive of question (b) supra.

(p) State whether the Indictment, in its final

-4-

FORM WAS EXHIBITED OR READ VERBATIM TO EACH GRAND JUROR BEFORE SHE/HE VOTED THE INDICTMENT.

III. **JENCKS MATERIAL (18.U.S.C. SEC. 3500)**

(a) DEFENDANT, DEMANDS THAT THE GOVERNMENT FURNISH HIM WITH JENCKS ACT MATERIAL WITHIN FORTY-FIVE (45) DAYS OF THE TRIAL DATE SET IN THIS ACTION.

IV. **GENERAL**

(a) THE TERM "GOVERNMENT" AS USED THROUGHOUT THIS MOTION INCLUDES THE UNITED STATES ATTORNEY, OR ANY EMPLOYEE OF THE UNITED STATES DEPARTMENT OF JUSTICE, SPECIAL AGENTS OR EMPLOYEES OF THE INTERNAL REVENUE SERVICE/DEPARTMENT OF TREASURY, THE UNITED STATES MARSHALS SERVICE, AND ANY OTHER PERSON ACQUAINTED OR INVOLVED WITH THE UNITED STATES GOVERNMENT OR ANY OTHER MUNICIPALITY OR SUBDIVISION THEREOF.

(b) DEFENDANT ASSERTS THAT THE ABOVE DISCOVERY REQUESTS REPRESENT DEMANDS WHICH ARE CONTINUING IN NATURE AND WHICH REQUIRE THE GOVERNMENT TO TURN OVER SUCH ITEMS AS MAY COME INTO THEIR POSSESSION AT A LATER DATE.

(c) DEFENDANT DEMANDS THAT THE GOVERNMENT COMPLY WITH THE ABOVE REQUESTS BY FORWARDING THE ITEMS WITHIN ITS POSSESSION TO THE DEFENDANT WITHIN FORTY-FIVE (45) DAYS. OF THE TRIAL DATE.

Respectfully Submitted

Dated: December 22, 2004

Patrick A. Triumph.
Defendant, Pro Se

-6-