FILED

<u>UNITED STATES DISTRICT COURT</u> 2004 DEC 30 P 12: 32
<u>DISTRICT OF CONNECTICUT</u>

U.S. DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF<br><br>vs.<br><br>PATRICK A. TRIUMPH<br>DEFENDANT | CASE NO. <u>3:02CR81(JBA)</u><br><br><u>EMERGENCY MOTION TO<br>DISMISS COUNT 40, FAILURE<br>TO APPEAR DUE TO<br>NON-COMPLIANCE OF<br>SPEEDY TRIAL.</u> |

The DEFENDANT, PATRICK A. TRIUMPH, <u>PRO SE</u>, RESPECTFULLY MOVES THIS HONORABLE COURT TO ENTER AN ORDER OF DISMISSAL OF COUNT 40, FAILURE TO APPEAR; 18 U.S.C. SECTION 3146(a)(1), IN THE SUPERCEDING INDICTMENT, DUE TO THE NON-COMPLIANCE OF THE SPEEDY TRIAL ACT OF 1974 AND THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

The CONTENDS THAT THE SIXTH AMENDMENT GUARANTEES THAT "IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED SHALL ENJOY THE RIGHT TO A SPEEDY AND PUBLIC TRIAL, BY AN IMPARTIAL JURY OF THE STATE AND DISTRICT WHEREIN THE CRIME SHALL HAVE BEEN COMMITTED, WHICH DISTRICT SHALL HAVE BEEN PREVIOUSLY ASCERTAINED BY LAW."...

-1-

The Speed Trial Act of 1974 (as amended), 18 U.S.C Section 3161(e) "states, if the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final--- Except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from the passage shall make trial within seventy days impractical. The periods of delay enumerated in Section 3161(h) are excluded in computing the time limitations specified in the section. Moreso, "Trial" for purposes of speedy trial calculations begins at voir dire. [See, 18 U.S.C.A Section 3161(e)(1); See, E.g Government of the Virgin Islands v. Duberry, 923 F.2d 317, 320-21 (3d Cir. 1991); United States v. Fox, 788 F.2d 905, 908 (2d Cir. 1986); United States v. A-A-A Electrical Co., 788 F.2d 242, 246 (4th Cir. 1986); United States v. Crane, 776 F.2d 600, 603 (6th Cir. 1985).

Accordingly, the defendant contends that the failure of the District Court to conduct a voir dire in compliance of the

-2-

provision of the Speedy Trial Act has substantially prejudice him in this case. The Supreme Court has states that the main factors to be considered in an evaluation of whether the constitutional right to a speedy trial has been violated are the length of delay, the reason for the delay, whether the defendant asserted his speedy trial right, and prejudice to the defendant. See <u>Barker v. Wingo</u>, 407 U.S. 514, 530, 92 S.CT 2182, 2191, 33 L.ed. 2d 101 (1972).

Further, the defendant contends that Rule 12.2; Notice of an Insanity Defense which is a separate Pre-Trial motion does not preclude the Government from the Voir dire pursuant to 18 U.S.C.A Section 3161(c)(1); as a constitutional Sixth Amendment Protection. More so, in a Prior Motion indicated that he has been ready to proceed to trial, and <u>de facto</u> motion his demand for a speedy trial, in a separate letter to the Prosecuting United States Attorney, Mr David Ring.

Wherefore, the defendant prays that this Honorable Court issue an order to dismiss Count 40, Failure to Appear; 18 U.S.C Section 3146 (a)(1); in the Superseding Indictment, and for any other relief that may be just and proper in <u>Sub Judice</u>

Respectfully Submitted.

Dated: December 25, 2004

Patrick A. Triumph.
Defendant Pro Se.