UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 DEC 30 P 12: 41
CASE NO: 3:02CR81(JBA)
U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES OF AMERICA
PLAINTIFF

VS.

PATRICK A. TRIUMPH
DEFENDANT

MOTION TO DISMISS
COUNT 40, FAILURE TO
APPEAR DUE TO
VINDICTIVE PROSECUTION

THE DEFENDANT, PATRICK A. TRIUMPH, PRO SE RESPECTFULLY MOVES THIS HONORABLE COURT TO ISSUE AN ORDER TO DISMISS COUNT 40, FAILURE TO APPEAR DUE TO VINDICTIVE PROSECUTION, IN VIOLATION OF THE DUE PROCESS CLAUSE AND EQUAL PROTECTION CLAUSE GUARANTEED BY THE FIFTH AND SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

THE DUE PROCESS CLAUSE PROTECTS DEFENDANTS FROM VINDICTIVE TREATMENT BASED ON THE EXERCISE OF THEIR CONSTITUTIONAL AND STATUTORY RIGHTS. SEE. UNITED STATES V. GOODWIN, 457 US 368, 372 (1982). UNITED STATES V. GOMEZ-ORDUNO, 235 F3d 453 (9th Cir. 2000), PROSECUTOR VIOLATES DUE PROCESS WHEN HE SEEKS ADDITIONAL CHARGES SOLELY TO PUNISH A DEFENDANT EXERCISING A CONSTITUTIONAL OR STATUTORY RIGHT. ALSO SEE, UNITED STATES V. NYHUS, 211 F3d 1340 (11th Cir. 2000) AFFIRMING THAT LAW ENFORCEMENT TECHNIQUES THAT

-1-

ARE SHOCKING TO THE UNIVERSAL SENSE OF JUSTICE MANDATED by THE DUE PROCESS CLAUSE VIOLATE THE CONSTITUTION.

IN BRAGAN v. POINDEXTER, 249 F.3d 476 (6th. Cir. 2001), held ThaT 1). CRIMINAL PROSECUTION which would NOT have been INITIATED buT FOR VINDICTIVENESS is CONSTITUTIONALLY proHibiTED, And 2). The Remedy FOR PROSECUTORIAL VINDICTIVENESS IS DISMISSAL OF THE CHARGES OR OTHER APPROPRIATE REMEDIES. Also SEE, KINZER v. JACKSON, 316 F3d 139 (2nd Cir. 2003). FREEDOM FROM MALicious PROSECUTION is A CONSTITUTIONAL RighT. MORESO, IN SU V. FILION, 335 F3d 119 (2nd Cir. 2003), The PROSECUTOR is AN officer of The COURT whose duty is To presenT A FORCEFUL And TRUTHFUL CASE To The JURY, NOT To win AT ANY COST.

MORESO, THE SUPREME COURT in BURGER vs. UNITED STATES, 295 US 78, 88, 79 L.Ed 1314, 55 S.CT 629 (1935), held "While A PROSECUTOR is clearly AUTHORIZED TO STRIKE hARD blows IN AN EARNEST And VIGOROUS PROSECUTION, he OR she is NOT AT LiberTy TO STRIKE FOUL ones. THE Second CircuiT IN UNITED STATES v. JOHNSON, 171 F.3d 139 (2nd Cir. 1999) STATED ThaT "A PRESUMPTION OF VINDICTIVENESS IN INITIATING PROSECUTION ARISES when THE circumstances OF THE CASE CREATE A REALISTIC Likelihood of PROSECUTORIAL VINDICTIVENESS.

-2-

## Discussion

The Doctrine of prosecutorial vindictiveness has its roots in two Supreme Court decisions: North Carolina v. Pearce, 395 U.S. 711 (1969), and Blackledge v. Perry, 417 US. 21 (1974). In the former case, Pearce successfully appealed a conviction and was retried on the same charges. He was convicted again, and received a longer sentence that at his first trial. The Supreme Court held that such an increase in sentence, unless supported by independent reasons in the record, violates due process because it appears to penalize a defendant for exercising his right to appeal. In Blackledge, the defendant exercised a state-law right to retrial de novo of his misdemeanor conviction. Before retrial, the prosecution indicted the defendant on a felony charge based on the same conduct. The Supreme Court, applying the reasoning of Pearce, held that this prosecutorial conduct also violated due process. Actual vindictiveness must play no part in a prosecutorial or sentencing decision and, "since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of his rights," the appearance of vindictiveness must also be avoided. Pearce, 395 US at 725; Blackledge, 417 US at 28.

This need to avoid the appearance of vindictiveness has taken the form of a presumption of prosecutorial vindictiveness,

United States v. Goodwin, 457 US. 368, 373, Applied when (but only when) the circumstances of a case pose a "Realistic Likelihood" of such vindictiveness, Blackledge, 417 US at 27. For example, the pretrial threat by the prosecution to increase charges if the defendant insists on exercising a constitutional right, such as the right to a jury trial.

A vindictive motive "will be found where there is direct evidence of actual vindictiveness, or a rebuttable presumption of a vindictive motive may arise under certain circumstances." See United States v. White, 972 F.2d 16, 19 (2nd Cir. 1992). See also Lane v. Lord, 815 F.2d 876, 879 (2nd Cir. 1987); United States v. Contreras, 108 F.3d 1255, 1262 (10th Cir. 1997).

The defendant contends that the case of United States v. Triumph, CR No. 3:02CR81 (JBA), the presumption of vindictiveness is consistent with Blackledge, 417 US at 27, where the superseding indictment after the mistrial expose the defendant to a greater term of imprisonment.

Accordingly, the Government, in the sentencing memorandum moved for a increase sentenced for the failure to appear pursuant to the United States

-4-

Sentencing Guideline Section 3C1.1 (obstruction of Justice), and now seeks additional sentence for the same offence pursuant to failure to appear, 18 U.S.C. Section 3146(a)(1). Moreso, in examining whether there have been independent and intervening circumstances, courts have traditionally looked at whether the second indictment is based upon facts and circumstances known to the prosecution at the time it filed the first indictment. See United States v. Esposito, 968 F.2d 300, 306 (3d Cir. 1992) (no presumption where prosecutor's action based on new facts).

The government justification of a superseding indictment as a result of Blakely v. Washington, 124 S.Ct. 2531 (2004) is clearly an act of prosecutorial deception and abuse, where the government de facto in the sentencing memorandum asserted that the prevailing law in the District must be that under United States v. Mincey, 2004 W.L. 1794717 (2d Cir. 2004) as a basis for increasing the sentencing.

Accordingly, it is the rudimentary obligation of this court to protect against such inherent prejudices and vindictive prosecution, and continue judicial proceedings in this cause will make the court to such illicit and immoral conduct and will cause the court to become negligent in its duty to supervise the administration of justice

-5-

IN THIS CRIMINAL CASE AT BAR.

WHEREFORE, THE DEFENDANT PRAYS THAT that this HONORABLE COURT ISSUE AN ORDER TO DISMISS THIS INDICTMENT, AND FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT SEEMS JUST AND PROPER.

DATED: December 27, 2008

Respectfully Submitted.

PATRICK A. TRIUMPH.
DEFENDANT, PRO SE.

- 6 -