<u>United States District Court</u>
<u>District of Connecticut</u>

| | |
|---|---|
| United States of America<br>Plaintiff<br><br>vs.<br><br>Patrick A. Triumph<br>Defendant | Case No. 3:02CR81(JBA)<br><br>Motion To Dismiss<br>Count 40; Failure<br>To Appear due To<br>Double Jeopardy |

The Defendant, Patrick A. Triumph, pro se, respectfully moves this Honorable Court to issue an order dismissing Count 40; Failure To Appear, 18 U.S.C. Section 3146(a)(1); of the superseding Indictment due to Double Jeopardy protection under the Fifth Amendment of the United States Constitutions.

The Fifth Amendment to the United States Constitution provides, in pertinent part, that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." See <u>Abney v. United States</u>, 431 U.S. 651 (1977); <u>United States v. Dinitz</u>, 424 U.S. 600 (1976). Moreso, in <u>United States v. DiFrancesco</u>, 449 US 117, 66 L Ed 2d 328, 101 SCT 426 (1980)(" Double Jeopardy prohibits

-1-

increase in defendant's sentence when legitimate expectation of finality has attached to sentence.)

## The Civil Forfeiture Action

The Government filed for Decree of Forfeiture and for Default Judgement against Defendant on March 11, 2003, in RE. Appearance Bond of Patrick Triumph [DOC #23]

On March 13, 2003, the United States District Court for the District of Connecticut (Arterton, J.) entered a Default Judgement in Amount of $75,000 in favor of the U.S.A. and against defendant Patrick Triumph and his Surety, Town and Country Realty, jointly and severally. [DOC #26].

On March 25, 2004, the full Payment of the Amount of $75,000.00, represented fine Payment by Patrick Triumph was made. Receipt # N012000. Money obtain from the Sale of the Town and Country Business Premises. [DOC #90].

## The Superseding Indictment

On July 13, 2004, a Superseding Indictment was returned which charged the defendant with 38 counts of Aiding and Abetting the Filing of False Tax Returns, with one count of Interference with the Administration of Internal Revenue Laws, in violation of 26 USC. Section 7212, and one count of Failure

- 2 -

to appear, in violation of 18 U.S.C. Section 3146(a)(1). On August 24, 2004, the motion to sever Count 40 from the Superseding Indictment was granted by the court, primarily to afford the defendant an opportunity to develop his insanity defense and to give the Government an opportunity to have the defendant medically examined.

On September 20, 2004, Mr Triumph was found guilty by jury verdict to counts 5, 6, 7, 8, 10, 11, 16, 17, 20 and 32 of the Superseding Indictment in Criminal Number 3:02CR81(JBA), which charges Aiding and Abetting the Preparation of False Tax Returns in violation of 26 U.S.C. Section 7206(2). The jury could not reach a verdict on the other 28 counts pertaining to this charge. Additionally, the jury could not reach a verdict on the charge that Mr Triumph interfered with the Internal Revenue Service, Count 39. The Failure to Appear charge, Count 40 was sever and will be considered in a separate trial.

<u>Double Jeopardy Protection</u>.

The Supreme Court has ruled that included in the double jeopardy is a prohibition on multiple punishment for the same crime. See <u>Rutledge v. United States</u>. (1996, US) 134 L. Ed 2d 419, 116 S CT 1241, examines whether a defendant can have concurrent

-3-

sentences imposed following conviction in a single trial for offenses based on the same conduct.

In <u>United States v. Ursery</u>, 518 US 267, 135 L.ed 2d 549, 116 SCT 2135 (1996) and <u>United States v. $405,089.23</u>, the Court considers whether criminal prosecution and a separate property forfeiture based on the same offense constitutes double jeopardy in the consolidated cases of <u>United States v. Ursery</u> and <u>United States v. $405,089.23</u>. The Government sought to seize Ursery's property claiming that it was used to further unlawful possession and distribution of marijuana. Ursery eventually paid an agreed upon sum of money instead. He sought to overturn his criminal conviction on double jeopardy grounds since it occurred after the property forfeiture action. The district court rejected Ursery's contention concluding that the forfeiture and criminal conviction were part of a "single coordinated prosecution." The Court of Appeals for the Sixth Circuit, however, reversed holding that Ursery's consent judgement in the civil proceeding was sufficiently like a plea agreement in a criminal case that jeopardy had attached when the forfeiture complaint was filed. In $405,637.23 Charles Arlt and James Wren were convicted on several federal drug trafficking and money laundering charges. A civil forfeiture complaint was filed following the indictment

-4-

of ARLT and WREN, but by mutual consent deferred until the conclusion of the criminal proceedings. Following their conviction, the government successfully sought summary judgement on the forfeiture complaint. The Court of Appeals for the Ninth Circuit reversed, however, ruling that the property forfeiture was punishment for the same offenses underlying the criminal conviction. The Supreme Court ruled that the government can seek both criminal penalties and civil forfeiture to seize property without violating the prohibition against double jeopardy.

Chief Justice Rehnquist summarized prior double jeopardy cases and suggested that those cases "did not foreclose" the possibility that in a particular case a civil penalty may be "so extreme and so divorced from the government's damages and expenses as to constitute punishment." Further, civil forfeiture, as it is typically used, is not primarily punitive. In the Court's view, the forfeiture proceedings under challenge in these cases did not demonstrate that they were "so punitive in form and effect as to render them criminal." To the contrary, Rehnquist pointed to the "important nonpunitive goals" of the federal forfeiture laws such as "encouraging"

-5-

property owners to take care in managing their property and ensuring that owners will not "permit that to be used for illegal purposes." The fact that a forfeiture statute, Rehnquist concluded, "has some connection to a criminal violation is far from the 'clearest proof' necessary to show the proceeding is criminal." Finally, it had been held in <u>Austin v. United States (1993)</u> 509 U.S. 602, 125 L.Ed 2d 488, 113 S.Ct. 2801, that a civil forfeiture could violate the Eighth Amendment protection against excessive fines.

    The Supreme Court agreed in <u>Hudson v. United States</u>, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed. 2d 450 (1997), although for different reasons. Chief Justice Rehnquist said for the Court that whether a particular penalty is criminal or civil is "at least initially, a matter of statutory construction." The Court must then determine whether the statutory scheme was so "punitive either in purpose or effect" so as to "transform" what was intended as a civil remedy into a criminal penalty. Applying "traditional" double jeopardy principles to the case of <u>United States vs. Triumph</u>, CR No. 3:02CR81 (JBA), there is no doubt that the civil forfeiture of the bail of $75,000 violated the excessive

-6-

Fines provision of the Eight Amendment of the United States Constitution. Moreso, based on the financial impoverishment of the defendant and his family, having no assets, no income and no insurance, the civil forfeiture must be construed as so punitive in form and effect as to render them criminal. See e.g. United States v. Halper, 490 U.S. 435, 109 S.CT 1892 (1989), where it is determined that certain civil forfeiture actions constitutes "punishment" under Halper. Further, in Green vs United States, 355 US 184, 2 L ed 2d 199, 87 SCT 221 (1961), it is held that "the constitutional right not to be placed in double jeopardy, being a vital safeguard in American society, should not be given a narrow, grudging application".

In Abney v. United States, 431 U.S. 651, 658-62 (1977), the Supreme Court held that denial of motion to dismiss indictment on double jeopardy grounds immediately appealable because collateral issue and delay irreparably harms defendant's right not to be tried twice for the same offense. Also, the Second Circuit in United States v. Morgan, 51 F.3d 1105, 1107 (2d Cir. 1995) held that denial of motion to dismiss on double jeopardy grounds immediately appealable under collateral order doctrine.

-7-

Wherefore, the defendant prays that this Honorable Court issue an order to dismiss Count 40: Failure to Appear, 18 U.S.C. Section 3146(a)(1) of the Superseding Indictment; and for any other relief that may be just and proper in this cause.

Dated: DEC 25, 2004

Respectfully Submitted

Patrick Triumph
Defendant-Pro Se