# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA
PLAINTIFF

vs.

PATRICK A. TRIUMPH
DEFENDANT

FILED
2004 DEC 30 P 12:39
U.S. DISTRICT COURT
NEW HAVEN, CT

CASE NO: 3:02CR81(JBA)

MEMORANDUM TO SUPPLEMENT MOTION TO DISMISS COUNT 40; FAILURE TO APPEAR, due TO DOUBLE JEOPARDY PROTECTION.

The defendant, Patrick A Triumph, pro se, submits this memorandum to supplement motion to dismiss count 40, failure to appear, in violation of 18 U.S.C. Section 3146(a)(1) due to the Double Jeopardy Clause of the Fifth Amendment which protects a defendant against three distinct abuses: "A second prosecution for the same offense after acquittal; a section prosecution for the same offense after conviction; and multiple punishments for the same offense." United States v. Halper, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897 (1989).

The defendant contends that the Double Jeopardy Clause bar him from criminal prosecution for the failure to appear charges, in violation of 18 U.S.C. Section 3146(a)(1), because he has been already punished by the forfeiture of the bail of $75,000.00, under a civil forfeiture proceedings; in violation of the Eight Amendment of the Constitutions, which provides that

-1-

"EXCESSIVE BAIL SHALL NOT BE REQUIRED NOR EXCESSIVE FINES IMPOSED, NOR CRUEL AND UNUSUAL PUNISHMENT INFLICTED."

### FORFEITURE AS "PUNISHMENT"

THE BAIL FORFEITURE OF $75,000.00 IN THIS CASE REPRESENTED AN "OVERWHELMINGLY DISPROPORTIONATE SANCTION" AND THEREFORE CONSTITUTE "PUNISHMENT" FOR THE PURPOSES OF THE DOUBLE JEOPARDY CLAUSE. THE PROPORTIONALITY TEST, AS SET FORTH IN <u>UNITED STATES v. 38 WHALERS COVE DRIVE</u>, 954 F.2d 29 (2d Cir.) <u>CERT. DENIED SUB NOM</u>, <u>LEVIN v. UNITED STATES</u>, 506 U.S. 815, 113 S.Ct. 55, 121 L.Ed 24 (1992), IS NO LONGER THE APPROPRIATE TEST FOR DETERMINING WHETHER A CIVIL FORFEITURE MAY BE CLASSIFIED AS PUNISHMENT, AND THAT THE SUPREME COURT'S HOLDING IN <u>AUSTIN v. UNITED STATES</u>, 509 US 602, 113 S.Ct 2801, 125 L.Ed.2d 488 (1993), ALL CIVIL FORFEITURE CONSTITUTES PUNISHMENT WITHIN THE MEANING OF THE DOUBLE JEOPARDY CLAUSE.

IN <u>UNITED STATES v. HALPER</u>, 490 U.S 435, 440, 109 S.Ct 1892, 1901-02, 104 L.Ed 2d 487 (1989), THE SUPREME COURT HELD THAT "A CIVIL SANCTION THAT CANNOT FAIRLY BE SAID SOLELY TO SERVE A REMEDIAL PURPOSE, BUT RATHER CAN ONLY BE EXPLAINED AS ALSO SERVING EITHER RETRIBUTIVE OR DETERRENT PURPOSES, IS PUNISHMENT, AS WE HAVE COME TO UNDERSTAND THE TERM." WE CONSIDERED <u>HALPER'S</u> IMPACT ON CIVIL FORFEITURE IN <u>38 WHALERS COVE DRIVE</u>, WHERE WE HELD THAT "CIVIL FORFEITURES THAT ARE OVERWHELMINGLY DISPROPORTIONATE TO THE VALUE OF THE OFFENSE, MUST BE CLASSIFIED AS PUNISHMENT UNLESS THE FORFEITURES ARE SHOWN

to serve articulated, legitimate civil purposes." 954 F.2d at 35. We went on to note the "legitimate civil purposes" for forfeiture include the removal of "instrumentalities of crime from general circulation" and the compensation of "the government's investigation and enforcement expenditures, in addition to any damages the government may suffer directly as a result of criminal acts." Id. at 35-36.

In Austin, the Supreme Court held that civil forfeitures pursuant to 21 USC sections 881(a)(4) and (a)(7) constituted punishment for the purposes of the Excessive Fines Clause of the Eighth Amendment. 509 U.S. at __, 113 S.Ct at 2812. In that case, the Court considered whether the forfeiture statutes at issue were remedial or punitive, rather than whether the forfeiture of the property involved in the case was remedial or punitive. In concluding that forfeitures pursuant to these particularly mentioned statutes were not solely remedial — and therefore under Halper must be considered punitive — the Court considered three factors: (1) the historical understanding of forfeiture as punishment; (2) the focus of the statutes on the culpability of the owner; and (3) evidence, such as legislative history, that Congress understood these provisions as serving to deter and to punish. Id at __, 113 S.Ct. at 2812.

The defendant contends that Double Jeopardy attaches in this case of criminal prosecution when the jury is empanel. United States v. Martin Linen Supply Co., 430 US 564, 569

97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977); <u>United States v. White</u>, 980 F.2d 836, 842 (2d. Cir. 1992).

The majority of courts have held that jeopardy attaches in a civil forfeiture proceeding when there is an order for final administrative action against the defendant's property. See <u>United States v. Ursery</u>, 59 F3d 568, 572 (6th Cir.)(1995) ("Jeopardy attaches in a non trial forfeiture proceeding when the court... enters the judgement of forfeiture."), <u>United States v. Park</u>, 947 F.2d 130, 135 (5th Cir. 1991) (holding that jeopardy does not attach until there is adjudication or final administrative action), vacated in part on other grounds on rehearing in part, 951 F.2d 634 (5th Cir. 1992); <u>Ragin v. United States</u>, 893 F.Supp. 570, 574 (W.D.N.C. 1995) ("Jeopardy attaches when the final judgement of forfeiture is entered, and not when the claim or answer is filed or the property is seized.");

Therefore, the issue is whether jeopardy would attach when the criminal trial begins and the defendant is placed at risk of being punished twice, as it is in successive prosecution cases. The Double Jeopardy Clause is a shield against the oppressive inherent in a duplicative, punitive proceeding. Hence, the failure to appear should be dismissed due to the Double Jeopardy Prohibition.

Respectfully Submitted

Dated: December 25, 2004

Patrick A. Triumph
Defendant, Pro Se