UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA
       PLAINTIFF

vs.

PATRICK A. TRIUMPH
     DEFENDANT

CASE NO. 3:02CR81(JBA)

MOTION FOR DISCLOSURE
ON ALL OUTSTANDING TAXES,
INTEREST AND PENALTIES TO
PAY THE INTERNAL
REVENUE SERVICE.

THE DEFENDANT, PATRICK A. TRIUMPH, PRO SE, RESPECTFULLY MOVES THIS HONORABLE COURT PURSUANT TO THE JUDGEMENT IN THIS CRIMINAL CASE FOR DISCLOSURE ON ALL OUTSTANDING TAXES, INTEREST AND PENALTIES TO PAY THE INTERNAL REVENUE SERVICE PURSUANT TO RULES 16 AND 32(b)(1) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE; TITLE 26 U.S.C. SECTION 6103; 5 U.S.C. SECTIONS 552 & 552(a), THE FREEDOM OF INFORMATION ACT AND THE PRIVACY ACT; AND THE DUE PROCESS CLAUSE OF THE FIFTH AND SIXTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES.

THE DEFENDANT OBJECTS TO THE INCLUSION OF ANY TAX LIABILITIES, INCLUDING INTEREST AND PENALTIES TO PAY THE INTERNAL REVENUE SERVICE WITHOUT HIS RIGHTS OF DUE PROCESS TO DISCOVERY, AND BE GIVEN AN ADEQUATE OPPORTUNITY TO PRESENT

1

INFORMATION TO THE TAX COURT OR SENTENCING COURT
REGARDING THE ISSUE OF TAX LIABILITY, WHEN IN
FACT THERE IS NO TAX LIABILITY INVOLVED IN THIS
CASE, OR ANY OTHER RELATED CASE.

THE SECOND CIRCUIT DECIDED IN UNITED
STATES V. IBANEZ, 924 F.2d 427 (2d Cir. 1991),
WHEN A DISPUTE EXISTS ABOUT ANY FACTOR IMPORTANT
TO THE SENTENCING DETERMINATION, THE COURT MUST
ENSURE THAT THE PARTIES HAVE AN ADEQUATE
OPPORTUNITY TO PRESENT RELEVANT INFORMATION. MOREOVER,
IN UNITED STATES V. MILLER, 263 F.3d 1 (2nd Cir. 2001),
DUE PROCESS REQUIRES THAT A CONVICTED PERSON
NOT BE SENTENCED ON MATERIALLY UNTRUE ASSUMPTIONS
OR MISINFORMATION. IN MATTHEWS VS. ELDRIDGE,
424 US 319, 333, 47 L.Ed 2d 18, 96 SCT 892 (1976);
DUE PROCESS REQUIRES AS GENERAL MATTER
OPPORTUNITY TO BE HEARD AT MEANINGFUL TIME IN A
MEANING MANNER. SEE ALSO, ARMSTRONG V.
MONZO, 380 U.S. 545, 552, 14 L.Ed 2d 62, 85 SCT
1187 (1965)

FURTHER, THE DEFENDANT-APPELLANT ASSERTS
THAT HE HAS NO INCOME TAX LIABILITY BASED ON
HIS FINANCIAL RECORDS, AND DUE TO THE PROLONG
CRIMINAL INVESTIGATION COMMENCING JULY 1996, HE
HAS NOT APPLY FOR ANY TAX CREDIT AND
REFUND THAT HE MAY BE LEGALLY ENTITLED TO
WITHIN THE STATUTORY PERIOD OF LIMITATIONS
ADDITIONALLY, FOR FEDERAL INCOME TAX

purposes, corporation and its shareholders are separate entities. SEE Durando v. United States, 70 F.3d 548 (9th Cir. 1995). Also, SEE Student Loan Marketing Association v. Riley, 104 F.3d 1435 397 (D.C. Cir. 1997), Taxpayer has Right to arrange his affairs so as to minimize Taxes he pays; Northern Indiana Public Service Company v. C.I.R. 115 F.3d 506 (7th Cir. 1997), determined "Taxpayer has Legal Right to conduct his business so as to decrease, or to avoid amount of what otherwise would be his taxes; Gulf Life Insurance Company v. United States, 118 F.3d 1563 (Fed. Cir. 1997); Tax Planning is not disApproved Activity, and "Major Motive" to Reduce Taxes is not grounds of illegality.

Also, In Hardy vs C.I.R., 181 F.3d 1002 (9th Cir. 1999), held "If petitioners succeeds in showing that income Tax deficiency was arbitrary or erroneous, burden shifts back to Commissioner of Internal Revenue to show that assessment was correct. Also, see, In Re Olshan, 356 F3d 1078 (9th Cir. 2004); determined that "Showing by taxpayer that the Internal Revenue Service's (IRS) deficiency determination is arbitrary, excessive or without foundation shifts back to IRS the burden of showing its determination was correct.

The Defendant contends that the

FAILURE of THE GOVERNMENT TO disclosure THE PERTINENT INFORMATION ON THE TAX LIABILITY of THE DEFENDANT, coupled with THE INCLUSION of THE TAX LIABILITY IN JUDGEMENT CONSTITUTES A due PROCESS VIOLATION TO A FAIR SENTENCE, and demonstrate A continue pattern of PREJUDICE and deception THAT have plague THE DEFENDANT throughout THE TRIAL Proceedings.

Wherefore, IN THE INTEREST of JUSTICE THE DEFENDANT REQUEST THAT THIS Honorable COURT ISSUE AN ORDER TO provide THE disclosure of THE INFORMATION CONSTITUTING THE TAX LIABILITY, AND TO modify THE JUDGMENT by DELETING THE Special Conditions of Supervised Release which Refer TO "DEFENDANT shall cooperate with THE INTERNAL REVENUE SERVICE TO pay ALL OUTSTANDing TAXES, INTEREST AND penalties", until such Time THAT THE due PROCESS of TAX Audit is Conducted IN ACCORDANCE with THE STATUTE of LIMITATIONS, AND for ANY other consideration which is JUST AND proper IN THIS CAUSE

Respectfully Submitted.

DATED: December 29, 2004

PATRICK A. Triumph