<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF CONNECTICUT</u>

FILED
2005 JAN -4 P 2: 39
U.S. DISTRICT COURT
NEW HAVEN CT

| UNITED STATES OF AMERICA<br>PLAINTIFF<br><br>vs.<br><br>PATRICK A. TRIUMPH<br>DEFENDANT | CASE NO. 3:02CR81 (JBA)<br><br><u>MOTION TO DISMISS<br>COUNT 40, FAILURE TO<br>APPEAR due TO PROSECUTORIAL<br>FRAUD AND IMPROPRIETIES<br>IN THE INDICTMENT PROCESS</u> |
|---|---|

The Defendant, Patrick A. Triumph, <u>PRO SE</u> respectfully moves this Honorable Court to issue an order to Dismiss Count 40, Failure to Appear due to Prosecutorial Fraud and Improprieties in the Indictment Process, in violation of the due Process Clause of the Fifth and Sixth Amendment, and Rule 6 of the Federal Rules of Criminal Procedure.

In Support of this Motion to Dismiss Count 40, Failure to Appear charges in the Superceded Indictment, the Defendant points to the Affidavit of Grand Jury Witness, Angella C. Thompson, who affirms that the date of her Grand Jury Testimony was not March 19, 2002 and was on or about March 26, 2002. Further, the Grand Jury Witness, Angella C. Thompson, has affirmed to her the date of March

26, 2002 in the direct evidence of her testimony to be presented at trial for the failure to appear. Additionally, the Defendant supports this claim of Prosecutorial Fraud and Improprieties with Appointment of Assistant United States Attorney David X Sullivan on March 21st, 2002. The question is, How would it have possible for A.U.S.A to have conducted the Grand Jury Proceedings on March 19, 2002?

Moreso, inter alia there are numerous acts and evidence of Prosecutorial Fraud in tampering with Court transcripts and a consistent pattern of Grand Jury deception and cover-up in the Indictment Process. The knowing and willful deception to the Court and the fabrication of the date on the transcript of March 19, 2002 amounts to the level of an unconscionable scheme which is designed to improperly influence the court in its decision by obtaining a fraudulent superseding Indictment.

The Defendant contends that courts possess the Inherent power to dismiss an Indictment, or vacate a judgement obtained by Fraud on the Court when the misconduct have irreparable corrupt the Indictment process and harm the Integrity of the Judicial System.

In United States v. Console, 13 F3d 641,

-2-

670 (3d Cir. 1993), held that if the government involvement in a criminal endeavor shocks the "Universal sense of Justice," the Due Process Clause bars prosecution, and the indictment should be automatically dismissed.

The Fifth Amendment guarantees the right to indictment in Federal Criminal Proceedings by an unbiased Grand Jury. In <u>Costello v. United States</u>, 350 US 359, 362 (1956), in dictum of the Fifth Amendment states "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."

In <u>Bank of Nova Scotia v. United States</u>, 487 U.S 250, 252 (1988) the District Court dismissed all counts of an indictment on the grounds of prosecutorial misconduct during a Grand Jury investigation. The District Court exercised supervisory authority over the Grand Jury process and dismissed twenty-seven counts in indictments for tax and mail fraud and obstruction of justice following an hearing on alleged Grand Jury abuses by prosecutor in violation of the Fifth and Sixth Amendments, Rule 6 of the Federal Rules of Criminal Procedure, and 18 U.S.C. sections 6002, 6003.

Further, a conviction under an unconstitutional law is... illegal and void

-3-

and cannot be a legal cause of imprisonment. The courts must liberate a person imprisoned under [it] (16 Am Jur Sec 50). "When any court violates the clear and unambiguous language of the constitution, a fraud is perpetrated and no one is bound to obey it." STATE v. SUTTON 65 MINN. 147 65 N.W 262 LRA 630 AM ST 549. Fraud destroys the validity of everything into which it enters. Hudd v. Burrows, 91 U.S. 426; Fraud vitiates (voids, destroys) everything. Boyce v. Grundy, 3 Pet. 210; Fraud vitiates the most solemn contracts, documents and even judgements United States v. Throckmorton, 98 US 61; Defined by American Heritage Dictionary is "VITIATE" vt Latin, of vitare, vitiate, victim: vice: 1). To make imperfect, faulty, or impure; spoil, corrupt. 2). To weaken morally, debase, pervert; 3). To make invalid.

Fraud defined in part by Barron's L.D. 4th Ed., Fraud: constructive (legal), Fraud comprises all acts, omissions, & concealments, involving breach of equity or legal duty, trust or confidence and resulting in damage to another. 38 Cal. Retr. 148, 157; i.e., no scienter is required. Thus the party who makes the misrepresentation need not know it is false. See S.W.P.2d 801, 803.

Prejudice is not an element of fraud

-4-

and the Court Hazel Atlas, 322 U.S. at 248.) Pumphrey v. R.W. Thompson Tool Co., 62 F.3d 1128, 1132-33 (9th Cir. 1995). Fraud on the Court occurs when the misconduct harms the integrity of the judicial process, regardless of whether the opposing party is prejudiced, see. e.g. Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir. 1989). Furthermore, the perpetrator of the fraud should not be allowed to dispute the effectiveness of the fraud after the fact. Hazel Atlas, 322 U.S. at 247; Pumphrey, 62 F.3d at 1133. Prejudice is presumed, however, when the structural protections of grand jury have been so compromised as to render the proceedings fundamentally unfair and shocks the universal sense of justice. See. e.g. United States v. Russel, 411 U.S. 423, 432 (1973) (dictum).

Accordingly, it is the rudimentary obligation that this Court must protect against such inherent prejudices and invidious discrimination, and continue judicial proceedings in this case will make the Court a party to such illicit and immoral conduct and will cause the Court to become negligent in its duty to supervise the administration of justice in the federal criminal case before it.

-5-

...before this... the Defendant prays this Honorable Court issue an order to... Count 40, Failure To Appear, on the Superseded Indictment, and for any other relief that may be in the interest of and to justice, and other any such relief that may be just and proper. In sub judice.

Respectfully Submitted

Dated: December 28, 2004

Patrick A. Triumph
Defendant, Pro Se.

-6-

Angella C. Thompson
Affidavit of Witness

October 11, 2004

This Affidavit is made in reference to my Grand jury Testimony in the case of United States vs. Patrick Triumph, CRNO.3:02CR81(JBA).

- My name is Angella C. Thompson
- My date of birth is July 7, 1974
- I reside at 12 Kent Lane Bloomfield CT 06002, and 436 Jefferson Avenue Brooklyn, NY 11221, I have dual residency.
- I was the owner and accountant of Tri Tax Professionals for the period of January 1998 to March 2002.
- I have worked in association with Patrick Triumph of Tri Tax Accounting services during the period of April 1997, to March 2002.
- I was also the Business owner of the Wharf Management Group for the period of November 2001 to April 2003.
- I was subpoena as a witness to testify to a Grand Jury proceeding in the indictment of Patrick A. Triumph
- The date of my testimony was not March 19th, 2002.
- I do recall the date of my Grand jury testimony to have been on or about the date of March 26th, 2002
- The date of my recollection was a day that I have associated with my best friend Carl Craig's birthday which is March 26th.
- The date of my recollection was also approximately 3 weeks after my Electronic Filing capacities were interrupted, on March 2, 2002.
- I do state that I would not have testified on March 19, 2002.

The statements made in this affidavit are made willingly and voluntary without any promises or threats. I swear under penalty of perjury under the United States Laws that my statements are true and correct. (28U.S.C.Section1746; 18U.S.C. Section 1621)

Signed,

*[signature]*

Angella C. Thompson

*[signature]*
Oct 13, 04

NELLIE MICKAILOVA
Notary Public, State of New York
No. 07MI5029636
Qualified In Kings County
My Commission Expires 06/27/200