United States District Court

District of Connecticut

| | |
|---|---|
| United States of America<br>Plaintiff.<br><br>vs.<br><br>Patrick A. Triumph<br>Defendant | Case No. 3:02cr81 (TRA)<br><br>Motion To Dismiss Count 40, Failure To Appear Due To Violation of the Privilege Against Self-Incrimination |

The defendant, Patrick A. Triumph, pro se, respectfully moves this Honorable Court to issue an order to dismiss Count 40; Failure To Appear in violation of 18 U.S.C. Section 3146 (a)(1) due to the violation of the privilege against self-incrimination guaranteed under the Fifth Amendment and the Fair Trial Act guaranteed by the Sixth Amendment of the United States Constitution.

The defendant asserts that the Fifth Amendment of the United States Constitution "protects a person ... against being incriminated by his own compelled testimonial communications. See, e.g. Fisher v. United States, 425 U.S 391, 409 (1976). The Fifth Amendment provides that

-1-

"No person shall be compelled in any criminal case to be a witness against himself." Also see, Fifth Amendment prohibits a prosecutor from using compelled testimony. See <u>United States vs. Haynes</u>, 301 F.3d 669 (6th Cir. 2002)

Moreso, to receive Fifth Amendment protection, a person's statement or act must be (1) compelled, (2) testimonial; and (3) incriminate the person in a criminal proceeding. The protection enables a defendant to refuse to testify at a criminal trial, as well as a sentence proceedings, and "priveges" him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings. See e.g. <u>Minnesota v. Murphy</u>, 465 U.S. 420, 426 (1984) (quoting <u>Lefkowitz v. Turley</u>, 414 US 70, 77 (1973); see also <u>Kastigar v. United States</u>, 406 U.S. 441, 444-45 (1972) (5th Amendment applies in any proceeding to "disclosure that the witness reasonably believes could be used against him in a criminal prosecution or could lead to other evidence that might be so used."); see e.g. <u>United States v. 4003-4005 5th Ave</u>, 55 F.3d 78, 84 (2d Cir. 1995). (5th Amendment applies in civil forfeiture proceedings); <u>United States v. Bodwell</u>, 66 F3d 1000, 1001 (9th Cir. 1993)

- 2 -

(per curiam) (5th Amendment may be invoked on question-to-question basis in response to IRS summons); In *United States v. Sullivan*, 274 U.S. 259, 263 (1927) (5th Amendment protects defendant from answering questions on tax return requiring self-incrimination disclosure.).

More so, the Fifth Amendment right attaches where a person's compelled testimony is self-incriminating. See *Estelle v. Smith*, 451 U.S. 454, 462 (1981) (Fifth Amendment privilege applies during competency exam because statements may further incriminate for sentencing)), *Marchetti v. United States*, 390 U.S. 39, 53 (1968) (same); *Hoffman v. United States*, 341 U.S. 479, 486 (1951) (same). See e.g. *United States v. Lumpkin*, 192 F.3d 280, 285 (2d Cir. 1999) (codefendant witness who pleaded guilty but was not yet sentenced could invoke Fifth Amendment privilege because real threat of prosecution for perjury existed.)

In *Hoffman v. United States*, 341 U.S. 479, 486 (1951), the Supreme Court held that compelled testimony is self-incriminating where reasonable cause exist to believe that a direct answer would either support a conviction or provide a link in the chain of evidence leading to a conviction. Also see *United States v. Hubbell*, 530 U.S. 27, 39 (2000) (text of subpoena clearly indicated that immunized testimony, provided

link in chain of evidence thus violating defendant's 5th Amendment rights). Even if a defendant pleads guilty to a crime, they may still invoke the Fifth Amendment privilege to protect themselves from answer questions about the crime if their answer might lead to prosecution for another crime. To be self-incriminating, the compelled answers must pose a "substantial and real" and not merely a trifling or imaginary, hazard of criminal prosecution. See, e.g. IN RE DG ACQUISITION CORP, 151 F.3d 75, 83 (2nd Cir. 1998) (bankruptcy court's statement that it was aware that defendants had in the past concealed assets was sufficient basis for defendants' fear of incrimination); UNITED STATES v. GRABLE, 98 F.3d 251, 255 (6th Cir. 1997) (Taxpayers refusal to file tax return was protected by 5th Amendment because taxpayer was being investigated for failure to file federal income tax returns for 2 years and prospect of criminal prosecution appeared "real and substantial"); UNITED STATES v. ARGOMANIZ, 925 F.2d 1349, 1353 (11th Cir. 1991) (civil phase of IRS investigation was reasonable basis for fear of incrimination.

Accordingly, the defendant contends that the Government's inclusion of the element of the failure to appear count as a sentencing enhancement under the obstruction of justice pursuant to section

-4-

3C1.1 of the Sentencing Guideline, and the repetitive mention of the Defendant's Failure to Appear in the Presentence Report were unreasonable and structural defective in the Trial and Sentencing proceedings, in violation to the due Process clause against Self-Incrimination guaranteed by the Fifth Amendment of the United States Constitution.

Moreso, the Defendant contends that the due process clause protects the Defendant from vindictive treatment based on the exercise of his statutory and constitutional rights, which includes the right of severance of the Failure to Appear Count in order to obtain a Fair Trial, and the inherent prejudicial impact of a joint Trial of all the counts in the Superseding Indictment. (see United States v. Goodwin 457 U.S. 368-72 (1982))

In a prior motion, the Defendant asserted that the Sentence conducted on the counts of Aiding and Abetting, which included the elements of Obstruction of Justice and the Failure to Appear Enhancement, be deferred until after the Trial to Failure to Appear to protect against the violation of the Self-Incrimination and other prejudices of a Sentence prior to the Failure to Appear Trial. This motion was denied by the district court.

-5-

WHEREFORE, in the light of FAIRNESS, INTEGRITY and public REPUTATION of judicial proceedings, the DEFENDANT Respectfully REQUEST THAT THE HONORABLE COURT DISMISS COUNT 40, FAILURE TO APPEAR, AND FOR ANY other relief THAT MAY BE JUST AND FAIR IN THIS CAUSE.

Dated: December 29, 2004

Respectfully Submitted.

PATRICK A. TRIUMPH
Defendant, PRO SE.

-6-