<u>United States District Court</u>

<u>District of Connecticut</u>

| | |
|---|---|
| United States of America<br>Plaintiff<br><br>vs.<br><br>Patrick A. Triumph<br>Defendant | Case No. 3:02-CR-81(JBA)<br><br><u>Motion To Dismiss</u><br><u>Count 40, Failure</u><br><u>To Appear due To</u><br><u>Sixth Amendment</u><br><u>Violation of Attorney-</u><br><u>Client Privilege</u> |

Comes now the Defendant, Patrick A. Triumph, <u>pro se</u>, respectfully moves this Honorable Court to issue and order to dismiss Count 40, Failure To Appear pursuant to 18 U.S.C. Section 3146 (a)(1) due to the Sixth Amendment violation of Attorney-Client Privilege Relationship in the two prior trial proceedings.

The Defendant contends that the Government subpoena of Attorney Robert J. Percy to testify as a Government witness against him in the Failure To Appear offense has substantial prejudice him in the trial proceedings and has arbitrary deprived him of a fair trial without due process of law contrary to the due process of Attorney-Client Privilege guaranteed by the Sixth Amendment of the Constitution.

-1-

The Supreme Court established in <u>United States v. Morrison</u>, 449 US 361, 66 L.ed 2d 564, 101 S.ct 665 (1981), the reversal mandated if prejudice is proven on attorney-client relationship.

In <u>Cuyler v. Sullivan</u>, 446 US 335, 348, 64 L.ed 2d 333, 100 SCT 1708 (1980), the Sixth Amendment entitles a defendant to representation by conflict free counsel. Moreso, in <u>Washington Legal Found. v. Legal Found. of WA</u>, 271 F3d 835 (9th Cir. 2001), held that of the many ethical requirements placed upon lawyers, one of the most significant is loyalty to the client.

Also, see <u>Maine v. United States Department of Interior</u>, 285 F3d 126 (1st Cir. 2002). held that attorney-client privilege protects confidential communications made by a client to his attorney. Further, <u>In Re Grand Jury Subpoena</u>, 341 F3d 331 (4th Cir. 2003), stated, "where the attorney-client privilege applies, it affords confidential communications between lawyer and client complete protection from disclosure."

Based on the violation of the attorney-client privilege, the defendant reasonably waive the attorney-client privilege due to the structural deficiency of not receiving a fair trial in the prior trial proceeding, and is now substantial prejudicial by the Government use of this testimony in the Failure to Appear charges pursuant to 18 U.S.C

-2-

3146(a)(1).

WHEREFORE, the defendant prays that this Honorable Court issue an order to dismiss the Failure to Appear offense, and for such other relief that would be just and proper.

Respectfully Submitted,

December 28, 2004

Patrick A. Triumph
Defendant, pro se.

-3-