UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 JAN -4 P 2:36
U.S. DISTRICT COURT
NEW HAVEN, CT

United States of America
   Plaintiff,

vs.

Patrick A. Triumph
   Defendant

CASE NO. 3:02CR81(JBA)

MOTION TO DEFER APPEAL
OF DENIAL OF MOTION TO
SET ASIDE FORFEITURE
UNTIL FINAL JUDGEMENT
OF FAILURE TO APPEAR,
18 U.S.C. SECTION 3146(a)(1)

---

The defendant-appellant, Patrick A. Triumph, pro se, request that this Honorable Court defer the appeal of the denial of motion to set aside forfeiture until the final judgement of Count 40, Failure to Appear, 18 U.S.C. Section 3146(a)(1) due to the due process protection against self-incrimination under the Fifth Amendment and the Fair Trial Act and a speedy trial guaranteed by the Sixth Amendment of the United States Constitution.

In support of this motion, the defendant contends that the Fifth Amendment of the United States Constitution "protects a person--- against being incriminated by his own compelled, testimonial communications. See. E.g Fisher v. United States, 425 US. 390, 409 (1976). The Fifth Amendment provides that "no person shall be compelled in any criminal case to be a witness against himself."

-1-

Further, to receive Fifth Amendment protection, a person's statement or act must be (1) compelled, (2) testimonial, and (3) incriminate the person in a criminal proceedings. The protection enables a defendant to refuse to testify at a criminal trial, and "privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." See e.g. Minnesota v. Murphy, 465 US 420, 426 (1984) (quoting Lefkowitz v. Turley, 414 US 70, 77 (1973); see also Kastigar v. United States, 406 US 441, 444-45 (1972) ("5th Amendment applies in any proceeding to disclosure that the witness reasonably believes could be used against him in a criminal prosecutor or could lead to other evidence that might be so used"); see e.g. United States v. 4003-4005 5th Ave, 55 F.3d 78, 84 (2d Cir. 1995) (5th Amendment applies in civil forfeiture proceeding).

More so, in Hoffman v. United States, 341 US 479, 486 (1981), the Supreme Court held that compelled testimony is self-incriminating when reasonable cause exists to believe that a direct answer would either support a conviction or provide a link in the chain of evidence leading to a conviction.

Accordingly, based on the foregoing protection against self-incrimination.

-2-

The defendant-Appellant request that this Honorable Court defer the Appellate Review of the Denial of the Motion to Set Aside the Forfeiture of the Bail in the Amount of $75,000, due to the Self-Incrimination protection of the Fifth Amendment, and comply with the Speedy Trial Act Provision of the Sixth Amendment for the Failure to Appear Count pursuant to 18 U.S.C. Section 3146(a)(1), and for any other relief that may be just and proper in Sub Judice.

Respectfully Submitted.

Dated: Dec 24, 2004

Patrick A. Triumph.
Defendant, Pro SE.