<u>UNITED STATES DISTRICT COURT</u>   FILED
<u>DISTRICT OF CONNECTICUT</u>   2005 JAN -4 P 2: 37

U.S. DISTRICT COURT
NEW HAVEN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF-APPELLEE | CASE NO. 3:02CR81(JBA)<br><br>MOTION TO EXPEDITE |
| VS. | THE RECORD ON APPEAL<br>of CONVICTION AND SENTENCE |
| PATRICK A. TRIUMPH<br>DEFENDANT-APPELLANT | |

The Defendant-Appellant, Patrick A. Triumph, Pro Se, pursuant to the Fed. R. App. P. 10, respectfully moves this Court to issue an order to expedite the record on appeal of the conviction and sentence in the above-captioned case, United States v. Triumph, CR NO. 3:02CR81(JBA).

Pursuant to the Fed. R. App. P. 10(a), composition of the record on appeal. The following items constitute the record on appeal:

(1). The original papers and exhibits filed in the district court.

(2). The transcript of proceedings, if any.

(3). A certified copy of the docket entries prepared by the district clerk.

The Defendant-Appellant contends that the Fed. R. App. P. 10(b)(1) stipulates

1

That within ten (10) days after filing the notice of appeal or entry of an order disposing of the last timely remaining motion of a type specified in Rule 4(a)4(A), whichever is later, the appellant must do either of the following.

(A) Order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary, subject to a local rule of the Court of Appeals and with the following qualification.

(i) The order must be in writing.

(ii) If the cost of the transcript is to be paid by the United States under the Criminal Justice Act, the order must so state; and

(iii) The appellant must, within the same period, file a copy of the order with the district court; or

(B) File a certificate stating that no transcript will be ordered.

Further, Fed. R. App. P. 10(b)(2), provides for unsupported finding or conclusion. Rule 10(b)(2), stipulates that if the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.

Moreso, the Defendant-Appellant contends that pursuant to Rule 10(e), provision for the correction or modification of the record, as follows:

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2) If any material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded.

(A) on stipulation of the parties
(B) by the district court before or after the record has been forwarded; or
(C) by the Court of Appeals.

Additionally, the Defendant-Appellant requests that when the record is complete, the district clerk must number the documents constituting the record and send them promptly to the circuit clerk together with a list of the documents correspondingly numbered and reasonably identified. As such, the Appellant provides timely notice for all the documents to be sent to the Court of Appeals, and will provide the

Clerk with the specific documents to be sent to the United States Court of Appeals after receiving the updated certified docket entries of the case <u>US v. Triumph</u>, CR NO. 3:02CR81(JBA), which has been requested, in addition to the transcript of the complete trial and sentence proceedings.

<u>Authority of Law</u>.

The Supreme Court in <u>Griffin v. Illinois</u>, 351 US 12, 100 L.ed 891, 76 S.CT 585 (1956), ruled that "Criminal defendant has right to record on appeal which includes complete transcript of proceedings at trial." Also see e.g. <u>United States v. Neal</u>, 27 F.3d 1035 (5th Cir. 1994) (same)

The Fourth Circuit, in <u>United States v. Huggins</u>, 191 F.3d 532 (4th Cir. 1999), held that a defendant has a right to a meaningful appeal based on a complete transcript. Also, the Fifth Circuit in <u>United States v. Groen</u>, 293 F.3d 886 (5th Cir. 2002) determined that "Criminal defendant has a right to a record on appeal, including a complete transcript of the proceedings at trial." Moreso, the Ninth Circuit in <u>United States District Court for ED of Washington v. Sinclair</u>, 12 F.3d 861 (9th Cir. 1993) affirmed that (1) Requirements of Court Reporter Act are mandatory, and exceptions to requirements should be few and narrowly construed.

4

2). Any editing of official court transcript, in any form, without parties' consent is prohibited.

The Fifth Circuit, in United States v. McCusker, 936 F.2d 781 (5th Cir. 1993) (same)

The Supreme Court in North Carolina v. Pearce, 395 US 711, 23 L.Ed.2d 656, 89 S.Ct 2072 (1969) determined that "A prosecutor is without right to --- put a price on appeal. A defendant's exercise of a right of appeal must be free and unfettered." 395 US at 724.

Finally the Defendant-Appellant has filed a Pro Se Notice of Appeal, and has exercised his rights to represent himself in the Appellate Process. See Farotta v. California, 422 US 806, 45 L.Ed.2d 562, 95 S.Ct 2525 (1975). Accordingly, the Appellant has waived his rights to counsel. The Defendant-Appellant will unambiguously, unmistakably and unequivocally represent himself in the Appeal Proceedings.

Wherefore, in the interest of justice, the Defendant-Appellant requests that this Honorable Court issue an order for the expedited record on appeal of convictions and sentence, and for and such other relief that may be just and proper.

Respectfully Submitted

Dated: Dec 26, 2004

Patrick A. Triumph
Defendant-Appellant, pro se

-5-

## Certificate of Service

This is to certify that the Motion to Expedite the Record on Appeal of Conviction and Sentence, was served upon the following:

> David A. Ring
> Assistant United States Attorney
> U.S. Attorney's Office — N.H.
> 157 Church St, 23rd Floor
> New Haven, CT 06510

by placing a copy of same in the United States Mail with proper postage affixed to ensure delivery.

Dated: This 26th day of December, 2004

Respectfully Submitted.

_____
Defendant-Appellant, pro se