UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **United States** | : |
| | : |
| v. | :   No.  3:02cr81(JBA) |
| | :        3:05cv33 (JBA) |
| **Patrick Triumph** | : |

**ORDER [Doc. # 390]**

Patrick Triumph's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. # 390] is DENIED without prejudice to renew upon resolution of his direct appeal.  Triumph filed a notice of appeal of his conviction and sentence on December 16, 2004, and the appeal remains pending.  While "there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal," "the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.  A motion under Section 2255 is an extraordinary remedy and not a substitute for a direct appeal.  Moreover, determination of the direct appeal may render collateral attack unnecessary." Womack v. U.S., 395 F.2d 630 (D.C. Cir. 1968); accord U.S. v. Outen, 286 F.3d 622 (2d Cir. 2002).  See also Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 5,

Advisory Committee Notes; Charles Alan Wright, Nancy King & Susan Klein, Federal Practice and Procedure § 597 (3d ed. 2004).

        IT IS SO ORDERED.

         /s/

        Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 20th day of January, 2005.**