UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:02CR81(JBA) |
| v. | |
| PATRICK A. TRIUMPH | January 24, 2005 |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

On January 18, 2005, the defendant filed a motion for release pending his appeal. For the following reasons, the defendant's motion should be denied.[1]

Title 18, United States Code, Section 3143(b) provides that a sentenced defendant *shall* be detained, unless the district court finds "(A) by clear and convincing evidence that the person is not likely to flee . . ."; and "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less that the total of time already served . . ."

The defendant cannot show by clear and convincing evidence that he will not flee. Indeed, his track record clearly supports the Court's previous findings that the defendant is a serious risk of flight.

Moreover, the legal claim that the defendant raises in his motion for release relates to the Supreme Court's decision in *Blakely v. Washington,* 124 S. Ct. 2531 (2004). Specifically, he claims that the Court erred by sentencing him within the range set by the sentencing

---

[1] It appears that the district court maintains jurisdiction over the defendant's motion. *See United States v. Hochevar,* 214 F.3d 342 (2d Cir. 2000).

guidelines, because, he says, *Blakely* prohibits the imposition of a guidelines sentence if the jury did not make the requisite factual findings.

In *United States v. Booker,* 2005 WL 50108 (Jan. 12, 2005), the Supreme Court rejected the argument now raised by the defendant, and held that a district court may impose a sentence within the guidelines range, even in the absence of jury findings. Thus, the legal issue raised by the defendant in his motion for release has been squarely rejected by the Supreme Court. Accordingly, he has provided no basis for the Court to find that there is "substantial question" of law or fact that is "likely" the result in his release.

Wherefore, the defendant's motion for release should be denied.

                Respectfully submitted,

                KEVIN J. O'CONNOR
                UNITED STATES ATTORNEY


                DAVID A. RING
                ASSISTANT U. S. ATTORNEY
                157 Church Street
                P.O. Box 1824
                New Haven, Connecticut  06510
                (203) 821-3700
                Federal Bar No. CT14362

## CERTIFICATION OF SERVICE

      This is to certify that a true copy of the foregoing has been sent via first class mail on the _____ day of January 2005 to:

Mr. Patrick A. Triumph  
Reg. No. 14622-014  
Wyatt Detention Center  
950 High Street  
Central Falls, RI 02863

Norman A. Pattis, Esq.  
Williams & Pattis  
59 Elm Street  
New Haven, CT 06510

 

_____  
DAVID A. RING  
ASSISTANT UNITED STATES ATTORNEY