FILED
2005 FEB -1 P 2:09
U.S. DISTRICT COURT
NEW HAVEN, BT

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA
PLAINTIFF

vs.

PATRICK A. TRIUMPH
DEFENDANT

CASE NO. 3:02cr81 (JBA)

MEMORANDUM IN SUPPORT OF MOTION TO CORRECT ILLEGAL SENTENCE

The defendant, Patrick A. Triumph, pro se, submits this memorandum in support of the motion to correct illegal sentence based on the Supreme Court of the United States ruling in the cases of United States v. Booker and United States v. Fanfan decided January 12, 2005. (Nos. 04-104 and 04-105).

## INTRODUCTION

1. On September 20, 2004, a jury found the defendant guilty of ten (10) counts of aiding and abetting the filing of false tax returns in violation of 26 U.S.C. Section 7206(2). The jury could not agree on the other 28 counts pertaining to this charge.

2. The jury determined that the total tax loss for the ten counts of conviction is $6,121, which corresponds to the

-1-

base offense level 9. In addition, the jury returned special findings that the defendant was in the business of preparing or assisting in the preparation of tax returns and, with respect to Counts 5 through 8 of the Superseding Indictment, that the defendant obstructed the IRS investigation of his conduct underlying those counts.

Based on the jury's findings and using the November 1, 1995 Sentencing Guidelines, the Presentence Report calculated an adjusted offense level of 13. Taking into account a Criminal History Category III, the PSR stated that the defendant's guideline imprisonment range is <u>18-24 months</u>.

In addition to the jury's findings the District Court sentenced the defendant based on a tax loss amount of $37,002 under a preponderance of the evidence standard rather than the standard of proof beyond a reasonable doubt of the tax loss "special findings" as set forth in the jury instructions.

The defendant was sentenced on December 16, 2004 to a term of 33 months in prison corresponding to an adjusted offense level 16 and Criminal History Category III, which represented the maximum of the guideline imprisonment range of <u>27-33 months</u>.

<u>MEMORANDUM OF LAW</u>.

The Supreme Court's decision in <u>Booker</u> and <u>Fanfan</u>. of January 12, 2005, hold the following in support of this motion:

-2-

1. The Sixth Amendment as construed in <u>Blakely</u> does apply to the United States Sentencing Guidelines.

2. It has been settled throughout United States history that the Constitution protects every criminal defendant against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. It is equally clear that the Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime which he is charged.

3. The requirements of the Sixth Amendment are clear. It is a defendant's right to have the jury find the existence of "any particular fact" that the law makes essential to his punishment. That right is implicated whenever a judge seeks to impose a sentence that is not solely based on facts reflected in the jury verdict or admitted by the defendant.

4. The fact that the United States Sentencing Guidelines were promulgated by the United States Sentencing Commission, rather than Congress, lacks constitutional significance.

5. Regardless of whether Congress or a Sentencing Commission concludes that a particular fact must be proved in order to sentence a defendant within a particular range, the Framers would have thought it too much to demand that, before depriving a man of more years of his liberty, the State should

-3-

suffer the modest inconvenience of submitting its accusation to the unanimous suffrage of twelve of his equals and neighbors, rather than a lone employee of the State.

With respect to whether the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant, the United States Supreme Court answers this question in the affirmative. In such circumstances, the Sixth Amendment requires juries, not judges, to find facts relevant to sentencing.

Wherefore the defendant prays that this Honorable Court correct his sentence to reflect the jury findings of the tax loss for the ten counts of conviction of $6,121 with the corresponding imprisonment range of 18-24 months, and for any such relief in the light of the Supreme Court's decision in Booker and Fanfan.

Respectfully Submitted

Patrick A. Triumph
Defendant, Pro Se