United States District Court
District of Connecticut

United States of America
Plaintiff

vs.

Patrick A. Triumph
Defendant

Case No. 3:02-CR81-(JBA)

Proffer Memorandum in Support of Motion for Release Pending Appeal

FILED 2005 FEB -1 U.S. DISTRICT COURT NEW HAVEN, CT

The Defendant, Patrick A. Triumph, Pro Se, respectfully submits this Proffer to the United States' Response to Defendant's Motion for Release Pending Appeal, and an accompanying Memorandum of Authorities in Support of the Motion for Release Pending Appeal.

The Eight Amendment states that "Excessive bail shall not be required. Court interpret this constitutional provision to prohibit excessive bail without creating a right to bail. See United States v. Salerno, 481 US 739, 745-55 (1987); Also see, e.g., Stack v. Boyle, 342 U.S. 1, 5 (1951) ($50,000 bail excessive because defendants were charge with violation carrying maximum penalty of 5 years and 10,000 fine and Government's only justification for bail was that 4 unrelated prisoners charged with same offense had previously forfeited bail);

-1-

The Bail Reform Act pursuant to 18 USC Section 3143(b)(2000), provides that a convicted defendant must first file motion for release pending appeal in the district court. See, e.g. United States v. Hochevar, 214 F.3d 342 (2d Cir. 2000) (per curiam) (motion to continue release pending improperly made to court of appeals). The district court must act on release applications. See e.g. United States v. Hart, 779 F.2d 575, 576-77 (10th Cir. 1985) (per curiam) (district court has duty pursuant to 3145(c) and Fed. R. App. P. 9(b) to act on application for release pending appeal and cannot decline to hear or rule on ground that it is a matter for appeal court to decide. Also, see, e.g., United States v. Clark, 917 F.2d 177, 179 (5th Cir. 1990) (appeals court obligated to independently assess strength of convicted defendant's motion for release pending appeal). Furthermore, a district court is required to rule on a release application promptly. See, e.g., United States v. Fisher, 55 F.3d 481, 487 (10th Cir. 1995) (to permit full review of motion for release pending appeal, district court should have ruled on paraplegic defendant's motion before he was transported to federal facility to begin serving sentence).

Moreso, once a defendant is convicted the court must order detention unless it finds by clear and convincing evidence that the defendant is not likely to flee or

-2-

pose a danger to the safety of any person or the community. In addition, before a court can allow release, it must find that the defendant's appeal is not for the purpose of delay and raises a "substantial question of law or fact" likely to result in a reversal, a new trial, a sentence with no imprisonment, or a sentence less than the total already served, including the expected length of the appeal process.

The application of 18 U.S.C. Section 3143(b)(1)(B) (2000) to the case of United States v. Giraldi, 86 F.3d 1368 (5th Cir. 1996) establishes that the defendant's application for release pending appeal improperly denied because defendant's appeal presented issues raising substantial likelihood of reduced sentence or new trial. Most circuits have interpreted a "substantial question of law or fact" to mean a question that could be decided either way. (See e.g. United States v. Randell, 761 F.2d 122, 124-25 (2nd Cir. 1985) (reasoned that a substantial question is one that is "close" or could be decided the other way), and not requiring the trial judge to determine whether the ruling is likely to be reversed. The Second Circuit has found that an order denying bail pending appeal was an immediately appealable "collateral order", but the petitioner must obtain a certificate of

-3-

probable cause from the district court. See Grune v. Coughlin, 913 F.2d 41, 43-44 (2d Cir. 1990). The standard of review for bail determinations pending appeal is not specified in the Bail Reform Act, but courts that have considered the issue have considered the issue have used standards similar to those used in reviewing a pretrial bail determination. See, e.g., United States v. Londono-Villa, 898 F.2d 328, 329 (2d Cir. 1990) (per curiam) ("clearly erroneous" standard of review used on Government's motion for reversal pending appeal).

Accordingly, the Defendant raises a number of issues for Appellate Review that are non-frivolous and meritorious with the substantial likelihood to reverse the conviction of the 18 counts of Guilty in the Aiding and Abetting the Preparation of Tax Returns, or a new trial on the 10 counts of conviction, or a much lower sentence that that imposed by the District Court, especially with the Inclusion of the time provided for the Direct Appellate Review, and considering that the Defendant has already served a Pre-Trial detention time from May 14, 2003 which corresponds to a total of over 24 months of custody to date 1/27/05. The specific issues to be raised on

-4-

Appeal are as follows.

1. Denial of motion due to prosecutorial misconduct in returning an indictment based on fraud as evident by the affidavit of Grand Jury witness, Angella C. Thompson. This constitute a fundamental Fifth Amendment violation to a Grand Jury Indictment in total deprivation of the defendant's liberty and life.

2. Denial of motion to dismiss indictment due to Double Jeopardy. The Defendant's presents a Sixth Amendment violation to be effectively represented by a conflict-free and loyal attorney. To be able to present witness on his behalf. To be able to cross examine witness pursuant to the confrontation clause, which resulted during the testimony of the Psychiatrist Dr. Patricia Kelly. This situation led to the incompetency of the defendant without the due process of the due process provision of the Sixth Amendment, which then resulted in a mistrial. The defendant now alleges that the mistrial was ruled in violation of the Sixth Amendment and should not have been subjected to a new trial. This must be decided in the Appeal Process.

3. The Defendant asserts that his

-5-

Sixth Amendment Right to a Speedy Trial were violated with the extensive delay after the court order committing him for hospitalisation and treatment to the time the jury was selected to commence the second trial proceedings. Also, the Defendant alleged that the "30 days" Mandatory Provision pursuant to the Speedy Trial Act 18 U.S.C. 3161(c) was violated where he elected to represent himself and seek a continuance to prepare adequate for trial.

(4) The Defendant alleged that the Statue of Limitation pursuant to 26 U.S.C. Section 6531 for offenses relating to 26 U.S.C. Section 7206(2) was violated for the Counts 5, 6, 7, 8 and 32 involving a constructive amendment to the charges in the original indictment which time barred for any such changes after six years for April 1997 to April 15, 2003. The superseding indictment was returned on July 13, 2004. This is a Appellate Issue.

(5). The Defendant alleges that the additional changes in the superseded indictment of obstruction of justice in count 39 represented double jeopardy to the Special Findings of the obstruction of justice which essentially involves the same elements. The deletion of

-6-

Peknk Wallace arguable represent a construction Amendment, in violation of the Fifth Amendment. This must be determine in the Appeal Process.

6. The Defendant Further Alleges that this Prosecution was Vindictive and Resulted in the Superseded Indictment in the Additional charges of Obstruction of Justice and the Failure to Appear were Vindictive and Resulted for him exercising his Constitution Rights to a Jury Trial. The Government Asserts that the Superseding Indictment was as a Result of <u>Blakely v. Washington</u>, 124 S.CT. 2531 (2004). How the Government in the Response to the Motion for Release is in Fact Contradiction the Position initially hold pursuant to the Blakely Court and the Sixth Amendment as construed in Blakely Applying to the <u>United States Sentencing Guidelines</u>.

7. Additionally, the Defendant Alleges due Process violation in not having a Civil Investigation before a Criminal Investigation, and Civil Investigation during the Course of the Criminal Investigation Representing a Fifth Amendment violation of his Rights of Due Process in Accordance to the Internal Revenue Mandates. Additionally, the Indictment had counts based on unsigned Tax

7

returns constituting a basis of a criminal charge is a flagrant miscarriage of justice in this cause.

8. The defendant alleges that the instructions to the jury was consistent with the beyond a reasonable proof of the government. To now sentence him base on factors not found by a jury represents a defective and a structural jury instruction and a violation of the Sixth Amendment based on due process provision of the Fair Trial Act. The Supreme Court in Sullivan v. Louisiana mandates that such a structural deficient jury instruction mandates automatic reversal. This issue will be forefront on the Appellate Review.

These are only some of the issues to be reviewed. The defendant further alleges that a number of prosecutorial misconduct surrounding the trial proceedings will be the subject of the appeal. Additional issues in Fifth Amendment issues surrounding Attorney-Client Privilege Communication and due process violation according to the Fair Trial and Sentence Provision.

### Risk of Flight.

Against the foregoing issues to be raised on Appeal and the consideration that the defendant has served a period of Pre-Trial Incarceration since May

-8-

14, 2003, a total at 21 months which correspondence to more than 24 months to date. Moreso, the offense is that of a Felony E which carries a maximum imprisonment of 36 months. It is the fact that a Direct Appeal will only be perfected within a period of 12 months due to the restraints of continued incarceration, then the Defendant will have been deprived of his Life and Liberty in a Absolute Miscarriage of Justice.

Additionally, the Defendant contends that based on his extraordinary family circumstances he will be able to provide the much needed financial and emotional support for his vulnerable children and psychological impaired wife who is suffering as a result of my son Patrick Triumph Jr. sudden death in June 9, 2004. The Defendant categorically affirm that he is not a risk of flight and _de facto_ is eager to present the truth of his unlawful incarceration, unconstitutional indictment and the manifest injustice that have plague throughout the trial proceedings. The Defendant will agree to abide by any conditions set by this court upon release and in no ways attempt to flee or violate the terms of the conditions of release. The Defendant do not have any pending

-9-

charges against him and any immigration issues will be dealt with in the due process and equal protection guaranteed by the Fifth Amendment. Upon release the defendant will reside with his wife and three children and do have many work contracts to provide the much needed income for his family's financial stability. The defendant is NOT a flight risk. The defendant is seeking justice. Justice too long delayed is justice denied. Justice must have the appearance of justice. Injustice here is a threat to justice everywhere.

It is clear that the Supreme Court of the United States in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), and <u>United States v. Booker</u>, 2005 W.L. 50108 (Jan 12, 2005) establishes the legal and constitutional findings of the issues of appeal in this case. The Sixth Amendment as construed in Blakely does apply to the United States Sentencing Guidelines.

It has been settled throughout United States history that the Constitution protects every criminal defendant against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. It is equally clear that the Constitution gives a criminal defendant the right to demand a

-10-

right to demand that a jury find him guilty of all the elements of the crime with which he is charged.

Moreso, the requirements of the Sixth Amendment are clear. It is a defendant's right to have the jury find the existence of "any particular fact" that the law makes essential to his punishment. The right is implicated whenever a judge seeks to impose a sentence that is solely based on facts reflected in the jury verdict or admitted by the defendant.

Regardless of whether Congress or a Sentencing Commission concludes that a particular fact must be proved in order to sentence a defendant within a particular range, the Framers would not have thought it too much to demand that, before depriving a man of more years of his liberty, the State should suffer the modest inconvenience of submitting its accusation to the unanimous suffrage of twelve of his equals and neighbors, rather than a lone employee of the state.

Further, to guard against a spirit of oppression and tyranny on the part of rulers, and as the great bulwark of American civil and political liberties, trial by jury has been understood to require that the truth of every accusation, whether preferred in the shape of indictment, information, or appeal, should afterwards be confirmed by the unanimous suffrage of twelve

-11-

of the defendant's counts and neighbors regardless of whether the legal basis of the accusation is in a statute or in guidelines promulgated by an independent commission, the principles behind the jury trial right are equally applicable.

With respect to whether the Sixth Amendment is violated by the imposition of an enhanced sentenced under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant, the United States Supreme Court answers this question in the affirmative. In such circumstances, the Sixth Amendment requires juries, not judges to find facts relevant to sentence.

Accordingly, the Government's Motion in opposition to the Motion for Release is absolutely misleading and prejudicial. It is constitutional flawed based on misapplication of the Blakely and Booker Court Rulings, and must not be any basis of a true and ethical consideration in this motion.

Wherefore, the defendant circumstances of this case mandates his immediate release pending appeal, and for any other considerations that may be just and proper.

Respectfully submitted,

Dated: Jan 27, 2005

Patrick A. [signature]
Defendant-Appellant pro se