# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF | CASE NO. 3:02CR81(JBA) |
| vs. | PETITION FOR WRIT OF<br>ERROR CORAM NOBIS |
| PATRICK A. TRIUMPH<br>DEFENDANT-APPELLANT | |

The Defendant, Patrick A. Triumph, PRO SE shows to the Court as follows.

1. The Defendant is now incarcerated at the Federal Medical Center, Devens, Massachusetts in the custody of the Bureau of Prison (B.O.P.) under a sentence of this Federal District Court.

2. It has been settled throughout our history that the Constitution protects every criminal defendant "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. IN RE WINSHIP, 397 U.S. 358, 364 (1970). It is equally clear that the "Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with he is charged." UNITED STATES v. GAUDIN, 515 U.S. 506, 511 (1995)

-1-

these basic precepts, firmly rooted in the common law, have provided the basis for recent decisions interpreting modern criminal statutes and sentencing procedures.

3. The U.S. Sentencing Guidelines' authorization of sentence enhancement beyond the maximum term of a presumptive sentence range on the basis of facts found by the sentencing judge, rather than found by a jury or admitted by the defendant, violates the Sixth Amendment right to a jury trial.

4. Further, the jury instruction of proof beyond a reasonable doubt represented a structural deficient trial proceedings in violation of the Due Process Clause of the Fifth Amendment if a preponderance of evidence basis of sentence is not reversed in this cause.

5. This Court should require the defendant's production at the hearing on this motion to correct the sentence, or vacate the sentence because the defendant's right of Due Process is violation in the light of the United States v. Booker, 543 U.S. __ (2005)

Wherefore, the defendant respectfully moves this Honorable Court that it order his production for a hearing on this motion to correct the illegal sentencing and that, after such hearing, the judgment herein be vacated and

-2-

And that the defendant be released from the custody of the Bureau of Prisons immediately.

Dated: Jan 3, 2005

Respectfully Submitted.

Patrick A. Triumph,
Defendant, Pro Se

-3-