UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED** 2005 FEB 10 P 1: 25
U.S. DISTRICT COURT
NEW HAVEN, CT

| UNITED STATES OF AMERICA<br>PLAINTIFF<br><br>vs.<br><br>PATRICK A. TRIUMPH<br>DEFENDANT-APPELLANT | Case No. 3:02CR81(JBA)<br>Appeal No. 04-6400-CR<br><br>MOTION FOR CERTIFICATE<br>OF PROBABLE CAUSE FOR<br>DENIAL OF MOTION FOR<br>RELEASE PENDING APPEAL |
|---|---|

COMES NOW, THE DEFENDANT-APPELLANT, PATRICK A. TRIUMPH, PRO SE, RESPECTFULLY MAKES APPLICATION FOR A CERTIFICATE OF PROBABLE CAUSE FOR THE DENIAL OF MOTION FOR RELEASE PENDING APPEAL IN THE ABOVE-CAPTIONED CASE, PURSUANT TO 28 U.S.C.A. SECTION 1292(b); AND THE RULE 3(c) OF THE FEDERAL RULES OF APPELLATE PROCEDURE, TO BE FILE IN THIS COURT IN FORMA PAUPERIS.

THE SECOND CIRCUIT HAS FOUND THAT AN ORDER DENYING BAIL PENDING APPEAL WAS AN IMMEDIATELY APPEALABLE "COLLATERAL ORDER," BUT THE PETITIONER MUST OBTAIN A CERTIFICATE OF PROBABLE CAUSE FROM THE DISTRICT COURT. SEE GRUNE v. COUGHLIN, 913 F.2d 41, 43-44 (2d Cir. 1990). MORESO, 28 U.S.C.A. SECTION 1292(b), DETERMINED THAT AN ORDER DENYING BAIL PENDING APPELLATE REVIEW WAS APPEALABLE "COLLATERAL ORDER"; RELIEF SOUGHT IN BAIL MOTION WAS NOT THE SAME AS ULTIMATE RELIEF SOUGHT BY APPELLANT,

-1-

Petitioner, and denial of bail would be forever unreviewable absent interlocutory review.

The Defendant-Appellant contends that this Application for Certificate of Probable Cause must be viewed liberally in accordance to Conway v. Village of Mount Kisco, 750 F.2d 205, 211-12 (2d Cir. 1984), cert. dismissed, 479 US 84, 107 S.Ct. 390, 93 L.Ed 2d 325 (1986); Bradley v. Coughlin, 671 F.2d 686, 689 (2d Cir. 1982), 671 F.2d 686, 689 (2d Cir. 1982), and not every technical defect in a Notice of Appeal constitutes a jurisdictional defect, see Matarese v. LeFevre, 801 F.2d 98, 105 (2d Cir. 1986); cert. denied, 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987); Bradley, 671 F.2d at 689; Fed. R. App. P. 3(c) ("An appeal shall not be dismissed for informality of form or title of the Notice of Appeal.").

Under Cohen v. Beneficial Indus. Loan Corp., 337 US 541, 69 S.Ct. 1221, 93 L.Ed 1528 (1949), an order is deemed collateral and therefore appealable if (1) the order conclusively determines the issue presented, (2) the issue decided is important and completely separable from the merits of the underlying litigation, and (3) the determination would be effectively unreviewable on appeal. Coopers & Lybrand v. Livesay, 437 US 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed 2d 351 (1978).

Further, pursuant to Fed. R. App. P. 22(b), the district court is required to "either issue a Certificate of Probable Cause or state the reasons why such a certificate should not be issued."

-2-

WHEREFORE, the Defendant-Appellant prays that this Honorable Court issue a Certificate of Probable Cause for the denial of Motion for Release Pending Appeal, and for such other relief that may be just and proper.

Respectfully Submitted.

Dated: February 4, 2005

Patrick A. Triumph
Defendant-Appellant, pro se