UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2005 FEB 16  P 2: 06

U.S. DISTRICT COURT
NEW HAVEN, CT

| | | |
|---|---|---|
| United States of America | ) | Case No: CrNo. 3:02cr81 (JBA) |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | SUPPLEMENTAL MEMORANDUM IN |
| | ) | SUPPORT OF MOTION TO CORRECT |
| | ) | ILLEGAL SENTENCE |
| Patrick A. Triumph | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

The Defendant, Patrick A. Triumph, pro se submits this
Supplemental Memorandum in support of Motion to Correct Illegal
Sentence in the light of United States v. Booker, 125 S.CT. 738 (2005);
and the recent Second Circuit Ruling in United States v. Crosby, Docket
No. 03-1675. The Second Circuit  conclude that the District Court should
have the opportunity to consider whether to resentence, and therefore
remanded Crosby for that purpose.

### The Booker/Fanfan Opinions

The Supreme Court's decision in Booker/Fanfan  significantly
altered the sentencing regime that has existed since the Guidelines
became effective on November 1, 1987. The Court's two-part decision
consist of an opinion by Justice Stevens adjudicating the merits of
the Sixth Amendment issue ("Substantive Opinion"), and an opinion by
Justice Breyer setting forth the remedy ("Remedy Opinion")

### A. Substantive Opinion

Booker/Fanfan was the culmination of a series of decisions explicating
the requirements of the Sixth Amendment in the context of sentencing.

-1-

See Apprendi v. New Jersey, 530 U.S.466 (200); Ring v. Arizona, 536 U.S. 584 (2002); Blakely v. Washington, 124 S.Ct. 2531 (2004). In the Substantive Opinion , the Court ruled that "(a)ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

The Apprendi opinion, which is "reaffirm(ed)" in Booker/Fanfan, Substantive Opinion, 125 S.Ct. at 756, makes clear  that the "maximum" referred to here is the maximum lawful penalty, see Apprendi, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a  crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond beyond a reasonable doubt.") (quoted in Substantive Opinion, 125 S.Ct . at 746). In other words, under the pre-Booker/Fanfan regime, the maximum lawful sentence was the maximum sentence permitted by the jury's verdict alone, without further  fact-finding by the judge. See Blakely, 124 S.Ct. at 2537 ("the 'statutory maxmum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." (emphasis in original) ) (quoted in Substantive Opinion, 125 S,Ct. at 749). Booker / Fanfan holds that judicial fact-finding that increases the maximum lawful penalty, if required by the Guidelines, is prohibited. As a result of the Remedy  Opinion in Booker/Fanfan, however, the maximum lawful sentence is the statutory maximum sentence, and because judicial fact-finding under advisory guidelines cannot increase that lawful maximum, judicial fact-finding now encounters no sixth Amendment

-2-

difficulties.

In <u>Blakely</u>, the Court explained that the Substantive Opinion of "any Fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." This was required for "enforcement" of the Sixth Amendment's guarantee of a jury trial in today's world. As the Court explained, the "world" of sentencing formerly relied primarily on the indeterminate sentencing, <u>i.e.,</u> a regime in which, for every offense, the sentencing judge had discretion to select a sentence anywhere within the range bounded by the maximum and the mininmum sentence, if any, that the legislature established. But that "world," the Court further explained, was significantly modified by the advent of determinate sentencing, <u>i.e.,</u> a regime in which the legislature or a commission specifies precise sentences or, more typically, establishes fairly narrow ranges within the broader statutory ranges, and the sentencing judge is required to select a sentence within the narrow range, subject to limited exceptions.

The Substantive opinion emphasized that it was the mandatory aspect of these determinate sentencing regimes that implicated the Sixth Amendment's requirement of a jury trial:

In Booker's case, the Court ruled in the Substantive Opinion that Booker's sentence violated the Sixth Amendment because the sentencing judge, as required by the Guidelines, had increased the sentencing range of 210-262 months, the applicable range based on facts reflected in the jury's verdict, to 360 months to life, the applicable range based on the facts of the defendant's "relevant conduct," <u>see</u>

-3-

U.S.S.G. Section 1B1.3, as found by the judge. <u>Booker</u> receive a
sentence of 360 months. This is the sixth Amendment violation that the
Supreme Court made obvious in its Substantive Opinion in the <u>Booker's</u>
Case.

RESENTENCING

The Second Circuit in its Remedy Opinion bears in mind
"ordinary prudential doctrines" such as 'plain-error' test" and the
harmless-error doctrine" in determining "whether <u>resentencing</u> is
warranted." Remedy Opinion, S.Ct. at 769 (emphasis added). We have
regularly applied such doctrines with respect to sentencing appeals.
<u>See</u>, <u>e.g.</u>, <u>United States v. Gutierrez</u> Rodriquez, 288 F.3d 472, 475-78
(2d Cir. 2002); <u>United States v. Thomas</u>, 274 F.3d 655, 666 (2d Cir.
2001) (in banc). In cases involving review of sentences imposed <u>after</u>
the date of the <u>Booker/Fanfan</u>, we would expect to apply these
prudential doctrines in the customary manner. The appropriate disposition
of an appeal of a sentence imposed <u>before</u> the date of <u>Booker/Fanfan</u>
requires more analysis.

The Second Circuit stop short of deciding as to whether the
Ex Post Facto would prohibit a court from imposing a more severe
sentence than a defendant would have received had the Guidelines
remained mandatory. <u>cf</u>. <u>United States v. Broderson</u>, 67 F.3d 452, 456
(2d Cir.1995) (noting that "where application of the Guidelines in
effect at sentencing would result in a more severe sentence than the
version in effect at the time of the commission of the offense, the
<u>Ex Post Facto</u> Clause of Article 1 of the Constitution requires use of
earlier version of the Guidelines").

Moreso, in accordance to Section 3742; "If the court of
appeals determines determines that --(1) the sentence was imposed in

-4-

violation of law. . . , the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate," Bearing in mind the several consideration outlined above that shape the context in which a disposition decision is to be made, we conclude that the "further sentencing proceddings" generally appropriate for pre-<u>Booker</u>/<u>Fanfan</u> sentences pending direct review will be a remand to the District court, not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine <u>whether</u> to resentence, now fully informed of the new sentencine regime, and if so, to resentence.

A remand for determination of <u>whether</u> to resentence is appropriate in order to undertake a proper application of the plain error and harmless error doctrines. Without knowing whether a sentencing judge would have imposed a materially different sentence, under the circumstances existing at the time of the original sentence, if the judge had discharged his or her obligation under the post-<u>Booker</u>/<u>Fanfan</u> regime and counsel had availed themselves of their new opportunties to present relevant considerations, an appellate court will normally be unable to assess the significance of any error that have been made. Perhaps in some cases the appellate court could make an educated guess as to the likely outcome of a remand, but that guess might be wrong, absent a clear indication at the original sentencing supporting the interference that the same sentence would have been imposed under the post <u>Booker</u>/<u>Fanfan</u> regime.

In short, a sentence imposed under a mistaken perception of the requirements of law will satisfy plain error analysis if the sentence imposed under a correct understanding would have been materially different. It is readily apparent to us that a sentence imposed prior to

-5-

Booker/Fanfan was imposed without an understanding of sentencing law as subsequently explained by the Supreme Court. However, we cannot know whether a correct perception of the law would have produced a different sentence. A remandis needed to answer thatquestion. A district judge need only determine that the original sentence would have been nontrivially different and need not determine what that sentence would have been. Determination and imposition of the new sentence will, of course, have to comply with all applicable sentencing requirements. See Fed.R.Crim.P.32.

Wherefore, the Defendant submits this Supplemental Memorandum in support of Motion to Correct Illegal Sentence in the light of the United States v. Booker, 125 S.Ct. 738 (2005): and the Second Circuit's recent decision in United States v. Crosby, No. 03-1675 (2d Cir. Feb 2, 2005) allowing for cases that are pending appeal to be remanded to the district court, in order for the district Court to Make the limited determination and amendment to the original sentence.

Respectfully Submitted,

Dated: February 12, 2005

Patrick A. Triumph
Defendant-Appellant, pro se

<u>CERTIFICATION OF SERVICE</u>

I herby certify that I have served a true copy of the this Memorandum in support of the Motion to Correct Illegal Sentence to the Following:

>David A. Ring
>Assistant U.S. Attorney
>Connecticut Financial Center
>P.O.Box 1824
>New Haven, CT 06510

by placing a copy of same in the United States Mail with the proper postage affixed to ensure delivery

Dated: This 12th day of February, 2005

Respectfully Submitted

Patrick A. Triumph