United States District Court
District of Connecticut
FILED AT NEW HAVEN
3/7/ 20 05
Kevin F. Rowe, Clerk
By /s/ Jordan
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :   No. 04-6400-cr

vs.                               :   C.A. on Remand

PATRICK A. TRIUMPH,               :
        Appellant/Petitioner
        pro-se                    :

---

Petitioner's Letter-Brief directed to the
Honorable Janet Bond Arterton U.S.D.J.
District of Connecticut
Pursuant to Fed.R.Crim.P.32(f)(3)

---

## APPLICATION OF Fed.R.Crim.P.32

Rule 32 corrolates in the instant purpose with Fed.R.Crim.P. 26.2(g)(2); Rule 32(i)(2) (Sentencing). Here, prior to the imposition of sentence on December 16, 2004 the United States Department of Probation filed a pre-sentence investigative report (PSI) pursuant to **Fed.R.Crim.P. 32(C)(A)**..."The Probation Officer must conduct a presentence investigation and submit a report before the Court imposes sentence. (unless), See: (now non-withstanding **Title 18 U.S.C. 3553(a)**; a n d **Fed.Crim.R.P. 32(C)(1)(ii)** the Court finds that the record enables it to meaningfully exercise it's sentencing authority under (then withstanding) **18 U.S.C. 3553(a)** a n d the Court explains its finding on the record". [1]

Pursuant to the tenure of the then withstanding PSI your Appellant brought to Bench proper objections, See: **Fed.R.Crim.P. 32(f)(3)**. Regretfully, no action was taken upon Appellant's Letter of Objections. **32(f)(2)** Supra.

---

[1] Clearly, 18 U.S.C. is a nulity per the Booker/ FanFan decision rendered January 12, 2005,(543 U.S.____ (2005). Equally clear is that this Court during sentencing, 3553,Supra. ignored the jurys finding(s) of $6, 121.00 in verdict culpability and improperly accepted the Probation Officers version of a $37,002.00 total loss to the United States by a now improper "preponderance of the Evidence" standard. See: Fed.R.Crim.P.32(C)(1)(A)(ii); in accord, Booker,Supra. citing the "Plain Error Statute" Fed.R.Crim.P. 52-(b)

-1-

With, as per the Motion of the United States(See Exhibit no:(1) attached hereto in A p p e n d i x  -A-) appellate again (emphasis provided) will bring an 'Updated' complaint in objections to his now imposed thirty-three (33) month period of total confinement which was formulented in direct contravention to the "New Rule Of Law announced on January 12, 2005. See: **Booker/FanFan**,Supra.

## WAS THERE A PLAIN ERROR IN THE DECEMBER 16, 2004 SENTENCING ?

Clearly a Plain Error,**Fed.Crim.R.P. 52(b)** was committed at Sentencing,**Title 18, 3553**,Supra.  With the Jury finding your Appellant culpable for six-thousand-one-hundred-twenty-one-dollars ($6,121.00) (See Jury Verdict Slips, Exhibit No. (3), A p p e n d i x)) and this Court finding that as per the Probation Officer's findings, the actual amount was thirty-seven-thousand-two-dollars ($37,002.00) imposed a sentence of the "maximum"of the then withstanding United States Sentencing Guidelines (U.S.S.G.), i.e. thirty-three (33) months of imprisonment. See: **18 U.S.C. 3553(a)**,Supra. The imposition of sentence was imposed directly in violation of the Supreme Courts decision in **Booker/FafFan**, in that (a) **3553 is now invalid;** a n d the Court may no longer impose a sentence using the "preponderance of the Evidence Standard"; a n d  (b) Appellants sentence was increased by eleven (11) months. Had the proper sentence been imposed as found at **U.S.S.G. 2T4.1(C)** i.e. 18-24 months (Loss to the United States less than eight-thousand-dollars $8000.00) and assuming even the maximum term of 24 months was imposed, with acurred "Good Time"

-2-

See" **Title 18 U.S.C. 3621** the correct sentence would have permitted the Appellant to be timely released from the Bureau of Prision on February 11, 2005, and not, as now, October of 2005. **Booker/FanFan**, Supra.

The only relief from "Plain Error" **55(b)**, Supra. is for, as in **United States v. Triumph**, is to "set aside" the sentence. See: **United States v. Pico**, 966 F.2d 91, (2d Cir. 1992); also see: **Jones v. United States**, 527 U.S. 373, 389, 119 S.Ct. 2090, 144 L.Ed.2d 370(1999) As the Court is aware there is a full discussion in **Booker/ FanFan** which demostrates the Courts assertion that Plain Error shall mirror setting aside the sentence.

### DID TRIUMPH WAIVE HIS PLAIN ERROR OBJECTION ?

Instantly, No. Contrary to the findings of this Circuits decision in **Bermingham v. United States** (**United States v. Bermingham**) 855 F.2d 925 (2nd Cir. 1995) Appellant has not waived his rights to object the the Clear and Plain Error that has laid the very foundation to increase his maximum term of imprisonment be eleven (11) months. **Rule 32**Supra. **Rule 52-(b)**, Supra; in accord,**Bermingham**.

### STANDARD OF REVIEW FOR FACTUAL FINDING OF CLEAR ERROR IN GUIDLINE INTERPRETATIONS

In examining a sentence calculation the Circuit Court reviews for findings of "Clear Error" in the District Court and the District Courts legal interpretations of the Guidelines de-nova. Please See:
2./
**United States v. Carsoni**, 204 F.3d 39, 46 (2nd Cir.2000)

-3-

## THE PRESENTENCE INVESTIGATION REPORT ERROR

It has now been determined that the Court, in imposing sentence, **Title 18 U.S.C. 3553(a)** relied upon (1) an inaccurate presentence report. ($6,121.00 oppossed to $37,002.00)See: **U.S. v. Charmer Ind. Inc.**, C.A.2 (N.Y.) (1983) 711 F.2d 1164 (" A criminal defendant may object to factual inaccuracies in PSI Reports"); a n d (2) the sentence imposed was done so subject to materially untrue and false assumptions as to the facts and findings of the jury which here renders the sentence invalid and in violation of Due Proscess. See: **U.S. v. Fatico**, E.D.N.Y (1978) 458 F.Supp. 388.

## THE CALCULATION ERROR

With the Jury rendering a verdict of $6,121.00 in losses to the United States the Offense level was at "level 9" See:**U.S.S.G. 2T4.1(C)**

> 2./ It is apparant that the Circuit in issuing this "Limited Remand" determined that a Plain and clear error existed as found in both Fed.R.Crim.P.52(b) and **Booker/FanFan**

-4-

(2001 Amendments (now non-withstanding)). With a Criminal History of 111 (3) the correct sentence on December 16, 2004 should have been 18-24 months. The effective date of sentence being May 14, 2003, and with ninty-four (94) days of "Good Time" **Title 18 U.S.C. 3621** available to Appellant his release date should have been the 11th day of February 2005.

### THE RESULTING ERROR IN SENTENCING

On September 16, 2004, (See: Trial Transcripts, Volume Xll) this Court charged the Jury beginning at N.T. Page 2609 with the "Special Findings" See: **U.S.S.G. 2T1.1**. Simply put the jury was firmly instructed to determine all elements of each count charged, and find the "amount of loss" (internal quotations) to the United States. It is now well-settled from the jurys' verdict that the amount decided was $6,121.00, and not (Emphasis added) $37,002.00 as found by this Court when introducing the "Preponderance of the Evidence Standard" which has been found no longer binding as of January 12, 2005. See: **Booker/FanFan**,Supra. **Rule 52(b)**,Supra.

### THE SENTENCING HEARING

The Sentencing hearing, **18 U.S.C. 3553**, Supra. was a two (2) day proceeding beginning on December 15, 2004. The Court, which takes us to the "Heatland" of these objections stated on N.T. page 11 " The Government has proved by a preponderance of the evidence that the total amount was $37,002.00 as set out in the testimony at trial"

-5-

On December 16, 2004 the Court imposed the maximum sentence under the now, non-withstanding U.S.S.G.'s, 33 months.

In light of the announced "New Rule of Law" in **Booker/FafFan** the "Preponderance" Standard introduced by this Court on December 15, 2004, and determined the sentence of December 16, 2004 can no longer stand, nor can the 33 month period of incarceration be deemed correct and/or valid for several reasons. (a) **3553(a)** has been invalidated; (b) **3742** in no longer in force; a n d (c) the **Booker/FanFan** Court has, as aformentioned removed the use and consideration of the "Preponderance Standard" (Also see: **Apprendi v. New Jersey** __U.S. a n d **Blakely v. Washington**, __U.S.) This "removal" now insists that, as here a jury determination be made, and lastly; **Booker/FanFan**, has ruled that relief is available on all cases on direct review and those not yet final" relying on **Griffith v. Kentucky** __U.S.. For a second circuit discussion on the relevant, then binding guidelines for this Circuit see: **U.S. v. Martinez-Rios**, 143 F.3d 662 (1998) a n d **U.S. v. Gordon**, 291 F.3d 181 (2nd.Cir. 2002)

### ANY INCREASE IN SENTENCE SHOULD BE PROHIBITED

In concluding the new announced Rule of Law in **Booker/FafFan** the Court relied upon, <u>inter alia</u> deeply rooted issues of Common Law which prohibits, without cause an increase in sentence upon remand, or re-trial. **North Carolina v. Pearce**, 395 U.S. 711, 23 L.Ed.2 656, 89 S.Ct 2072.

-6-

Pearce introduced the proposition that, absent extreme circumstance, a longer sentence imposed after a re-trial was both unconstitution and therefore void, Id.23 L.Ed.2d 663. While the Supreme Court was firm in Pearce that there shall be no limitations placed upon a Government to retry a criminal defendant who has had his conviction set aside, it too then asserted that the second or subsequent sentence be imposed devoid of vindictiveness or retalitory motivation. The Court too taught that if the sentencing Court would adhere to any lesser degree would place a criminal defendants appeal in jeopardy of enhanced punishment and would be found to be a flagrant violation of, as here, the defendant's Sixth Amendment rights, Pearce, Supra, relying upon Nichols v. United States, 106 F 672. The extreme circumstances discussed in Pearce have no application in United States v. Patrick Triumph in that to increase his sentence he would have to have become culpable in another criminal matter since December 16, 2004 or the United States would have to (now) re-indict Appellant on yet new and distinct charges. No set of such circumstances can be offered by the UNited States. Pearce, Supra.

## CONSIDERATION FOR FURTHER RELIEF

To refresh the Courts memory. The Court, during the time of proceedings in United States v. Triumph, did grant me permission to visit my young terminally ill son who was hospitalized with critical cardiac infractions. Again, we are thankfull for that.

-7-

**Regretfully**, my Son, Patrick Jr. passed away due to heart failure on June 9, 2004 at the tender age of thirteen (13) years.

This loss has rendered my remaining Children and Wife devestated to the point where my Wife can no longer remain at gainfull employment and must now rely upon friends and family members for food and shelter.

Pursuant to the now "advisory" Guidelines, <u>18 U.S.S.G., 5H1.6 & 5H1.11</u> provides a just remedy in circumstances such as mine who "should be" the sole supporter of the family. To now even assume that upon re-sentencing the Court would again sentence me to 33 months of imprisonment I would still remain with a maximum release date in October of 2005 (<u>Title 18 U.S.C. 3621</u>), on seven (7) months from the onset of this Rule 32 Motion. I would most urgently ask this Court to consider this absence from prison when forming a new sentence. See: <u>U.S. v. Greene</u>, 249 F.Supp.2d, 262 (S.D.N.Y.) (2003)

## APPELLANTS REQUESTED SENTENCE

Appellant Triumph would waive "appearnce" if the Court would enter the attached order finding his Remanded sentence to be "Time Served" with the release date being provided to the Federal Bureau of Prisons for immediate departure.

Very Truly Yours

Patrick A. Triumph
In Pro-Se

## UNSWORN VERIFICATION

I, Patrick A. Triumph do state and depose subject to the penalties provided by **28 U.S.C.1746** that all of the information contained herein is true and correct to the best of my knowledge, information and belief.

Respectfully

Patrick A. Triumph
Appellant/Petitioner
pro-se