UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:02CR81(JBA) |
| v. | |
| PATRICK A. TRIUMPH | April 4, 2005 |

### Motion for Post-*Crosby* Proceedings on Remand

The United States respectfully submits this memorandum in aid of proceedings to be held on remand from the United States Court of Appeals for the Second Circuit.

### I. Procedural History

On September 20, 2004, a jury found the defendant guilty of ten counts of aiding and abetting the filing of false tax returns in violation of 26 U.S.C. § 7206(2). On December 16, 2004, this Court imposed a sentence of thirty-three months imprisonment. The defendant was sentenced pursuant to the Sentencing Guidelines, and the Court did not impose an "alternate sentence" indicating the sentence it would have imposed if the guidelines were not mandatory. On December 16, 2004, the defendant filed a timely notice of appeal.

On March 25, 2005, the United States Court of Appeals for the Second Circuit ordered a limited remand in this case, upon consent of both parties, in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and the Court of Appeals' decision in *United States v. Crosby*, 397 F.3d 103, 118-20 (2d Cir. 2005). The Second Circuit provided the following instructions in regard to its remand:

> [P]ursuant to *United States v. Crosby*, 397 F.3d 103, 118-20 (2d Cir. 2005), the case is REMANDED to the district court for the district court to consider *whether* [emph. in original] to resentence the Appellant, after considering the currently applicable statutory requirements as explicated in *United States v. Booker*, __ U.S. __, 125 S. Ct. 738, 764 (2005), and *Crosby*. Upon the district court's determination either that it has decided not to modify the Appellant's sentence or that it has decided to modify the Appellant's sentence and has resentenced him, the jurisdiction of this Court with respect to any appeal which the Appellant intends to pursue will be restored . . . .

## II. Limited Remands in Light of *Booker* and *Crosby*

In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines "effectively advisory." *Booker*, 125 S. Ct. at 756. This ruling results in a system in which the sentencing court, while required to consider the Guidelines, may impose a sentence within the statutory maximum penalty for the offense of conviction. The sentence will be subject to appellate review for "reasonableness." *Id.* at 766.

The Court of Appeals for the Second Circuit has summarized the impact of *Booker* as follows:

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). *Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range,* or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. *Fourth, the sentencing judge should decide, after considering the Guidelines and all the other*

> *factors set forth in section 3553(a), whether (i) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence.* Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

*United States v. Crosby*, 397 F.3d at 113 (emphasis added).  When imposing sentence, a district court must be mindful that "*Booker/Fanfan* and section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." *Id.* at 114.  Both the Supreme Court and the Court of Appeals expect "sentencing judges faithfully to discharge their statutory obligation to 'consider' the Guidelines and all of the other factors listed in section 3553(a), . . . and that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more individualized justice." *Id.* at 114-15.

In *Crosby*, the Court of Appeals determined that it would remand most pending appeals involving challenges to sentences imposed prior to *Booker* "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence, now fully informed of the new sentencing regime, and if so, to resentence." *Id.* at 117.  In this respect, the Court of Appeals explained that a remand would be necessary to learn "whether a sentencing judge would have imposed a materially different sentence, *under the circumstances existing at the time of the original sentence*, if the judge had discharged his or her obligations under the post-*Booker/Fanfan* regime and counsel had availed themselves of their new opportunities to present relevant considerations." *Id*. "In making that threshold determination, the District

Court should obtain the views of counsel, at least in writing, but 'need not' require the presence of the Defendant . . . ." *Id.* at 120. The defendant should, however, have an "opportunity . . . to avoid resentencing by promptly notifying the district judge that resentencing will not be sought." *Id.* at 118. "Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with the Defendant present, resentence in conformity with the [Sentencing Reform Act], *Booker/Fanfan*, and this opinion, including an appropriate explanation, *see* § 3553(c)." *Id.* at 120.

In light of *Booker* and *Crosby*, the United States respectfully requests that the Court determine whether the Court would have imposed a nontrivially different sentence, in light of the advisory guidelines range and the other factors set forth in 18 U.S.C. § 3553(a). If not, the Court should place on the record an "appropriate explanation" for such decision. If, on the other hand, the Court determines that resentencing is necessary, it should vacate the sentence and resentence in conformity with the dictates of Fed. R. Crim. P. 32 (including requiring the defendant's presence in conformity with Fed. R. Crim. P. 43) and

in light of the principles set forth in the Sentencing Reform Act, as well as *Booker* and *Crosby*.

                                        Respectfully submitted,

                                        KEVIN J. O'CONNOR
                                        UNITED STATES ATTORNEY

                                              /s/
                                        DAVID A. RING
                                        ASSISTANT U. S. ATTORNEY
                                        157 Church Street
                                        P.O. Box 1824
                                        New Haven, Connecticut   06510
                                        (203) 821-3700
                                        Federal Bar No. CT14362

## CERTIFICATION OF SERVICE

     This is to certify that a true copy of the foregoing has been sent via first class mail on the 4th day of April 2005 to:

Mr. Patrick A. Triumph
Fed. Inmate No. 14622-014
FMC Devens
42 Patton Rd., PO Box 879
Ayer, Massachusetts  01432

Norman A. Pattis, Esq.
649 Amity Road
P. O. Box 280
Bethany, CT 06524

                                        _____/s/_____
                                        DAVID A. RING
                                        ASSISTANT UNITED STATES ATTORNEY