UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| United States of America,<br>Plaintiff-Appellee,<br><br>v.<br><br>Patrick A. Triumph,<br>Defendant-Appellant. | Case No. 3:02Cr81(JBA)<br><br>Appeal No. 04-6400-CR<br><br>MEMORANDUM IN SUPPORT<br>OF MOTION TO EXPEDITE<br>RESENTENCING. |

The Defendant-Appellant, pro-se, respectfully submits this memorandum constituting the legal basis why he should be Resentenced as per limited Remand.

### Procedural History

On January 12, 2005 the United States Supreme Court brought a "new Rule of Law" in **United States v. Booker**, ___U.S.___, 125 S.Ct. 738, (2005) which answered to the "affirmative" if a criminal defendant's Sixth Amendment rights are violated by imposition of an enhanced sentence under the United States Sentencing Guidelines (U.S.S.G) based upon the sentencing Judge's determination of a fact (other than a prior(s) criminal conviction ) that was not found by a jury, or admitted by the defendant.

The Court of Appeals for the Second Circuit affirmed the decision in **Booker** in the ruling of **United States v. Crosby**, 397 F.3d 103, 118-20 (2d Cir.2005) and on March 25th, 2005 in the case **United States v. Triumph**, 04-6400-cr; "Remanded to the district court for the district court to consider whether to resentence the Appellant, after considering the current statutory

requirement as explicated in **United States v. Booker**, ___U.S. ___, 125 S.Ct. 738, 764 (2005), and **Crosby**."

## The Sentencing Error

It is apparent that the Second Circuit in issuing this "Remand" determined that a Plain and clear error existed as found in both Fed.R.Crim.P.52(b) and Booker/Fanfan.

Clearly a Plain Error was committed at sentencing, **Title 18 U.S.C. 3553.** With the Jury finding the Defendant-Appellant culpable for six-thousand-one hundred-twenty-one-dollars (6,121.00) and this Court determination that the Tax Loss amount was thirty-seven-thousand-two-dollars ($37,002.00) imposed a sentence of the "maximum" of the then United States Sentencing Guidelines (U.S.S.G.), i.e. thirty-three (33) months of imprisonment. The imposition of sentence was imposed directly in violation of the Supreme Courts decision in **Booker/Fanfan**, in that (a) **3553 is now invalid;** and the Court may no longer impose a sentence using a "preponderance of the Evidence Standard", and (b) The Defendant-Appellant sentence was increased by nine (9) months. Had the proper sentence been imposed as determined by the Jury, the maximum range under **U.S.S.G. 2T4.1(c)** would be 18-24 months (Tax Loss Amount of $6,121.00), and assuming even the maximum term of 24 months was imposed, with acurred "Good Time" See. **Title 18 U.S.C. Section 3621** the correct sentence would have permitted the Appellant to be timely released from the Bureau of Prisons on February 11th, 2005, and not, as now October of 2005. **Booker/Fanfan**, Supra

## THE JURY INSTRUCTION

In this case, <u>United States v. Triumph</u>, as in <u>Cage v. Louisana,</u> 498 U.S. 39, 112 L.Ed.2d 339, 111 S.Ct. 328 (1990), the Jury instruction should be ruled unconstitutional if there is, as instantly, a reasonable likelihood the jury understood the instruction, or lack thereof to allow a conviction without proof beyond a reasonable doubt.

In order for the <u>Triumph</u> jury to have been properly instructed, the charge would have to include instructions that jurors must conclude that <u>Triumph</u> was in fact responsible for the Tax Loss amount of forty thousand ($40,000.00) and greater as charged in the Superseding Indictment. (See Special Findings of Superseding Indictment).

In <u>Jones v. United States</u>, 526 U.S. 227. 243 n.6, 119 S.Ct. 1215, 1214 n.6 (1999), the Supreme Court made clear the following principle: "[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime **must be charged in the indictment,** submitted to a jury, and proven beyond a reasonable doubt." (Emphasis added). In <u>Apprendi,</u> the Supreme Court confirmed its opinion in <u>Jones</u> and further elaborated on the principle; "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury,

and proved **beyond a reasonable doubt."** <u>Apprendi</u>, 530 U.S. at 490, 120 S.Ct. at 2363.

In <u>Blakely v. Washington</u>, 542 U.S.\_\_\_, 124 S.Ct. 2531 (2004), the Supreme Court reaffirmed the principle and provided additional clarification for the term statutory maximum: "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose **without** any additional findings." <u>Blakely</u>, 124 S.Ct. at 2536 (emphasis in original).

On December 16th, 2004, when <u>Triumph</u> appeared for sentencing the judge swept aside the Sixth Amendment, and by a preponderance of the evidence standard imposed a thirty-three (33) month term of imprisonment.[1] (see Sentencing Transcript Volume 1, Pg 11, Ln 7-25; dated December 15, 2004).

---

[1] <u>The Court</u>: So what we have done here is we have carefully protected your appellate right by having submitted the matter to a jury, so that if in fact on appeal you are correct that the loss amount must be found by a jury and beyond a reasonable doubt, then we are in a position to resentence without needing to go through another trial.

<u>Mr. Triumph</u>: Yes, but with that, your Honor.

<u>The Court</u>: For the time being, however, whatt we have is the full evidentiary record that would otherwise have been submitted in some form at sentencing and on which the Court could make a determination, as I am going to make, which is, that the government has proven by a preponderance of the

1./ cont'd:

evidence that the loss amount was $37,002 as set out in the testimony at trial. And you have clearly established---

Moreso, the Due Process Clause of the Fifth Amendment, the prosecutor required to proved every element of the crime (emphasis; **Tax Loss amount**) with which a defendant is charged beyond a **reasonable doubt.** <u>In re Winship</u>, 397 U.S. 358, 364 (1970), the reasonable doubt standard protects three interest. First, it protects the defendant's interest in being free from unjustified loss of liberty. **See U.S. at 363.** Second, it protects the defendant from the stigmatization resulting from conviction, See <u>id</u>. Third, it engenders community confidence in the criminal law by giving "concrete substance" to the presumption of innocence. <u>Id</u>. at 363-64. In this regard, the Court stated that "[i]t is critical that the moral force of the criminal law not be diluted by a standard of proof that leaves people in doubt whether innocent men are being condemned." <u>Id</u>. at 364. In his concurring opinion, Justice Harlan noted that the standard is "bottomed on a fundamental value determination of our society that it is far worse to convict an innocent than to let a guilty man go free." <u>Id</u> at 372 (Harlan, J., concurring).

Further, the defendant must be acquitted if the government fails to sustain its burden of proof. The defendant also must be aquitted when the court defines reasonable doubt in a way that impermissibly eases the prosecution's burden of proof. In <u>Sullivan v. Louisiana</u>, 508 U.S. 275, 281 (1993), the Court held that harmless error analysis may not be applied to cases involving erroneous jury instructions regarding reasonable doubt. (Emphasis; error in reasonable doubt instruction is structural error requiring reversal and precluding harmless error analysis.

-6-

**Sullivan's** Sixth Amendment right to a jury trial was denied by giving of a constitutionally deficient beyond-a-reasonable-doubt instruction. The Fifth Amendment requirement of proof beyond a reasonable doubt, see, e.g., **In re Winship**, 397 US 358, 364, 25 L Ed 2d 368, 90 S.Ct 1068, and the Sixth Amendment requirement that the jury, **rather than the Judge**, reach the requisite finding. 2./ See **Triumph's** Sentencing Transcript Pages 7-10, dated Dec 15th, 2004.

---

2./ **The Court** (Pg 7, Ln23 cont'd)

　　　　Now, the second matter before we get to the substance of the sentence, sentencing analysis, is how we shall be proceeding in the light of **Blakely**. The Second Circuit in **Mincey**, 380 F.3d 102, decided August 12, 2004, recognizing that **Blakely** has produced, and I quote "considerable consternation and concern in the federal courts and elsewhere about the impact, if any, of the decision in **Blakely**"; has directed that the courts of this circuit will continue to fully apply the guidelines until the Supreme Court rules otherwise, and rejected in **Mincey** the appellant's argument that in this circuit the Sixth Amendment now requires every enhancement factors that increases a guideline's range to be pleaded and proved to a jury beyond a reasonable doubt.
　　　　Unless and until the Supreme Court rules otherwise, the law in this circuit remains as stated in **Garcia** and **Thomas** and our related case law.
　　　　**U.S. v. Thomas** 274 F.3d 655, rejected the argument that jury fact finding was necessary for application of the guideline enhancements that did not result in sentence higher than those prescribed by the statute of conviction, and **Garcia** 240 F.3d 180 held that: "A guideline factor that is 'unrelated' to a sentence above the statutory maximum, or to a statutory minimum, as established

-7-

2./ (cont'd Pg 10, Ln 1)

by congress, may be determined by asentencing judge and need not be submitted to a jury, " and the method of fact finding that the Second Circuit found as consistent theme in those cases is that the right to a -- the constitutional right to a jury trial is that that has been set out in Apprendi.

So, based on Mincey, the Court will proceed using the guidelines as directed. This, of course, will bear on the loss calculation. Now --

Mr. Triumph: On that subject, your Honor, may I? Your Honor, what is very apparent is a constitutional violation, violation, first of all, of the Fifth Amendment and the Sixth amendment to a Jury trial. Your instructions to the jury clearly instructed each juror that each element of each count must be found beyond a reasonable doubt, which included not only the elements, but also what we refer to special findings, the special findings which included the loss ammount.
Now, representing myself in the course of trial, I relied heavily on your instructions. You further stated that by no means the defendant has any burden of proof, whether -- there is no need for the defendant to introduce any evidence as ameans of invalidating or contesting the loss amount. It was clearly established in the jury trial that the Tax Loss amount is 6,121. I don't have my notes here, so I'm just speaking.
Now, for us at sentencing to decide that we are going to introduce some area of relevant conduct as a determination of the loss ammount is absolutely prejudicial and inconstitutional. There is no basis fot this type of violation. What we run into is a structural defect in terms of the jury instruction, and if I may recall in the case of Sullivan v. Louisiana, when we do have such structural defect in the instructions, it mandates reversal of any conviction.

## THE RESULTING ERROR IN SENTENCING

On September 16, 2004.[3./]See: Trial Transcripts, Volume X11. This Honorable Court charged the Jury bebinning at N.T. Page 2609 with the "Special Findings" See **U.S.S.G. 2T1.1 & 2T4.1.** Simple put the jury was firmly instructed to determine all elements of each count charged, and find the "amount of Tax Loss" (internal Quotations) to the United States. It is now well settled from the Jurys' verdict that the amount determined was $6,121.00, and not (Emphasis added) $37,002.00 as found by this Court when introducing the "Preponderance of the Evidence Statndard" which has been found no longer binding as of January 12, 2005.

In the light of the announced "New Rule of Law" in **United States v. Booker**, 125 S.Ct 738 (2005), the Supreme Court held that the United States Sentencing Guidelines violate the Sixth Amendment principles articulated in **Blakely v. Washington**, 124 S.Ct 2531 (2004). The Court determined that a mandatory system in which a sentence is increased based on factual findings by a Judge violates the right to trial by Jury.

---

3./ <u>The Court</u>: Pg 2609, Ln 20 cont'd

        There are special findings that you may be required to make. If you found the defendant guilty on any of the counts one, or three through 38 of the indictment, you must then determine beyond a reasonable doubt the amount of tax loss attributable to the defendant's conduct of aiding, assisting, procuring or advising the preparation of false and fraudulent tax returns as to those counts.

The Second Circuit Court of Appeals affirmed the findings in **Booker** in its decision in **United States v. Crosby**, 397 F.3d 103, 118-20 (2d Cir. 2005). In this regard, the Court of Appeals explained that a remand would be necessary to learn "whether a sentencing judge would have imposed a materially different sentence, under the circumstances existing at the time of original sentence, if the Judge had discharged his or her obligations under the post-**Booker/Fanfan** and counsel have availed themselves to their new opportunities to present relevant considerations.

Accordingly, In **United States v. Triumph**, CrNo. 3:02CR81 (JBA), the record is absolutely and conclusively clear that Mr. Triumph's Sixth Amendment rights were violated by the Court's increasing his sentence by its finding of the Tax Loss amount of $37,002.00, rather than $6,121.00 as determined by the Jury.
<u>See</u> Sentencing Transcript Vol 1, Page 13-14.[4]

---

[4]

**The Court:** Your conviction for aiding and abetting preparation of false tax returns in violation of 26 U.s.C. 7206(2) was on counts five through eight, 10, 11, 16, 17, 20, and 32.

**Mr. Triumph:** Yeah, 10.

**The Court:** Those are the counts you are being sentenced on.

**Mr. Triumph:** Yeah, 10 counts, but what we are doing, we are attaching the loss amount from the addition 29 counts.

4./ cont'd

<u>The Court</u>: As relevant conduct, correct.

<u>Mr. Triumph</u>: Which I'm saying is totally unconstitutional, very, very biased, and should not be considered at this forum because we have established this on the basis of the trial, the trial proceedings.

<u>The Court</u>: Your record is very clear on this, Mr. Triumph. So, those arguments that you make you will make to the Second Circuit, and if you're correct, <u>then we will have a basis to do the resentencing</u>.

<u>Mr. Triumph</u>: I understand that, your Honor, but I can only rely on your judgement. I mean, why do we have to wait on the Supreme Court?

<u>The Court</u>: Because that's what Mincey <u>directs</u>.

<u>Mr. Triumph</u>: Or the Second Circuit.

<u>The Court</u>: <u>Mincey</u> directs the district courts to do that, sir, and I'm going to follow the Second Circuit's directive, that's all there is to it.

<u>Mr. Triumph</u>: So are you saying, your Honor, that the jury instruction was totally erroneous?

<u>The Court</u>: No. I've explained the purpose of that, and that is in order <u>to preserve and protect both efficiency as well as your constitutional rights if the Supreme Court were to find that this sentence imposed under the guidelines was unconstitutional. So, you have a perfect record there</u>,.....

## SUMMARY OF THE ARGUMENT

Mr. Triumph's sentence was imposed in violation of law, because it was rendered pursuant to an unconstitutional sentencing guideline scheme. The United States Sentencing Guidelines violate the Fifth and Sixth Amendments and the Rule in <u>United States v. Booker</u>,___U.S.___, 125 S.Ct. 738 (2005). It cannot be doubted that the application of an unnconstitutional sentencing system seriously affect the fairness, integrity, or public reputation of judicial proceedings.

## CONCLUSION

For the reasons stated herein, Mr Triumph respectfully asks this Honorable Court to vacate his sentence and resentencing based on the corrected loss amount of $6,121.00 as determined by the jury, without any further evidientiary proceedings, and for any other relief that may be just and proper in <u>Sub Judice</u>.

Respectfully Submitted,

_____
Patrick A. Triumph
Defendant-Appellant, pro-se

## CERTIFICATION OF SERVICE

This is to certify that a true copy of the Memorandum in support of Motion to Expedite Resentencing has been sent via first class class mail on the 11th day of April 2005 to:

>David A. Ring
>Assistant U.S. Attorney
>157 Church Street
>P.O. Box 1824
>New Haven, CT 06510

Respectfully,

Patrick A. Triumph
Defendant-Appellant, pro-se