FILED

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

2005 APR 20 P 4: 05

U.S. DISTRICT COURT
NEW HAVEN, CT

United States of America,            )      Case No. 3:02cr81(JBA)
Plaintiff-Appellee,                  )
                                     )      Appeal No. 04-6400-cr
                                     )
        vs.                          )
                                     )
                                     )      **Emergency Motion for**
Patrick A. Triumph,                  )
Defendant-Appellant.                 )      **Immediate Release.**
                                     )
_____)

NOW COMES the Defendant-Appellant, Patrick A. Triumph,

pro-se, and respectfully moves this Honorable Court to promptly

issue an order for his immediate release pending Resentencing

and Appeal, pursuant to the authority under 18 U.S.C. Section

3143(b) (2000), and the Due Process Clause of the Fifth Amendment.

The Defendant-Appellant, has now been incarcerated for

approximately 27 months, which he has argued is excessive

and unconstitutional. See, **United States v. Booker**, 125 S.Ct.

738 (2005), the Supreme Court held that the United States

Sentencing Guidelines violate the Sixth Amendment principles

articulated in **Blakely v. Washington**, 124 S.Ct. 2531(2004).

On March 25, 2005, the United States Court of Appeals

for the Second Circuit ordered remand in this case in the

light of the Supreme Court's decision in **Booker**, and the Court

of Appeals' decision in **United States v. Crosby**, 397 F.3d

103, 118-20 (2d Cir. 2005).

-1-

On December 16th, 2004, when the Defendant-Appellant appeared for sentencing the judge swept aside the Sixth Amendment, and by a preponderance of the evidence standard imposed a thirty-three (33) month term of imprisonment. Hence, the record is absolutely and conclusively clear that the Defendant-Appellant's Sixth Amendment rights were violated by the Court's increasing his sentence by its finding of the Tax Loss amount of $37,002.00, rather than $6,121.00 as determined by the jury. [1.] (See Sentencing Transcript dated Dec 15, 2004, Vol 1, Page 14).

Once again, the instant case requires this Court to adjudicate an  issue of substantial importance to criminal jurisprudence in this country. As noted above, the Defendant-Appellant is unlawfully incarcerated for over two months now. (18-24 months is the maximum sentencing Range based on the jury findings). It is respectfully asserted that fundamental due process mandate that the Defendant-Appellant must be release immediately. As the court observed in **Foucha v. Louisiana**, 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed. 2d 437 (1992):

---

[1.]    The Court: Your record is very clear on this, Mr. Triumph. So, those arguments that you make you will make to the Second Circuit, and if you're correct, then we will have a basis to do the resentencing.

The Court: .... to preserve and protect both efficiency as well as your constitutional rights if the Supreme Court were to find that this sentence imposed under the guidelines was unconstitutional. So, you have a perfect record there...

Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary government action. **Youngberg v. Romeo**, 457 U.S. 307, 316, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). In **Jones v. United States**, 463 U.S. 354, 361, 103 S.CT 3043, 77 L.Ed 694 (1983), it is clear that "commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection"). See also, **United States v. Salerno**, 481 U.S 739, 750, 107 S.Ct. 2095 (1987) ( We have always been careful not to "minimize the importance and fundamental nature" of the individual's right to liberty.

The question now presented is whether, in the light of the guarantee to substantive due process to which the defendant-appellant is entitled, it could ever be contended that an unconstitutional sentence can be a basis of continued imprisonment in **Triumph** case. Substantive due process not only guarantees those rights specifically enumerated in the constitution, but it is even broader, including what have been referred to as the "fundamental" or "inalienable" rights of man. As Mr. Justice Goldberg noted in **Griswold v. Connecticut,** 381 U.S. 479, 85 S.Ct 1678, 14 L.Ed.2d 510 (1965): "the language and history of the Ninth Amendment reveal that the Framers of the Constitution believed that there are additional fundamental rights protected from governmental infringement, which exist alongside the fundamental rights specifically mentioned in the first eight constitution amendments... the concept of liberty protects those personal rights that are fundamental, and is not confined to the specific tenets of the Bill of Rights...the Due Process Clause protects those liberties that are "so rooted in the traditions and conscience of our people as to be ranked as fundamental."

The language of Section 3143(a) confers a sufficient liberty interest in continued release (on satisfaction of the specified conditions) to warrant some measure of due protection. See

-3-

generally **Wolff v. McDonnell,** 418 U.S. 539, 557, 94 S.Ct. 2963,
41 L.Ed.2d 935 (1974) (holding that, even in the case of sentenced
prisoners, statutes creating rights in good-time credits give rise
to an individual interest "sufficienly embraced within the Fourteen
Amendment 'liberty' " to require due process protection with respect
to any disciplinary denial); **Morrissey v. Brewer,** 408 U.S. at 483,
92 S.Ct 2593 (noting parolee liberty, though "indeterminate," cannot
be terminated without due process protection); **Coralluzzo v. New
York State Patrole Bd.,** 566 F.2d 375 (2d Cir. 1977) (observing
that, where issue in dispute is conditional freedom versus
incarceration, a liberty is at stake warranting due process
protection).

The Defendant-Appellant contends that the record in this case
is absolutely congruous to the fact that the sentence imposed upon
was excessive and unconstitutional in violation of his Sixth Amendment
rights to a Jury Trial, and therein exist a fundamental Due Process
Right for his immediate release in accordance to the statutory
requirements under Section 3143 (a). Particularly where liberty
is at stake, due process demands that the individual and the
government each be afforded the opportunity not only to advance
their respective positions but to correct or contradict arguments
or evidence offered by the other. See, **United States v. LaFontaine,**
210 F.3d 125, 131 (2d Cir. 2000). In his concurring opinion in
**Joint Anti-Fascist Refugee Committe v. McGrath,** Justice Frankfurter
famously observed that "the right to be heard" before being forced
to suffer a serious loss "is a principle basic to our society,"
specifically, to its democratic commitment to "fairness" 341 U.S.
123, 168, 170, 71 S.Ct. 624, 95 L.Ed. 817 (1951) . This principle

had been earlier recognised by the Supreme Court in **The Japanese Immigrant Case (Yamataya v. Fisher)**, 189 U.S. 86, 100-01, 23 S.Ct. 61ǀ 47 L.Ed. 721 (1903): "[N]o person shall be deprived of his liberty without opportunity, at some time, to be heard ... in respect of the matters upon which that liberty depends"... It has since reiterated many times by both the Supreme Court and the Second Circuit Court of Appeals. See e.g., **Mathews v. Eldridge**, 424 U.S. at 348-49, 96 S.Ct.893; **Perry v. McDonald**, 280 F.3d 159, 174 (2d Cir.2001)

**WHEREFORE,** for the foregoing reasons stated herein, the Defendant-Appellant respectfully asks this Honorable Court to Order for his immediate release,pursuant to the Fifth, Sixth, and Eight Amendments to the United States and 18 U.S.C.A. Sections 3143 et seq,, directing that defendant-appellant, Patrick A. Triumph, be released pending resentencing and/or appeal, and for such other relief as this Court may deem just and proper.

Respectfully Submitted,

**Dated:** April 15, 2005

Patrick A. Triumph
Defendant-Appellant, pro-se.
Reg. No. 14622-014
FMC-Devens
P.O. Box 879
42 Patton Road
Ayer, MA 01432

## CERTIFICATION OF SERVICE

This is to certify that a true copy of the **Emergency Motion for Immediate Release** has been sent via first class mail on the 15th day of April, 2005 to:

>               David A. Ring
>               Assistant United States Attorney
>               157 Church Street
>               P.O. Box 1824
>               New Haven, CT 06510


>               Respectfully.



>               Patrick A. Triumph
>               Defendant-Appellant, pro-se
>               Reg. No. 14622-014
>               FMC-Devens
>               P.O. Box 879
>               42 Patton Road
>               Ayer, MA 01432