UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| United States of America, Plaintiff | Case No. 3:02cr81(JBA) |
| vs. | Appeal No. 04-6400-CR |
| Patrick A. Triumph Defendant-Appellant | MOTION TO CORRECT PRESENTENCE INVESTIGATION REPORT |

**NOW COMES** the Defendant, Patrick A. Triumph, pro-se, and pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure, respectfully moves this Court to correct those pportions of his presentence investigation report indicated below.

In support thereof, the defendant states as follows:

1. The presentence investigation report contains several factual inaccuracies, presumably offered by the Government, including the Internal Revenue Services, which are not supported by evidence and indeed, are contradicted by facts know to Government. These inaccuracies have resulted in a harsher and unjustified sentence and have perniciously affected the Defendant's place of incarceration and programs eligibility in the United States Bureau of Prisons, and might result in a unlawful detainer by the Department of Homeland Security, Immigration and Naturalization Services, upon the release from the Bureau of Prisons in Obtober 3, 2005.

2. Specifically, the presentence report indicates that the Defendant owes in excess of twenty-five dollars ($25,000) in Personal Income Tax to the Internal Revenue Service. The Defendant denies this claim of owning any Income Tax, and contends that in the absence of any requisite disclosures, or civil Audits to substantiate the basis of this tax liability, such a report would vilate is right of Due Process in accordance to the Internal Revenue Service Mandate and the provisions of Rule 32(c)(3)(D).

3. The report, in the Prosecution Version section, indicates that there exist an Immigration Detainer from the Homeland Security, as well as a Detainer for the Defendant's "Failure to Appear [Count 40] of the Superseding Indictment." Accordingly, the Department

-1-

of Homeland Security pursuant to the Freedom of Information Act, Title 5 U.S.C. Section 552, and the Privacy Act, 5 U.S.C. Section 552(a), informed the Defendant that "No Detainer is current lodged against the Defendant". The Defendant has submitted this his response from the Homeland Security Department to the Probation Department for the necessary accurate reporting under the dictates of Rule 32(c)(3)(D). Additionally, The report seems to imply that the Government maintains that the Defendant had wilfully and intention failed to appear for his Court Proceedings on July 10 and 12, 2002 and fled to Florida. This implication is false. Moreover, the Court is fully aware that the charges of "Failure to Appear" has been dismissed based on the Government's Motion, when <u>defacto</u> the defendant elected to have these allegations and assertion be proved by a Jury of his peers in accordance to the Sixth Amendment of the Constitution of the United States . These allegations are inherently prejudicial and has pernicously jeopardized the Defendant's liberty and life in violation of Rule 32(c)(3)(D), and must be deleted.

    3. The Report indicates that the Defendant was on Active State Probation at the time of the alleged offenses on December through April 1997. This is untrue. The Defendant presented that his probation status that was original intended for a period of 5 (five) years was terminated after 18 (eighteen) months. The Government has failed to presented any contrary disclosures from the State Probation Office, and therefore if this information remains in dispute, due process under the dictates of Rule 32(c)(3)(D) requires that the information be deleted.

    **WHEREFORE,** based on the foregoing and in the interest of justice, the Defendant, Patrick A. Triumph, respectfully urges this Honorable Court to correct the errors in the presentence investigation report in order to both ensure that the Collateral Consequences of these offenses can be fairly and justly determined, and that said inaccuracies do not adversely continue to affect the Defendant as now in the case of his harsh imprisonment and available programs in the Bureau of Prisons.

Respectfully submitted,

<u>Dated</u>: July 15, 2005

Patrick A. Triumph
Defendant-Appellant, pro-se

-2-

<u>MEMORANDUM IN SUPPORT OF MOTION TO</u>
<u>PRESENTENCE INVESTIGATION REPORT</u>

Following his jury trial and prior to sentencing and the resentencing proceedings on June 27, 2005, the Defendant-Appellant, seeks correction of certain portions of his presentce investigation report pursuant to the dictates of Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure, as amended in August of 1983. Specifically, it will be argued that Rule 32(c)(3)(D) requires the correction of erroreous information in a federal offender's presentence report, and that the assertions based on information provided by the Government that the Defendant intentionally and wilfully failed to appear for two Court proceedings and that there is an active Immigration detainer lodge against the defendant, are contrary to the evidence known to the Government. Also, there continue to exist the factual inaccuracy that the Defendant was on active probationary Status in the State of Connecticut at the time of this Offense of Aiding and Abetting Tax Related charges when in fact the Defendant contends that all Probation was terminated before these alleged offenses. Failure to proof otherwise, and to correct such information may continue to result in a pernicous and prejudicial harm regarding the Defendant's current Appeal and Immigration Standings., and has substantially affected the Defendant-Appellant Classification for programs by the United States Bureau of Prisons, as well as the Sentencing by this Honorable Court.

<u>A DEFENDANT IS ENTITLED TO BE SENTENCED</u>
<u>BASED ON INFORMATION WHICH IS MATERIALLY</u>
<u>TRUE.</u>

It is clear that a "rational penal system must have some accuracy of this informational inputs in the sentence process." <u>United States v. Weston,</u> 447 F.2d 626 (9th Cir. 1871), cert. denied, 404 U.S. 1061 (1972). Thus when a trial court is confronted with inaccurate or prejudicial information in a

presentence report, and significantly relies on that misleading information in formulating a sentence, the United States Supreme Court has held that the sentence must be vacated and remanded for further proceedings more consistent with notions of fairness and due process of law. Townsend v. Burke, 334 U.S. 736 (1948); cf. United States v. Lee, 818 F.2d 1052 (2d Cir. 1987), cert. denied, 484 U.S. 956 (sentencing court is required to assure itself that the information upon which it relies when fixing sentence is reliable and accurate).

District courts have become more sensitive to the requirement of disclosure of the presentence report to both the defendant and defense counsel. The importance of this disclosure requirement was underscored in a study of the federal presentence report, which observed:

> The defendant's interest in an accurate and reliable presentence report does not cease with the imposition of sentence. Rather, these interest are implicated at later stages in the correctional process by the continued use of the presentence report as a basic source of information in the handling of the defendant.

Fennel & Hall, "Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts," 93 Harvard Law Review 1613, 1651 (1980). See also Frank Giorno, "Federal Criminal Sentencing: The case for Evidentiary Standard," 13 Loyola University Law Journal 875 (1982).

> Thus, the Ninth Circuit has stated:
>
> ... increased quantities of information available to [presentence] investigators does not assure improved reports if no attention is paid to the accuracy of that information. Currently, factual errors in presentence reports are commonplace. Allegations of inaccurate decision making due to these factual errors are widespread. If our holding results in meaningful in meaningful access to presentence reports, it will both encourage invesyigators to be more conscientious and enable defendants to challenge inaccuracies. This may increase the accuracy of presentence reports, and improve the correctional decision making process, [Citations omitted.]

Berry v. Department of Justice, 733 F.2d 1343 (9th Cir. 1984)

## RULE 32 REQUIRES A DISTRICT COURT TO CORRECT FACTUAL ERRORS IN THE PRESENTENCE REPORT, REGARDLESS OF WHETHER THIS INFORMATION WILL SUBSTANTIALLY AFFECT THE COURT'S SENTENCE.

Pursuant to an Order by the United States Supreme Court, on August 1, 1983 a new paragraph was added to Rule 32 of the Federal Rules of Criminal Procedure, to wit:

> (c)(3)(D) If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or party thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the parole Commission.

As the Report of the Judicial Conference Committee on Rules of Practice and Procedures stated in its notes to accompany this rule (House Doc. 98-55, 98th Cong. 1st Session, April 28, 1983 43 ):

> ... the Bureau of Prisons and the Parole Commission make substantial use of the presentence investigation report. Under current practice, this can result in reliance upon assertions of fact in the report in the making of critical determinations relating to custody and parole.. For example, it is possible that the Bureau of Commission, in the course of reaching a decision on such matters as institution assignment, eligibilty for programs, or computation of salient factors, will place great reliance upon factual assertions in the report which are in fact untrue and which remained unchallenged at the time of sentencing because defendant or his counsel deemed the error unimportant in the sentencing context (e.g. where the sentencing judge said he or she would disregard certain controved matter in setting the sentence).

See also *Giorno, supra.* Part of the problem was highlighted in a little known but revealing study of the practices of the U.S. Parole Commission. In "Parole Release Decision making and the Sentencing Process" Project, Yale Law Journal 84 (1975), it was observed that when the presentence reports are incomplete or unreliable, hearing examiners "do not appear to use the hearing as an opportunity to check accuracy or correct possible

-5-

misinformation relevant to rating an inmate's offense severity. Id. at 86 . Instead, the examiners are relucant to believe an inmare's account of the offense, especially when an inmate asserts that he or she did not commit all of the offenses listed ia an indictment but not proven at trial or by plea.

Thus, notwithstanding any statement by a court that it intends not to rely upon certain facts in dispute, it is still the Defendant's position that this Court is under an obligation to correct unreliable and unrepresentive information in the presentence report, especially when the information will be shown to affect the practices of either the United States Bureau of Prisons or the Department of Homeland Securities, Immigration and Naturalization Services.

Moreso, the Supreme Court in United States v. Tucker, 404 U.S. 443, 447 (1972); held that "due process prohibits a court from imposing a sentence based on prior convictions if those prior convictions were unconstitutional. See. also United States v. Pugliese, 805 F.2d 1117, 1124 (2d Cir. 1986); held that due process requires that defendant not be sentenced based on materially untrue assumption or misinformation.

### THE PRESENTENCE REPORT IN THE INSTANT CASE CONTAINS SEVERAL FACTUAL INACCURACIES

The Government by way of "information" provided to the United States Probation Service, has tainted the Defendant's presentence investigation report and substantially prejudiced the Defendant. Generally, by offering information known to be inaccurate and false, the prosecution has sought to protray the Defendant as a major violation of Tax Laws.

Specifically, the Government advised the Probation Department that the Defendant owes in excess of twenty-five thousand dollars ($25,000) in Personal Income Tax to the Internal Revenue Service. The Defendant denies this claim of any Income Tax Liability and requested any disclosures and audit reports to the contrary. No disclosures or hearings were conducted in the resolution of this inaccuracy. Moreso, the Government

reported that the defendant was on a active probation when the Instant Offense was committed between December 1996 and April 15, 1997. The Defendant denies this information and contends that his probation was terminated before any alleged offense was committed. Accordingly, failure of this Court to produce a report from the State Probation Department have resulted in a violation of Rule 32(c)(3)(A) and continue a pattern of deep and bitter prejudice against the Defendant.

Moreso, the Presentence Investigation Report states that there exist an Immigration Detainer from the Department of Homeland Security, as well as a detainer for the Defendant Failure to Appear "Count 40" of the Superseding Indictment. Accordingly, the Defendant request that this information be correct since the Department of Homeland Security indicated under the Freedom of Information Act Title 552(a) that no such Detainer exist. Also, the Court is fully aware that the Charges of "Failure to Appear " has been dismissed based on the Government's Motion.

To permit the report to remain tainted by conclusory and factually unsupported allegations by the Government will continue the deep and bitter prejudice against the Defendant and will potentially result in a grave injustice to the Defendant.

Respectfully submitted,

Dated:_____

_____
Patrick A. Triumph
Defendant-Appellant, pro-se

## CERTIFICATION OF SERVICE

I, Patrick A. Triumph, Defendant-Appellant, pro-se, do hereby certify that I have served this Motion and the accompanying memorandum, and swear under the penalty of perjury, that everything in the afore-mentioned motion is true to the best of my ability, so help me God.

The following person(s) are to be served:

> David A. Ring, Esq.
> Assistant U.S. Attorney
> 157 Church Street. Fl 18.
> New Haven, CT 06510

> Charmaine Harkins
> United States Probation Officer
> United States Courthouse
> 450 Main Street
> Hartford, CT 05103

All parties are served via first class United States pre-paid postage.

Dated: This 15th day, July, 2005

Respectfully,

Patrick A. Triumph
Defendant-Appellant, pro-se
F.M.C. Devens
Reg. No. 14622-014
42 Patton Road
P.O. Box 879
Ayer, MA 01432