UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

| | |
|---|---|
| United States of America,<br>Appelle,<br><br>vs.<br><br>Patrick A. Triumph<br>Defendant-Appellant. | Case No. CrNo. 3:02cr81<br><br>Appeal No. 04-6400-CR<br><br>**MEMORANDUM OF LAW AND<br>AUTHORITIES ACCOMPANYING<br>MOTION FOR TRANSCRIPTS** |

The Defendant-Appellant, Patrick A. Triumph, pro-se, respectfully submits this Memorandum of Laws and Authorities in support of Motion for the Transcripts of the Jury Selection and the Preliminary Hearings in First and Second Trial Proceedings in the above-captioned case.

### The Denial of a Free Transcript

As a general matter, "differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the defendant, are repugnant to the Constitution." Roberts v. Lavallee, 389 U.S. 40, 42, 88 S.Ct 194, 195-96, 19 L.Ed.2d 41 (1967) (per curiam); see, e.g., Ross v. Moffit, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); Mayer v. City of Chicago, 404 U.S. 189, 92 S.Ct 410., 30 L.Ed. 2d 372 (1971); Draper v. Washington 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed. 2d 899 (1963); Lane v. Brown 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed. 2d 892 (1963); Griffin v. Illinois,351 U.S. 12, 76 S.Ct 12, 76 S. Ct 585, 100 L.Ed. 891 (plurality opinion); id at 20, 76 S. Ct at 591 (Frankfurter, J., concurring in the judgement). A trial transcript may be such an instrument. Though a state is not required by the Constitution to provide a right to appeal, it is established that when such a right of appeal is provided, an indigent defendant is entitled to "as adequate review as defendants who have money enough to buy transcripts." Griffin v. Illinois,

-3-

351 U.S. at 19, 76 S.Ct. at 591 (plurality opinion); see, e.g., Gardner v. California, 393 U.S. 367, 89 S. Ct 580, 21 L.Ed.2d 601 (1969); Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194; Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768. Thus the Transcripts should be provided at the Government's expense pursuant to the Criminal Justice Act , Title 18 U.S.C. Section 3006(A). Also, see Fullan v. Commissioner of Corrections of the State of New York, 891 F.2d. 1989). Indigent Appellant is entitled to complete trial transcript for Appeal Purposes. United States v. Banks, MD. PA 1974, 369 F.Supp. 951.

### Rule 10(b): The Transcript of Proceedings:

Within 10 days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deem necessary, subject to local rules of the courts of appeals. The order shall be in writing and within the same period a copy shall be filed within the clerk of the district court. If funding is to come from the United States under the Criminal Justice Act, the order shall so state. If no such parts of the proceedings are to be ordered, within the same period the appellant shall file a certificate to that effect.

Additionally, pursuant to Rule 10(e), if any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by the district court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court either before or after the record is transmitted to the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted.

### Title 28 U.S.C. Section 753

Title 28 U.S.C. Section 753, Note 2. 1 was enacted for protection of parties and of court and to end that justice may be served by having available record, particularly so

in criminal proceedings. <u>Edwards v. United States</u>, C.A. 10 (Okl.) 1966, 374 F.2d 24, certiorari denied 88 S.Ct. 48, 389 U.S. 850, 19 L.Ed.2d 120. Moreso, this section requiring court reporter to record all proceedings in criminal cases had in open court is designed to preserve correct and authentic records of criminal proceedings free from infirmities of human error and to safeguard defendant's right. <u>United States v. Taylor</u>, C.A.N.C. 1962, 303 F.2d 165.

Additionally, Court of Appeals has properly delegated supervisory power over court reporters employed by district court pursuant to state plan, which was enacted in accordance with judicial conference report which was in essence an exercise of joint supervisory power; rule specifically authorizes Court of Appeals to direct other steps in event transcript is not timely filed by reporter; and Court of Appeals has inherent power to imposed sanctions in order to control its docket and promote judicial efficiency. <u>Matter of Bjella</u>, C.A. 10 (Colo.) 1986, 806 F.2d 211.

Based on the foregoing Laws and authorities, the Defendant-Appellant respectfully urges this Honorable Court to grant this Motion of Transcripts of the Preliminary Hearings and the Jury Selection Proceedings in the First and Second Trial Proceedings in the interest of Justice.

Respectfully submitted

Dated: July 17, 2005

Patrick A. Triumph, pro-se
Defendant-Appellant

## CERTIFICATION OF SERVICE

I, Patrick A. Triumph, Defendant-Appellant, pro-se, do hereby certify that I have served this Motion for Transcripts of the Jury Selection and the Preliminary Hearings proceedings, to the following persons:

> Honorable Janet Bond-Arterton
> United States District Judge
> United States District Court
> District of Connecticut
> United States Courthouse
> 141 Church Street
> New Haven, CT 06510
>
> David A. Ring, Esq.
> Assistant U.S. Attorney
> 157 Church Street, Fl 18.
> New Haven, CT 06510
>
> Sharon Montini
> Official Court Reporter
> United States District Court
> 141 Church Street
> New Haven. CT 06510

All parties are served via first class United States pre-paid postage.

Dated: This 17th day, July, 2005

> Respectfully,
>
> *[signature]*
> Patrick A. Triumph
> Defendant-Appellant, pro-se
> F.M.C. Devens
> P.O. Box 879
> Ayer, Ma 01432