UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

2005 AUG -2 A 11: 56

| | |
|---|---|
| United States of America<br>Plaintiff,<br><br>vs.<br><br>Patrick A. Triumph,<br>Defendant-Appellant. | Case No. CrNo. 3:02cr81 (JBA)<br>Appeal No. 04-6400-CR<br><br>**MOTION TO CORRECT SUBSTITUTED**<br>**JUDGEMENT ON REMAND** |

   NOW COMES THE Defendant, Patrick A. Triumph, pro se, and respectfully moves this Honorable Court, pursuant to the Federal Rules; Fed.R.Crim.P. 36, to correct the Judgement entered against him in the above-captioned case to reflect a correction and deletion of the "Special Conditions of Supervised Release" which imposed that the "Defendant shall cooperate with the Internal Revenue Service to pay all outstanding taxes, interest and penalties".

   Additionally, the Defendant moves this Honorable Court to delete the imposition of the "Mandatory Condition" of Supervised Released which imposed that "The defendant cooperates in the collection of a **DNA** sample from the defendant.

   Accordingly, the defendant contends that his rights of Due Process and Equal Protection guaranteed by the Fifth and Sixth Amendment prohibits the District Court to the imposition of these disputed and prejudicial Internal Revenue Service penalties. Moreso, the defendant averts that his Rights to Fair Notice guaranteed by the Sixth Amendment was flagrantly violated at the Resentencing Proceedings on January 27, 2005. The defendant objected to the imposition of the Stated conditions of Supervised Released in the previous Sentencing and Resentencing Memoranda, and affirmed these objections during the Resentencing Hearing. Notably, the Government provided no Memorandum to Aid in the Resentencing Proceedings. Further, the defendant averts that the Mandatory Condition in the collection of a DNA sample from the Defendant represent a deprivation of the defendant right to Personal Liberty and constitutes a greater

punishment than that what was imposed in the Original Sentence Judgement "Mandatory Conditions of Supervised Release", in violation to the **Booker and Crosby** Remand, and further constitutes a clerical error pursuant to Rule 36. Fed.R.Crim.P. 36 permits this court to correct a clerical error at any time.

It is further submitted that particularly given the fact that the government did not submit a Memorandum to Aid in the Resentencing, this court should amend its Judgement to the deletion of these "Special Mandatory Conditions" of supervised released.

WHEREFORE, based on the foregoing contentions, this Honorable Court is respectfully urged to amend the Defendant' Judgement as requested.

Respectfully submitted,

Dated: July 8th, 2005

Patrick A. Triumph
Defendant-Appellant, pro-se

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the "Motion to Correct substituted Judgement on Remand" has been served via the United States of America first class mail to the following:

> David A. Ring, Esq.
> Assistant U.S. Attorney
> United States Attorney's Office
> 157 Church Street
> New Haven, CT 06510

Dated this 8th day, July 2005.

Respectfully

Patrick A. Triumph
Defendant-Appellant, pro-se
Reg. No. 14622-014
F.M.C. Devens
P.O. Box 879
42 Patton Road
Ayer, MA 01432

# CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

## MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ☐ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall also report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
John F. Bardelli
United States Marshal

By: _____
      Deputy Marshal

**PLEASE NOTE THIS IS THE MANDATORY CONDITIONS OF THE SUPERVISED RELEASED IN CONNECTION WITH THE SENTENCING JUDGEMENT.   (DECEMBER 16, 2004)**

\* No. 8 (DNA) sample in this Sentencing Judgement.

# CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

## MANDATORY CONDITIONS

■ (1) The defendant shall not commit another federal, state or local offense;

■ (2) The defendant shall not unlawfully possess a controlled substance;

☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the defendant;

☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days supervised release and at least two periodic drug tests thereafter for use of a controlled substance;

☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment that fine;

■ (6) (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as State where the person resides, is employed, carries on a vocation or is a student.

■ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall also report to the Probation Office in the district to which the defendant is released within 72 hours custody of the U.S. Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
John F. Bardelli
United States Marshal


By: _____
    Deputy Marshal

**PLEASE NOTE THIS IS THE MANDATORY CONDITIONS OF THE SUPERVISED RELEASED IN CONNECTION WITH THE "REMAND FOR RESENTENCING JUDGEMENT".** (dated June 27, 2005)

\* No. 8 (DNA) sample is erroreously added in this Judgement.

### CERTIFICATION OF SERVICE

I hereby certify that a copy of the "Motion to Correct Substituted Judgement on Remand" has been served via the United States First Class Mail, prepaid Postage, to the Following persons:

>David A. Ring, Esq.
>Assistant U.S. Attorney
>United States Attorney's Office
>157 Church Street, Box 1824
>New Haven, CT 06510

>Roseann B. MacKechnie, Clerk
>United States Court of Appeals
>For The Second Circuit
>Thurgood Marshall U. S. Courthouse
>40 Foley Square
>New York, NY 10007

Dated: This 27th, day, July 2005.

>Respectfully,

>Patrick A. Triumph
>Defendant-Appellant, pro-se
>Reg. No. 14622-014
>P.O. Box 879
>42 Patton Road
>Ayer, MA 01432