UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

FILED

2005 SEP 15 P 5:03

U.S. [DISTRICT COURT]
NEW HAVEN, CT

| | |
|---|---|
| United States of America,<br>Appellee,<br><br>vs.<br><br>Patrick A. Triumph,<br>Defendant-Appellant | Case No. CrNo. 3:02cr81 (JBA)<br>Appeal No. 04-6400-CR<br><br>SUPPLEMENTAL MEMORANDUM<br>IN SUPPORT OF MOTION FOR<br>TRANSCRIPTS OF JURY SELECTION<br>AND PRELIMINARY HEARINGS |

The Defendant-Appellant, Patrick A. Triumph, pro-se, herby submits this Supplemental Memorandum outlining the particularized need for the Transcripts of the Jury Selection and the Preliminary Hearings of both Trial Proceedings in the above-captioned case.

The United States Supreme Court in Britt v. North Carolina (1971) 404 U.S. 226, 30 L. Ed 400, 92 S. Ct 431; established that a "State must provide indigent defendant with transcript of prior proceedings when transcript is needed for an effective Defense or Appeal.

### Persons Responsible For Proper Record

It is the Appellant responsibility to provide Appellate Court with a Proper Record on Appeal. **F.R.A.P.** Rule 10 (b) (2), 28 U.S.C.A. Moreso, it is the Appellant's responsibility to insure that the Record is complete for purposes of Appeal, and therefore he was not entitled to Reversal on grounds that Lack of Record on Appeal of Jury Selection Process, including Voir Dire of Veniremen, denied him Full Appellate Review. United States v. Hart, C.A. 10 (Utah) 1984, 729 F.2d 662, certiorari denied 105 S. Ct. 914, 469 U.S. 1161, 83 L.Ed. 2d 927.

## JURY SELECTION PROCEEDINGS

<u>Question Presented:</u>  Did the District Court erred in denying the Defendant's Mandatory Motion for Continuance in the Jury Selection Proceedings.

<u>Answer</u>:  Affirmative:

## MEMORANDUM OF POINTS AND AUTHORITIES

Trial by jury lies at the Core of our democratic institutions. The Sixth Amendment of the United States Constitution guarantees the right of an accused to be trial before an "impartial" jury. One of the avenues chosen to ensure the selection of fair and impartial jury in our system of juror challenges. The right to challenges for cause and peremptory challenges is firmly embedded in our Federal System and that of each of the 50 states. <u>See</u> <u>Swain v. Alabama</u>, 380 U.S. 202 (1964). The court may allow the parties to conduct an examination of prospective jurors. Fed. R. Crim. P. 24(a).

A right to challenge prospective jurors, however, is worthless unless the challenges have meanung. As stated in <u>United States v. Ledee</u>, 549 F.2d 990 (5th Cir. 1977), "Peremptory challenges are worthless if the Defendant/Trial counsel is not afforded an opportunity to gain the necessary information upon which to base such strikes." Challenges can only have meaning if the attorneys [Defendants] have information which enables them to discern differences among the prospective jurors. As stated in <u>United States v. Harris</u>, 542 F.2d 1283, 1294 (7th Cir. 1976): "The defendant must be permitted sufficent inquiry into the background and attitudes of prospective jurors to enable them

to exercise intelligently their peremptory challenges." Peremptory challenges are worthless if the Defendant/Trial Counsel is not afforded to gain the necessary information upon which to base such strikes. Moreover, In United States v. Ledee, 549 F.2d. 990, 993 (5th Cir. 1977), the court qouted with approval the work of Frates and Green, "Jury Voir Dire: The Lawyer's Perspective," 2 American Bar Association Litigation (1976) on this subject:

> A judge cannot have the same grasp of the facts, the complexities and nuances as the trial attorneys entrusted with the preparation of the case. The court does not know the strength and weakness of each litigant's case. Justice requires that each lawyer be given an opportunity to ferret out possible bias and prejudice of which the juror himself may be unaware until certain facts are revealed.

[T]he selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial. Taylor v. Louisiana, 419 U.S. 522, 528 (1975). The right to a jury of one's peers contemplates that an impartial jury will be drawn from a fair cross section of the community. Thiel v. Southern Pac. Co., 328 U.S. 217, 220 (1946). A trial by a jury selected in an arbitrary and discriminatory manner violates the Due Process Clause and the Sixth Amendment. See Peters v. Kiff, 407 U.S. 493, 502-04 (1972); Williams v. Florida, 399 U.S. 78 (1970). The absence of individuals from racial or other cognizable groups violates the Equal Protection Clause of the Constitution only "if it results from purposeful discrimination." See Castaneda v. Partida, 430 U.S. 482, 493 (1977). The Jury Selection and Service Act of 1968 entitles a federal criminal defendant to a jury selected at random from a fair cross section of the community, free from

discrimination on the basis of race, color, religion, sex, national origin, or economic status. 28 U.S.C. Sections 1861, 1862. See also 18 U.S.C. Section 243. The defendant is entitled to examine the records before filing a motion challenging the jury selection process. Test v. United States, 420 U.S. 28 (1975). Problems at this critical stage of the jury selection process may lead to a non-random and unrepresentative jury. See United States v. Jackman, 46 F. 3d 1240 (2d Cir.1995) (selection procedure resulted in an unrepresentation of minorities in the jury pool). If the defendant can show a substantial failure to comply with the provisions of the Act in selecting the venire, the defendant may move to dismiss the indictment or stay the trial. See United States v. Silverman, 449 F.2d 1341 (2d Cir. 1971). However a trial court should not be inflexible in allowing continuances or other modifications of trial procedures in order to allow the exploration of reasonable claims of improper jury selections. United States v. Fernandez, 480 F.2d Cir. 1973). In Griffith v. Kentucky, 479 U.S. 314 (1987), the Supreme Court held that Batson decision applies to cases in which convictions had not yet become final on direct appeal when the Batson decision came down. District court decisions are reviewed for abuse of discretion. However, the review is limited to whether, in view of all the circumstances, the court abused it's discretion which deprived the defendant of the Fifth Amendment Due Process or Sixth Amendment impartial jury guarantees. United States v. Olano, 62 F.3d 1180, 1192 (9th Cir. 1995).

## PRELIMINARY HEARING

A Particularized need exist for the Transcripts of the Preliminary Hearing in both Trial Proceedings. It is well established that a person comes under the protection of the Sixth Amendment right to counsel and its concomitant right to be represented by cousel of one's choice from the moment judicial proceedings are initiated against him, "whether by way of formal charges, preliminary hearing, indictment, information or arraignment.' E.g., <u>Kirby v. Illinois</u>, 406 U.S. 682 (1972). Moreover, the facts and circumstances of the Prosecutorial Misconduct should be scrutinize as part of the Record on Appeal. Accordingly, the Defendant asserts that the Transcript of the Preliminary Hearings is clear revelation of the inadequate representation afforded defendant was a derogation of the principles set forth in the above constitutional provisions, as well as those of <u>Strickland v. Washington</u>, 466 U.S. 668, 80 L. Ed 674, 104 S. Ct. 2052 (1984), reh'g denied, 467 U.S. 1267, 82 L. Ed. 2d 864, 104 S. Ct. 3562 (1984). <u>Strickland</u> illustrates the two elements of an ineffective assistance claim necessary to warrant reversal of conviction. First, the aggrieved party must prove that counsel's performance at trial fell below an objective standard of reasonableness. <u>Id</u>. at 687-88. Second, there must be a reasonability probability that, but for the wrongful acts and omission of counsel, there would have been a different result at trial. Accordingly, counsel's performance was so manifestly ineffective that the defendant was denied the fullest protection of this constitution right at this critical stage of the Trial Proceedings.

**WHEREFORE,** based on the foregoing authorities and particularized need for Transcripts of the Jury Selection Proceedings and the Preliminary Hearings in both Trial Proceedings, and by the incorporation of the previous Motion and Memorandum for said Transcripts, this Honorable Court is respectfully urged to issued and order authorizing the Court Reporter, Sharon Montini to provide these Transcript pursuant to the Criminal Justice Act, Title 18 U.S.C. Section 3006A at the expense of the united States of America, and for the Records of Appeal be Supplement for a meaningful and adequate Appellate Review in the interest of Justice and for such other and further relief as to this Court may seem just and proper.

Dated: July 30, 2005

Respectfully submitted

Patrick A. Triumph
Defendant-Appellant, pro-se
F.M.C. Devens
P.O. Box 879
42 Patton Road
Ayer, MA 01432

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the "Supplemental Memorandum in Support of Motion for Transcripts" has been served via the United States First Class Mail, prepaid postage, to the following:

>Honorable Janet Bond-Arterton
>United States Districy Judge
>District of Connecticut
>United States Courthouse
>141 Church Street
>New Haven, CT 06510

>David A. Ring, Esq.
>Assistant U.S. Attorney
>United States Attorney's Office
>157 Church Street, Box 1824
>New Haven, CT 06510

Dated:  Ayer, Massachusetts
        July 30, 2005

>Respectfully,
>
>*/s/ Patrick A. Triumph*
>Patrick A. Triumph
>Defendant-Appellant, pro-se
>F.M.C. Devens
>Reg. No. 14622-014
>P.O. Box 879
>42 Patton Road
>Ayer, MA 01432