UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2006 MAY -1  P 3: 53

U.S.

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff-Appellee,<br><br>vs.<br><br>PATRICK TRIUMPH,<br>    Defendant-Appellant. | Crim. No. 3:02cr81 (JBA)<br><br>Appeal No. 04-6400-CR |

## MOTION FOR RECONSIDERATION OF MOTION FOR EXPENDITURE OF FUNDS FOR TRANSCRIPTS OF PRELIMINARY HEARING AND JURY SELECTION PROCEEDINGS BASED ON PARTICULARIZED NEED AND ISSUE RELEVANT ON APPEAL

**COMES NOW**, the Defendant-Appellant (hereinafter "Appellant), Patrick Triumph, acting pro-se, and respectfully moves this Honorable Court to issue an Order **granting** the Expenditure of Funds for Transcripts of Preliminary Hearing and Jury Selection pursuant to the Criminal Justice Act, **Title 18 U.S.C. § 3006(A)**; the **Fed. R. App. P. Rule 10**; and the **Equal Protection** and **Due Process** guarantee of the Fifth and Sixth Amendment of the United States Constitution.

Appellant's Motion for Reconsideration is filed in direct response to the **"Endorsement Order"** filed in this Court on April 20, 2006 and received by Appellant on April 25, 2006 via United States Mail service, denying Appellant's

(1)

Motion for Reconsideration of Motion for Expenditure for Transcripts of Preliminary Hearing and Jury Selection, and Motion for Expedited Ruling due to "Appellant has not identified any issue on Appeal relevant to the preliminary Hearing or Jury Selection".

    Accordingly, the Appellant herein submits the issues oof Appeal warranting the complete record of the Jury Selection and Preliminary Hearing needed for an effective an meaningful Appeal.

    Moreso, the United States Supreme Court in **Britt v. North Carolina** (1971) 404 U.S. 226, 30 L.Ed 400, 92 S.Ct 431; established that a :State must provide indigent defendant with transcript of prior proceedings when transcript is needed for an effective appeal.

### PARTICULARIZED NEED AND ISSUE ON APPEAL

Issue One:

    Whether the Appellant was denied his right of Substantial
    Due Process to a Fair and Impartial Jury when the
    District Court deny the Defendant's Mandatory Motion
    for Continuance of the Jury Selection Proceedings.

Issue Two:

    Whether the Appellant was denied his **peremptory challenges**
    in the **voir dire** which constituted a **Structural Error**
    in Trial proceedings rendering the conviction per
    se automatically reversible without a showing of
    prejudice. (**See Frazer v. United States**, 335 U.S. 497
    (1948).

Issue Three:

> Whether the method of selecting the jurors violated the Sixth Amendment right to be tried by a jury representing cross section of the community when there was a clear exclusion of black and other minorities group in relation to the number of blacks in the community.

Issue Four:

> Whether the Defendant was denied his Right pursuant to **26 U.S.C. § 6103(h)(5)** that the **I.R.S.** inform him whether or not any of the prospective jurors have been "the subject of any audit or other tax investigation" by the IRS. [Section 6103(h)(5) plainly applies to criminal tax prosecutions, such as the case at bar. See **United States v. Hashimoto**, 878 F.2d 1126 (9th Cir 1989), rehearing denied.

Issue Five:

> Whether the District Court's failure to release the jury list to the defendant in sufficient time to allow him to make the appropriate inquiries with the IRS was held to be a reversible error. (**Hashimoto**, 878 F.2d 1130).

Issue Six:

> Whether the District Court erred in empanelling a juror whose answers at **voir dire** clearly displayed actual bias, and that has a result the jury that convicted the defendant failed both the Sixth Amendment's and Due Process Clause's requirement of impartiality.

Issue Seven:

> Whether the prosecution's peremptory strike of the African-American (Black) juror was exercised in a racially discriminatory manner without any credible basis for the such exclusion.

## PRELIMINARY HEARING

A Particularized need exist for the transcripts of the Preliminary Hearing in both Trial Proceedings. Moreso, the facts and circumstances of the Prosecutorial Misconduct should be scrutinize as part of the Record on Appeal. Accordingly, the Defendant asserts that the transcripts of the Preliminary Hearing is a clear revelation of the inadequate representation afforded him in derogation of the principles set forth in the Sixth Amendment right to counsel, as well as those of **Strictland v. Washington**, 466 U.S. 668, 80 L.Ed 674, 104 S.Ct 2052 (1984).

Accordingly, the Appellant will establish by the records that his counsel's preformance was so manifestly ineffective that he was denied the fullest protection of his constitutional right at this critical stage of the trial proceedings forcing him into pro se representaion.

## CONCLUSION

**WHEREFORE**, the Appellant prays that this **Honorable Court** Grant this Motion for Reconsideration of Expediture of Funds for the Transcripts of the Jury Selection and Preliminary Hearing Proceeds based on the Particularized Needs and Issues to be presented on Appeal, as well as, such other reasons afforded indigent Appellants, in accordance to fundamental fairness, Equal Protection and Due Process of Law.

Respectfully Submitted

Dated: April 25, 2006

Patrick A. Triumph
Defendant-Appellant, pro-se

## CERTIFICATE OF SERVICE

I, Patrick A. Triumph hereby certify that a true copy of the foregoing "Motion for Reconsideration of Motion for Expenditure of Funds for Transcripts of Preliminary Hearing and Jury Selection Proceedings based on Particularized Need and Issue relevant on Appeal" was served via United States pre-paid postage upon the following person(s):

>David A. Ring
>Asistant United States Attorney
>U.S. Attorney's Office
>157 Church Street
>New Haven, CT 06510

Dated: April 25, 2006
      Oakdale, Louisiana

>Patrick Anthony Triumph
>Reg. No. 14622-014
>Federal Detention Center
>Post Office Box 5010
>Oakdale, LA 71463-5010