MANDATE

04-6400-cr(L)
United States v. Triumph

02-cr-0081
D. Conn /NHC+
Arterton, J.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of Februry, two thousand eight.

PRESENT:

HON. RICHARD J. CARDAMONE,
HON. SONIA SOTOMAYOR,
HON. REENA RAGGI,
        *Circuit Judges.*



UNTIED STATES OF AMERICA,
        *Appellee,*

        v.

PATRICK A. TRIUMPH,
        *Defendant-Appellant.*

04-6400-cr(L)
05-0077-cr(Con)

1

FOR APPELLANT:          JAMES M. BRANDEN, New York, NY.

FOR APPELLEE:           S. DAVE VATTI, Assistant United States Attorney (David A. Ring, Sandra S. Glover, *on the brief*), *for* Kevin J. O'Connor, United States Attorney for the District of Connecticut, New Haven, CT.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the district court's judgment is AFFIRMED.

Defendant-appellant Patrick A. Triumph appeals from a judgment of the United States District Court for the District of Connecticut (Arterton, J.), convicting him of preparing false and fraudulent tax returns in violation of 26 U.S.C. § 7206(2), and sentencing him principally to 33 months' imprisonment.[1] We assume the parties' familiarity with the facts and procedural history of the case.

Triumph alleges that the district court erred in admitting certain evidence at his trial. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Tin Yat Chin*, 371 F.3d 31, 40 (2d Cir. 2004). Flight evidence is admissible to show consciousness of guilt. *United States v. Salameh*, 152 F.3d 88, 157 (2d Cir. 1998). Here, Triumph's failure to appear in court for at least one scheduled hearing of which he was aware provided an "adequate factual predicate suggesting the occurrence of flight." *See United States v. Sanchez*, 790 F.2d 245, 252 (2d Cir. 1986). We find no abuse of the district court's discretion in admitting such evidence at trial. Nor did the district court abuse its discretion in admitting the testimony of Triumph's prior attorney on the issue of Triumph's prior willingness to plead guilty. Over the court's repeated admonitions, and after consulting with appointed stand-by counsel, Triumph explicitly waived his right to the attorney-client privilege on this issue. *See In re Grand Jury Proceedings*, 219 F.3d 175, 182-83 (2d Cir. 2000) (attorney-client privilege may not be selectively applied). Further, because we find the district court did not abuse its discretion in admitting the flight evidence, we find no error in the court's decision to instruct the jury on the issue of flight. And, to the extent Triumph challenges the substance of the district court's jury instruction, we reject any such claim. The instruction was carefully balanced and substantively similar to those previously upheld by this Court. *See United States v. Ramirez*, 894 F.2d 565, 571 (2d Cir. 1990); *United States v. Castro*, 813 F.2d 571, 578 (2d Cir. 1987).

---

[1] The appeal follows a July 27, 2005 resentencing hearing under *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005), in which the district court left Triumph's previously imposed sentence undisturbed.

2

We also reject Triumph's *pro se* arguments. First, he claims that the original indictment is invalid due to alleged irregularities regarding its date of issue on March 21, 2002. However, even if the alleged irregularities were proven, such errors would be harmless. Because Triumph was convicted under a superseding indictment issued on July 13, 2004, and claims no impropriety with respect to that indictment, he cannot demonstrate any prejudice from the alleged irregularities in the original indictment.

Second, Triumph asserts that the district court erred in proceeding with *voir dire* despite the fact that he had not yet received juror tax information pursuant to former 26 U.S.C. § 6103(h)(5). However, Triumph's reliance upon that statute is inapt because it was repealed in 1997, years before Triumph's indictment. *See* Pub. L. No. 105-34, § 1283(c), 111 Stat. 788, 1038 (Aug. 5, 1997).[2]

Third, Triumph contends that several of the claims of the superseding indictment were barred by the statute of limitations. 26 U.S.C. § 6531. Because Triumph appears not to have raised this defense at trial, it is waived. *See United States v. Walsh*, 700 F.2d 846, 855-56 (2d Cir. 1983). In any event, a superseding indictment brought while the first indictment is still validly pending cannot be barred by the statute of limitations unless it broadens or amends the original charges. *See United States v. Grady*, 544 F.2d 598, 601-02 (2d Cir. 1976). The superseding indictment's two substantive counts (39 and 40) were both dismissed and therefore cannot be grounds for appeal. Insofar as Triumph challenges the inclusion in the superseding indictment of special findings for sentencing purposes, his claim is misplaced. Because the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), rendered the Sentencing Guidelines advisory, inclusion of the special findings in the indictment did not enhance Defendant's possible punishment, and thus did not implicate the statute of limitations.

Fourth, Triumph argues that the prosecution failed to establish, with respect to counts 16 and 17, that the tax returns were fraudulent with respect to a "material" matter. In support of his claim, he relies on the testimony of an expert witness who asserted that the resulting tax loss with respect to those counts was zero. Triumph's argument is without merit. The materiality of a false statement is determined by its potential to

---

[2] In his reply brief, Triumph seems to have abandoned his claim for tax information, and instead claims—for the first time on appeal—that he was prejudiced by the court's refusal to stay the *voir dire* until he had acquired adequate data regarding the jury selection process. Because that issue was not raised in his opening brief, however, we deem it waived. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

3

"influenc[e] or imped[e] the IRS in verifying" the return, not the total amount of loss. *United States v. Bok*, 156 F.3d 157, 164-65 (2d Cir. 1998). Because there was sufficient evidence for the jury to find that the returns at issue in counts 16 and 17 were materially false, Truimph's conviction on these counts was not in error.

Fifth, Triumph argues that the district court erred in denying his requests that his $75,000 bail be remitted due to his incompetency at the time the default judgment was entered. Triumph's reliance on Fed. R. Civ. P. 55 is unavailing because the default judgment against him was entered pursuant to Fed. R. Crim. P. 46(f)(3)(A). And while the court had discretionary authority to set aside the bail forfeiture, it did not abuse its discretion or make clearly erroneous factual findings in declining to do so.

Finally, Triumph argues that the district court erred in failing at the time of the resentencing hearing to inquire whether he wished to continue proceeding *pro se*. However, as Triumph willingly waived his right to counsel at trial and at sentencing, and continued to represent himself through the resentencing hearing without objection, it was not error for the court to allow Triumph to continue proceeding *pro se* without questioning his continuing desire to do so.

For the foregoing reasons, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____

SAO-KFW

4

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by _____
DEPUTY CLERK

04-6400-cr(L)
United States v. Triumph

02-cr-0081
D. Conn /NHC+
Arterton, J.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER).  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of Februry, two thousand eight.

PRESENT:

> HON. RICHARD J. CARDAMONE,
> HON. SONIA SOTOMAYOR,
> HON. REENA RAGGI,
> > *Circuit Judges.*



---

UNTIED STATES OF AMERICA,
*Appellee,*

v.

PATRICK A. TRIUMPH,
*Defendant-Appellant.*

---

04-6400-cr(L)
05-0077-cr(Con)

1

HE MANDATE, CONSISTING OF
EMS BELOW, HAS BEEN RECEIVED
  OPINION ( ) STATEMENT OF COSTS
ORDER
EIVED BY:_____ DATE ____